

FILED

APR 1 0 2018

Clerk, U.S. District Court
Texas Eastern

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**JASON LEE VAN DYKE,**
*Plaintiff,*

v.                                                    CASE NO. 4:18cv 247

**THOMAS RETZLAFF,**
*Defendant.*

## RETZLAFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR SANCTIONS  PURSUANT TO THE TEXAS CITIZENS PARTICIPATION ACT

Defendant, Tom Retzlaff, asks the Court to dismiss plaintiff's petition

and request for injunction under the Texas Citizens Participation Act

(codified in Texas Civil Practice & Remedies Code chapter 27).

### A. Introduction

1.      Plaintiff is Jason Lee Van Dyke; defendant is Tom Retzlaff.

2.      In his original petition, Van Dyke sued Retzlaff for libel per se,

intrusion on seclusion, tortious interference with contract – Victoria County,

tortious interference with contract – KLR, and intentional infliction of

1

emotional distress.  Van Dyke further requests injunctive relief in the form of both a temporary restraining order and a permanent injunction.

## B.  Background

3.     Van Dyke is an attorney licensed by the States of Texas, Georgia, Colorado, and the District of Columbia, who has made numerous appearances in the public media pontificating on such topics as revenge pornography, race relations, and governance.  Van Dyke is also a former employee and felony prosecutor for the Victoria County District Attorney's office.  See petition at ¶4.10.  As such, Van Dyke is a public figure who has, or appears to the public to have, a significant role in the business of government and public affairs.

4.     Retzlaff attaches affidavits to this motion to establish facts not apparent from the record and incorporates them by reference.

5.     Van Dyke is also openly racist, as evidenced by this recent Twitter post.



And he is extremely violent and threatening.





## C. Argument & Authorities

6.      When an individual attempts to manipulate the legal system to

intimidate and silence others who have used the system to vindicate their

rights, the act threatens a core value of democracy – the right to petition the

government to address a grievance.  Laura Lee Prather and Justice Jane

Bland, *Bullies Beware: Safeguarding Constitutional Rights Through Anti-*

*SLAPP in Texas*, 47 Tex. Tech L. Rev. 725, 727 (2015).

7.      In the case at hand, this is exactly what Van Dyke is doing here when

he openly admits in his petition that this **$100 million lawsuit** is the direct

result of Retzlaff's alleged petitioning the government in the form of a

grievance filed with the State Bar of Texas (see petition at ¶3.3, 3.4), and his

further alleged petitioning the government with regards to the qualifications

(or complete lack thereof) for the public office of Chief Felony Prosecutor in

the Victoria County, Texas, District Attorney's Office (see petition at ¶4.10

– 4.13), or Retzlaff's alleged communications to others relating to legal

services offered by an attorney in the marketplace (see petition at ¶4.15)!

8.      The Texas Legislature enacted the Texas Citizens Participation Act

(TCPA) to encourage and safeguard the constitutional rights of a defendant

to speak freely, petition, associate freely, and otherwise participate in

government to the maximum extent provided by law.  Tex. Civ. Prac. & Rem. Code §27.002.  See also *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (explaining that the TCPA "protects citizens from retaliatory lawsuits").

9.     To safeguard these constitutional rights expeditiously and by cost-effective means, the TCPA gives defendants the power to resolve at an early stage whether a legal action impinging on such rights has merit by filing a motion to dismiss (commonly referred to as an "anti-SLAPP motion" or a motion to dismiss a "Strategic Lawsuit Against Public Participation"). *See* Tex. Civ. Prac. & Rem. Code §27.003(a), (b).  **Once the motion is filed, all discovery is stayed in the legal action until the court rules on the motion**, which must occur within 60 days after the motion is served. *See id.* §§27.003(c), 27.004, 27.005.  If the defendant is successful in dismissing the legal action, the defendant is entitled to court costs, attorney fees, and other expenses incurred in defending against the action as justice and equity may require. *Id.* §27.009(a)(1).  The court must also impose sanctions sufficient to deter the plaintiff from bringing a similar action in the future. *Id.* §§27.007(a), 27.009(a)(2).

10.     A strategic lawsuit against public participation (SLAPP) is a lawsuit

that is intended to censor, intimidate, and silence critics by burdening them

with the cost of a legal defense until they abandon their criticism or

opposition.  The typical SLAPP plaintiff does not normally expect to win the

lawsuit.  The plaintiff's goals are accomplished if the defendant succumbs to

fear, intimidation, mounting legal costs, or simple exhaustion and abandons

the criticism.  A SLAPP may also intimidate others from participating in the

debate.  A SLAPP is often preceded by a legal threat.

11.     To succeed on a motion to dismiss under the TCPA, the defendant

must show by a preponderance of the evidence that the plaintiff's legal

action is based on, related to, or in response to the defendant's exercise of

(1) the right of free speech, (2) the right to petition, or (3) the right of

association.  Tex. Civ. Prac. & Rem. Code §27.005(b); *Hersh v. Tatum*, 526

S.W.3d 462 (Tex. 2017); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d

895 (Tex. 2017); *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015).  If the

defendant meets its burden, the court must dismiss the plaintiff's action

unless the plaintiff can either (1) establish that the challenged claim is

exempt from the TCPA, or (2) establish by clear and specific evidence a

prima facie case for each essential element of the challenged claim.  See

Tex. Civ. Prac. & Rem. Code §§27.005(c), 27.010; *D Magazine Partners,*

*L.P. v. Rosenthal*, 529 S.W.3d 429 (Tex. 2017); In re Lipsky, 460 S.W.3d at

587.  In evaluating a motion to dismiss, the court must construe the TCPA

liberally to fully effectuate its purpose and intent to encourage and safeguard

a defendant's constitutional rights.  See Tex. Civ. Prac. & Rem. Code

§§27.002, 27.011.

## I.  Van Dyke's Legal Action Impinges On Retzlaff's Constitutional Rights Under The TCPA.

12.     Van Dyke's petition should be dismissed because it is based on,

related to, or in response to Retzlaff's exercise of his right of free speech.

Under the TCPA, a defendant exercises his right of free speech when he

makes a communication in connection with a matter of public concern.  Tex.

Civ. Prac. & Rem. Code §27.001(3); *Hersh*, 526 S.W.3d at 466;

*ExxonMobil*, 512 S.W.3d at 898; *Lippincott v. Whisenhunt*, 462 S.W.3d 507,

509 (Tex. 2015); see *Better Bus. Bur. of Metro. Hous., Inc. v. John Moore*

*Servs., Inc.*, 441 S.W.3d 345, 353-54 (Tex. App.—Houston [1st Dist.] 2013,

pet. denied).  A communication includes the making or submitting of a

statement or document in any form or medium, including oral, visual,

written, audiovisual, or electronic, regardless of whether the communication

is made or submitted publicly or privately. *ExxonMobil*, 512 S.W.3d at 898;

*Lippincott*, 462 S.W.3d at 509; see Tex. Civ. Prac. & Rem. Code

§27.001(1).  A matter of public concern includes an issue related to (1)

health or safety, (2) environmental, economic, or community well-being, (3)

the government, (4) a public official or public figure, or (5) a good, product,

or service in the marketplace. Tex. Civ. Prac. & Rem. Code §27.001(7);

*ExxonMobil*, 512 S.W.3d at 899; s*ee also Deaver v. Desai*, 483 S.W.3d 668,

673 (Tex. App. – Houston [14th Dist.] 2015, no pet.) (holding statements

relating to legal services offered by attorney in the marketplace addressed

matters of public concern).

13.     In his petition, Van Dyke alleged the following in support of his claim

for libel *per se* against Retzlaff:

   a) That Retzlaff supposedly runs a blog called the *ViaView Files*
      (www.ViaViewFiles.net) in which Van Dyke was allegedly called a
      "Nazi", a "white supremacist", that "has a criminal record for abusing
      women", and who "committed professional misconduct against
      Retzlaff."

   b) That Retzlaff then supposedly contacted Van Dyke's employers,
      Robert Karlseng and Claude Rich (via email under using the
      pseudonym *Dean Anderson*) complaining about them employing Van
      Dyke and (presumably) threatening to expose Van Dyke's racist and
      threatening social media statements.

14.     Van Dyke claims that these alleged communications caused injury to

his "office, profession, and occupation", which is an interesting claim to

9

make in light of Van Dyke's own social media statements going back many

years:





15.    In his petition, Van Dyke alleged the following in support of his claim

for tortious interference with contact – Victoria County against Retzlaff:

  a) That Retzlaff supposedly told a 3rd Party (the State Bar of Texas) that
     he (Retzlaff) had contacted the Victoria County District Attorney and

said, "Do not hire this guy – he is a fucking lunatic!" and then allegedly directed the District Attorney to examine social media posts and news articles about Van Dyke. (See petition at ¶3.3.)

b) Van Dyke further claims that Retzlaff had knowledge of an alleged "existing contract" for employment with the Victoria County District Attorney. (Petition at ¶4.10.)[1]

16.     In his petition, Van Dyke alleged the following in support of his claim for tortious interference with contact – KLR against Retzlaff:

a) That Retzlaff had knowledge of an existing contract between Van Dyke and a title company called Karlseng, LeBlanc & Rich, LLC ("KLR");

b) And that Retzlaff contacted two of Van Dyke's supervisors using a pseudonymous email account, *Dean Anderson*, basically threatening to expose them on social media for employing Van Dyke in light of Van Dyke's ties to white supremacists, posting hate speech and death threats on social media, and news articles labeling Van Dyke as a "Nazi." (Petition at ¶4.14, 4.15.)

17.     In construing the TCPA liberally, these allegations (if true) clearly fall within the scope of the TCPA because they are based on, related to, or in response to a communication made by Retzlaff on a matter of public concern. Van Dyke's fitness and qualifications for the job of felony prosecutor, in light of his open and violently racist statements, is clearly a

---

[1]     It should be noted that this is the second lawsuit that Van Dyke has filed regarding him not being hired by the District Attorney's Office. In March 24, 2017, Van Dyke filed a lawsuit against the Victoria County District Attorney, Case # 17-03-80810-D, *Jason Lee Van Dyke v. Stephen B. Taylor*, in the 377th District Court seeking pre-suit discovery and depositions pursuant to Tex.R.Civ.P. 202. On June 16, 2017, Van Dyke's Rule 202 petition was denied. No appeal was filed.

matter of public concern.  The same is true regarding Van Dyke's claims that Retzlaff made statements to KLM relating to legal services offered by attorney Van Dyke in the marketplace.

18.     In paragraph 4.5 of the petition, Van Dyke further claims being accused of being "a Nazi and a white supremacist", and having "a criminal record for abusing women" (whatever that means), and "committing professional misconduct towards Retzlaff" (under the guise of Retzlaff's State Bar grievance), "falsely charges Van Dyke with the commission of a crime."  This is simply not true as none of these claims are offenses for which a person can be criminally charged.

19.     Van Dyke's petition should be dismissed because it is based on, related to, or in response to Retzlaff's exercise of his right to petition.  Under the TCPA, a defendant exercises his right to petition when he makes

(1) a communication in or pertaining to a judicial proceeding or one of the other proceedings described in Texas Civil Practice & Remedies Code section 27.001(4)(A);

(2) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(3) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(4) a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; or,

(5) any other communication that falls within the protection of the right to petition government under the U.S. Constitution or the Texas Constitution.

Tex. Civ. Prac. & Rem. Code §27.001(4).

20.    A communication includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic, regardless of whether the communication is made or submitted publicly or privately. *ExxonMobil*, 512 S.W.3d at 898; *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015); see Tex. Civ. Prac. & Rem. Code §27.001(1); *Johnson-Todd v. Morgan*, 480 S.W.3d 605, 609 (Tex. App.—Beaumont 2015, pet. denied).

21.    In his petition, Van Dyke alleged the following in support of his claim for libel *per se* and tortious interference with contract – Victoria County against Retzlaff:

  a) That Retzlaff allegedly contacted the Victoria County District Attorney and supposedly said "Don't hire this guy – he's a fucking lunatic!"

  b) That Retzlaff then allegedly directed the District Attorney to review news articles and social media posts of Van Dyke in an effort to show

that he is not fit for employment as an Assistant District Attorney in charge of felony prosecutions.

22.    In construing the TCPA liberally, these allegations clearly fall within the scope of the TCPA because they are based on, related to, or in response to a communication made by Retzlaff in exercising his right to petition. Contacting a local elected official about the potential hiring of a public official, and filing a grievance with State Bar of Texas, are all examples of

> a) communications in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and,

> b) communications that are reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding.

## II. Retzlaff Denies Making Certain Statements

23.    Retzlaff's denies Van Dyke's allegations contained in paragraph 3.5 and 3.6 of the petition.  Specifically, for over 4 ½ years, in one lawsuit or another, Retzlaff has always denied being an Administrator for this *BV Files / ViaView Files* blog and he has always denied being responsible for any of the *Dean Anderson* emails.  See Retzlaff's affidavit at ¶3.

24.     The Texas Supreme Court has held that, under the TCPA, a defendant

moving for dismissal need show only that the plaintiff's "legal action is

based on, relates to, or is in response to the [defendant's] exercise of . . . the

right of free speech" – that is, "a communication made in connection with a

matter of public concern" – not that the communication actually occurred.

*Hersh*, 526 S.W.3d at 467.  Thus, Retzlaff denials alone are enough to

invoke the applicability of the TCPA.


## III. Lack Of Personal Jurisdiction Shows That Van Dyke Cannot Prevail

25.     The pertinent question under the TCPA statute is simply whether the

plaintiff has established a probability of prevailing on a claim alleged to

justify a remedy.  While lack of substantive merit is one reason a plaintiff

might fail to make the requisite showing, lack of subject matter jurisdiction

is another.

26.     A plaintiff cannot prevail on his or her claim unless the court has the

power to grant the remedy the plaintiff seeks.  Thus, while a ruling on an

anti-SLAPP motion may involve a determination of the merits of the

plaintiff's claim, it may in other cases involve a determination that the

plaintiff's claim fails for another, non-merits based reason, such as lack of subject matter jurisdiction.  A claim may fall into this category if it lacks substantive merit, but it may also fall into this category if it is filed in a tribunal that lacks the power to hear it.

27.    The principle of "subject matter jurisdiction" relates to the inherent authority of the court involved to deal with the case or matter before it.  In the absence of subject matter jurisdiction, a trial court has no power to hear or determine the case.  Thus, while a ruling on an anti-SLAPP motion may involve a determination of the merits of the plaintiff's claim, it may in other cases involve a determination that the plaintiff's claim fails for another, non-merits-based reason, such as lack of subject matter jurisdiction.  This conclusion accords with the basic purpose underlying the Texas Citizen's Participation Act: namely, to shield defendants from the undue burden of defending against claims filed not for the purpose of securing judicial redress, but to intimidate or harass on the basis of the defendant's constitutionally protected activity.  A claim may fall into this category if it lacks substantive merit, but it may also fall into this category if it is filed in a tribunal that lacks the power to hear it.

28.    For example, a claim which is meritless because it is barred by the

statute of limitations will cause just as much intimidation as a claim which is

barred because of a constitutional defense.

29.    In the case at hand, Van Dyke has requested, among other things,

injunctive relief.  Retzlaff, who resides in Arizona, is absolutely untouchable

when it comes to restraining orders or injunctions coming from the state of

Texas.  There are no legal mechanisms that allow for the enforcement of an

out-of-state injunction.

30.    Secondly, Van Dyke claims that "personal jurisdiction over the

Defendant is appropriate in this court because Defendant has committed

numerous tortious acts against a resident of this state."  (See petition at

¶2.3.)  Not too put too fine of a point on it, **But so what?**

31.    In interpreting the United States Supreme Court instructions in

*Walden v. Fiore*, 134 S. Ct. 1115 (2014), involving personal jurisdiction, the

Texas Supreme Court has rejected a jurisdictional test "based solely upon

the effects or consequences" in the forum state, such as that argued by Van

Dyke in his petition, because the Texas Supreme Court has expressly

rejected the "directed-a-tort" test for specific jurisdiction in its holding in

*Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005).

32.     This fundamental holding has been reaffirmed by the Texas Supreme

Court in *TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016).  Specifically, three

principles guide the analysis of whether a nonresident has purposefully

availed itself of the privilege of conducting activities in Texas:

> *First, only the defendant's contacts with the forum are relevant, not
> the unilateral activity of another party or a third person.  Second, the
> contacts relied upon must be purposeful rather than random,
> fortuitous, or attenuated. . . . Finally, the defendant must seek some
> benefit, advantage[,] or profit by availing itself of the jurisdiction.*

*TV Azteca*, 490 S.W.3d at 38.

33.     No one disputes that Van Dyke resides in Texas and the brunt of any

injuries he suffered from Retzlaff's alleged actions occurred in Texas.

**Sucks to be him.**  But as the Texas Supreme Court explained in

*Michiana*, courts cannot base specific jurisdiction merely on the fact that the

defendant "knows that the brunt of the injury will be felt by a particular

resident in the forum state." *Michiana*, 168 S.W.3d at 788.  "Put simply,

however significant the plaintiff's contacts with the forum may be, those

contacts cannot be 'decisive in determining whether the defendant's due

process rights are violated.'" *Walden*, 134 S. Ct. at 1122 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980)).

## IV. No Damages Are Available For Van Dyke's Emotional Distress Claim

34.    The Texas Supreme Court has held that intentional infliction of emotional distress is intended as a gap-filler tort which has no application when the conduct at issue invades some other legally-protected interest.  See Oliphint v. Richards, 167 S.W.3d 513, 517 (Tex. App. 2005) ("Because [plaintiff] did not even attempt to base his intentional infliction of emotional distress claim on facts independent of his defamation claim, we hold that an intentional infliction of emotional distress claim is not available.") (citing Hoffmann—La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex.2004)). Thus, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." Id. Accordingly, and because Van Dyke's intentional infliction of emotional distress claim is not based on facts independent of his defamation claim, damages are not available under such a claim.  See Gjergjani v. Ware, 2016 U.S. Dist. LEXIS 116461 *18-19, 2016 WL 4545521 (E.D. Tex. August 8, 2016).

19

## D. Conclusion

35.    Because Van Dyke's legal action relates solely to Retzlaff exercising

his right to petition both the State Bar of Texas and the District Attorney of

Victoria County, Retzlaff has established that he enjoys absolute immunity

under the judicial communication privilege.  Thus, Van Dyke's lawsuit must

be dismissed and Retzlaff must be awarded his attorney's fees and

mandatory sanctions.

## E. Prayer

36.    For these reasons, and in the interests of justice and fairness, Retzlaff

asks the Court to dismiss, with prejudice, Van Dyke's lawsuit and award

Retzlaff attorney's fees and mandatory sanctions, as provided by the TCPA.

Respectfully submitted,

_____

Thomas Retzlaff
2402 E. Esplanade Ln.
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800
email: Retzlaff@texas.net


DEFENDANT, PRO SE

## CERTIFICATE OF SERVICE

I certify that on April 9, 2018, a copy of this document was served

upon plaintiff via 1st class US Mail at his residence of:

**Jason L. Van Dyke, 108 Durango Dr., Aubrey, TX 76227**

Thomas Retzlaff

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JASON LEE VAN DYKE,
    *Plaintiff,*

v.                                        CASE NO. _____

THOMAS RETZLAFF,
    *Defendant.*

## AFFIDAVIT OF TOM RETZLAFF

On this day, Tom Retzlaff appeared before me, a Notary Public, and after I administered an oath to him, upon his oath, he said:

    1.    "My name is Tom Retzlaff. I am more than 18 years of age and capable of making this affidavit. I have personal knowledge of the facts and matters set forth herein, which are true and correct.

    2.    I the defendant in this lawsuit.

    3.    I have always denied being an Administrator for this *BV Files / ViaView Files* blog and I have always denied being responsible for any of the Dean Anderson emails".

1

FURTHER AFFIANT SAYETH NOT.



_____

**TOM RETZLAFF**

SWORN TO and SUBSCRIBED before me by Tom Retzlaff, personally known to me or identified to be the same, on April 5, 2018.

_____
Notary Public in and for the State of Arizona

DENISE HOLLAS
Notary Public
My Commission Expires
August 28, 2020
Maricopa County