IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

## **PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF REMOVAL**

Plaintiff, Jason Lee Van Dyke, objects to the notice of removal filed by Defendant in the above-numbered and styled cause because it fails to comply with 28 U.S.C § 1446(a) or Local Rule CV-81.

### I.     FACTS

1.1   Defendant, Thomas Christopher Retzlaff, filed his notice of removal in this Court on April 10, 2018.

1.2   Defendant attached to the notice of removal a copy of Plaintiff's Original Petition in the state court action, exhibits to the same, the temporary restraining order issued by Judge Bailey, and a copy of Plaintiff's motion for expedited discovery.

1.3   Defendant failed and refused to file with this Court the following documents (file stamped copies of which are attached to this motion as exhibits)

      1.   Order Granting Expedited Discovery    -    Ex. A

      2.   Defendant's "Original Answer"    -    Ex. B

      3.   Defendant's Letter to Judge Bailey    -    Ex. C

      4.   Defendant's Settlement Offer    -    Ex. D

|      |     |                                                                          |   |        |
|------|-----|--------------------------------------------------------------------------|---|--------|
|      | 5.  | Certificate of Service for Expedited Discovery                           | - | Ex. E  |
|      | 6.  | Defendant's Request for Court Reporter                                   | - | Ex. F  |
|      | 7.  | Plaintiff's First Amended Petition and Application For Temporary Restraining Order | - | Ex. G  |
|      | 8.  | Plaintiff's Motion for Substitute Service of Process                     | - | Ex. H  |
|      | 9.  | Order Granting Motion for Substitute Service                             | - | Ex. I  |
|      | 10. | Certificate of Non-Appearance                                            | - | Ex. J  |
|      | 11. | Motion for Discovery Sanctions                                           | - | Ex. K  |

1.4   All of these documents were duly served on Defendant through the official Texas electronic filing systems after he made his appearance in the state court case on or around March 30, 2018.

## II.   ARGUMENT

2.1   Plaintiff does not dispute that Defendant is entitled to have this case heard in federal court.  This is a case between persons domiciled in different states and the amount in controversy exceeds $75,000.00.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

2.2   Nevertheless, Defendant failed meet the requirements 28 U.S.C. § 1446(a) which required him to file with this Court "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  This omission also violated Local Rule CV-81(c)(2), which requires

2.3   Defendant also failed to style his notice of removal in the same manner as the state court action as required by Local Rule CV-81(a).  Plaintiff has styled this motion in the exact manner as the state court case.

2.4 Although Defendant is proceeding *pro se*, he is an experienced litigant with a great deal of experience in both state and federal court. He has also requested access to the e-filing system in this cause. Plaintiff can only assume that Defendant's omission in his removal notice were intended as a fraud on this Court.

2.5 Nevertheless, Plaintiff is not asking that this Court strike Defendant's removal notice outright. Plaintiff simply asks the Court to add Exhibits A - K to this objection as part of the record in this proceeding so as to rectify Defendant's disregard for the rules.

2.6 The filing omitted by Defendant are necessary to a proper disposition in this case. In this case, the state court was divested of jurisdiction over this case on or around April 10, 2018. See *Torres Velasquez v. Four Star Indus.*, 55 F. Supp.2d 91, 93 (D.P.R. 1999). However, orders rendered by the state court before removal remain in effect unless they are altered by the federal court. See *Alonzi v. Budget Constr. Co*. 55 F.3d 331, 333 (7th Cir. 1995).

2.7 The state court had entered orders granting expedited discovery and an order for substitute service of process in the state court case. See Ex. A and I. Unless these orders are altered by this Court, Plaintiff remains entitled to the relief granted by those motions, including sanctions for Defendant's disobedience to the state court's expedited discovery order (should Plaintiff decide to re-urge that motion as required by Local Rule CV-81(d).

2.8 Finally, the filing of letter attached hereto as Exhibit "B" is important to this case because it constituted an answer under Rule 83 of the Texas Rules of Civil Procedure.

### III. PRAYER

3.1 For these reasons, Plaintiff prays that this Honorable Court enter an order admitted the attached Exhibits A - K as part of the record in this case, or in the alternative, order

Defendant to amend his notice of removal and cure the defects contained therein.

> Respectfully submitted,
>
> /s/ Jason Lee Van Dyke
> Jason L. Van Dyke
> State Bar No. 24057426
> 108 Durango Drive
> Crossroads, TX 76227
> P – (469) 964-5346
> F – (972) 421-1830
> Email: jason@vandykelawfirm.com

## CERTIFICATE OF SERVICE

I certify that on April 11, 2018 a copy of Plaintiff's Second Amended Complaint was served by U.S. Mail to Thomas Christopher Retzlaff at PO Box 46424, Phoenix AZ 85063.

> /s/ Jason Lee Van Dyke
> JASON L.VAN DYKE