FILED: 4/5/2018 12:13 AM
Denton County District Clerk
By: Sherri Adelstein, Deputy

Judge Jonathan Bailey
431st District Court
Denton County Courts Building
1450 East McKinney Street 2nd Floor
Denton, Texas 76209-4524                                    April 4, 2018


Re:    Request for Court Reporter
       Jason L. Van Dyke v. Thomas Retzlaff
       Case # 18-2793-431


Dear Judge Bailey,

It has come to my attention that you specifically ordered your court reporter, Paty Gandy, to NOT make a record of the March 28 hearing on Van Dyke's request for a temporary restraining order.  This is just wrong on sooo many levels, Judge Bailey.

First off, I need those transcripts to that I and everyone else on *The Internet* can rightly make fun of that Nazi piece of human garbage Jason Van Dyke.

Secondly, I would most respectfully (of course) point out that my demand for the presence of a court reporter is not optional!  I do not mean to sound rude, but I would point out that Texas Govt. Code § 52.046(a) requires a court reporter to attend and record ALL proceedings upon request of a party.  **THUS, I AM MAKING SUCH A REQUEST!!**  See also Tex. R. App. P. 13.1(a); *Michiana Easy Livin' Country, Inc. v. Holten*, 168

S.W.3d 777, 783 (Tex. 2005); *Rittenhouse v. Sabine Valley Ctr. Found.*, 161 S.W.3d 157, 161 (Tex.App. – Texarkana 2005, no pet.); *Rice Food Mkts., Inc. v. Ramirez*, 59 S.W.3d 726, 731 (Tex.App. – Amarillo 2001, no pet.). Thus, no – it is not your call whether or not to make a record of a hearing.

Just because I have yet to be served with Van Dyke's stupid lawsuit, and just because I have yet to make an appearance in your court, does not mean that y'all get to have an *ex parte* party at my expense with you rubber stamping a bunch of **BULLSHIT** orders on behalf of your Nazi buddy!!

While I understand that your preference is to NOT have a record made – especially when you are doing something particularly corrupt and stupid that, when exposed to the public, would likely find you winding up before the Commission on Judicial Conduct, not to mention tarred & feathered in the Court of Public Opinion on *The Internet*, that still does not excuse Ms. Gandy from doing her mandatory duty to attend all proceedings and make a record upon my request.

If there is going to be the slightest problem with honoring this request, let me know.  I truly do have the Judicial Branch Certification Commission on speed dial, along with the Office of Court Administration.  Your court staff won't be the first I have complained about and thoroughly embarrassed.

Lastly, I would please urge you to send your court coordinator, Denise Spaulding, to some kind of re-education or retraining camp.  She has some extremely bizarre concepts on what is and is not *ex parte* communication and she is basically cock-blocking my communications to you – which, as you know, is totally not her job and is a violation of her ministerial duties.

Attached is a letter that she wrote me explaining her actions which, upon several minutes of reading, still make absolutely no sense to me.  In fact, I got a terrible headache now!  It is like the concept of e-Filing and such totally escapes her.  FYI:  When something is e-filed using the Texas e-Filing system, it is automatically served on ALL parties to the case; thus, any communication I send to you is copied to the opposing party and is not, therefore, an *ex parte* communication!

### IS THAT CLEAR ENOUGH FOR YOU PEOPLE?????????

Respectfully submitted,

Thomas Retzlaff
2402 E. Esplanade Ln.
PO Box 46424
Phoenix, AZ 85063-6424



# 431st JUDICIAL DISTRICT COURT

Denton County Courts Building
1450 East McKinney Street
Denton, Texas  76209
Telephone: (940) 349-4370
Fax: (940) 349-4371

*Jonathan Bailey*
*Judge Presiding*

**April 2, 2018**

Thomas Retzlaff
Via Email: Retzlaff@texas.net

RE:    Cause No. 18-2793-431

Mr. Retzlaff:

I and in receipt of your recently filed letters dated March 30, 2018 and April 2, 2018 regarding the above-referenced cause.  As an employee of the judge, we are charged by the Constitution and laws of the State of Texas to strictly follow the law.  The law prohibits a judge from initiating, engaging in, and considering any form of communication which attempts to privately communicate information to the judge concerning a case other than through proper procedures.  Those procedures require that every party to a legal proceeding shall be given fair notice of the content of the communication and an opportunity to be heard.

Your letters constitute an improper ex parte communication with the Court.  Pursuant to Judicial Ethics Opinion No. 154, a copy of which is attached for your review, you are informed that such communication should cease, that there will be no action taken whatsoever in response to your letters, and that a copy of your letters and this letter has been sent to the opposing pro se party.

I assure you that all pertinent information properly presented in this case will be considered.  But the judge is bound by law to disregard any information communicated otherwise.

Sincerely,

Denise Spalding
431st District Court Administrator

Enclosure

cc:    Jason L. Van Dyke, via email: jason@vandykelawfirm.com
       Denton County District Clerk

## EX PARTE COMMUNICATIONS FROM LITIGANTS

### Opinion No. 154 (1993)

**QUESTION:** What is a judge's ethical obligation upon receiving from a litigant a letter which attempts to communicate privately to the judge information concerning a case that is or has been pending.

**ANSWER:** Canon 3A(5)* provides that a judge shall not permit or consider improper ex parte or other private communication concerning the merits of a pending or impending judicial proceeding. (Canon 10** provides that the word "shall" when used in the Code means compulsion.) Judges may comply with Canon 3A(5)* by doing the following: 1) Preserve the original letter by delivering it to the court clerk to be file marked and kept in the clerk's file. 2) Send a copy of the letter to all opposing counsel and pro se litigants. 3) Read the letter to determine if it is proper or improper; if improper, the judge should send a letter to the communicant, with a copy of the judge's letter to all opposing counsel and pro se litigants, stating that the letter was an improper ex parte communication, that such communication should cease, that the judge will take no action whatsoever in response to the letter, and that a copy of the letter has been sent to all opposing counsel and pro se litigants.

Canon 3A(4)* provides that a judge shall accord to every person who is legally interested in a proceeding the right to be heard according to law. Consideration of an ex parte communication would be inconsistent with Canon 3A(4),* because it would not accord to other parties fair notice of the content of the communication, and it would not accord to other parties an opportunity to respond.

Canon 3*** provides that the judicial duties of a judge take precedence over all the judge's other activities. A judge's consideration of a controversy that is not brought before the court in the manner provided by law would be inconsistent with the judicial duty to determine "cases" and "controversies" (Art. 3, Constitution of the United States). A judge has no authority or jurisdiction to consider, or to take any action concerning, out-of-court controversies. A judge's consideration of a controversy that is not properly before the court could give the appearance of inappropriate action under color of judicial authority, which would tend to diminish public confidence in the independence and impartiality of the judiciary, rather than promote it as Canon 1 and Canon 2 require a judge to do.

Finally, a judge should try to minimize the number of cases in which the judge is disqualified. If a judge permits a communication to the judge concerning any matter that may be the subject of a judicial proceeding, that could necessitate disqualification or recusal.

---

\* *Now see Canon 3B(8).*

\*\* *Now see Canon 8B(1).*

\*\*\* *Now see Canon 3A.*