FILED: 4/10/2018 1:34 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Sherri Adelstein, Deputy

CAUSE NO. 18-2793-431

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | 431st JUDICIAL DISTRICT |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF a/k/a | § | |
| Dean Anderson d/b/a BV Files, ViaView Files | § | |
| L.L.C., and ViaView Files | § | |
|     Defendant. | § | DENTON COUNTY, TEXAS |

## MOTION FOR DISCOVERY SANCTIONS

Plaintiff, Jason Lee Van Dyke, moves for discovery sanctions against Thomas

Christopher Retzlaff as permitted by Rule 215 of the Texas Rules of Civil Procedure. As

grounds therefore, Plaintiff states as follows:

### I.    FACTS

1.    Plaintiff filed this case on March 28, 2018. On March 29, 2018, Plaintiff also filed a

motion for expedited discovery in this case. Plaintiff's Application for Temporary

Restraining Order in this case, as well as Plaintiff's Motion for Expedited Discovery, were

granted on March 29, 2018.

2.    On March 30, 2018, Defendant filed with this Court a letter containing all of the elements

of a general denial of the allegations contained in Plaintiff's Original Petition. It should

be noted that this letter was filed through the Texas E-filing system. Since that date,

Defendant has used the e-filing system to file several other documents in this case that

either contest the factual allegations made by Plaintiff or request some form of relief from

this Court.

MOTION FOR DISCOVERY SANCTIONS

3.   Plaintiff served Defendant a copy of his motion for expedited discovery and this Court's
     order granting expedited discovery at 8:32 p.m. CST on March 30, 2018. Plaintiff notes
     that Denton County offices were closed on March 30, 2018 for the Good Friday holiday,
     and therefore, believes that these documents were properly served as of April 2, 2018
     pursuant to Tex. R. Civ. P. 21(f)(5)(A). Plaintiff served Defendant requests for
     admissions on April 2, 2018 at 4:38 p.m. A certificate of service was filed with this
     Court on April 3, 2018 at 11:32 a.m.

4.   This Court ordered Defendant to provide meaningful and substantive answers to
     Plaintiff's requests for disclosure, first set of interrogatories, and first request for
     production no later than 5:00 p.m. on April 5, 2018 at 108 Durango Drive, Crossroads,
     TX 76227. This Court also ordered answers to any other discovery requests within three
     days of service (making the requests for admission due on the same date and time).
     Defendant has failed to tender any type of response to Plaintiff's written discovery.

5.   This Court also ordered Defendant to appear for an oral deposition either as agreed to by
     the parties or as noticed by Plaintiff. Defendant's deposition was noticed for 9:00 a.m. in
     the conference room of the law library of the Denton County Courthouse on April 10,
     2018. Defendant failed to appear for his deposition and a certificate of non-appearance
     has been filed with this Court.

MOTION FOR DISCOVERY SANCTIONS

## II.    ARGUMENTS AND CITATIONS TO AUTHORITY

### ( Service of Discovery Through E-Filing)

6.    The Texas Supreme Court has held that a Defendant who timely files a pro se answer
by a signed letter that identifies the parties, the case, and the defendant's current address,
has sufficiently appeared by answer and deserves notice of any subsequent proceedings
in the case. *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992)

7.    The letters that have been filed by Defendant in this case meet the statutory definition of
an "answer" within the meaning of Rule 83 of the Texas Rules of Civil Procedure.
Plaintiff's position is that Defendant has waived service in this case and submitted
himself to the jurisdiction of the Court by the filing of letters that have met the criteria for
an answer with this Court.

8.    Mr. Retzlaff was properly served with the motion for expedited discovery, order granting
expedited discovery, and all discovery requests in this case by electronic delivery.  Tex.
R. Civ. P. 21a(2) specifically permits service of documents that are not filed
electronically (such as discovery requests) to be served by e-mail.  The certificate of
service for these items, which has been filed with the Court, constitutes prima facie
evidence of service.  Tex. R. Civ. P. 21a(e).  Even if the electronically served items were
simply discarded by Defendant, this  Court may find that Defendant at least had
constructive notice of this Court's expedited discovery order and his obligations in this l
awsuit.  See *Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 382 (Tex. App. -
- Fort Worth 2005, pet. denied) (holding that constructive notice may be established in
cases involving selective acceptance of certified mail)

MOTION FOR DISCOVERY SANCTIONS

### ( Rule 191.2 Conference Attempt )

9.  Due to Defendant's prior behavior, Plaintiff elected to attempt to confer with Defendant concerning his refusal to respond to discovery in writing only.  A copy of Plaintiff's conference letter, and proof of service of the same through the Texas e-filing system, is attached hereto as Exhibit "A" and incorporated by reference herein.  This letter is sufficient to meet the minimum conference requirements of Tex. R. Civ. P. 191.2 when considering the nature of this case, the prior orders of this Court, and the time constraints imposed on Plaintiff.

### (Sanctions for Interrogatories & Requests for Production)

10.  This Court is authorized to impose discovery sanctions on Defendant for his refusal to comply with the orders of this Court under Tex. R. Civ. P. 215.

11.  Sanctions are permissible under Rule 215 because Defendant has:

   (a)  Failed to appear before the officer who is to take his deposition after being served with proper notice (and being ordered to appear by this Court).  Tex. R. Civ. P. 215.1(b)(2)(A);

   (b)  Failed to serve answers or objections to interrogatories submitted under Rule 197 after proper service of interrogatories (and being ordered to respond by this Court).  Tex. R. Civ. P. 215.1(b)(3)(A);

   (c)  Failed to serve a written response to discovery or to produce documents under Rule 196 after proper service of the requests (and being ordered to produce documents by this Court).  Tex. R. Civ. P. 215.1(b)(3)(C)-(D).

12.  The Court has broad discretion in ordering sanctions against a disobedient party under Tex. R. Civ. P. 215.2.  However, the Texas Supreme Court has held that a direct

MOTION FOR DISCOVERY SANCTIONS

relationship must exist between the offensive conduct, the offender, and the sanction imposed. *Petroleum Solutions, Inc. v. Head*, 454 S.W.3d 482, 489 (Tex. 2014).  In making a sanctions, courts have been cautioned to direct the sanction toward remedying the wrongful conduct and to refrain from imposing excessive sanctions. *Id.* Although Defendant has a lengthy history as a skilled pro se litigant in Texas courts, Plaintiff is also mindful of the fact that it is requesting discovery sanctions against a person who is not currently represented by counsel.

13.   The normal remedy for failure to answer a discovery request is an order compelling the offending party to answer such a request.  Tex. R. Civ. P. 215.1(d).  This case presents a unique situation inasmuch as Defendant has already been compelled by Court order to comply with discovery requests.  Accordingly, Plaintiff believes that Defendant's conduct merits a sanction under Rule 215.2(b) of the Texas Rules of Civil Procedure.  When considering Defendant's other filings in this case, Plaintiff asks that Defendant be held in contempt of this Court under Rule 215.2(b)(6) of the Texas Rules of Civil Procedure and be punished for contempt in such a manner as this Court deems just and appropriate.

**(Sanctions for Failure to Respond to Requests for Admission)**

14.   The typical remedy for failure to respond to a request for admission is that the request is deemed admitted without the necessity of a court order.  Tex. R. Civ. P. 198.2(c).

15.   In the interest of preserving an adequate record in this case, Plaintiff asks that this Court enter an order in this cause that the requests for admissions attached hereto as Exhibit "B" are deemed admitted (without prejudice to Defendant's right to timely file a motion under Rule 198.3)

MOTION FOR DISCOVERY SANCTIONS

### III.   ATTORNEY FEES

16.   Plaintiff is an attorney licensed to practice law in this state and is entitled to recovery of

attorney fees for the reasonable value of his time, as well as expenses, under Rule

215.1(d) and 215.2(b)(2).  In this case, Plaintiff was charged the amount of $225.00 to

procure a certificate of non-appearance for Defendant's deposition.  In addition to these

expenses, Plaintiff requests an additional $500.00 as attorney fees for his time expended

in prosecuting this motion for sanctions.

### IV.   PRAYER

17.   Plaintiff prays that this Court enter an order setting a hearing on this motion, and after a

hearing, enter an order holding Defendant in contempt of this Court for disobedience to

this Court's expedited discovery orders, finding that the requests for admissions served on

Defendant have been deemed admitted (without prejudice to Defendant's right to timely

file a motion under Rule 198.3), and compelling Defendant to reimburse Plaintiff the

amount of $225.00 in expenses plus $500.00 as attorney fees.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

MOTION FOR DISCOVERY SANCTIONS

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to resolve this discovery dispute without the need for intervention from this Court.  Specifically, I transmitted the letter attached to this motion as Exhibit "A" to Defendant demanding that he respond to discovery as ordered by 12:00 noon on April 9, 2018.  Defendant has failed to communicate with me concerning discovery, has failed to tender any response to Plaintiff's discovery requests, and has failed and refused to appear for his deposition.  Accordingly, this matter is presented to the Court for determination.

/s/ Jason Lee Van Dyke
JASON L. VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Defendant, Thomas Christopher Retzlaff, prior to 5:00 p.m. local time on April 10, 2018 by electronic delivery to retzlaff@texas.net in accordance with Rule 21a of the Texas Rules of Civil Procedure.

/s/ Jason Lee Van Dyke
JASON L. VAN DYKE

MOTION FOR DISCOVERY SANCTIONS

# EXHIBIT "A"

# The Van Dyke Law Firm

**Criminal Defense · Commercial Debt Collection · Civil Litigation**

April 6, 2018

Thomas C. Retzlaff
via electronic delivery to retzlaff@texas.net

Re:     18-2793-431
        Conference Letter Pursuant to Rule 191.2

Dear Mr. Retzlaff:

Pursuant to Tex. R. Civ. P. 191.2, this letter is my attempt to conference with you concerning your failure to respond to expedited discovery as ordered by Judge Bailey in the attached order for expedited discovery.

You appeared in this case on or around March 30, 2018 and signed up for electronic service through your filing of a number of different letters in this case. A copy of our motion for expedited discovery, the court's order for expedited discovery, our requests for disclosure, first set of interrogatories, and first request for production were served on March 30, 2018 at 8:32 p.m. You were also served with our first request for admissions on April 2, 2018 at 4:38 p.m.

Pursuant to the court's order, you were required to respond to our request for disclosure, first set of interrogatories, and first request for production no later than 5:00 p.m. on April 5, 2018. The requests for admissions were due within three days of service, and therefore, they were also due on April 5, 2018. You have failed in all respects to respond to discovery and comply with the orders of the court.

Demand is now made for you to answer all discovery previously served on you no later than 12:00 noon on April 9, 2018. You should note that the court has ordered you to provide substantive and meaningful answers to discovery and has further ordered you to actually produce the documents that I have requested. Furthermore, you are reminded that your deposition in this case will be taken at 9:00 a.m. on April 10, 2018 in the conference room of the law library on the second floor of the Denton County Courthouse located at 1450 E. McKinney Street, Denton, TX 76209. Your appearance is mandatory.

108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
jason@vandykelawfirm.com
Licensed in:  Texas, Colorado, Georgia & Washington D.C.

If you fail to respond to these discovery requests, or to appear for your deposition, it is my intention to file a motion for discovery sanctions with the Court. I strongly encourage you to read Rule 215 of the Texas Rules of Civil Procedure concerning discovery sanctions, or to consult with your attorney regarding the consequences for discovery abuse, upon your receipt of this letter.

Very truly yours,

Jason L. Van Dyke
Attorney & Counselor at Law

108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
jason@vandykelawfirm.com
Licensed in:  Texas, Colorado, Georgia & Washington D.C.

Print this page

# Case # 18-2793-431 - Jason Lee Van Dyke v. Thomas Christopher Retzlaff a/k/a Dean Anderson d/b/a BV Files, ViaView Files L.L.C., and ViaView Files (Bailey, Jonathan)

## Case Information

| | |
|---|---|
| Location | Denton County - 431st Judicial District Court |
| Date Filed | 4/6/2018 7:22 AM |
| Case Number | 18-2793-431 |
| Case Description | Jason Lee Van Dyke v. Thomas Christopher Retzlaff a/k/a Dean Anderson d/b/a BV Files, ViaView Files L.L.C., and ViaView Files |
| Assigned to Judge | Bailey, Jonathan |
| Attorney | Jason Van Dyke |
| Firm Name | The Van Dyke Law Firm P.L.L.C. |
| Filed By | Jason Van Dyke |
| Filer Type | Not Applicable |
| **Fees** | |
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |
| **Payment** | |
| Account Name | |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Service Only

| | |
|---|---|
| Filing Type | Serve |
| Filing Code | Service Only |
| Filing Description | |

https://efile.txcourts.gov/EnvelopeDetails.aspx?envelopeguid=f74fcd90-1bf2-4dd2-8b2... 4/10/2018

Conference Letter Pursuant to Tex. R. Civ. P. 191.1

Reference Number
Comments
Status                          Served
**Fees**
Court Fee                       $0.00
Service Fee                     $0.00
**Documents**
*Service Document*              191.2 Conference Letter - 4-6-18.pdf      [Original]   [Transmitted]


**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Tom Retzlaff retzlaff@texas.net | | EServe | Sent | Yes | Not Opened |

# EXHIBIT "B"

CAUSE NO. 18-2793-431

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 431st JUDICIAL DISTRICT |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF a/k/a | § | |
| Dean Anderson d/b/a ViaView Files LLC, BV | § | |
| Files, and ViaView Files | § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Jason Lee Van Dyke serves these requests for admissions on Thomas Christopher

Retzlaff as allowed by Texas Rule of Civil Procedure 198.  Thomas Christopher Retzlaff

must admit or deny each request, in writing, within three days of service pursuant to the prior

orders of this Court.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to Thomas C. Retzlaff,
Defendant, by electronic delivery prior to 5:00 p.m. local time on April 2, 2018 in
accordance with Rule 21a of the Texas Rules of Civil Procedure.

/s/ Jason Lee Van Dyke
JASON L. VAN DYKE

## Definitions

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, his/her/its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or his/her/its successors, predecessors, divisions, and subsidiaries.

3. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

## Requests for Admissions

1. Admit that your true legal name is Thomas Christopher Retzlaff.

2. Admit that you may be served with legal process at PO Box 46424, Phoenix AZ 85063.

3. Admit that the 431st District Court in and for Denton County, Texas has personal jurisdiction over you in the above-numbered and styled case.

4. Admit that the 431st District Court in and for Denton County, Texas has subject matter jurisdiction in the above-numbered and styled case.

5. Admit that venue in the above-numbered and styled case is appropriate in the 431st District Court in and for Denton County, Texas.

6. Admit that you are a convicted felon.

7. Admit that you have previously been declared a vexatious litigant in the State of Texas.

8. Admit that, between March 1, 2017 and March 24, 2017, you contacted Stephen Tyler concerning Plaintiff.

9. Admit that, between March 1, 2017 and March 24, 2017, you stated to Stephen Tyler that Plaintiff is a "lunatic".

10. Admit that, between March 1, 2017 and March 24, 2017, you stated to Stephen Tyler that Plaintiff is a "drug addict".

11. Admit that, between March 1, 2017 and March 24, 2017, you stated to Stephen Tyler that Plaintiff is a "suffers from profound mental illness".

12. Admit that, between March 1, 2017 and March 24, 2017, you stated to Stephen Tyler

that Plaintiff regularly posts to an Internet website known as "Stormfront" or "Storm Front" under the name "WNLaw"

13. Admit that you control the website known as "BV Files", which may be accessed at www.viaviewfiles.net

14. Admit that you posted a copy of a letter you received from the Board of Disciplinary Appeals, which concerned Plaintiff, to the website known as "BV Files", which may be accessed at www.viaviewfiles.net, on or around March 8, 2018.

15. Admit that you and "Dean Anderson" are one and the same person.

16. Admit that you posted on the website known as "BV Files", which may be accessed at www.viaviewfiles.net, an allegation that Plaintiff has a criminal record for abusing women.

17. Admit that you posted on the website known as "BV Files", which may be accessed at www.viaviewfiles.net, an allegation that Plaintiff has engaged in professional misconduct against you.

18. Admit that you posted on the website known as "BV Files", which may be accessed at www.viaviewfiles.net, an allegation that Plaintiff is a Nazi.

19. Admit that you posted on the website known as "BV Files", which may be accessed at www.viaviewfiles.net, an allegation that Plaintiff is a white supremacist.

20. Admit that you posted on the website known as "BV Files", which may be accessed at www.viaviewfiles.net, an allegation that Robert Karlseng is a "Nazi Paymaster"

21. Admit that you posted on the website known as "BV Files", which may be accessed at www.viaviewfiles.net, photographs of the principals and office staff of Maverick Title of Texas L.L.C. d/b/a Texas Title.

22. Admit that you knew that Plaintiff was employed by either Maverick Title of Texas L.L.C. d/b/a Texas Title or Karlseng, LeBlanc & Rich L.L.C.

23. Admit that, between March 24, 2018 and March 28, 2018, you contacted Robert Karlseng by electronic mail.

24. Admit that, between March 24, 2018 and March 28, 2018, you engaged in communications with Robert Karlseng with the intent that Robert Karlseng terminate Plaintiff's employment.

25. Admit that you threatened to slander the business reputation of Maverick Title of Texas L.L.C. d/b/a Texas Title and/or Karlseng, LeBlanc & Rich L.L.C.

26. Admit that you have threatened to contact every opposing counsel and every judge in each case that Plaintiff is presently involved in.

27. Admit that you actually contacted other clients of Plaintiff with similar claims concerning Plaintiff.

28. Admit that you have actually contacted other judges with similar claims concerning Plaintiff.

29. Admit that you have actually contacted other attorneys with similar claims concerning Plaintiff.

30. Admit that you have no evidence that Plaintiff is a Nazi.

31. Admit that you have no evidence that Plaintiff is a white supremacist

32. Admit that you have no evidence that Plaintiff is a drug user.

33. Admit that you have no evidence that Plaintiff suffers from mental illness.

34. Admit that you have no evidence that Plaintiff has ever been convicted of a crime.

35. Admit that Plaintiff has never committed professional misconduct against you.

36. Admit that you filed a grievance against Plaintiff with the State Bar of Texas in bad faith.

37. Admit that you filed a grievance against Plaintiff with the State Bar of Texas for the sole purpose of harassing Plaintiff.

38. Admit that you intend to continue harassing Plaintiff in the future.

39. Admit that you have stated to others that you intend to continue harassing Plaintiff in the future.

40. Admit that the amount of $30,000,000.00, if paid now in cash, would be sufficient to compensate Plaintiff for the injuries he has incurred due to your wrongful conduct as alleged in Plaintiff's Original Petition and Application for Temporary Restraining Order.

# EXHIBIT "C"

# STOFFELS & ASSOCIATES, INC.
### CERTIFIED SHORTHAND REPORTERS

207 W. Hickory, Suite 304                                    (940)565-9797
Denton, Texas  76201                                      FAX (940)239-3678


No. 21346


April 10, 2018


TO:   Jason Lee Van Dyke
      108 Durango Drive
      Crossroads, Texas   76227

RE:   Jason Lee Van Dyke vs. Thomas Christopher Retzlaff



Nonappearance Affidavit to the Deposition of:

Thomas Retzlaff, 4-10-18   --   $225.00




Thank you.

Janel M. Stoffels                      ID# 75-2459940 TF