IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
APR 16 2018
Clerk, U.S. District Court
Texas Eastern

JASON LEE VAN DYKE,
*Plaintiff*,

v.   CASE NO. 4:18-CV-00247-ALM-CAN

THOMAS RETZLAFF,
*Defendant*.

### Defendant's Request for Hearing on Anti-SLAPP Motion (dkt #5)

1.   Plaintiff is Jason Lee Van Dyke; defendant is Thomas Retzlaff.

2.   On April 10, 2018, Retzlaff filed Notice of Removal for this case from Denton County District Court to this federal court. (ECF 1.) On that same date, Retzlaff filed a motion to dismiss the case pursuant to the Texas Citizen's Participation Act, Texas Civil Practice & Remedies Code chapter 27 with this court. (ECF 5.) On April 11, 2018, the Court issued its Order & Advisory stating, in part, that:

> The Court also directs the parties' attention to Local Rule CV-7. While the parties should be familiar with all the Federal and Local Court Rules, the Court points to this rule specifically as it renders moot all motions urged prior to removal. Accordingly, the Court will only consider motions reurged in this Court.

1

(ECF 6 at ¶4 (bottom of pg 1)). This order implies that the court is not going to consider Retzlaff's motion.

3. Retzlaff would respectfully point out that his anti-SLAPP motion is not a motion that was ever filed in the state court. It is a motion that was **only** filed in this court and it was filed right after Retzlaff filed his notice of removal. Thus, this is a properly filed motion that is before this court.

4. Defendant apologizes for any confusion that this may have caused. But Retzlaff did try to call the court and did leave a message with the judge's clerk informing her that this is what the deal was. While it might be strange for someone to file an anti-SLAPP motion prior to actually being served with the lawsuit and prior to even filing an answer, this isn't the first time that some crazy person has filed a SLAPP lawsuit against Retzlaff in the State of Texas. In fact, the last person to do so was hit with a $1.3 million judgment for sanctions & attorney fees – and this was in a lawsuit that was never served on Retzlaff or any of the other defendants and for which they never filed an answer. See *McGibney & ViaView, Inc. v. Thomas Retzlaff, et al*, Cause No. 067-270669-14 in the 67th District Court of Tarrant County, Texas, *sub nom. Rauhauser v. McGibney*, 508 S.W.3d 377, 386 (Tex. App. – Fort Worth 2014, no pet.).

5.    Thus, Retzlaff would argue that his anti-SLAPP motion is properly before the court and it must be set for a hearing and deadlines set for a response and reply.

Respectfully submitted,

*/s/ Tom*

Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800

email: Retzlaff@texas.net

DEFENDANT, PRO SE

## **CERTIFICATE OF SERVICE**

I certify that on April 11, 2018, a copy of this document was served upon plaintiff via 1st class US Mail at his residence of:

**Jason L. Van Dyke, 108 Durango Dr., Aubrey, TX 76227.**

_/s/ Tom_
_____
Thomas Retzlaff