IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR JUDICIAL NOTICE**

Plaintiff, Jason Lee Van Dyke, asks that this Court enter an order denying Defendant's motion for judicial notice. In support thereof, Plaintiff states as follows:

**I.    INTRODUCTION**

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. There are currently three causes of action before this Court. Plt.'s 2d Amd. Compl. ¶ 6.1 - 6.15. These causes of action are for (a) libel per se; (b) intrusion on seclusion; and (c) tortious interference with an existing contract.

3. The cause of action for libel per se relates or pertains solely to publications made by Defendant on his "BV Files" (www.viaviewfiles.net) website containing the following claims about Plaintiff: (a) Plaintiff is a Nazi; (b) Plaintiff is a pedophile; (c) Plaintiff is a drug addict; (d) Plaintiff has a criminal record for abusing women; and (e) Plaintiff has committed professional misconduct against Defendant.

4. The causes of action for intrusion on seclusion and tortious interference with an existing contract relate or pertain solely to Defendant's repeated contacts with Plaintiff's former employer, Karlseng, LeBlanc & Rich L.L.C ("KLR"), which ultimately caused

Plaintiff's employment with KLR to be terminated.

5. Plaintiff's claims related to Defendant's interference with his employment with Victoria County and Plaintiff's claim for intentional infliction of emotion distress were not included in his Second Amended Complaint and are no longer before this Court. Plaintiff has also removed his request for injunctive relief against Defendant. The claims contained in Plaintiff's Second Amended Complaint are the only claims before this Court.

## II.  ARGUMENT

### A.  Defendant's Evidence Does Not Meet the Requirements of Rule 201

6. The evidence proffered by the Defendant does not meet the requirements of any of the Federal Rules of Evidence.

7. Fed. R. Evid. 201 only permits a Court to take judicial notice of an adjudicative fact when it is (1) generally known within the trial court's territorial jurisdictions; or (2) can be accurately and readily determined from sources who accuracy cannot reasonably be questioned.

8. There are certain facts that have long been the subject of judicial notice. Courts routinely take judicial notice of pleadings, records and judgments in other court cases. See e.g. *E.I. du Pont de Nemours & Co. Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986). They have also taken judicial notice of similar records in administrative agency proceeding. See e.g., *Opeka v. INS*, 194 F.3d 392, 394 - 95 (7th Cir. 1996). However, they have declined to take judicial notice of other courts' findings of fact, as these do not meet the criteria of Fed. R. Evid. 201. See e.g *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829 (5th Cir. 1998); *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987).

9. It is certainly true that some Courts have become more liberal in granting requests for judicial notice.  In the absence of expert testimony, several courts have used judicial notice to better critique and understand medical representations.  See e.g. *Wangenstein v. Equifax, Inc.*, 191 F.Appx. 905, 917 (11th Cir. 2006) (citing Dorland's Illustrated Medical Dictionary 1564 (28th ed. 1994) and 295 J. Am. Med. Ass'n 2320 (May 17, 2006) for definitions and symptoms of cervical spondylosis, myelopathy, and migraines).  Further, multiple courts have taken judicial notice of websites "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). See *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (holding that a district court could take judicial notice of a state agency website); *In re Everglades Island Boat Tours, LLC,* 484 F.Supp.2d 1259, 1261 (M.D. Fla. 2007) (taking judicial notice of a state agency website).

10. In this case, Defendant is asking this Court to take a designation by a non-governmental organization, the Southern Poverty Law Center ("SPLC"), as being completely authoritative.  In making such an extraordinary request, Defendant has failed to cite a single state or federal court case where any court has taken judicial notice of such a designation by the SPLC (or any similar group).

11. The reason Defendant is unable to cite any such cases is because they do not exist.  In *Rivera v. Philip Morris, Inc*, the court wrote "[a] high degree of indisputability is the essential prerequisite to taking judicial notice of adjudicative facts and . . . the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy.  395 F.3d 1142, 1151 (9th Cir. 2005).  The reason for the historic reluctance of courts to take judicial notice is simple: it operates in such a

manner as to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence. *Id*. See also *Lodge v. Kondaur Capital Corp.,* 750 F.3d 1263, 1273 (11th Cir. 2014); *Doss v. Clearwater Title Co.,* 551 F.3d 634, 640 (7th Cir. 2008).

### B.   Defendant's Proffered Evidence Is Hearsay

12. Authentication is a condition precedent to admissibility and may be satisfied only by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). However, even when an article (such as the SPLC article attached to Defendant's Motion for Judicial Notice) has been properly authenticated, the statements contained within the article are inadmissible hearsay.

13. In this case, Defendant is attempting to use an article published by the SPLC to prove what he artfully claims to be an indisputable fact: that The Proud Boys are a "white supremacist hate group." To be admitted for their truth, statements found within a book, newspaper or magazine article must be the admissions of a party opponent, adopted or authorized admissions, or some other hearsay exception. See e.g. *Abruzzi Foods, Inc. v. Pasta & Cheese, Inc.,* 986 F.2d 605, 606 (1st Cir. 1993). The SPLC article does not fall under any exception to the hearsay rule.

14. The contents of the SPLC publication attached to Defendant's motion for judicial notice is hearsay. Just as the contents of newspaper articles are not the proper subject of judicial notice for proving the truth of the facts asserted therein, neither is the publication of any work of the SPLC. See e.g. *AES Puerto Rico L.P. v. Marcelo Trujillo-Panisse*, 199 F. Supp 3d 492, 500 (D. Puerto Rico 2016) (citing *U.S. ex rel. Osheroff v. Humana Inc*., 776 F.3d 805, 811 n.4 (11th Cir. 2015)); *Troy Group, Inc.*

*v. Tilson*, 364 F.Supp.2d 1149, 1152 (C.D. Cal. 2005) (holding that a court may not take judicial notice of documents for the truth of disputed facts asserted therein).

### C. Conclusion

15. This Court cannot take judicial notice of Defendant's patently absurd allegation that The Proud Boys is a white supremacist hate group. The only evidence supplied by Defendant in support of his motion lacks any sort of authentication and, even if properly authenticated, is completely inadmissible as hearsay. There is no existing state or federal court precedent in support of allowing any court to take notice of any organization's designation of a hate group by the SPLC. Such designations by the SPLC fails on its face to meet the indisputability requirements of Rule 201 of the Federal Rules of Evidence. Accordingly, Defendant's motion for judicial notice should be denied.

### III. PRAYER

16. Plaintiff prays that this Honorable Court enter an order denying Defendant's motion for judicial notice in all things.

    Respectfully submitted,

    /s/ Jason Lee Van Dyke
    Jason L. Van Dyke
    State Bar No. 24057426
    108 Durango Drive
    Crossroads, TX 76227
    P – (469) 964-5346
    F – (972) 421-1830
    Email: jason@vandykelawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Defendant, Thomas Christopher Retzlaff.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
