**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S DISMISS FOR**
**LACK OF PERSONAL JURISDICTON**

Plaintiff, Jason Lee Van Dyke, asks that this Court enter an order denying Defendant's motion to dismiss for lack of personal jurisdiction..  In support thereof, Plaintiff states as follows:

## I.    INTRODUCTION

1.    Plaintiff is Jason Lee Van Dyke.  Defendant is Thomas Christopher Retzlaff.

2.    There are currently three causes of action before this Court. Plt.'s 2d Amd. Compl.
¶ 6.1 - 6.15.  These causes of action are for (a) libel per se; (b) intrusion on seclusion;
and (c) tortious interference with an existing contract.  I*d*.

3.    The cause of action for libel per se relates or pertains solely to publications made  by
Defendant on his "BV Files" (www.viaviewfiles.net) website containing the following
claims about Plaintiff:  (a) Plaintiff is a Nazi; (b) Plaintiff is a pedophile; (c) Plaintiff is
a drug addict; (d) Plaintiff has a criminal record for abusing women; and (e) Plaintiff
has committed professional misconduct against Defendant.  The remaining allegations,
for intrusion on seclusion and tortious interference with a contract, relate to Defendant's
repeated contacts with Karlseng, LeBlanc & Rich L.L.C ("KLR") which ultimately

resulted in Plaintiff losing his job with KLR.

4.      Plaintiff declines to address the scandalous (and false) allegations raised by Defendant

in paragraphs 4 - 9 of his motion to dismiss in this response because they are wholly

irrelevant to the question of personal jurisdiction.  The issue of those filings by

Defendant will be addressed by Plaintiff in a separate motion as required by Fed. R.

Civ. P. 11.

## II.    FACTS

5.      Plaintiff did not knowingly have any contact with Defendant until he was notified that

Defendant had filed a grievance against him with the State Bar of Texas on or around

December 20, 2017.  A true and correct copy of this grievance, minus attachments, is

attached hereto as Exhibit "A" and incorporated by reference herein.

6.      Plaintiff is not suing Defendant for filing the grievance and is not presently suing him

for the admissions that he made within the grievance.  Nevertheless, the grievance is

relevant to the question of personal jurisdiction due to the allegations made by Retzlaff

in the grievance and the extent to which those statements conflict with the declaration

filed by Retzlaff in support of his motion to dismiss this case for lack of personal

jurisdiction.

7.      The grievance states in relevant part:

"Earlier this year I found out that he had gotten a job as an Assistant District Attorney for
Victoria County, Texas, in charge of felony prosecutions. So I contacted Steve Tyler, the
District Attorney (who I know because I live in San Antonio) and said "Do not hire this
dude - he is a flicking lunatic." I then pointed out that I am convinced that Van Dyke is a
drug addict who suffers from a very profound mental illegal that looks to be untreated
and he regularly gets into "flame wars" and disputes with random people on the internet. I
pointed out that Van Dyke is likely posting on Storm Front (a white nationalist website)
as the user "WNLaw". Van Dyke has since been posting online that he is going to murder
me because I am the one who cost him his job with Victoria County. He further threatens

to murder my family, and many others. Unfortunately for Van Dyke, he has come up against a person who simply cannot be intimidated." Ex. A.

In the grievance filed by Defendant with the State Bar of Texas, Retzlaff states that he knows Victoria County District Attorney Stephen Tyler because [Retzlaff] lives in San Antonio, Texas.  He also states in the complaint that he found out about Plaintiff's potential employment by Victoria County.  This directly conflicts with the "Declaration of Thomas Retzlaff In Support Of His Motion To Dismiss For Lack Of [Personal] Jurisdiction" where he states that he is a "resident of Arizona", that he "has no personal knowledge of who employs [Plaintiff]", and the only times he has been to Texas in the past two years "have been for brief personal visits that had nothing at all to do with [Plaintiff] or any of the allegations raised in his complaint."  ECF 19, ¶ 3 and 4.

8.    The grievance is also particularly relevant to the question of personal jurisdiction because it provides circumstantial evidence in support of Plaintiff's allegations that Defendant owns or operates the "BV Files" (www.viaviewfiles.net) website because his grievance against Plaintiff was initially classified as an "inquiry" rather than as a complaint. Defendant appealed this designation to the Board of Disciplinary Appeals which, on March 1, 2018, granted Defendant's appeal and reclassified the matter as a complaint by and through the letter attached hereto as Exhibit "B" and incorporated by reference herein.  On or around March 8, 2018, the letter from the Board of Disciplinary Appeals appeared on the "BV Files" website.  The relevant portion of that post is attached hereto as Exhibit "C" and incorporated by reference herein.  For the sake of brevity (as well as good taste), Plaintiff is attaching only the relevant portions of each "BV Files" post attached as exhibits to this motion.

9.      This posting is circumstantial evidence of Defendant's ownership of the website and/or

his responsibility for the content because, except in limited circumstances, all attorney

disciplinary proceedings in Texas are confidential.  Tex. R. Discip. P. 2.16.  The specific

language used in the post is also strikingly similar to that used in the State Bar complaint.

The State Bar complaint states "Unfortunately for Van Dyke, he has come up against a

person who simply cannot be intimidated," while the March 8, 2018 post states

"Unfortunately for Van Dyke, he tried to take on a man who simply cannot be

intimidated . . . "  See Ex. A and C.

10.     The posting on March 26, 2018 marks the beginning of Defendant's postings on "BV

Files" that targeted Plaintiff and his law practice in a more direct manner.  The relevant

portions of this post are attached hereto as Exhibit "D" and incorporated by reference, and

show specific references to Plaintiff as a "Nazi" and an "abuser of women", as well as

specific references to Plaintiff's former employer and coworkers at KLR.  It should be

noted that Maverick Title of Texas L.L.C. d/b/a Texas Title ("Texas Title") and KLR

share common ownership.  It was these postings by Retzlaff, as well as his direct

communications with Robert Karlseng (CEO of KLR), that caused Plaintiff to lose his

employment.  Plaintiff attaches copies of relevant correspondence related to the loss of

his employment to this motion as Exhibit "E" and incorporates the same by reference

herein.

11.     Defendant's post on "BV Files" on April 1, 2018 marks the first time that Defendant

explicitly suggested that Plaintiff is a pedophile and the instance where Defendant begins

publically identifying other clients of Plaintiff's law practice in Texas.  The relevant

portions of this post are attached hereto as Exhibit "F" and incorporated by reference

herein.  The Court should note that the April 1, 2018 posting contains an article written by John Council and posted in *Texas Lawyer* where Defendant is quoted as splitting his time between Scottsdale, Arizona and San Antonio, Texas.  A more legible copy of that article is attached hereto as Exhibit "G" and incorporated by reference herein.

12.    More recently, on or around April 20, 2018, Defendant gave an interview to *The Daily Beast* in which he stated, in relevant part: ""I live in San Antonio, and Victoria County is right next to where I live," Retzlaff told *The Daily Beast* in a phone conversation. "When I found out Van Dyke had got the job there, I had some communications with the district attorney and said 'this guy is a crazy person, why would you hire him? Didn't you use Google?"  A true and correct copy of this article is attached hereto as   Exhibit "H" and incorporated by reference herein.

13.    In addition to the circumstantial evidence in support of the fact that "BV Files" is operated by Defendant, and that "Dean Anderson" and Defendant are one and the same person, Plaintiff has located affidavits executed by Defendant's relatives that were filed in Cause No. 114CH005460, styled *ViaView, Inc. v. Thomas Retzlaff*, in the Superior Court of the State of California in and for Santa Clara, County.  These affidavits, which are attached hereto as Exhibit "I" and Exhibit "J" lend substantial substance to Plaintiff's allegations against Defendant.  Plaintiff has already provided disclosures to Defendant as mandated by the orders of this Court and Rule 26(a) of the Federal Rules of Civil Procedure which contain these documents.  Plaintiff has also filed his Rule 26(f) report with this Court in which he has stated his intent to depose these third parties, as well as Denise Hollas, who on information and belief is Defendant's former spouse.

14.     Defendant has stated in his declaration that "BV Files" is hosted in China.  ECF 19, ¶ 5.

While this may show where the website it hosted, it provides no evidence as to who owns

the website, who administers the website, or who is responsible for its content.  Plaintiff

has also furnished his own affidavit, attached hereto as Exhibit "K" and incorporated by

reference herein, in support of the allegations made in this response.

### III.   ARGUMENT

### A.   Defendant Has Waived Personal Jurisdiction

15.     This Court should deny Defendant's motion to dismiss for lack of personal jurisdiction

because Defendant waived his objection to personal jurisdiction.  *Blockowicz v.*

*Williams*, 630 F.3d 563, 566 (7th Cir. 2010).  Specifically, Defendant did not file a

motion to dismiss for want of personal jurisdiction as his first responsive pleading in

this cause.  Fed. R. Civ. P. 12(h)(1).  Specifically, Defendant filed a motion to

dismiss this case pursuant to Tex. Civ. Prac. & Rem. Code § 27.001 *et. seq.* (the

"Texas Citizens Participation Act" concurrently with his notice of removal in this  case.

ECF 5.  In short, he voluntarily submitted himself to the jurisdiction of this Court by

filing an Anti-SLAPP motion and request relief from this Court in the form of sanctions

and attorney fees prior of filing his motion to dismiss.

16.     Defendant has further submitted himself to the jurisdiction of this Court by filing,

concurrently with his motion to dismiss for lack of personal jurisdiction, a motion

under Fed. R. Evid. 201 for judicial notice that The Proud Boys is a "white supremacist

hate group".  This motion, as well as the Anti-SLAPP motion, clearly constitutes

conduct demonstrating that Defendant has participated in this litigation and requested

affirmative relief from this Court.  See *PaineWebber, Inc. v. Chase Manhattan Private*

*Bank*, 260 F.3d 453, 460 (5th Cir. 2011); *Continental Bank v. Meyer*, 10 F.3d 1293, 1296 - 97 (7th Cir. 1993);

17. Additionally, during the pendency of the state court claim, Defendant filed several profane "letters" with the Court that were sufficient to constitute an answer within the meaning of Rule 83 of the Texas Rules of Civil Procedure and which did not meet the pleading requirements of a challenge to personal jurisdiction under Rule 120a of the Texas Rules of Civil Procedure.  In an attempt to defraud the Court, Defendant failed to file these state court records with his notice of removal.  ECF 1.  Plaintiff has taken the liberty of filing with this Court the state court records omitted by Defendant (which also included an "offer of settlement" related to the claims in this case).  ECF 8.

18. In this case, Defendant wishes to have things both ways.  Defendant has demanded that this Court set a hearing on his Anti-SLAPP motion and, in so doing, has requested that this Court for affirmative relief on the merits of his case.  ECF 16.  But, in the likely event that his Anti-SLAPP motion is denied, he desires that this Court dismiss this case for want of personal jurisdiction.

19. An Anti-SLAPP motion is an adjudication of a case on its merits and a request for affirmative relief.  By filing this motion as its first response to Plaintiff's lawsuit and demanding a hearing on the same, Defendant has submitted itself to the jurisdiction of this Court.  *Gerber v. Riordan*, 649 F.3d 514, 519-520 (11th Cir. 2010) (holding that a defendant submits to the jurisdiction of a court when it plaintiff a reasonable expectation that it will defend the suit on the merits)

### B.    This Court Has Specific Jurisdiction Over Defendant

20. As to specific jurisdiction, the Fifth Circuit has adopted a three-step analysis for the

specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the

forum state, i.e., whether it purposely directed its activities toward the forum state or

purposefully availed itself of the privileges of conducting activities there; (2) whether

the plaintiff's cause of action arises out of or results from the defendant's forum-

related contacts; and (3) whether the exercise of personal jurisdiction is fair and

reasonable. *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006);

*Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

21.  The United States Supreme Court has observed that specific jurisdiction for a suit

alleging the tort of libel exists in two potential situations: (1) when the publication has

an adequate circulation in the forum state, *Keeton v. Hustler Magazine, Inc*., 465 U.S.

770, 773-74 (1984), or (2) when the author or publisher "aims" a story at the state

knowing that the "effects" of the story will be felt there.  *Calder v. Jones*, 465 U.S.

783, 789-90 (1984).  See also *Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419, 425

(5th Cir. 2005) (summarizing two tests for specific jurisdiction in libel cases).

However, the Fifth Circuit has held that the plaintiff's residence in the forum state and

the fact that the effects of a story will be felt there, standing alone, are insufficient to

establish jurisdiction in defamation cases. See *Revell v. Lidov*, 317 F.3d 467, 473 (5th

Cir. 2002). It has also repeatedly emphasized *Calder* 's requirement that the forum "be

the focal point of the story." *Id*. at 476; *Fielding*, 415 F.3d at 427; *Clemens v.

McNamee*, 615 F.3d 374, 380 (5th Cir. 2010).

22.  Underscoring the importance of the defendant's actions in the context of "purposeful

availment," the Fifth Circuit has explained that a plaintiff asserting specific jurisdiction

in a libel case must show that " (1) the subject matter of; and (2) the sources relied upon

for the article were in the forum state." *Fielding*, 415 F.3d at 426.  However, when

considering the question of personal jurisdiction, this Court must accept Plaintiff's

uncontroverted allegations as true, and resolve in Plaintiff's favor all conflicts

between the facts contained in the parties' affidavits and other documentation.

*Clemens*, 615 F.3d at 378 (citing *Revell*, 317 F.3d at 469).

23.   In *Clemens,* the Fifth Circuit looked specifically to the *Calder* case as being most

instructive in determining what type of libelous statements would subject a defendant to

personal jurisdiction.  The holding of the *Calder* court, which concerned libelous

publications by a tabloid directed against California actress Shirley Temple,

which stated:

> "The allegedly libelous story concerned the California activities of a California
> resident. It impugned the professionalism of an entertainer whose television
> career  was centered in California. The article was drawn from California
> sources, and the brunt of the harm, in terms both of respondent's emotional
> distress and the injury to her professional reputation, was suffered in
> California. In sum, California is the focal point both of the story and the harm.
> 465 U.S. at 788-89.

24.   The *Clemens* court correctly noted how the Fifth Circuit had previously distinguished

the *Revell* case from *Calder* by declining to exercise personal jurisdiction in a case

where plaintiff sued a non-resident defendant in Texas after the defendant alleged on a

Columbia University website that the plaintiff had advance knowledge of the bombing

of Pan Am Flight 103.  317 F.3d at 469.  In *Revell,* the 5th Circuit reasoned as follows:

> "First, the article written by [plaintiff] about [defendant] contains no reference `
> to Texas, nor does it refer to the Texas activities of [plaintiff] and it was not
> directed at Texas readers as distinguished from readers in other states. Texas
> was not the focal point of the article or the harm suffered, unlike Calder, in
> which the article contained descriptions of the California activities of the
> plaintiff, drew upon California sources, and found its largest audience in
> California." *Id.*

In declining to exercise personal jurisdiction in *Clemens*, the Fifth Circuit also affirmed

its holding in *Fielding*, where it declined to exercise personal jurisdiction over German

defendants that had published an article concerning the activities of the plaintiff and his

alleged mistress in Switzerland and Germany.  615 F.3d 379 - 380.

25.  Other district courts within the Fifth Circuit have often struggled in their application of

the holdings in cases like *Revell* and *Clemens* to defamation cases involving the

Internet.  One such example is *Hawbecker v. Hall*, where plaintiff sued defendant

concerning a Facebook page containing allegations that he had sexually abused

children.  88 F. Supp 723, 725 (W.D. Tex. 2015).  In finding personal jurisdiction, the

district court took note of a post by the defendant stating that "[plaintiff] lives and

works in San Antonio Texas so please pass the word on to any one [sic] that you may

know there," in an apparent effort to publicize the allegations to Texas residents.  Id. at

729.  In finding that personal jurisdiction existed over the defendant, the court also

weighed the defendant's efforts at contacting plaintiff's friends, relatives, students, and

employer in Texas via Facebook.  *Id.*

26.  The present case before the Court is almost the exact same situation as that which was

presented in *Hawbecker.*  In this case, Plaintiff is a Texas resident and the activities of

Defendant are directed toward Plaintiff's practice of law in the State of Texas.  The

brunt of the harm suffered as a result of Defendant's contacts with Texas in this case,

which include emotional distress, damage to Plaintiff's personal and professional

reputation, and the loss of his employment in Texas, has been suffered by Plaintiff in

Texas.  Defendant poisoned Plaintiff's reputation with his former employer in Texas by

sending electronic mail messages directly to Plaintiff's supervisor in Texas.  The

posting that Plaintiff has attributed to Retzlaff contain precise references to clients of

Plaintiff's law practice in Texas.  Accordingly, sufficient minimum contacts exist for

this Court to exercise personal jurisdiction over Defendant in Texas.

### C.    This Court Has General Jurisdiction Over The Defendant

27.    On or around December 20, 2017, Retzlaff stated in the complaint he filed against

Plaintiff with the State Bar of Texas that he lives in San Antonio, Texas.  Ex. A.

28.    In his interview with John Council of *Texas Lawyer* about this lawsuit, Defendant

stated that he splits his time between Scottsdale, Arizona and San Antonio, Texas.  Ex.

G.

29.    Most recently, in his interview with Kelly Weill of *The Daily Beast*, Defendant stated

"I live in San Antonio, and Victoria County is right next to where I live."

30.    Notwithstanding these statements to the State Bar of Texas and to two reporters,

Defendant has represented to this Court, under penalty of perjury that he is a "resident

of Arizona", that he "has no personal knowledge of who employs [Plaintiff]", and that

the only times he has been to Texas in the past two years "have been for brief personal

visits that had nothing at all to do with [Plaintiff] or any of the allegations raised in his

complaint."  ECF 19, ¶ 3 and 4.

31.    One of three things is clearly true:  (a) Defendant has lied to the State Bar of Texas and

to two reporters; (b) Defendant has lied to this Court; or (c) both.  For this Court to find

general jurisdiction over Defendant, it must find that the defendant's affiliations with

the forum state are so continuous and systematic as to render it essentially "at home" in

the forum state.  *Daimler AG v. Bauman*, 134 S.Ct. 746, 760-61 (2014).  An individual

defendant, such as Mr. Retzlaff, is considered "at home" where they are domiciled.  *Id*.

32.    In this case, Defendant has admitted on three separate occasions (two of which occurred during the pendency of this lawsuit) that he is either a resident of Texas or that he splits his time between Arizona and Texas.  Not only is this sufficient for this Court to find that Defendant is subject to its general jurisdiction, but it is also sufficient for this Court to find that it lacks subject matter jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) and remand it to the 431st District Court in and for Denton County, Texas.

## III.  CONCLUSION

33.    Retzlaff has waived the issue of personal jurisdiction by requesting an adjudication of this case on the merits through the filing of an Anti-SLAPP motion and demanding a hearing on the same.

34.    This Court has specific jurisdiction over the Defendant because the nature of his activities concerning the Plaintiff were directed specifically toward a Texas resident and his law practice in the State of Texas.  Defendant has willfully and intentionally interfered with Plaintiff's employment in Texas by directly contacting Plaintiff's supervisors with the intent of having his employment terminated on multiple occasions.

35.    The nature of Defendants admissions to the State Bar of Texas of being a resident of San Antonio, Texas, as well as similar admissions to two reporters during the pendency of this case, are not only sufficient for this Court to find that it has general jurisdiction over the Defendant: it is sufficient for this court to find that it lacks subject matter jurisdiction over this cause and remand it, on its own initiative, to the 431st District Court in and for Denton County, Texas.

36.  Defendant's motion to dismiss for lack of personal jurisdiction should be denied and, if

     this Court finds that Defendant's admissions are sufficient to deprive it of subject matter

     jurisdiction in this cause, this case should be remanded to state court.  However, if this

     Court finds that has subject matter jurisdiction over this cause but lacks personal

     jurisdiction over the Defendant, this case should be transferred to a U.S. District Court

     with personal jurisdiction over the Defendant as allowed by 28 U.S.C § 1404(a),

     1406(a) or 1631.

## IV.   PRAYER

37.  Plaintiff prays that this Honorable Court enter an order denying Defendant's motion to

     dismiss for lack of personal jurisdiction in all things and granting unto Plaintiff all such

     further relief, in law and in equity, to which he may show himself to be justly entitled.

                                        Respectfully submitted,

                                        /s/ Jason Lee Van Dyke
                                        Jason L. Van Dyke
                                        State Bar No. 24057426
                                        108 Durango Drive
                                        Crossroads, TX 76227
                                        P – (469) 964-5346
                                        F – (972) 421-1830
                                        Email:  jason@vandykelawfirm.com


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the
CM/ECF System, which will automatically serve a Notice of Electronic Filing on Defendant,
Thomas Christopher Retzlaff.

                                        /s/ Jason Lee Van Dyke
                                        JASON LEE VAN DYKE