# EXHIBIT "K"

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |


**STATE OF TEXAS** §
§
**COUNTY OF DENTON** §

### AFFIDAVIT OF JASON L. VAN DYKE

Before me, the undersigned notary, on this day personally appeared Jason L. Van Dyke, a person whose identity is known to me. After I administered an oath to him, upon his oath he stated:

1. "My name is Jason L. Van Dyke. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I hold the degree of Bachelor of Arts, with a major in Politics, from the University of Dallas. I also hold the degree of Juris Doctor, as well as a Certificate of Concentration in Advocacy, from Stetson University College of Law. I am an attorney licensed to practice law in the State of Texas and have been so licensed since February 8, 2007.

3. Due to his involvement with a case involving a local attorney, I had heard of the Defendant, Thomas Christopher Retzlaff ("Defendant"), prior to December 20, 2017. It was not until on or around December 20, 2017, when I received a grievance filed against by Defendant, that I knowingly had any contact with him. The document attached as Exhibit "A" to "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case is a true and correct copy of the document that I received from the State Bar of Texas, except that attachments have been omitted and sensitive information has been redacted.

4. I was initially notified by the State Bar of Texas that the grievance referenced in paragraph four above had been classified as an inquiry rather than a complaint. I was later notified that Defendant appealed this designation to the Board of Disciplinary Appeals ("BODA"). On or around March 8, 2018, I received a letter from the BODA informing me that Defendant's appeal had been granted. A true and correct copy of the letter that I received is attached as Exhibit "B" to "Plaintiff's Memorandum In

AFFIDAVIT

Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case.

5.    On the same day, I was informed by a friend that the BODA letter referenced in paragraph four above had been posted to the "BV Files" website (located at www.viaviewfiles.net) together with other derogatory information about me. I accessed the "BV Files" website on the same day and located the material attached as Exhibit "C" to Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case. This material attached as Exhibit "C" is a redacted version of the post that includes only material relevant to Plaintiff and this lawsuit.

6.    My knowledge of the confidentiality requirements Texas Rules of Disciplinary Procedure is what first caused me to believe that Defendant either owned "BV Files" or was responsible for the content of "BV Files". I also took note of that fact that content contained on the "BV Files" blog was remarkable similar to language used by Defendant in his complaint against me.

7.    On or around March 26, 2018, I learned from my supervisor, Robert Karlseng, that he had been contacted by "Dean Anderson" (a person that, at this time, I suspected of actually being Thomas Retzlaff) had been sending him false and defamatory content about me. I accessed the "BV Files" blog and found that, in addition to publishing false and defamatory information about me, the blog began posting false and defamatory information concerning my employer. The documents attached as Exhibit "D" o "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case are a redacted version of the post that includes only material relevant to Plaintiff and this lawsuit.

8.    The documents attached as Exhibit "E" o "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case are the emails between myself and my employer concerning this material and showing how it ultimately resulted in the loss of my employment with KLR. My employment with KLR paid $60,000.00 per year and included standard benefits including health care. Since losing my employment with KLR, I have been unable to find meaningful employment in the practice of law and have returned to being a solo practitioner. I am unable to afford health insurance as a solo practitioner and am only able to pay my bills because of referral business from companies with whom I had a pre-existing relationship.

9.    On April 1, 2018, I learned that BV Files had begun referring to me as a pedophile on its blog in an apparent reference to Defendant's answer to the state court case. I was contacted by John Council of *Texas Lawyer* for an interview on April 1, 2018 and declined to be interview. The documents attached as Exhibit "F" to "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case are a redacted version of the post that includes only material relevant to Plaintiff and this lawsuit.

AFFIDAVIT

10.     On April 2, 2018, I was contacted by John Council of *Texas Lawyer*, who requested an interview concerning the lawsuit. I declined to be interviewed and learned about Mr. Council's article from a friend later that same day. I noticed that the article referenced in paragraph 10 above had been updated to include the article. The document attached as Exhibit "G" to "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case is the article written by John Council that appeared in *Texas Lawyer*.

11.     This case was removed to this Court on April 10, 2018. Between April 10, 2018 and April 16, 2018, I conducted an additional investigation of this case and located that affidavits that are attached as Exhibit "I" and Exhibit "J" to "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case. I have since been made aware that Collin Retzlaff has retracted the statements that he made in his affidavit. Nevertheless, I believe the facts as stated by Collin Retzlaff in his original affidavit.

12.     On or around April 16, 2017, I was contacted by Kelly Weill of *The Daily Beast* concerning this lawsuit. She stated to me that Defendant had filed a second grievance against me with the State Bar of Texas. I declined to comment on the same. She also stated to me that Defendant had denied being responsible for the contents of the "BV Files" website. I offered to send her the affidavits that had been executed by Defendant's children in response to this. She also inquired about allegations of my affiliations with a website known as Stormfront. I truthfully stated to her that I do not now, nor have I ever, had an account on Stormfront and explained why I believe the account was created by an imposter. The document attached as Exhibit "H" to "Plaintiff's Memorandum In Response to Plaintiff's Motion to Dismiss for Lack of Personal Jurisdiction" in the above-numbered and styled case is the article written by Kelly Weill that appeared in *The Daily Beast* on April 20, 2018.

JASON LEE VAN DYKE
Affiant

SWORN AND SUBSCIBED TO before me, the undersigned authority, on April 20, 2018.

RUTH E. DICKSON
Notary Public
STATE OF TEXAS
ID#11519895
My Comm. Exp. Dec. 18, 2021

Ruth E Dickson
Notary Public
State of Texas