IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>    Plaintiff | § § § | |
| v. | § § | Case No. 4:18cv247 |
| THOMAS CHRISTOPHER RETZLAFF<br>a/k/a Dean Anderson d/b/a BV Files, Via<br>View Files L.L.C., and ViaView Files<br>    Defendant | § § § § | |

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, Jason Lee Van Dyke, asks that this Court enter an order sanctioning Defendant under Rule 11 of the Federal Rules of Civil Procedure. As grounds therefore, Plaintiff states as follows:

### I.   INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. In addition to the indignities suffered by Plaintiff at the hands of Defendant that are the subject of this lawsuit, Defendant has continued to harass Plaintiff through the filing of documents in the state court action and in this action that have no purpose other than to harass the Plaintiff.

3. In light of the fact that Defendant is a *pro se* litigant, Plaintiff has been remarkably patient with Defendant's continued attempts to harass him. That patience has now expired.

### II.   ARGUMENT

### ( Grounds )

4. By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney *or unrepresented party*

certified to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1)

### ( Offending Pleadings and Papers )

5. Defendant has submitted false, defamatory, and scandalous material to this Court concerning Plaintiff on a repeated basis for no reasonable purpose other than to harass Plaintiff and attempt to discredit him with this Court. The following is a list of examples:

   (1) Defendant's Notice of Removal. ¶ 6 - 9. ECF 1.
   (2) Defendant's Anti-SLAPP Motion. ¶ 5, 14. ECF 5.
   (3) Defendant's Motion to Reconsider. ¶ 5. ECF 15.
   (4) Defendant's Request for Hearing on Anti-SLAPP Motion. ¶ 4. ECF 16.
   (5) Defendant's Motion To Take Judicial Notice That 'The Proud Boys' Are A White Supremacist Hate Group. (Entire Motion). ECF 17.
   (6) Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. ¶ 4 - 9 and 12. ECF 18.
   (7) Defendant's Notice of Death Threats. (Entire Document). ECF 28.

6. When considering all of these motions together, especially in consideration of the records filed by Defendant in state court (which he declined to include in his removal notice), that he attempting to use this Court as a conduit through which to cause further harm to Plaintiff's professional reputation. Although portions of the papers filed by Defendant in this Court certainly have been filed for an (arguably) proper purpose, substantially all of them contain scandalous information, of little or no relevance to the motion, that is clearly included for an improper purposed under Rule 11(b)(1).

7. Defendant has admitted to that many of the filings, in addition to the publicity he has sought in this case, are for the purpose of harassing Plaintiff and harming his business.

A recent article in which Defendant was interviewed by the *Denton Record Chronicle* stated in relevant part:

> "Retzlaff, who is representing himself, said he wanted to draw attention to the lawsuit for any potential clients of Van Dyke. If you're going to be a member of the State Bar of Texas, you don't get to be a member of a white supremacist organization," said Retzlaff, who lives in Scottsdale, Arizona, and owns another home in San Antonio."

A true and correct copy of the article published in the *Denton Record Chronicle* is attached hereto as Exhibit "A" and incorporated by reference herein.

8. Regardless of the potential merits of such a pleading, a court may issue sanction under Rule 11 when such a pleading or paper is filed for *any* improper purpose (such as to harass). *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003). While a court may not read ulterior motive into a document that is well grounded in law and fact, it may do so when the improper purpose is objectively ascertainable. *Id.* at 808. Plaintiff alleges that "Defendant's Motion To Take Judicial Notice That 'The Proud Boys' Is A White Supremacist Hate Group" is exactly such a motion. Defendant's "Notice of Death Threats" is another filing that lacks any proper purpose in this cause.

9. In addition to Defendant's admission to the *Denton Record Chronicle,* Plaintiff further alleges that Defendant's improper purpose can be circumstantially proven by the content of the other pleadings and papers on file in this case. See *supra* ¶ 7.

( **Recommended Sanction** )

10. Court have traditionally been reluctant to impose sanctions on *pro se* litigants who are not attorneys due to the lack of such individual's familiarity with rules and courtroom protocol. This is not the case for Defendant, who has been the subject of multiple court

orders in the State of Texas declaring him a vexatious litigant. A copy of such orders is attached hereto as Exhibit "B", "C", and "D".

9. The Court is permitted a broad range of sanctions under Fed. R. Civ. P. 11(c)(4). In light of the admissions of Defendant, and the sheer volume of improper filings in this case, Plaintiff requests that this Court enter an order striking all of the improper and harassing portions of the pleadings filed by Defendant and ordering Defendant to pay to this Court a monetary penalty. Plaintiff also requests that Defendant be admonished by this Court concerning the unnecessary inclusion of defamatory, scandalous, profane, and similar material in future pleadings and papers filed with this Court.

### III. PRAYER

10. Plaintiff prays that this Honorable Court enter an order sanctioning Defendant as allowed by Rule 11 of the Federal Rules of Civil Procedure and granting unto Plaintiff all such further relief, in law and in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Defendant, Thomas Christopher Retzlaff.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
