IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JASON LEE VAN DYKE,
*Plaintiff,*

v.                                    CASE NO. 4:18-CV-00247-ALM-CAN

THOMAS RETZLAFF,
*Defendant.*

**DEFENDANT THOMAS RETZLAFF'S REPLY TO PLAINTIFF'S OPPOSITION [DKT #22]**

## A. INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke; defendant is Thomas Retzlaff.

2. As of this date (April 27, 2018), Retzlaff still has yet to be served with the summons and complaint in this lawsuit. Retzlaff filed a motion to dismiss for lack of personal jurisdiction and a supporting declaration. ECF 18 & 19. Van Dyke filed a response. ECF 22.

## B. REPLY ARGUMENT

3. **Retzlaff has not waived personal jurisdiction**. Any delay and misfiling in the order of Retzlaff's pleadings is due solely to the court's denial of ECF filing access to Retzlaff. (See Order of April 11 – ECF 11.) Had Retzlaff been given the requested ECF filing access, which is specifically authorized by Local Rule CV-5(a)(2)(B), then this mess wouldn't be happening and there would not be any disputes as to what was filed when and by whom, which is exactly what Retzlaff warned about when he asked the court to reconsider its denial of ECF filing access. (See D's mtn to reconsider – ECF 15.)

4. Retzlaff letters of correspondence with the state court trial judge regarding procedural questions (see, e.g., ECF 8-2, 8-3, and 8-4) are clearly NOT answers. Equally obvious is the fact that neither plaintiff Van Dyke nor the state court trial judge ever considered them "answers", either, because (1) Van Dyke filed a motion in the trial court requesting substitute service of process (ECF 8-8), which (2) the trial court granted (ECF 8-9).

5. What was the point in requesting substitute service if Retzlaff had already 'answered'? The answer: None. Thus, Van Dyke's claim that Retzlaff filed an answer is total crap (to use a legal term).

6. <u>**The court does not have specific jurisdiction over Retzlaff**</u>. All of the cases cited by Van Dyke are pre- *Walden v. Fiore*, 134 S. Ct. 1115 (2014), and Van Dyke totally ignores the very recent – and very on point – Texas Supreme Court decisions regarding jurisdiction that Retzlaff cited. Specifically *TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016) and its progeny.

7. As stated by the U.S. Supreme Court, the proper question is not where did the plaintiff experience a particular injury or the effects of the defendant's conduct, but whether that conduct connects the defendant to the forum state in a meaningful way. *Walden*, 134 S.Ct. at 1125; see *Herman v. Cataphora, Inc.*, 730 F.3d 460, 465 (5th Cir. 2013).

8. Secondly, Van Dyke asserts that this court has specific jurisdiction over Retzlaff because Retzlaff allegedly posted defamatory statements on some random blog and supposed 3rd party emails affected Van Dyke (a Texas resident) and his supposed law practice. However, once Retzlaff

3

disputed the factual allegations in Van Dyke's complaint, Van Dyke is then required to come forward with ADMISSIBLE EVIDENCE, by affidavit or otherwise, and set forth specific facts demonstrating that the court has jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *see Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995). Van Dyke offers NO PROOF that Retzlaff posted the specific blog posts in question or sent any emails.

9. Specifically, Van Dyke takes anonymous blog posts, emails from unauthenticated, unknown third parties, and whatever else he can find on the Internet, and weaves it into an elaborate conspiracy theory, blissfully unsupported by anything resembling competent evidence, but just based on stuff he says *some guy said on the Internet*. This is total **BULLSHIT**, to use a legal term.

10. **The court does not have general jurisdiction over Retzlaff.** Van Dyke confuses citizenship with residency by claiming that Retzlaff "lives" in Texas by "splitting his time between Scottsdale, AZ, and San Antonio, TX" without stating exactly what "time splitting" means or how much time is split or how that affects this court's jurisdiction. Nor does

4

Van Dyke offer any ADMISSIBLE evidence showing his suppositions to be true, other than hearsay from supposed "news" articles.

11. <u>**Plaintiff has Judicially Admitted that Retzlaff is Domiciled Outside of Texas**</u>. See P's Obj. to D's Notice of Removal – ECF 8 at ¶ 2.1

> II. ARGUMENT
>
> 2.1 Plaintiff does not dispute that Defendant is entitled to have this case heard in federal court. ==This is a case between persons domiciled in different states== and the amount in controversy exceeds $75,000.00. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

12. Though colloquially used interchangeably, under Federal law, the terms citizenship and residence have important differences. Citizenship equals domicile, not residence. The term residence denotes where a person lives while domicile carries both a physical and mental dimension. As the court knows, domicile is "the place where that individual has a true, fixed home and principal establishment" and the place where the person intends to eventually return. A person can have

5

multiple residences but only one domicile. Retzlaff has stated that he is domiciled outside of Texas, and Van Dyke judicially admits this.

13. Van Dyke offers no ADMISSIBLE evidence to rebut Retzlaff's claims. Additionally, factual allegations made by litigants in their pleadings are binding judicial admissions on those litigants. *White v. ARCO/Polymers,. Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

14. As an aside, Retzlaff is utterly judgment proof and this lawsuit is a total waste of time. Retzlaff would point out that he owns no real or personal property located within Texas. Pursuant to the Cook Islands Asset Protection Trust Law, International Trusts Amendment Act 1989 ("ITAA"), (and its subsequent amendments of 1991, and 1996), this court has absolutely no ability to enforce or execute any kind of judgment against Retzlaff. See *ITAA* §13D. This is especially true for a trust that was set up decades ago.

15. A Cook Islands court will not recognize any judgment that is based upon any law inconsistent with the ITAA or the Trustee Companies Act, or relates to a matter governed by the laws of the Cook Islands. *ITAA* § 13D. Any claim against assets in a Cook Islands international trust must

therefore be commenced *de nova* in a Cook Islands court. *See, e.g., FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1240-41 (9th Cir. 1999).

16. Moreover, foreign punitive damage awards are disregarded and unenforceable. *ITAA* § 13B(14). Furthermore, *ITAA* § 13I goes on to state that no trust governed by Cook Islands law shall be void or voidable by reason that the trust avoids or defeats rights or claims conferred by a foreign jurisdiction or that the laws of the Cook Islands are inconsistent with any foreign law.

## OBJECTION TO PLAINTIFF'S "EVIDENCE"

17. Retzlaff objects to the 'exhibits' attached to Van Dyke's response. Attaching unauthenticated "screen shots" of stuff found on the internet to one's pleadings does not somehow magically transmogrify this crap into ADMISSIBLE evidence. Specifically exhibits C (ECF 22-3), D (22-4), and F (22-6).

18. Retzlaff further objects to plaintiff's exhibit E, which consists of supposed emails from some guy named "Bob Karlseng" and another guy named "Claude Rich", and someone named "Dean Anderson". Van

Dyke does not attach any affidavits to his response proving up the authenticity of these emails from either "Bob" or "Claude" or "Dean" as opposed to some fake emails Van Dyke sent to himself. Van Dyke is not a neutral third party, nor has he shown that he is a computer expert qualified to attest to the e-mails' authenticity.

19. Furthermore, even if this court were to accept these emails as being legit, they still do not support Van Dyke's claim that Retzlaff tortuously interfered with his alleged contract with the KLR law firm!!! Specifically, this email from Van Dyke's supervisor, Claude Rich, is particularly damning to plaintiff's case:

---

From: Claude Rich
To: Jason Van Dyke
Cc: Bob Karlseng; alan@aktlawfirm.com
Subject: Re: Screenshot 2018-03-27 at 7.29.54 PM
Date: Tuesday, March 27, 2018 8:20:59 PM

Jason I am sorry but i stand by the decision.
Clearly you made this person angry who will stop at no end to harm you and now a company bob and I have worked hard to build.
==We advised you to stay off social media, yet you choose not to follow our advice.==

Claude Rich

---

See ECF 22-5 (at pg 53).

20. Obviously Van Dyke was not fired on account of anything Retzlaff did – his boss told Van Dyke to stay off of social media and Van Dyke ignored that instruction. If the court accepts the plaintiff's claims as true, the most Retzlaff did was to contact the KLM law firm and ask to whom he could make a report to regarding Van Dyke's violently racist social media posts and membership with a white supremacist / hate group called the Proud Boys. (Again, Retzlaff has denied sending these *Dean Anderson* emails and plaintiff has offered no ADMISSIBLE evidence to support his claim that Retzlaff sent these specific emails.) But one thing that is not in dispute is the fact that Van Dyke posted extremely racist comments on social media.



Jason L. Van Dyke
@MeanTXLawyer

@dividedly_ I don't waste my breath on niggers like you. I hang them.

3:21 PM - 29 Dec 2014

21. Retzlaff also objects to Exhibits I and J of Van Dyke's response – two purported "affidavits" that Van Dyke claims were signed by Retzlaff's two children, Brittany & Collin. These documents are complete fabrications that have been recycled and regurgitated in one SLAPP lawsuit after another that have been filed against Retzlaff. Specifically:

a) Case No. 067-270669-14; *James McGibney and ViaView, Inc. v. Thomas Retzlaff, et al*; In the 67th Judicial District Court of Tarrant County, Texas;

b) Case No. 02-16-00244-CV; *James McGibney and ViaView, Inc. v. Neal Rauhauser*; In the Fort Worth Court of Appeals;

c) Case No. 126,841; *John S. Morgan v. Sheryl Johnson-Todd*; In the County Court at Law No. 1 of Jefferson County, Texas.

d) Case No. 2014-CI-17145; *E.M. and V.B.M. v. Klein*; In the 73rd District Court of Bexar County, Texas;

e) Case No. 04-16-00675-CV; *Thomas Retzlaff v. Philip R. Klein, Klein Investigations & Consulting and James W. Landess*; In the San Antonio Court of Appeals;

f) Case No. 198,246; *Stephen Hartman v. Layne Walker, et al*; In the 58th Judicial District of Jefferson County, Texas;

g) Case No. 09-16-00299-CV; *Layne Walker v. Stephen Hartman*; In the Beaumont Court of Appeals;

h) Case No. 2014-1-CH-005460; *ViaView, Inc. v. Thomas Retzlaff*; In the Superior Court of Santa Clara (Calif) County;

i) Case 1:14-cv-00509; *Philip R. Klein v. Layne Walker*; In the U.S. District Court for the Eastern District of Texas – Beaumont Division;

j) No. 17-40052; *Philip Klein v. Layne Walker*, In the U.S. Fifth Circuit Court of Appeals;

k) Case No. F-201,904; *In the Interests of Anne Kathleen Morgan, Joseph Demetrious Morgan, and David Michael Morgan, minor children*; In the 252nd Judicial District of Jefferson County, Texas.

l) Case No. 1:13-cv-00355; *Stephen Hartman v. Layne Walker, et al*; In the U.S. District Court for the Eastern District of Texas – Beaumont Division;

m) No. 16-40396; *Stephen Hartman v. Layne Walker, et al*; In the U.S. Fifth Circuit Court of Appeals;

n) Case H041521; *ViaView, Inc. v. Thomas Retzlaff*; In the Sixth District Court of Appeal (Calif);

o) Case No. 5:14-cv-01059; *James McGibney & ViaView, Inc. v. Thomas Retzlaff, et al*; In the U.S. District Court for the Northern District of California – San Jose Division.

22. In Van Dyke's Rule 26(f) disclosures, Van Dyke admits that he is working with Beaumont attorney John Morgan and Denton attorney Evan Stone. Each of these individuals have been responsible for – and found 'guilty of' – filing SLAPP lawsuits against Retzlaff and those supposedly allied with Retzlaff, such as Texas District Court Judge Layne Walker, Jefferson County District Attorney Bob Wortham, U.S. Magistrate Judges Zac Hawthorn and Keith Giblin, and a group of Houston attorneys attorneys.

23. Retzlaff challenges Van Dyke to produce the **original documents** with the **original signatures**. He can't, of course. ==Because these "documents" are totally FAKE.== And Retzlaff objects to them as not being relevant, and inadmissible, too. Plus, even if the court accepts these "affidavits" as being real (as opposed to real FAKE), they are dated nearly FOUR YEARS AGO. The matters related therein took place several years before plaintiff's causes of action even took place. There is no evidence supporting Van Dyke's obvious inference that things that might – might – have been true then are also true now, many years later. This is just complete BS and a super lame ploy at misdirection. Fake docs = Fake news.

## D. CONCLUSION

24. In case the Court has not figured it out by now, Jason Van Dyke is a marginal solo practitioner, (more commonly known as a *ham and egg lawyer*). He works alone and he lives paycheck to paycheck. Van Dyke does not have a job so much as he has an office, with a phone, in a spare bedroom in the small house he shares with his 72 year old daddy. Van Dyke dresses up like a lawyer, goes in to work, and sits at his desk. The

12

phone hasn't been ringing much (or at all if you want to get technical about it). Big cases don't come Van Dyke's way; court appointments do. Thus, there is no reason for Van Dyke not to be filing SLAPP suits because, for him, there are no downsides. Blackmail and extortion in the defamation-free zone of the courtroom are his bread and butter.

25. This is the second lawsuit that Van Dyke has filed in the Eastern District of Texas over the exact same allegations. That second suit, filed on September 15, 2017, was styled *Van Dyke v. Mockingbird Publishing Co. & Gerald Bello*, Case 2:17-cv-00745. Judge Roy Payne signed the final order of dismissal **WITH PREJUDICE** on November 27, 2017.

Respectfully submitted,

/s/ Tom

_____
Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800
email: Retzlaff@texas.net

DEFENDANT, PRO SE

13

## CERTIFICATE OF SERVICE

I certify that on April 27, 2018, a copy of this document was delivered to the US District Court Clerk's office by US Mail, which will automatically serve a Notice of Electronic Filing on the plaintiff Jason Van Dyke.

I certify that Van Dyke is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

_Tom_

Thomas Retzlaff