IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF<br>a/k/a Dean Anderson d/b/a BV Files, Via<br>View Files L.L.C., and ViaView Files<br>    Defendant | §<br>§<br>§<br>§ | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTON**

    Plaintiff, Jason Lee Van Dyke, asks that this Court enter an order denying Defendant's motion to dismiss for lack of personal jurisdiction. In support thereof, Plaintiff states as follows:

## I.    INTRODUCTION

1. Defendant's reply does not raise any substantive legal issues that were not previously addressed in Plaintiff's initial response to Defendant's motion under Fed. R. Civ. P. 12(b)(2). The purpose of this sur-reply is to clarify the issues specifically addressed in Defendant's reply.

## II.    SUR-REPLY ARGUMENT

( Waiver )

2. Plaintiff's argument concerning waiver has nothing to do with this Court's orders denying ECF access to Defendant.

3. There is no dispute that, aside from his notice of removal, the first filing by Defendant in this case was his motion to dismiss under the Texas Citizens Participation Act. ECF 5. Defendant's motion to dismiss, which includes a request for attorney fees and

      sanctions, was filed on April 10, 2018. Defendant's motion to dismiss for lack of personal jurisdiction was filed on April 16, 2018.

4. Texas law clearly treats Defendant's profane letters to the Court in the state law case as answers constituting a general denial of the claims in state court petition. Tex. R. Civ. P. 83. However, even if this Court were to treat these letters as something other than an answer, Defendant still failed to file his motion to dismiss for lack of personal jurisdiction as his first responsive pleading.

5. Defendant has failed in all respects to comply with Rule 12(h)(1) of the Federal Rules of Civil Procedure and has requested, in the form of a motion similar to what might be requested in a motion brought under Rule 12(b)(6), an adjudication of the case on its merits. Accordingly, he has waived the issue of personal jurisdiction.

( *Walden v. Fiore and TV Azteca v. Ruiz* )

6. Defendant correctly cites *Walden* v. Fiore as stating that the proper question to consider on the issue of personal jurisdiction is whether the Defendant is connected to the forum state in a meaningful way. ECF 32, ¶ 7 (citing *Walden*, 134 S.Ct. 1115, 1125 (2014)). Defendant's understanding of this case apparently requires Plaintiff to prove the entirety of his case against Defendant as a condition precedent to proceeding against him in Texas. That is not the holding of *Walden* or *TV Azteca.*

7. As this Court is aware, *Walden* was not a defamation case. It was a case where the Court was asked to consider the question of tortious conduct in one state delayed the return of funds to the plaintiff in another state. *Id*. at 1119. In that case, the defendant had no other contacts with Nevada. *Id*. *TV Azteca v. Ruiz* was a defamation case where the Court held that the mere fact that broadcasts were viewable in Texas was

insufficient for an exercise of personal jurisdiction, but when taken together with evidence that the Texas market was exploited to capitalize on the broadcasts that traveled to Texas, personal jurisdiction was appropriate. 490 S.W.3d 29 (Tex. 2016).

8. Both of these cases specifically analyzed the holdings of the U.S. Supreme Court in *Calder v. Jones*, which was cited and analyzed at length by Plaintiff in his initial reply to Defendant's motion: (1) Plaintiff is a Texas resident; (2) The activities of Defendant are directed toward Plaintiff's practice of law in the State of Texas; (3) The brunt of the harm suffered as a result of Defendant's contacts with Texas in this case, which include emotional distress, damage to Plaintiff's personal and professional reputation, and the loss of his employment in Texas, has been suffered by Plaintiff in Texas; (5) Defendant poisoned Plaintiff's reputation with his former employer in Texas by sending electronic mail messages directly to Plaintiff's supervisor in Texas; and (6) The posting that Plaintiff has attributed to Retzlaff contain precise references to clients of Plaintiff's law practice in Texas. See ECF 22, ¶ 21 - 26.\

9. When considering these facts, together with Defendant's assertions in media publications that he splits his time between living in Texas and Arizona, there is no doubt that this Court's exercise of personal jurisdiction over Defendant is constitutionally impermissible.

### ( *Lack of Evidence* )

10. Contrary to Defendant's assertions in his reply, Plaintiff's response to Defendant's motion to dismiss for lack of personal jurisdiction contained substantial evidence that Defendant is the person responsible for committing numerous torts against him in Texas.

11. The admissions contained in the bar complaint attached as Exhibit "A" to Plaintiff's response are admissions by a party opponent and admissible as non-hearsay for the truth of the matter asserted.  Fed R. Evid. 801(d)(2).  This includes admissions that: (a) Defendant lives in San Antonio; (b) Defendant stated that Plaintiff suffers from profound mental illness; (c) Defendant stated that Plaintiff self-medicated with illegal drugs; and most importantly (d) Defendant personally contacted a person that had offered Plaintiff a job for the purpose of causing that job offer to be rescinded.  ECF 22, Ex. A.

12. There are two newspaper articles attached to Plaintiff's response to Defendant's motion to dismiss.  Newspaper articles of this nature are self-authenticating.  Fed. R. Civ. 902(6) and the direct quotes of Defendant contained within those articles also constitute non-hearsay admissions by a party opponent.  Fed R. Evid. 801(d)(2).  See e.g. *Abruzzi Foods, Inc. v. Pasta & Cheese, Inc*., 986 F.2d 605, 606 (1st Cir. 1993)(citations omitted)(hearsay exceptions, such as admission of party-opponent or adopted admission, required before admitting the contents of magazine article); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd*, 262 F.Supp.2d 251, 258-59 (S.D.N.Y 2003) (book written by co-founder of church admissible as adopted admission of organization).

13. The *Texas Lawyer* article contains an admission by Retzlaff that he splits his time between San Antonio and Scottsdale.  ECF 22, Ex. G.  The *Daily Beast* article confirms what Defendant submitted to the State Bar of Texas.  In that article, he is quoted as saying:

    (a) "I live in San Antonio, and Victoria County is right next to where I live"

      (b)    "When I found out Van Dyke got a job there, I had some communications with the district attorney and said 'this guy is a crazy person, why would you hire him? Didn't you use Google?'"

14. Since the publication of the *Daily Beast* article, Retzlaff has made addition admission in an article printed in the *Denton Record-Chronicle* wherein Defendant is quoted as admitting to owning a home in San Antonio, continuing to refer to Plaintiff as a white supremacist, and admits to attempting to bring the lawsuit to the attention of potential clients for the purpose of harming Plaintiff. A true and correct copy of that article is attached hereto as Exhibit "A" and incorporated by reference herein.

15. With respect to the other evidence attached to Plaintiff's response to Defendant's motion to dismiss, he has attached affidavits demonstrating why those documents that are not self-authenticating tend to show that Defendant is the true source of the harm complained of in his second amended complaint.

### ( Consideration of Defendant's Motion )

16. A court is not required to hold an evidentiary hearing on a motion challenging personal jurisdiction; the plaintiff need only make a prima facie showing of personal jurisdiction through pleadings, affidavits, and discovery materials. *Walk Haydel & Assocs. v. Coastal Power Prod.*, 517 F.3d 255, 241 (5th Cir. 2008). When considering a motion challenging personal jurisdiction, the court will accept as true all of Plaintiff's uncontroverted allegations and resolve all factual disputes in favor of Plaintiff. *ITL Int'l v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012). The court may consider defendant's uncontroverted allegations, but it does not need to give credit to conclusory allegations even if they are uncontroverted. See *Panda Brandywine*

*Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

17. In the event that there are issues of fact or credibility, a court may require an evidentiary hearing, but it is not required to do so.  See *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  There is no need for an evidentiary hearing in this case.  The evidence attached to this sur-reply and to Plaintiff's initial reply are more than substantial to make a prima facie case.

### III.  PRAYER

18. Plaintiff prays that this Honorable Court enter an order denying Defendant's motion to dismiss for lack of personal jurisdiction in all things and granting unto Plaintiff all such further relief, in law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Defendant, Thomas Christopher Retzlaff.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE