**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S ANTI-SLAPP MOTION</u>

Plaintiff, Jason Lee Van Dyke, asks that this Court enter an order denying Defendant's motion to dismiss under the Texas Citizens Participation Act (Tex. Civ. Prac. & Rem. Code § 27.001 *et. seq*.) and granting Plaintiff attorney fees for defending against Defendant's baseless motion.  As grounds therefore, Plaintiff states as follows:

### I.   INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. The express purpose of the Texas Citizens Participation Act ("TCPA") is to safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, *at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury*. Tex. Civ. Prac. & Rem. Code § 27.002 (emphasis added). Plaintiff's lawsuit against Defendant is precise*ly* the type of lawsuit that the legislature intended to protect.

3. Plaintiff previously obtained a temporary restraining order at the state court level together with an order granting expedited discovery. ECF 1-11, ECF 8-1. After the discovery ordered by Judge Jonathan Bailey of the 431st District Court in and for

        Denton County, Texas was due, and only one day prior to a hearing on a temporary injunction against Defendant, he filed a notice of removal to this Court and an Anti-SLAPP motion under the TCPA to use the procedural devices contained therein circumvent the expedited discovery order (and sanctions for his violation of the same). ECF 11.

4.   The pleadings and papers on file in this case make Defendant's intent clear and his motive crystal: He is a sociopath who contributes nothing to society other than untruthful smear campaigns against those who are unfortunate enough to cross his path. He is now hiding like a cockroach behind the First Amendment from another one of the many victims that have sought to shine the light of justice on his crimes and obtain financial compensation for injuries. Defendant's TCPA motion is frivolous and has been brought solely to delay justice.

## II. ARGUMENT

### ( The TCPA Is Not Applicable In Federal Court )

3.   In previous cases, Plaintiff's facing Anti-SLAPP motions in federal court have waived claims of the acts inapplicability in federal court. This question was resolved against Plaintiff's present position by a U.S. District Court for the Southern District of Texas incorrectly concluded that the Texas Citizens Participation Act is applicable in federal court. *Williams v. Cordillera Communications, Inc*., 2014 US Dist. LEXIS 795 (S.D. Tex. June 11 2014). Notwithstanding that ruling by Judge Ramos, the 5th Circuit has expressly acknowledged that the question of applicability remains an open question in the 5th Circuit. *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015).

4. The TCPA is a procedural device for state court actions aimed at protecting the rights of state court litigants to speak freely on matters of public concern. See *supra* ¶ 2.

5. If the TCPA is applied by this Court according to its express language, it comes into direct conflict with federal rules governing deadlines, appellate review, and treatments of motions to dismiss. This is a direct collision between the federal rules and the TCPA that requires this court to disregard the conflicting Texas law. *See Burlington VB. R.R. Co. v. Woods,* 480 U.S. 1, 4-5 (1987); *Hanna v. Plumer*, 380 U.S. 460, 471-72 (1965) (holding that a state statute that conflicts with a federal rule is inapplicable in federal court). In this case, applying the TCPA in federal court would specifically conflict with Rule 12(d) of the Federal Rules of Civil Procedure.

6. If the TCPA is permitted to apply in federal district courts, it operates in such a manner as to restrict the Court of its discretion to determine whether to exclude matters outside of the pleadings and from complying with its obligation to convert evidence-supported motions to dismiss into motions for summary judgment under Rule 56. A motion brought under the TCPA is the functional equivalent of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The law clearly grants a federal district court complete and unreviewable discretion in such motions to exclude extrinsic materials. *Isquith v. Middle S. Utils., Inc*. 847 F.2d 186, 194 n. 3, 196 (5th Cir. 1998). If a court decides to consider extrinsic evidence in a motion brought under Rule 12(b)(6), it must convert the motion to dismiss to a motion for summary judgment. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998). The TCPA operates in such a manner as to circumvent the express purpose of Rule 12(d):

to allow a district court to effectively and efficiently make decisions while safeguarding the rights of all litigants to fully present their evidence. *Id*.

7. The TCPA cannot be reconciled with Rule 12(d) because, in stating that courts *shall* consider the pleadings *and affidavits* that both support and oppose the motion, the law strips a federal district court of its discretion under Rule 12(d). See Tex. Civ. Prac. & Rem. Code § 27.006(a) (emphasis added). The statute then compels a federal court to violate Rule 12(d)'s conversion requirement if it elects to consider matters outside of the pleadings. Finally, it imposes the perplexing burden of requiring a Plaintiff to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question."  See *infra* ¶ 25 - 27; Tex. Civ. Prac. & Rem. Code § 27.005(c). This is a direct departure from the "more than a scintilla" of evidence required for a motion for summary judgment under Rule 56, and in fact, introduces a burden unrecognized by any federal rule or federal court.

8. The time requirements of the TCPA are similarly problematic. The statute requires courts to hold hearings in cases like this where the Anti-SLAPP motion is clearly frivolous. It deprives this court of the ability to control its docket and automatically delays the prosecution of meritorious lawsuits such as the case at bar. See Tex. Civ. Prac. & Rem. Code §§ 27.004, 27.005(a), and 27.003(c). While the Texas Legislature may have felt the necessary to enact these requirements for state court cases, they offend the most basic premises of federal authority and federal procedure.

9. The 5th Circuit has long held that federal district courts require substantial inherent authority to manage the means and timing of judicial process to effectively address the business of federal courts. See e.g. *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2002);

*United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re United States Abatement Corp.)*, 39 F.3d 556, 560 (5th Cir. 1994). This Court clearly has the power to manage its own docket. *In re Stone*, 986 F.2d 898, 903 n. 3 (5th Cir. 2003). It also has complete discretion over whether to hold an oral hearing. *Greene v. WCI Holdings Corp.,* 136 F.3d 313, 316 (2d Cir. 1998); *accord Rose v. Utah State Bar*, 471 F. Appd'x 818, 820 (10th Cir. 2012).

10. This Court's interpretation as to whether the TCPA applies in federal court presents a situation analogous to *Hanna* where the U.S. Supreme Court explained: "having brought suit in a federal court, a plaintiff cannot then insist on the right to file subsequent pleadings in accord with the time limits applicable in state courts, even though enforcement of the federal timetable will, if he continues to insist that he must meet only the state time limit, result in determination of the controversy against him." 380 U.S. at 468-69.

11. Defendant has attempted the same scheme in this case: he has removed a state court case to federal court for the clear purpose of circumventing the orders of a state court judge. Now, he expects this federal court to permit him a state court procedure utilizing state court evidentiary standards under state court timelines. This is not acceptable, and in fact, has been rejected in similar Anti-SLAPP cases for the same reason. See *3M Co. v. Boulter*, 290 F.R.D. 5, 11 (D. D.C. 2013 (*Boulter II*). The *Boulter II* court held that a method of adjudicating whereby a trial court weighs the evidence and dismisses a claim with prejudice that appears factually weak at the outset of litigation is alien to federal courts. *Id*. The court went on to determine that there "is no way to reconcile such a scheme with the Supreme Court's explanation that "when a complaint adequately states a

claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of a fact finder. *Id*., quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). Even more importantly, the court found that "the Supreme Court has held that, even where a defendant asserts qualified immunity, lower courts cannot require plaintiffs to meet a higher burden of proof to defeat summary judgment, in part because such a special procedural rules conflicts with the Federal Rules of Civil Procedure. *Boulter II*, 290 F.R.D. at 11 (citing *Crawford-El v. Britton*, 523 U.S. 574, 594 (1998)). The reasoning of the Boulter II court was later upheld by the D.C. Circuit Court. *Abbas v. Foreign Policy Grp*., LLC, 783 F.3d 1328 (D.C. Cir. 2015).

12. The TCPA is a procedural statute designed to allow a state court litigant involved in defamation-related cases to simultaneously obtain the equivalent of a summary judgment under Rule 56 and sanctions under Rule 11 under which a non-movant must meet an enhanced burden of proof. See *infra* ¶ 25. While Defendant remains able to file Rule 56 and Rule 11 motions in federal court, he must do so under the rules of federal procedure and not the state law procedures outlined in the TCPA.

13. For the foregoing reasons, Defendant's motion to dismiss under the TCPA should be denied together with an order prohibiting the filing of an interlocutory notice of appeal.

**( Plaintiff's Pleadings And TCPA Evidence )**

14. This lawsuit consists of three separate causes of action which complain of two separate acts: (1) Defendant's communications with Robert Karlseng and/or Claude Rich of Karlseng, LeBlanc & Rich L.L.C. ("KLR"), which ultimately resulted in the termination of Plaintiff's employment with KLR and termination of Plaintiff from a

separate case in which he had an attorney-client relationship with Mr. Rich; and (2) Postings by Defendant on a website commonly known as "BV Files" (www.viaviewfiles.com) which refer to Plaintiff as (a) a Nazi; (b) a white supremacist; (c) a drug addict; (d) a pedophile; (e) that Plaintiff has a criminal record for assaulting women; and (f) that Plaintiff has committed professional misconduct against him. ECF 7.

15. This Court ordered Plaintiff to re-plead on April 11, 2018. ECF 6. In that amended pleading, Plaintiff alleged only three causes of action. Although the admissions by Defendant to the State Bar of Texas (where he admitted to tortiously interfering with Plaintiff's employment as a felony prosecutor in Victoria County) are relevant evidence and background information in this case, they no longer form the basis for any cause of action in this case. ECF 7.

16. This case now relates solely to Defendant's electronic e-mail communications with Plaintiff's supervisors at KLR and the content he posted or otherwise transmitted to "BV Files" concerning Plaintiff. ECF 7. For this reason, Plaintiff will only address these claims. The primary electronic communications to KLR upon which Plaintiff bases his cause of action are attached hereto as Exhibit "A" and incorporated by reference herein. The relevant portions of the specific blog postings complained of by Plaintiff are attached hereto as Exhibits "B", "C", and "D" and incorporated by reference herein. The affidavit of Collin Retzlaff (from a different case) is attached hereto as Exhibit "E" and incorporated by reference herein. The affidavit of Brittany Retzlaff (from a different case) is attached hereto as Exhibit "F" and incorporated by reference herein. A recent copy of a "settlement offer response" captured from the BV

Files website is attached hereto as Exhibit "G" and incorporated by reference herein. An additional copy of a "settlement offer response" sent to me by Defendant is attached hereto as Exhibit "H" and incorporated by reference herein. Plaintiff's affidavit in opposition to Defendant's motion is attached hereto as Exhibit "I" and incorporated by reference herein.

### ( Defendant Has Provided This Court With No Evidence To Support His Motion )

17. Not all speech is of equal important under the First Amendment and Defendant bears the burden of demonstrating that the speech at issue in this case involved matters of public concern. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc*., 472 U.S. 749, 758-59 (1985). Even if the TCPA applied in federal courts, the scope of the statute is specifically limited to matters of public concern. Tex. Civ. Prac. & Rem. Code § 27.001(3). Defendant's burden of proof on this issue is a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code § 27.005(b). He has woefully failed to show the application of the TCPA to Plaintiff's Second Amended Complaint.

18. In considering a motion brought under the TCPA, a court may only consider the pleadings together with the supporting and opposing affidavits stating the facts on which liability or defense is based. Tex. Civ. Prac. & Rem. Code § 27.006. A court may not consider any live testimony in determining the motion. *Pena v. Perel*, 417 S.W.3d 552, 556 (Tex. App. -- El Paso 2013, no pet.).

19. The private communications sent to Robert Karlseng concerning Plaintiff, as well as the other communications made to KLR that resulted in the termination of Plaintiff's employment do not involve any "public concern" - they are unprovoked and entirely untrue attacks on Plaintiff's character that have nothing to do with any of the services

Plaintiff is provided as an attorney in the marketplace. Ex. A, Ex. I ¶ 3, 5. Defendant's TCPA motion contains no evidence suggesting that Defendant was a current, past, or prospective client of either KLR or Texas Title. There is no evidence that Defendant has ever utilized the services of either KLR or Texas Title, and there is no evidence that he was considering using such services. The statements of Defendant to KLR are not the type that the TCPA was designed to protect.

20. The same is true of Defendant's postings on the "BV Files" blog. Ex. B, C, D. Defendant's references to a criminal record for assaulting women relate to a domestic violence case dating back to November of 2000 concerning a verbal argument between Plaintiff and his male college roommate. Ex. I, ¶ 7. The domestic violence case against Plaintiff was dismissed together with most of the other charges. Ex. I, ¶ 7. The only offense for which Plaintiff was convicted was a misdemeanor weapons charge. Ex. I, ¶ 7. That conviction was vacated by court order and expunged in September of 2006. Ex. I, ¶ 7. Accordingly, Plaintiff has no criminal record aside from minor traffic violations. Ex. I, ¶ 7. The dismissed, vacated, and expunged cases are not matters of legitimate public concern. Even if they did, the case never involved any allegation of Plaintiff assaulting a woman.

21. Allegations that Plaintiff is a drug addict or a pedophile are similarly ludicrous. The first and only time Plaintiff has ever been accused of being a pedophile was by Defendant himself in groundless and sanctionable filing in the state court case. ECF 8-2, p. 3. This allegation of pedophilia was later repeated on the BV Files blog. Ex. D. See also Ex. I, ¶ 9. Similarly, the drug use allegations were first made by Defendant in the frivolous grievance he filed against Plaintiff with the State Bar of Texas. ECF 22-1.

Plaintiff has never been arrested, charged, or otherwise accused of substance abuse by anyone other than Defendant. Ex. I, ¶ 8. In fact, Plaintiff has offered to undergo hair follicle testing on multiple occasions to prove that the patent absurdity of these allegations made by a madman. Ex. I, ¶ 8. Simply referring to allegations conceived in Defendant's own alternative version of reality as matters of "public concern" does not make it so.

22. The same is true about Defendant's absurd allegations that Plaintiff is a "Nazi" or a "white supremacist." The term "Nazi" is defined by *Merriam-Webster Dictionary* as "(a) a member of a German fascist party controlling Germany from 1933 - 1945 under Adolf Hitler; or (b) one who espouses the beliefs and policies of the German Nazis." Since the first definition of "Nazi" is absurd on its face, the question becomes whether Plaintiff truly espouses the belief and policies of the German Nazis. The only "evidence" propounded by Defendant in any pleading or paper on file with this Court is Plaintiff's membership in a multi-racial men's fraternal organization (which accepts both heterosexual and homosexual men as members) known as the *Proud Boys*. He cites similar evidence in support of his contention that Plaintiff is a "white supremacist". In short, Defendant expects this court and the public to believe that Plaintiff's affiliation with and legal representation of a multi-racial men's fraternity (similar in nature to the Elk's Lodge or the Freemasons) makes him both a "Nazi" and a "white supremacist". Ex. I, ¶ 10 - 11.

23. Defendant's pending complaint against Plaintiff before the State Bar of Texas is not a matter of public concern. Public discipline of an attorney is certainly a matter of public concern, but the State Bar of Texas makes all investigations of disciplinary matters

confidential. Tex. R. Discip. P. § 2.16. The reason for this is fairly obvious: the standard for the State Bar of Texas to proceed with investigation of a complaint against the attorney is extraordinarily low. All that is required is that the complaint allege professional misconduct on its face. Tex. R. Discip. P. § 2.10. Plaintiff concedes that Defendant, regardless of whether anything stated in his complaint to the State Bar of Texas is truthful, he is immune from suit for allegations made in the complaint to the State Bar of Texas. However, he is not immune from suit for republishing false allegations of professional conduct as statements of fact. Furthermore, the admissions made by Defendant in that complaint are non-hearsay admissions by a party opponent and admissible as evidence against Defendant in this suit to prove the truth of the matter asserted. Fed. R. Evid. 801(d)(2).

24. This case does not relate to Defendant's exercise of free speech on matters of public concern. It relates to Defendant's use of false, vicious, personal smears against a private attorney for the sole purpose of ending his employment, destroying his reputation, and, to use the verbiage of Defendant himself, "for the lulz". See Ex. G. The TCPA is not applicable in federal court. However, even if it was, Defendant's motion should be denied on the basis that he has failed to meet his burden of proof under the TCPA.

### ( Plaintiff's Burden of Proof )

25. Among the many reasons that the TCPA is not applicable in federal court is the simple fact that Plaintiff's burden of proof, as enacted by the Texas legislature, is not recognized by any federal court. It is a bizarre mutation of the law states that a court may not dismiss a case in the face of a TCPA challenge if a plaintiff can establish "by clear and specific evidence a prima facie case for each essential element of the claim in

question." Tex. Civ. Prac. & Rem. Code § 27.005(c). See also *supra* ¶ 7, 11-12.

26. Although "clear and specific" is not defined by the statute, the Supreme Court of Texas has interpreted the phrase to mean "unambiguous, sure, or free from doubt" and "explicit or relating to a particular named thing." *In re Lipsky*, 460 S.W.3d at 590 (citing *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689 (Tex.App.-Houston [1st Dist.] 2013, no pet.). "Prima Facie" refers to "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (per curiam) (quoting *Tex. Tech. Univ. Health Scis. Ctr. v. Apodaca* , 876 S.W.2d 402, 407 (Tex.App.-El Paso 1994, writ denied))).

27. The Supreme Court of Texas has interpreted these phrases together to require the plaintiff to "provide enough detail to show the factual basis for its claim" and has expressly stated that "mere notice that is, general allegations that merely recite the elements of a cause of will not suffice." *In re Lipsky*, 460 S.W.3d 579, 590-91 (Tex. 2015). Even this Court finds that it may apply the TCPA in federal court using the evidentiary standard set forth in the statute, Defendant's motion must still be denied because Plaintiff can meet his burden of proof.

( **Defendant's Liability For Tortious Conduct** )

28. The only evidence attached to Defendant's TCPA motion is an affidavit which states verbatim "I have always denied being an Administrator for this BV Files / Via View Files blog and I have always denied being responsible for any of the Dean Anderson emails." ECF 5-1. This affidavit is not so much important for what it says, but rather, for what it doesn't say. Specifically:

    (a)    The affidavit states that Defendant has *always denied* being an administrator for [the] BV Files / Via View files blog. It does not say that he *is not* an administrator of the blog and it certainly does not say that he *is not* responsible for the content of the blog.

    (b)    The affidavit states that Defendant has *always denied* being responsible for any of the Dean Anderson emails. It does not say that he *is not* the person who sent them. It does not deny that Defendant and Dean Anderson are one and the same person.

In short, the only facts established by Defendant's affidavit is that he has *always denied* being responsible for certain wrongful acts; not that he was not responsible for them.

29.    In Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff has already addressed Defendant's somewhat laughable claims that he is not responsible for the conduct alleged by Plaintiff. ECF 22, ¶ 5 - 14. In this particular case, the most damning evidence of Defendant's involvement is the posting of a confidential communication from the Board of Disciplinary Appeals on the BV Files website. Ex B. See also ECF 22-2. Plaintiff and Defendant are the only persons from whom this communication could have been lawfully obtained. See Tex. R. Discipl. P. § 2.16 (confidentiality of disciplinary proceedings). This evidence, which is already before the court, circumstantially proves Defendant's involvement with the website.

30.    Together with his response to Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiff also submitted affidavits that had been filed in other court cases which tended to demonstrate that Defendant is responsible for the conduct complained of

in this lawsuit. Ex. E, Ex. F. Defendant has previously objected to the use of these affidavits on the basis of their age or on the basis that they may have been recanted. The TCPA, however, is the functional equivalent of a motion for summary judgment brought under Rule 56. See *supra* ¶ 6 - 11. In the context of a summary judgment, an affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c). All disputed facts must be resolved in favor of the non-movant. *Beard v. Banks*, 548 U.S. 521, 529-30 (2006). The facts stated in these affidavits, despite the fact that they were from another case, set out facts that would be admissible as evidence in this case.

31. The remainder of this responses focuses on the three causes of action that Plaintiff has asserted against Defendant. Although Plaintiff vehemently denies that the TCPA is applicable in federal court, his ability to make a prima facie case is clear from the pleadings. Plaintiff has also attached evidence of his ability to make a prima facie to this motion. See *supra* ¶ 16.

### ( Tortious Interference with Contract )

32. The elements to a claim for tortious interference are as follows: (a) plaintiff had a valid contract; (b) the defendant willfully and intentionally interfered with the contract; (c) the interference proximately caused plaintiff's injury; and (d) the plaintiff incurred actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

33. There is no dispute that Plaintiff had a valid and existing contract with KLR for at-will employment as an associate attorney. Ex. A. Ex. I, ¶ 3 - 5. It is well settled law that a cause of action exists in Texas for tortious interference with a contract of employment terminable at well. *Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 688 – 689

(Tex. 1989).

34. There is also no legitimate dispute that Defendant willfully and intentionally interfered with the contract between Plaintiff and KLR. Defendant and Dean Anderson are one and the same person. See *supra* ¶ 28 - 31. It was clearly this contact with KLR, combined with the postings about its principals on the BV Files Blog, by Defendant which ultimately led to Plaintiff's firing. Ex. A; Ex. C; Ex. I, ¶ 3-5, 14.

### ( Intrusion on Seclusion )

35. The elements of a cause of action for intrusion on seclusion are: (a) the defendant intentionally intruded on the plaintiff's solitude, seclusion, or private affairs; (b) the intrusion would be highly offensive to a reasonable person; and (c) the plaintiff suffered injury as a result of the intrusion. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Phar-Mor, Inc. v. Chavira*, 853 S.W.2d 710, 712 (Tex. App. -- Houston [1st Dist.] 1993, pet. denied).

36. Defendant's interference with Plaintiff's employment with KLR intentionally intruded on the Plaintiff's solitude, seclusion or private affairs. While this tort has always included physical intrusions, it has also included non-physical intrusions such as following, spying-on, or harassing a plaintiff. *Kramer v. Downey*, 680 S.W.2d 524, 525 (Tex. App. – Dallas 1984, writ ref'd n.r.e). Ex. A, Ex. I, ¶ 3 - 5.

37. This type of intrusion into ones private affairs would be highly offensive to a reasonable person. The intrusion must be substantial enough that an ordinary person would feel severely offended, humiliated, or outraged. *K-Mart Corp. v. Trotti*, 677 S.W.2d 632, 636 (Tex. App. -- Houston [1st Dist.] 1984).

38. Plaintiff can think of nothing that would offend an ordinary person more than a random

person contacting his employer by e-mail and falsely accusing that person of being a Nazi, a white supremacist, and a domestic abuser, and then threatening that employer with retaliation if the person is not fired. Simply put, if this type of behavior is not the type that would be highly offensive to a reasonable person, such behavior does not exist. There is no dispute that Plaintiff lost his job as a result of Defendant's intrusions in this matter. Ex. I, ¶ 3 - 5, 14.

## ( Libel Per Se )

39. The first element of libel is that Defendant published as statement of fact. *In re Lipsky*, 460 S.W.3d at 593. In this case, Defendant is a non-media defendant because he is a private citizen who is not a member of the print, broadcast, or online media because the nature of his online publication at BV Files do not meet the criteria for online journalism set forth in *Service Empls. Int'l Union v. Professional Janitorial Serv*. 415 S.W.3d 387, 398 (Tex. App. -- Houston [1st Dist.] 2013, pet. denied.). There is no evidence that Defendant is subject to the increased degrees of protection afforded the media in First Amendment jurisprudence.

40. There is no reasonable dispute that all of Defendant's communications complained of in this case referred to Plaintiff, a private figure, and that he made those communications both to the public at large and to one or more private third persons. *In re Lipsky,* 460 S.W.3d at 593. See Ex. A - Ex. D. Defendant's statements that Plaintiff is a Nazi, a drug addict, a pedophile, that he has a criminal record for assaulting women, and that he has committed professional misconduct against Defendant are all assertions of fact that are objectively verifiable as fact. The allegation that Plaintiff is a white supremacist may be more difficult to objectively verify but is still a matter which is subject to being

proven or disproven through admissible evidence. See *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20-21 (1990) (holding that a reasonable fact finder must be able to conclude that the statement implies an assertion of fact).

41. Whether the statements made by Defendant are defamatory is a question of law. To fall within the statutory definition of libel, a statement must (1) injure a living person's reputation, and thus, expose the person to public hatred, contempt or ridicule, or financial injury; (2) impeach a person's honesty, integrity, virtue, or reputation, or (3) publish a person's natural defects and thus expose the person to public hatred, contempt or ridicule, or financial injury. Tex. Civ. Prac. & Rem. Code § 73.001. Furthermore, one or more of the statements published concerning Plaintiff are clearly of a nature that (1) injures Plaintiff in his office, profession, or occupation; (2) falsely charges Plaintiff with the commission of a crime; or (3) imputes sexual misconduct. In *Flamm v. American Ass'n of Univ. Women*, the court held that referring to a lawyer as an "ambulance chaser" implied that he engaged in unethical solicitation. 301 F.3d 144, 151 (2d Cir. 2000). Statements that Plaintiff is a Nazi, a drug addict, and a pedophile certainly go significantly further than the term "ambulance chaser". See Ex. A - D.

42. The statements published by Defendant concerning Plaintiff are false. Ex. I, ¶ 7 - 11.

43. Plaintiff is not required to prove actual malice because he is a private citizen suing a non-media defendant concerning statements that are not matters of legitimate public concern. Nevertheless, the Court can consider the nature and the circumstances of the communications made by Defendant. Ex. A - D. It may consider Defendant's statements to the media concerning this case. ECF 22-7 and 22-8. It may consider Defendant's allegation that Plaintiff is a pedophile because he "has that look about

him". ECF 8-2, p. 3. It may also consider Defendant's own statements and actions concerning the motivations for his ongoing attach on Plaintiff. Ex. G, Ex. H, and Ex. I, ¶ 12 --13. Finally, the Court may consider the sanctionable filings by Defendant in this case, which clearly have no purpose other than to harass and embarrass Plaintiff. See e.g. ECF 1, ¶ 6 - 9; ECF 5, ¶ 5, 14. ECF 15, ¶ 5. ECF 16, ¶ 4. ECF 17. ECF 18, ¶ 4-9, 12; ECF 28; ECF 31, ¶ 4 - 8; ECF 32, ¶ 5, 9, 17, 20, 23-45.

44. As with the other causes of action in this case, there is no question that Defendant has caused significant economic harm to Plaintiff. Ex. I, ¶ 3 - 5, 14.

### ( Personal Jurisdiction )

45. The remainder of Defendant's Anti-SLAPP motion essentially duplicates his 12(b)(2) motion that is already before this Court. In response to this portion of Defendant's Anti-SLAPP motion, Plaintiff incorporates by reference herein his response to that motion and his Sur-reply to Defendant's Reply to Plaintiff's Response. ECF 22; ECF 36.

### III. ATTORNEY FEES

46. Defendant's Anti-SLAPP motion was clearly filed for no permissible purpose other than to delay discovery (and justice) in this case. Plaintiff is entitled to reasonable attorney fees incurred in filing and responding to this motion. Plaintiff is entitled to the recovery of these fees pursuant to Tex. Civ. Prac. & Rem. Code § 27.009(b). Ex. I, ¶ 15.

### IV. CONCLUSION

47. The TCPA does not apply to cases pending in federal court. The statute is completely inconsistent with Rule 12(d), the statute imposes an evidentiary burden completely

foreign to federal courts, and the deadlines imposes by the statute are completely inconsistent with the inherent authority of federal courts to manage their own dockets and grant evidentiary hearings at their discretion. Even if the TCPA did apply to federal court, it is clear from the pleadings and papers on file in this case that Defendant's motion serves no purpose other than to delay this case. He has provided no evidence that the TCPA is applicable to the communications that are the subject of this lawsuit and, even if he had, that evidence would easily be overcome by Plaintiff's clear ability to make a prima facie case against Defendant for tortious interference with a contract, intrusion on seclusion, and libel. Defendant's motion to dismiss under the TCPA should be denied together with an order prohibiting the filing of an interlocutory notice of appeal and, in the event that this Court finds that the TCPA is applicable to federal court, should award Plaintiff attorney fees incurred in responding to Defendant's groundless motion.

## V. PRAYER

48. Plaintiff prays that this Honorable Court enter an order denying Defendant's motion to dismiss, that it enter an order prohibiting Defendant from filing an interlocutory appeal, and if appropriate, awarding Plaintiff reasonable attorney fees incurred in defending against the motion.

    Respectfully submitted,

    /s/ Jason Lee Van Dyke
    Jason L. Van Dyke
    State Bar No. 24057426
    108 Durango Drive
    Crossroads, TX 76227
    P – (469) 964-5346
    F – (972) 421-1830
    Email: jason@vandykelawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
