IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**,<br>*Plaintiff*,<br><br>**v.**<br><br>**THOMAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a VIA VIEW FILES, L.L.C., and VIAVIEW FILES,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. 4:18-CV-247-ALM** |

**DEFENDANT'S OBJECTION TO MAKING REPORTS AND DISCLOSURES UNDER RULE 26**

Defendant Thomas Retzlaff files his objection to making initial disclosures in this case.

## I. INTRODUCTION

1. Plaintiff is licensed attorney Jason Lee Van Dyke, pro se; defendants are Thomas Christopher Retzlaff, a/k/a Dean Anderson, d/b/a Via View Files, L.L.C., and ViaView Files.

2. Plaintiff filed this case in the 431st Texas State District Court. Retzlaff removed to this Court on April 10, 2018, pursuant to 28 U.S.C. § 1446(a) because there is complete diversity between the parties. *See* 28 U.S.C. § 1322(a).

3. Plaintiff has not filed a motion to remand. Since more than 30 days have passed since removal, the time for seeking remand has now expired. *See* ***G.E. Betz, Inc. v. Zee***, 718 F.3d 615, 626-27 (7th Coir. 2013)

## II. FACTS

4. Although originally brought as a suit for allegedly libelous statements Retzlaff made to the State Bar of Texas in an allegedly "frivolous" grievance (Doc. 7, ¶ 5.3), plaintiff's Second Amended Complaint filed on April 11, 2018, (Doc. 7), altered the basis of this suit to the statements that plaintiff claims to have been made on an Internet blog allegedly owned or controlled by Retzlaff. The statements themselves are not provided in the complaint, only plaintiff's *characterizations* of the statements as having included the following "statements of fact:"

(i) plaintiff is a Nazi;

(ii) plaintiff is a pedophile;

(iii) plaintiff is a drug addict;

(iv) plaintiff has a criminal record for abusing women;

(v) plaintiff has committed professional conduct against Retzlaff.

(Doc. 7, ¶ 6.2). Based on these claimed statements, plaintiff sues for:

(i) libel per se;

(ii) intrusion upon seclusion; and

(iii) tortious interference with existing contract (plaintiff's at-will employment by the law firm of Karlseng, Leblanc, & Rich, LLC);

(iv) internal infliction of emotional distress.

(Doc. 7, ¶ 6.2). Plaintiff has abandoned his claims of tortious interference with his prospective contract with the Victoria County District Attorney's Office and all claims based on statements in Retzlaff's grievance. (Doc. 40, ¶ 16.)

5. On April 10, 2018, Retzlaff filed a motion to dismiss plaintiff's claims under the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*., the Texas Citizens Participation Act ("TCPA"), which is an "anti-SLAPP" statute. (Doc. 5.) That motion remains pending.

6. Parties in federal lawsuits are required to make disclosures of various matters—witnesses, documents, damages calculations, and various other information and documents—"without awaiting a discovery request." FED. R. CIV. P. 26(a). In addition, parties in federal lawsuits are required to confer about various aspects of the suit and develop a discovery plan to be implemented in the case. FED. R. CIV. P. 26(f). The initial disclosures ordinarily must be made within 14 days after the case-management conference required by Rule 26(f), unless a party objects during the Rule 26(f) conference arguing that initial disclosures are not appropriate in the case. FED. R. CIV. P. 26(a)(1)(C); *see* ***R&R Sails, Inc. v. Insurance Co. of Pa***., 673 F.3d 1240, 1246 (9th Cir. 2012). However, when a party files a motion to dismiss under the TCPA, all discovery is suspended. TCPA § 27.003(c). Therefore, for the reasons set forth below, Retzlaff objects to making Rule 26 disclosures and preparing a discovery plan for discovery that may never have to be done.

## III. ARGUMENT & AUTHORITIES

### A. The TCPA Applies in Federal Court

7. The Texas Citizens Participation Act applies to cases brought in federal court under diversity jurisdiction. *See* ***Brown v. Wimberly***, 477 Fed.Appx. 214, 215 (5th Cir. 2012) (applying Louisiana anti-SLAPP statute in federal court); ***Henry v. Lake Charles American Press, LLC***, 566 F.3d 174 (5th Cir. 2009) (same); ***Williams v. Cordillera Comms., Inc***., 2014 WL 2611746 at *2 (S.D.Tex. 2014) (applying Texas anti-SLAPP statute in federal court), citing ***Henry***, 566 F.3d at 164 and ***Brown***, 477 Fed.Appx. at 215. The ***Williams*** court observed:

> **There is no material difference between the Louisiana and Texas anti-SLAPP statutes.**

***Williams***, 2014 WL 2611746 at *2. Other federal courts—including this one—have agreed that the TCPA is both substantive and procedural. ***Allen v. Health***, 2016 WL 7971294 at *4 (E.D.Tex. May 6, 2016) ("while the TCPA provides a procedural mechanism for early dismissal, it ultimately provides a basis for dismissal that is inextricably tied to the substantive nature of plaintiff's claims"). The Fifth Circuit appears to agree. *See* ***Diamond Consortium, Inc., v., Hammervold***, 2018 WL 2077910 at *3-*4 (5th Cir. May 3, 2018) (applying the TCPA and affirming this Court's analysis doing the same).

**B. The TCPA Suspends Discovery and Disclosures**

8. As noted above, when a party files a motion to dismiss under the TCPA, as Retzlaff has, all discovery is suspended. TCPA § 27.003(c). Although Rule 26 disclosures are technically not "discovery," they are provided for in Title V of the federal rules of civil procedure, which is captioned "Disclosures and Discovery." Disclosures obviate specific discovery requests and are so closely related to traditional discovery that no meaningful distinction between them exists.

9. The TCPA's suspension of discovery should be applied to suspend otherwise mandatory disclosures.

## IV. CONCLUSION

10. Because the Texas Citizens Participation Act applies in this diversity case, because the filing of Retzlaff's motion to dismiss under the TCPA suspends discovery, and because Rule 26 disclosures and reports are the substantial equivalent of discovery, Retzlaff objects that disclosures and reports required by FED. R. CIV. P. 26 are not appropriate in this case until the Court has ruled on Retzlaff's motion to dismiss under the TCPA.

## V. PRAYER

11. For these reasons, Retzlaff respectfully prays that the Court sustain his objection and order that disclosures and reports required by FED. R. CIV. P. 26 will not be required in this case until the Court has ruled on Retzlaff's motion to dismiss under the TCPA. Retzlaff asks for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

HANSZEN LAPORTE

By: /s/ Jeffrey L. Dorrell

**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on _____5-18____, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
108 Durango Drive
Crossroads, Texas 76227
Telephone: 469-964-5346
FAX: 972-421-1830
jason@vandykelawfirm.com

/s/ Jeffrey L. Dorrell

**JEFFREY L. DORRELL**