IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | |
|---|---|
| **JASON LEE VAN DYKE**, § <br> *Plaintiff*, § <br> § <br> v. § <br> § NO. 4:18-CV-247-ALM <br> **THOMAS CHRISTOPHER** § <br> **RETZLAFF, a/k/a DEAN** § <br> **ANDERSON, d/b/a VIA VIEW FILES,** § <br> **L.L.C., and VIAVIEW FILES,** § <br> *Defendant* § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Thomas Retzlaff files his original answer to plaintiff's live pleading as of the date of this answer (plaintiff's second amended complaint).

### I. PARTIES

1. Retzlaff is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 1.1.

2. Retzlaff denies the allegations of Paragraph 1.2.

### II. JURISDICTION

3. The allegations of Paragraph 2.1 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

4. The allegations of Paragraph 2.2 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

5.  The allegations of Paragraph 2.3 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

6.  The allegations of Paragraph 2.4 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

### III. VENUE

7.  The allegations of Paragraph 3.1 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

8.  Retzlaff admits the allegations of Paragraph 3.2.

9.  Retzlaff denies the allegations of Paragraph 3.3.

### IV. CONDITIONS PRECEDENT

10. Retzlaff denies the allegations of Paragraph 4.1. Specifically, but without limitation, plaintiff failed to comply with the statutory prerequisite of TEX. CIV. PRAC. & REM. CODE § 73.055, without which this suit cannot be maintained.

### V. FACTS

11. Retzlaff denies the allegations of Paragraph 5.1.

12. Retzlaff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.2.

13. The allegations of Paragraph 5.3 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

14. Retzlaff denies the allegations of the *second* Paragraph 5.3.

15. Retzlaff admits the allegations of Paragraph 5.4.

16. Retzlaff admits the allegations of Paragraph 5.5.

17. Retzlaff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.6.

18. Retzlaff denies the allegations of Paragraph 5.7.

19. Retzlaff denies the allegations of Paragraph 5.8.

20. Retzlaff admits that in a March 30, 2018, letter (Doc. 40-4, p. 34, 35, 38) to Hon. Jonathan Bailey, Judge of the 431st State District Court, where Cause No. 18-2793-431; *Van Dyke v. Retzlaff*; was pending, Retzlaff wrote that "Jason Lee Van Dyke is a Nazi, racist piece of human shit who has no business being a lawyer." Retzlaff denies that his characterization of plaintiff as a "Nazi" apparently referred to in Paragraph 5.9(a) was a "statement of fact." Even if not absolutely privileged as a judicial communication in a pending adjudicatory proceeding, Retzlaff is entitled to hold—and to express—his *opinion* that plaintiff is "a person a person with extreme racist or authoritarian views," or "a person who seeks to impose his views on others in a very autocratic or inflexible way"—a common meaning of the word "Nazi" in wide usage.

> **Nazi** | ˈnätsē |
>
> noun (plural **Nazis**)
>
> - *historical* a member of the National Socialist German Workers' Party.
> - *derogatory* a person with extreme racist or authoritarian views.
> - a person who seeks to impose his views on others in a very autocratic or inflexible way: *I learned to be more open and not such a Nazi in the studio*.

*See, e.g.*, Oxford University Press, *New Oxford American Dictionary*, 2010.

21. Retzlaff admits that in a March 30, 2018, letter (Doc. 40-4, p. 35) to Hon. Jonathan Bailey, Judge of the 431ˢᵗ State District Court, where Cause No. 18-2793-431; ***Van Dyke v. Retzlaff***; was pending, Retzlaff wrote, "No doubt Van Dyke is a pedophile, too. He has that look about him." Even if not absolutely privileged as a judicial communication in a pending adjudicatory proceeding, Retzlaff is entitled to hold—and to express—his *opinion* that plaintiff has the "look" of a pedophile that plaintiff apparently refers to in Paragraph 5.9(b). Retzlaff denies that this was a "statement of fact," as contradistinguished from a statement of opinion. *See **Dallas Morning News, Inc. v. Tatum***, 2018 WL 2182625 (Tex. May 11, 2018) ("Even when a statement is verifiable as false, it does not give rise to liability if the entire context in which it was made discloses it is merely an opinion masquerading as a fact").

22. Retzlaff denies that the statement that Retzlaff was "convinced" plaintiff was a "drug addict" apparently referred to in Paragraph 5.9(c) was a "statement of fact" that plaintiff is a drug addict, as contradistinguished from a statement of opinion. *See **Dallas Morning News***, 2018 WL 2182625.

23. Retzlaff admits the allegation of Paragraph 5.9(d).

24. Retzlaff denies the allegation of Paragraph 5.9(e).

25. Retzlaff admits that he described plaintiff as a white supremacist; Retzlaff denies the remaining allegations of Paragraph 5.10.

26. Retzlaff denies the allegations of Paragraph 5.11.

27. Retzlaff denies the allegations of Paragraph 5.12.

28. Retzlaff denies the allegations of Paragraph 5.13.

29. Retzlaff denies the allegations of Paragraph 5.14.

30. Retzlaff denies the allegations of Paragraph 5.15.

31. Retzlaff denies the allegations of Paragraph 5.16.

32. Retzlaff denies the allegations of Paragraph 5.17.

33. Retzlaff denies the allegations of Paragraph 5.18.

34. Retzlaff denies the allegations of Paragraph 5.19.

35. Retzlaff denies the allegations of Paragraph 5.20.

36. Retzlaff denies the allegations of Paragraph 5.21.

37. Retzlaff denies the allegations of Paragraph 5.22.

38. Retzlaff denies the allegations of Paragraph 5.23.

## VI. CAUSES OF ACTION

39. Paragraph 6.1 is plaintiff's incorporation of earlier paragraphs of the pleading by reference, and requires no response.

### (Count 1 – Libel Per Se – BV Files)

40. Retzlaff denies the allegations of Paragraph 6.2.

41. The allegations of Paragraph 6.3 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

42. The allegations of Paragraph 6.4 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

43. The allegations of Paragraph 6.5 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

44. The allegations of Paragraph 6.6 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

45. The allegations of Paragraph 6.7 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

46. The allegations of Paragraph 6.8 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

### (Count 2 – Intrusion on Seclusion)

47. The allegations of Paragraph 6.9 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

48. The allegations of Paragraph 6.10 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

49. The allegations of Paragraph 6.11 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed to be necessary, Retzlaff denies these averments.

### (Count 3 – Tortious Interference With an Existing Contract)

50. Retzlaff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.12.

51. Retzlaff denies the allegations of Paragraph 6.13.

52. Retzlaff denies the allegations of Paragraph 6.14.

53. Retzlaff denies the allegations of Paragraph 6.15.

### VII. PLAINTIFF'S PRAYER

54. Paragraph 7.1 is plaintiff's prayer for relief, to which no response is necessary.

## VIII. RETZLAFF'S AFFIRMATIVE DEFENSES

55. **Substantial Truth**. Pursuant to TEX. CIV. PRAC. & REM. CODE § 73.005, Retzlaff asserts that the statements sued upon—to the extent that they are objectively verifiable statements of fact capable of a defamatory meaning and not statements of opinion—are substantially true. "The common law of libel … overlooks minor inaccuracies and concentrates upon substantial truth." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516 (1991) (internal citations omitted). Small discrepancies "do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'" *Id*. at 517; *see also* *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000) (holding that substantial truth doctrine "precludes liability for a publication that correctly conveys a story's 'gist' or 'sting' although erring in the details"). For example, stating that someone has a criminal record for abusing a *woman* when he actually has a criminal record for abusing a *man*—despite the inaccuracy—is substantially true.

> **Put another way, the statement is not considered false unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced.'**

*Masson*, 501 U.S. at 517 (quoting R. SACK, LIBEL, SLANDER, AND RELATED PROBLEMS 138 (1980)). A communication is viewed as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it. *Turner*, 38 S.W.3d at 114. Falsity is determined based on "the meaning a reasonable person would attribute to a publication, and not to a

technical analysis of each statement." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 154 (Tex. 2004).

56. ***Failure to Comply With Texas Defamation Mitigation Act***. Plaintiff cannot "maintain" his libel suit because he failed to make a timely pre-suit demand for retraction, correction, or clarification as required by TEX. CIV. PRAC. & REM. CODE § 73.055(d)(3). Without having made such a request, plaintiff may not state a claim for defamation. *See* ***Tubbs v. Nicol***, 675 Fed.App'x. 437, 439 (5th Cir. 2017).

57. ***Plaintiff is "Libel-Proof."*** Plaintiff is widely known to have made numerous aggressively hostile statements to or about persons of color on social media sites and has been the subject of years of derogatory articles criticizing his extreme social views. If plaintiff ever had a reputation to lose, he lost it after the broad publication of these facts and events. *See* ***Swate v. Schiffers***, 975 S.W.2d 70, 74-75 (Tex. App.—San Antonio 1998, pet. denied) (physician whose reputation had already been ruined by derogatory newspaper articles and public censure from medical disciplinary boards was libel-proof and could not hold the defendant liable for misstating new criminal charges).

58. ***Proportionate Responsibility***. Retzlaff invokes TEX. CIV. PRAC. & REM. CODE § 33.001, *et seq*. If plaintiff was damaged as he contends, plaintiff himself was the principal cause of his damages, having published and republished the very facts he claims are defamatory to him. In addition, by his own pleadings, plaintiff judicially admits that others caused or contributed to his damages. The

trier of fact must determine the percentage of responsibility of each defendant, settling person, and person designated as a responsible third party, and the Court must reduce the amount of damages recovered in accordance with each such person's percentage of responsibility. *Id.* §§ 33.003, 33.012.

59. ***Immunity and Privilege***. To the extent that any Retzlaff communication that plaintiff sues upon was made to the State Bar of Texas in a grievance or in correspondence to a judge in an ongoing judicial proceeding—or in contemplation of or relating to such a pending or contemplated judicial or quasi-judicial proceeding—Retzlaff is immune from plaintiff's suit by virtue of the absolute judicial or quasi-judicial communications privilege. The judicial communications privilege extends to quasi-judicial proceedings and other instances in which the benefit to the general public outweighs the potential harm to an individual. ***Bird v. W.C.W.,*** 868 S.W.2d 767, 771 (Tex. 1994). A quasi-judicial proceeding is any proceeding, "conducted by a governmental executive officer, board, or commission that has the authority to hear and decide the matters coming before it or to redress the grievances of which it takes cognizance." ***5-State Helicopters, Inc. v. Cox***, 146 S.W.3d 254, 256-57 (Tex. App.—Fort Worth 2004, pet. denied), citing ***James v. Brown***, 637 S.W.2d 914, 916-17 (Tex. 1982).

## VIII. R<small>ETZLAFF</small>'<small>S</small> P<small>RAYER</small>

60. For these reasons, Retzlaff prays that plaintiff take nothing by his claims and that the Court grant such other and further relief as to which he shall show himself to be lawfully entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
**KENT M. HANSZEN**
State Bar No. 00784210
khanszen@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## **CERTIFICATE OF SERVICE**

I certify that on ____5-21____, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    108 Durango Drive
    Crossroads, Texas 76227
    Telephone: 469-964-5346
    FAX: 972-421-1830
    jason@vandykelawfirm.com

    _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**