IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE §<br>　Plaintiff §<br>　　　　　　　　　　　　§<br>v. §<br>　　　　　　　　　　　　§<br>THOMAS CHRISTOPHER RETZLAFF §<br>a/k/a Dean Anderson d/b/a BV Files, Via §<br>View Files L.L.C., and ViaView Files §<br>　Defendant § | Case No. 4:18cv247 |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, Jason Lee Van Dyke, asks that this Court grant a preliminary injunction against Defendant.

### I. INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. This case arose from ongoing harassment of Plaintiff and interference with his employment by Defendant. The harassment has been ongoing for at least fourteen months and, in that time, Defendant's acts have caused Plaintiff to lose his full time employment on two separate occasions. He has lost other clients as a result of Defendant's tortious conduct as well.

3. Defendant has been utilizing both PACER and the Texas Electronic Filing Systems to systematically identify Plaintiff's clients, the judges assigned to cases where Plaintiff is acting as counsel, and the opposing attorney in those cases.

4. Since the filing of this lawsuit, Plaintiff lost a contract with Claude and Catia Rich, which pre-dated his employment with Karlseng, LeBlanc & Rich L.L.C. ("KLR") under which he had been retained to represent them in a claim for negligence and

      deceptive trade practices for damages related to faulty concrete in the construction of their house. This was Cause No. DC-17-06085, styled *Claude Rich, et al. v. Big D Concrete, Inc., et al.,* in the 160th District Court in and for Dallas County, Texas.

5. Continued stalking by Defendant was confirmed when, on May 3, 2018, Plaintiff was approached by attorney Jared Julian (opposing counsel) and informed that he too had been contacted by Defendant. The case was Cause No. 17-10442-431, styled *In The Matter of the Marriage of Jennifer Melisa Jaynes and Chris David Roberts*, and pending in the 431st District Court in and for Denton County, Texas. Plaintiff has had several conversations with other potential clients and attorneys who have specifically referenced fear of reprisal from Defendant as the reasons for their refusal to hire or associated with him.

6. On or around May 22, 2018, Plaintiff was interviewed by Pawl Bazile for an article on "Dangerous.com", a website affiliated with conservative media personality Milo Yiannopolous, concerning the tortious acts that Defendant has committed against him over the course of the past fourteen months, as well as the events leading up to Defendant's stalking of Plaintiff. The article was published on May 24, 2018 in an article entitled "Leftwing Stalkers Cost Me Two Jobs, Here's How I'm Fighting Back".

7. In response to the article, Defendant sent the electronic e-mail communication attached hereto as Exhibit "A" to Mr. Bazile. The electronic e-mail communication specifically references Gavin McInnes, who has been a client of Plaintiff since August of 2017, and who Plaintiff was recently retained to represent in Cause No. 2:18-cv-10542-LJM-EAS, styled J*oel Vangheluwe, et al. v. GotNews, LLC, et al.* in the U.S. District Court for the Eastern District of Michigan (Plaintiff is licensed to practice law before that court). Mr.

  Bazile contacted Mr. McInnes about the e-mail communication who, in turn, reached out to Plaintiff.

8. The following day, Defendant sent a second e-mail communication to Mr. Bazile. The e-mail communication is attached hereto as Exhibit "B" and incorporated by reference herein. As an attachment, Defendant sent Mr. Bazile a copy of a letter that he allegedly sent to Mr. McInnes. That attachment is attached hereto as Exhibit "C" and incorporated by reference herein.

9. On May 28, 2018, Plaintiff learned that Defendant had begun blogging about Mr. McInnes on his "BV Files" blog. Plaintiff has attached relevant copies of this posting hereto as Exhibit "D" and they are incorporated by reference herein. The blog post contains pictures of Mr. McInnes' wife and children. It also contains the home address of Mr. McInnes and encourages members of the domestic terrorist collective known as "Antifa" to stalk Mr. McInnes and his family at their home.

10. Plaintiff has made multiple efforts to confer with Mr. Dorrell, counsel for Defendant, to control his client's behavior. Prior to the communications with Mr. McInnes, Plaintiff warned Mr. Dorrell on multiple occasions that further communications by Defendant with Plaintiff's clients would not be tolerated. Mr. Dorrell is unable to control his client and this lawsuit has clearly not sent the appropriate message to Defendant that his stalking of Plaintiff will not be tolerated.

11. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks to enjoin and restrain Defendant, his agents, and his representative from continuing to harass him during the pendency of this lawsuit. Defendant's arguments thus far have been that he has a First Amendment right to harass Plaintiff as much as he wants. This is nonsense.

Defendant is a sociopath represented by counsel that, during the short time he has represented Defendant, has proven woefully unable to control his client and stop him from committing additional torts against Plaintiff.

12. Plaintiff attaches as Exhibit "E" his own affidavit in support of this motion. Plaintiff would further note that the evidence attached to this motion constitutes additional circumstantial evidence of Defendant's ownership the "BV Files" blog, which should be also considered by this Court in rejecting Defendant's motion to dismiss under the TCPA (and awarding attorney fees to Plaintiff for defending against the same).

## II. ARGUMENT

13. Plaintiff seeks to enjoin Defendant, together with his agents, representatives, and all other persons associated with Defendant, from the following activities:

    (a) From having any contact, of any nature, type, or description, through any type of communications medium, with Plaintiff. Defendant should not be permitted to contact Plaintiff for any reason except through an attorney and should not be permitted to contact any of Plaintiff's co-workers or office staff, either at home or at work, for any reason;

    (b) From having any contact, of any nature, type, or description, through any type of communications medium, with any member of Plaintiff's family including, but not limited to, Plaintiff's mother and father;

    (c) From having any contact concerning Plaintiff, of any nature, type, or description, through any type of communications medium, with any person or entity that is an employer of Plaintiff, an employer of any

        member of Plaintiff's family, or with whom Plaintiff, or any business in which Plaintiff has an interest, has an independent contractor relationship;

    (d)    From having any contact concerning Plaintiff, of any nature, type, or description, with any person or entity with whom Plaintiff has an attorney-client relationship. Defendant should further be enjoined and restrained from contacting the relatives and employers of any of Plaintiff's clients;

    (e)    From having any contact concerning Plaintiff with any judicial officer in any case where Plaintiff is acting as an attorney and representing a client, except for communications and court filings permitted by the rules of civil procedure, rules of criminal procedure, rules of appellate procedure, or duly promulgated local rules of practice; and

    (f)    From having any contact concerning Plaintiff with any opposing attorney in any case where Plaintiff is acting as an attorney and representing a client, except in cases where Defendant is also a party;

Plaintiff *does not* seek an order prohibiting Defendant from participating in disciplinary proceedings against Plaintiff and would pray that, if this Court grants Plaintiff's injunction, that this Court expressly permit Defendant's participation in those proceedings. Such language is necessary to prevent Defendant from further lying to disciplinary authorities that Plaintiff is using this lawsuit to prevent his participation in those proceedings.

14. There is a substantial likelihood that Plaintiff will prevail on the merits of his case against the Defendant. This court clearly has personal jurisdiction over Defendant. The allegations contained in Defendant's Motion to Dismiss under the Texas Citizens

Participation Act are patently absurd. The TCPA utilizes an evidentiary standard that is completely foreign to federal courts and procedures that directly conflict with Fed. R. Civ. P. 12(d). Even if it were applicable in federal court, the statements of Defendant which are the subject of this lawsuit are not matters of public concern and Plaintiff is able to make a *prima facie* case against Defendant on all three of his claims.

15. Plaintiff again stresses that he is not now, nor has he even, been suing Defendant for statements he made concerning Plaintiff to the State Bar of Texas or to Judge Jonathan Bailey of the 431st District Court in and for Denton County, Texas. The bulk of Plaintiff's claim stems from communications between Defendant and Plaintiff's former supervisor, Robert Karlseng, in which Defendant caused the termination of Plaintiff's employment with KLR through lies, threats, and extortion. The remainder of those claims stem from posts made by Defendant and/or those acting in concert with him on his "BV Files" blog. None of the conduct complained of in this suit is legally privileged and none of it is protected by the First Amendment.

16. If the Court does not grant a preliminary injunction, Plaintiff will suffer imminent and irreparable harm because Plaintiff will continue his tortious conduct against Plaintiff. Defendant has admitted to causing Plaintiff to lose his job with the Victoria County District Attorney. ECF 22-1. There is substantial evidence before this Court that he did the same thing with KLR. *See generally* ECF 40.

17. Plaintiff has no adequate remedy at law. Defendant has made it clear by his words and conduct that he has no intention of leaving Plaintiff alone and allowing him to practice his trade. Defendant himself has stated that he will not stop harassing Plaintiff unless he surrenders his license to practice law or is disbarred. This arrangement is not acceptable

to Plaintiff, and Plaintiff's efforts to confer with Defendant's counsel with respect to this ongoing problem have failed.

18. Defendant will not suffer any undue hardship or loss by the issuance of a preliminary injunction. Plaintiff is asking only that this Court compel Defendant to so certain things that ordinary people who *aren't* sociopaths do without being ordered: (1) stop harassing Plaintiff and his family; (2) stop trying to get Plaintiff fired from his job; (3) stop contacting Plaintiff's clients and trying to get them to fire him; and (4) stop sticking his nose into legal matters where he is not a party and in which he has no legitimate interest.

19. The issuance of a preliminary injunction would not adversely affect the public interest. The Defendant has no First Amendment right to harass Plaintiff or members of his family. He has no First Amendment right to tortuously interfere with the contracts or prospective relations of Plaintiff relating to his practice of law (including employment agreements, independent contractor relationships, and contracts creating an attorney-client relationship). He certainly has no First Amendment right to send ex parte communications to judges in courts where Plaintiff is trying a case, or opposing counsel in those cases, for the purpose of harming Plaintiff's professional reputation or manipulate results in those cases. In short, **<u>Defendant has absolutely no constitutional right to stop Plaintiff from practicing law or continuing to tortiously interfere with his law practice.</u>**

20. Plaintiff is willing to post bond in an amount the Court deems appropriate. As Plaintiff remains unemployed due to Defendant's conduct, and Plaintiff is only asking that the Court order Defendant to leave him alone, Plaintiff asks that bond be set no higher than $100.00.

21. Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time.

### III. CONCLUSION

22. Plaintiff's lawsuit has failed to deter Defendant from continuing to commit tortious acts against Plaintiff. Defendant's counsel has proven unable or unwilling to control Defendant's behavior. Plaintiff and his family do not wish to be further harassed by Defendant. Furthermore, Plaintiff has a right to practice his trade unimpeded by Defendant's continued defamatory statements, by extortion, or by threats of reprisal against his clients. The bond amount should be nominal because Plaintiff is only asking this Court to order Defendant to do certain things that normal people do without being asked.

### IV. PRAYER

23. Plaintiff prays that this Honorable Court enter an order granting a preliminary injunction in this case and prohibiting Defendant from the conduct set forth in paragraph thirteen of this motion.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
