**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON LEE VAN DYKE  Plaintiff | § § § | |
| v. | § § | Case No. 4:18cv247 |
| THOMAS CHRISTOPHER RETZLAFF a/k/a Dean Anderson d/b/a BV Files, Via View Files L.L.C., and ViaView Files  Defendant | § § § § | |

## **PRELIMINARY INJUNCTION**

     After considering Plaintiff's Application for Preliminary Injunction, this Court finds that Defendant has admitted to interfering with Plaintiff's full time employment with the Victoria County District Attorney in March of 2017. This Court also finds that there is substantial evidence before this Court demonstrating that Defendant interfered with Plaintiff's employment with Karlseng, LeBlanc & Rich L.L.C. ("KLR") in March of 2018. Furthermore, the evidence before the Court demonstrates that Defendant has continued to interfere with Plaintiff's employment through inappropriate communications directed toward persons with whom Plaintiff has an attorney-client relationship, with judges in courts where Plaintiff practices law, and with other attorneys involved in cases where Plaintiff is representing a client as an attorney. This Court also finds that the evidence already before this Court indicates that Plaintiff has a substantial likelihood of prevailing on the merits of his case, that Plaintiff will suffer imminent and irreparable harm if Defendant is not restrained from further interfering in both his law practice and personal life, that Defendant will not suffer any undue hardship or loss by the issuance of a preliminary injunction, that a preliminary injunction will not adversely affect the public interest. The Court finds that Plaintiff has no other adequate remedy at law to prevent further interference by Defendant into his personal life and his law practice.

     It is accordingly ORDERED that Defendant, together with his officer, agents, servants employees, and attorneys, together with all other persons acting in active concert or participation with such person, who receive actual notice of this order through personal service or otherwise are hereby ENJOINED AND RESTRAINED from:

     (a)    Having any contact, of any nature, type, or description, through any type of communications medium, with Plaintiff, his co-workers, or employees. The persons named above may only communicate with Plaintiff to the extent necessary to comply with the orders of this or any other Court, the Federal Rules of Civil Procedure, the Texas Disciplinary Rules of Professional Conduct, and the Model Rules of Professional Conduct;

    (b)    Having any contact, of any nature, type, or description, through any type of communications medium, with any member of Plaintiff's family including, but not limited to, Plaintiff's mother and father;

    (c)    Having any contact concerning Plaintiff, of any nature, type, or description, through any type of communications medium, with any person or entity that is an employer of Plaintiff, an employer of any member of Plaintiff's family, or with whom Plaintiff, or any business in which Plaintiff has an interest, has an independent contractor relationship;

    (d)    Having any contact concerning Plaintiff, of any nature, type, or description, with any person or entity with whom Plaintiff has an attorney-client relationship, their relatives, or their employers;

    (e)    Having any contact concerning Plaintiff with any judicial officer in any case where Plaintiff is acting as an attorney and representing a client, except for communications and court filings permitted by court order, the rules of civil procedure, rules of criminal procedure, rules of appellate procedure, or duly promulgated local rules of practice; and

    (f)    Having any contact concerning Plaintiff with any opposing attorney in any case where Plaintiff is acting as an attorney and representing either himself or a client, except in cases where Defendant is also a party and where such communication is permitted by court order, the rules of civil procedure, rules of criminal procedure, rules of appellate procedure, or duly promulgated local rules of practice.

This order does not prohibit, and is not intended to prohibit, Defendant's participation in any state bar disciplinary proceeding against or involving Plaintiff.

Pursuant to Rule 65(c), Plaintiff is ordered to post security in the amount of $100.00, which this Court finds proper to pay the costs and damages of any person wrongfully enjoined or restrained.