IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | |
|---|---|
| **JASON LEE VAN DYKE**, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **THOMAS CHRISTOPHER** § <br> **RETZLAFF, a/k/a DEAN** § <br> **ANDERSON, d/b/a VIA VIEW FILES,** § <br> **L.L.C., and VIAVIEW FILES,** § <br> *Defendant* § | NO. 4:18-CV-247-ALM |

**DEFENDANT THOMAS RETZLAFF'S MOTION TO REQUIRE PLAINTIFF TO POST SECURITY FOR COSTS PURSUANT TO LOCAL RULE CV-65.1(b)**

> **The Court should require plaintiff to post security for costs because plaintiff is (i) pro se; (ii) unemployed; and (iii) judgment-proof; and has a clear history of using baseless "SLAPP" litigation to harass his critics by forcing them to incur defense costs.**

## I. INTRODUCTION

1. Plaintiff is licensed attorney Jason Lee Van Dyke, representing himself *pro se*; defendants are Thomas Christopher Retzlaff, "a/k/a Dean Anderson, d/b/a Via View Files, L.L.C., and ViaView Files."

2. On March 28, 2018, plaintiff sued Retzlaff in the 431st State District Court of Texas, obtaining an *ex parte* restraining order constituting an unconstitutional, content-based prior restraint on speech.

3. On May 9, 2018, the undersigned counsel filed a notice of appearance on behalf of defendant Thomas Christopher Retzlaff. (Doc. 37.)

## II. FACTS PERTAINING TO THIS MOTION

4. The instant $100,000,000.00 suit is merely the latest in a long line of pro se lawsuits plaintiff has filed to punish or harass those who provoke him:

(i) Cause No. 17-03-80810-D; *Van Dyke v. Tyler*.; in the 337th district Court of Victoria County, Texas; terminated June 16, 2017;

(ii) Cause No. CV-2017-02365; *Van Dyke v. Mockingbird Publishing Co*.; in the Denton County Court at Law No. 2; terminated November 20, 2017;

(iii) Cause No. CV-2017-00875; *Van Dyke v. Capital One, N.A*.; in the Denton County Court at Law No. 2; terminated June 19, 2017;

(iv) Cause No. CV-2016-02802; *Van Dyke v. Capital One, N.A*.; in the Denton County Court at Law No. 2; terminated February 10, 2017;

(v) Cause No. CV-2015-01141; *Van Dyke v. Equifax, Inc*.; in the Denton County Court at Law No. 2; terminated June 3, 2015; and

(vi) Cause No. 4:15-CV-00418; *Van Dyke v. Equifax, Inc*.; in the U.S. District Court for the Eastern District of Texas; terminated September 2, 2015;

(vii) Cause No. CC-13-04948-D; *Van Dyke v. Precision Document Solutions, Inc.*; in the Dallas County Court at Law No. 4; terminated November 18, 2013; and

(viii) Cause No. 2011-04163; *Van Dyke v. Thompson*; in the 129th District Court of Harris County; terminated March 27, 2013.

5. Plaintiff judicially admits he filed the instant suit in response to Retzlaff's filing a grievance against plaintiff with the State Bar of Texas. (Doc. 7, ¶ 5.3.) But long before this suit was filed, plaintiff bragged in a November 12, 2013, e-mail that he had sued "everyone who has ever filed a formal grievance against [him] with the State Bar:"

> **Jason Lee Van Dyke** <jason@vandykelawfirm.com>  Tue, Nov 12, 2013 at 5:02 PM
> To: Les Holtzman <57poker.pro@gmail.com>
>
> You stated that I filed a harmful and frivolous lawsuit. That is enough for me. . I will warn you: I have sued everyone who has ever filed a formal grievance against me with the State Bar. If you file some sort of groundless grievance with the State Bar I will make your life a living hell unlike anything you could imagine. I don't take such threats lightly. I will also warn you about that link you sent me: That information is false and defamatory. Any republication of the same by you or anyone under control will get you sued. I'd strongly advise you not to test me.

It appears plaintiff is continuing his policy with the instant suit.

  6.  It is easy for plaintiff to file lawsuits willy-nilly when he knows he cannot be called to account for his actions. At 5:49 PM on May 21, 2018, plaintiff e-mailed the undersigned counsel a promise to continue harassing Retzlaff:

> Regardless of how this case turns out, two things will remain true: (a) I will never pay your firm or your client a single cent; and (b) I will continue filing lawsuits against your client until he leaves me alone. That means that he can expect a new lawsuit every time he contacts one of my clients and every time his contacts with one of my supervisors costs me a job. ==The sanctions could be $1.00 or they could be $1 billion. There is no amount that will cause me to stop==.
>      …
>
> **The Van Dyke Law Firm**
>
> Jason Lee Van Dyke
> Attorney at Law
> 108 Durango Drive
> Crossroads, TX 76227
> (469) 964-5346
> (972) 421-1830
> jason@vandykelawfirm.com

**Exhibit 1.** Now using his own poverty as a weapon, at 9:23 PM the same day, plaintiff followed up with another e-mail—this time making clear he had nothing to lose by filing frivolous litigation:

> The only real property I own is my homestead. I have no investments other than exempt retirement accounts. My home furnishings are exempt. The only collections I have are waterfowl taxidermy (which have no cash value because it is illegal to sell under federal law). My truck is five years old, has 150k miles, and is exempt. My spare car is five years old and is upside down on the note. I own three firearms – a pistol for personal defense, a rifle for hunting, and a shotgun for hunting. Two are exempt, and I would sell the third and use the money to go on vacation rather than hand it over for levy. The others that I am pictured with online and elsewhere are either rentals from shooting ranges and hunting outfitters, replicas, or owned by other. In short, I own nothing of value that isn't exempt under state law. Even if I did own non-exempt property, I certainly wouldn't dispose of it to pay him. In other words, there is no financial gain for either of us in this case.
> 
> …
> 
> Jason L. Van Dyke
> Attorney & Counselor at Law

**Exhibit 2**.

7. Plaintiff is unable to find full-time employment. **Exhibit 3**, (Doc. 40-9, ¶ 14). By plaintiff's own admission on May 22, 2018, even the threat of *disbarment* is not a deterrent to his filing of more baseless litigation against Retzlaff.[1] **Exhibit 4**.

8. Retzlaff's TCPA[2] "anti-SLAPP[3]" motion to dismiss plaintiff's suit is presently pending. (Doc. 44.) The TCPA makes an award of attorney's fees mandatory to the successful movant. TCPA § 27.009(a)(1); **Sullivan v. Abraham**, 488 S.W.3d 294, 299 (Tex. 2016). Sanctions, too, are mandatory when a court dismisses. TCPA § 27.009(2). TCPA sanctions are to "deter the filing of similar actions." *Id*. Here, however, plaintiff declares he cannot be deterred *by anything*.

---

[1] "The motherfucking state bar can have my license for all I care. I'm not going to continue to be harassed by this psychopath."
[2] TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*.
[3] "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." See **Entravision Comm's Corp. v. Salinas**, 487 S.W.3d 276, 278 n.2 (Tex. App.—Corpus Christi 2016, pet. denied).

### III. ARGUMENT & AUTHORITIES

9.   What can a court do with a pro se litigant who is not deterred by the prospect of an order to pay sanctions or attorney's fees after baseless litigation is dismissed?  Fortunately, a pauper who gleefully inflicts on his enemies the cost of defending legal actions as the penalty for provoking him is not beyond this Court's power to control:

> **On its own motion or on motion of a party and, after an opportunity to be heard, the court may at any time order a pro se litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious pro se litigant.**

Local Rule CV-65.1(b), "Vexatious Litigants, Security for Costs;" see ***Flores v. United States Attorney General***, 2015 WL 1088782 at *3-*4 (E.D.Tex. 2015). Local rules in other jurisdictions are similar.  *See, e.g.,* Local Rule 54.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (specifically providing that the court may strike pleadings, stay proceedings, or render a default judgment against a party who fails to comply with an order to post security).  There is no doubt that both Local Rule CV-65.1(b) and this Court's inherent authority allow the Court to require plaintiff to post security as a condition of continuing with the case at bar:

> **Security for costs is not covered by Rule 54(d) and there is no general jurisprudential rule covering the subject. As a procedural matter, security for costs is a proper subject for regulation by local rules promulgated under FED. R. CIV. P. 83. Even in the absence of a local rule, however, a district court has inherent power to require security for costs when warranted by the circumstances of the case. "From this it follows that the court is vested with a large measure of discretion in applying such rules as it does promulgate."**

*Ehm v. Amtrak Bd. of Directors*, 780 F.2d 517 (5th Cir. 1986) (affirming requirement of bond in case involving "a veteran pro se litigator who has filed numerous lawsuits, many of which have been repetitious or of doubtful legal merit"), quoting *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143-44 (1st Cir. 1976).

10. A long line of cases shows federal courts in many jurisdictions have ordered security to be posted for potential costs and attorney's fees that may be awarded at the end of the action. *See, e.g.*, *Cohen v. Beneficial Indus. Loan Corp.*, 69 S.Ct. 1221, 1230 (1949) (affirming a federal court's application of a state statute requiring security for costs as a condition of further prosecution of suit); *Atlantic Fertilizer and Chem. Corp. v. Italmare, S.P.A.*, 117 F.3d 266 (5th Cir. 1997) (citing *Cohen* and holding district court's denial of defendant's motion to require plaintiff to post security was immediately appealable); *Van Bui v. Children's Hosp.*, 178 F.R.D. 54, 56 (E.D.Pa. 1998) (dismissing plaintiff's complaint for failure to file security for costs), *aff'd*, 178 F.R.D. 1278 (3d Cir. 1999); *Selletti v. Carey*, 173 F.R.D. 104, 112 (2d Cir. 1999) (discussing whether plaintiff's inability to post security warrants dismissal); *Johnson v. Kassovitz*,

1998 WL 655534, *2 (S.D.N.Y. 1998) (ordering plaintiff to post $50,000 bond as security for costs).

11. Whether to order a party to file a cost bond depends on the circumstances of each case. Among other factors, and as relevant here, courts have considered:

(i) the financial condition and ability to pay of the party who would post the bond;

(ii) the merits of the underlying claims; and

(iii) the legal costs expected to be incurred.

See **Seletti**, 173 F.R.D. at 100-101 ("the merits of [plaintiff's] case are indeed questionable"); **Bressler v. Liebman**, 1997 WL 466553 at *3-*4 (S.D.N.Y. 1997) ("[Plaintiff's] financial condition favors a requirement that he post security prior to continuing with the action."); **Spitzer v. Shanley Corp**., 151 F.R.D. 264, 267 (S.D.N.Y. 1993).

12. Here, plaintiff has admitted to penury. **Exhibits 2 and 3**. Plaintiff's defamation action is barred by plaintiff's failure to comply with the Defamation Mitigation Act, TEX. CIV. PRAC. & REM. CODE § 73.055. See **Tubbs v. Nicol**, 675 Fed.App'x. 437, 439 (5th Cir. 2017). Thus, the merits of plaintiff's lawsuit are "indeed questionable." The attorney's fees Retzlaff could incur in defending this $100,000,000.00 lawsuit could easily exceed $300,000.00. **Exhibit 5**. A cost bond of at least half this amount is appropriate.

## IV. CONCLUSION

13.     The instant $100,000,000.00 defamation SLAPP suit is of questionable legal merit because it is statutorily barred by plaintiff's failure to comply with the Defamation Mitigation Act. The instant suit is being prosecuted by a pro se plaintiff with no assets and no income from which a judgment against him for Retzlaff's costs, attorney's fees, and sanctions could be satisfied. Plaintiff has declared that no sanction—*and not even potential disbarment*—will deter him from exacting his revenge on Retzlaff by abusing the instruments of litigation like a child who has found his father's gun. Retzlaff's attorney's fees in defense of the case at bar could easily exceed $300,000.00.

## V. PRAYER

14.     For these reasons, Retzlaff prays that the Court require plaintiff to post a cost bond of **$150,000.00** as a condition of continuing with this litigation. If plaintiff does not post the security as ordered, this Court should dismiss plaintiff's suit with prejudice. Retzlaff prays the Court grant him such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

      I certify that on _____5-29____, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    108 Durango Drive
    Crossroads, Texas 76227
    Telephone: 469-964-5346
    FAX: 972-421-1830
    jason@vandykelawfirm.com


    _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**

## CERTIFICATE OF CONFERENCE

      I certify that on \_\_\_\_\_5-29\_\_\_\_, 2018, I e-mailed plaintiff Jason Van Dyke to advise that I would be filing the foregoing motion asking the Court to order plaintiff to post $150,000.00 in security for defendant Thomas Retzlaff's litigation costs, attorney's fees, and possible sanctions. Mr. Van Dyke informed me that he was opposed to the requested relief.

      Mr. Jason Lee Van Dyke
      Plaintiff, Pro Se
      108 Durango Drive
      Crossroads, Texas 76227
      Telephone: 469-964-5346
      FAX: 972-421-1830
      jason@vandykelawfirm.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**