**Nancy Martinez**
___

| | |
|---|---|
| **From:** | Jason Van Dyke <jason@vandykelawfirm.com> |
| **Sent:** | Monday, May 21, 2018 9:23 PM |
| **To:** | Jeffrey Dorrell |
| **Cc:** | Alan Taggart |
| **Subject:** | RE: Continued Harassment |

Jeff,

I have an idea. Let's talk practically. We both know that this case is going to end one of two ways and that, regardless of which way it ends, there will be years of appeals. I know you can't confirm or deny this, but here is my theory: Mr. Retzlaff is not independently wealthy and he is not living off of some trust in the Cook Islands. In fact, I don't think he is paying Hanszen Laporte at all. I find it far more likely that something I did in this case caused him to realize he might be over his head. Once he realized that, he probably made some sort of threat to destroy the reputation of Hanszen Laporte (or one of its partners) if it declined to dig him out of the hole that he dug with his mouth. A business decision was made accordingly. If I am correct, it probably means that Hanszen Laporte wants out of this case as soon as possible so it can get rid of this monster.

I may, of course, be wrong about that. Perhaps Mr. Retzlaff (or Hanszen Laporte) thinks that it will have some sort of financial gain if it wins this case. Let me squash the rumors: The only real property I own is my homestead. I have no investments other than exempt retirement accounts. My home furnishings are exempt. The only collections I have are waterfowl taxidermy (which have no cash value because it is illegal to sell under federal law). My truck is five years old, has 150k miles, and is exempt. My spare car is five years old and is upside down on the note. I own three firearms – a pistol for personal defense, a rifle for hunting, and a shotgun for hunting. Two are exempt, and I would sell the third and use the money to go on vacation rather than hand it over for levy. The others that I am pictured with online and elsewhere are either rentals from shooting ranges and hunting outfitters, replicas, or owned by other. In short, I own nothing of value that isn't exempt under state law. Even if I did own non-exempt property, I certainly wouldn't dispose of it to pay him. In other words, there is no financial gain for either of us in this case.

I propose a strictly confidential settlement agreement in this case as follows:

I would stipulate to a dismissal of the lawsuit with prejudice and I will even give him two weeks to wave that around and pretend like he won something. However, at the end of those two weeks, Mr. Retzlaff will **never** again have any contact with me, any contact with any member of my family, any contact with any one of my clients, or any contact with any one of my employers. Additionally, he will **never** again so much as mention my name to any third parties. He will **never** speak of me again for any reason **except** as he may currently be permitted for the purpose of responding to communications from the State Bar of Texas or participating in a disciplinary proceeding. If he receives any court orders compelling him to speak about me in a judicial or quasi-judicial proceeding, he will communicate those to me through your office within three days of receiving them so that I will have the opportunity to file an objection. In addition to the foregoing, he will use no third parties as conduits through which to violate the agreement. He will use no pseudonyms like "Dean Anderson", "Admin Mike", and others to violate the agreement. There will be a liquidated damages clause for violations of the agreement and the amount of liquidated damages will be $100,000.00. Prior to finalizing the agreement, I will hire an independent attorney at my own expense to review it so as to ensure there is no way he can weasel around it and continue harassing me. In short, I want this man out of my life **forever.**

This offer expires on May 30, 2018 at 5:00 p.m. Your client would be wise to accept it.

Jason L. Van Dyke
Attorney & Counselor at Law

1

```
EXHIBIT 2
```

**From:** Jeffrey Dorrell <JDorrell@hanszenlaporte.com>
**Sent:** Monday, May 21, 2018 6:15 PM
**To:** Jason Van Dyke <jason@vandykelawfirm.com>
**Subject:** Re: Continued Harassment

Jason,

In the interest of collegiality, I would probably try something if I had a clue what to try. But it's like having Larry Flynt as a client. I never know when he could come to court wearing a T-shirt that says, "Fuck this court," or have strippers bring in trash bags full of crumpled singles to dump on the floor in the courtroom, or throw a piece of fruit at the judge. (It keeps me on my toes though.)

Regards,

    Jeff



## Jeffrey L. Dorrell
Board Certified—Civil Trial Law
Texas Board of Legal Specialization
Equity Partner

jdorrell@hanszenlaporte.com    hanszenlaporte.com
p: 713-522-9444   f: 713-524-2580
14201 Memorial Drive, Houston, Texas 77079

> On May 21, 2018, at 6:02 PM, Jason Van Dyke <jason@vandykelawfirm.com> wrote:
>
> Jeff,
>
> Good point.
>
> Sent from my iPhone
>
> On May 21, 2018, at 6:01 PM, Jeffrey Dorrell <JDorrell@hanszenlaporte.com> wrote:
>
>> Jason,
>>
>> Is there anything you think I can do?
>>
>> Regards,
>>
>>    Jeff
>>
>> <image001.png>

**Jeffrey L. Dorrell**
Board Certified—Civil Trial Law
Texas Board of Legal Specialization
Equity Partner

jdorrell@hanszenlaporte.com    hanszenlaporte.com
p: 713-522-9444   f: 713-524-2580
14201 Memorial Drive, Houston, Texas 77079

> On May 21, 2018, at 5:48 PM, Jason Van Dyke <jason@vandykelawfirm.com> wrote:
>
> Mr. Dorrell:
>
> Your client's antics have cost me another client.
>
> I am going to be very clear on this for the purpose of your Anti-SLAPP motion:  I am not the least bit sorry for suing your client.  Regardless of how this case turns out, two things will remain true:  (a)  I will never pay your firm or your client a single cent; and (b) I will continue filing lawsuits against your client until he leaves me alone.  That means that he can expect a new lawsuit every time he contacts one of my clients and every time his contacts with one of my supervisors costs me a job.  The sanctions could be $1.00 or they could be $1 billion.  There is no amount that will cause me to stop.  The only thing that will cause me to stop suing your client continuously – every day if necessary – from now until the end of my life is this:  He will stop harassing me and stop contacting my clients and supervisors now and forever.
>
>
> <image001.jpg>
>
> <Jason Lee Van Dyke.vcf>

<image001.png>