IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE § | | |
|     Plaintiff § | | |
| § | | |
| v. § | | Case No. 4:18cv247 |
| § | | |
| THOMAS CHRISTOPHER RETZLAFF § | | |
| a/k/a Dean Anderson d/b/a BV Files, Via § | | |
| View Files L.L.C., and ViaView Files § | | |
|     Defendant § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO POST SECURITY**

Plaintiff, Jason Lee Van Dyke, asks that this Court enter an order denying Defendant's motion for security under Local Rule CV65.1(b). As grounds therefore, Plaintiff states as follows:

## I. INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. Defendant's motion to compel Plaintiff to provide security is nothing more than the latest in his attempts to deny Plaintiff justice in this case. This case has been littered with frivolous motions filed by Defendant and his counsel and this motion is simply the latest attempt by Defendant to deny justice to Plaintiff by compelling him to post security that it knows he is unable to afford.

3. This case is about one thing and one thing only: the simple fact that Defendant has no absolutely no constitutional right to stalk Plaintiff or interfere with his law practice.

## II. FACTS

**(Prior Lawsuits Filed By Plaintiff As A Pro Se)**

4. Plaintiff is an attorney licensed to practice law in Texas, Colorado, Georgia and the

District of Columbia. Just as any other private citizen, he has a right to file litigation in his capacity as a pro se when he has suffered actual damages.

5. Defendant is attempting to commit a fraud on this Court by arguing that Plaintiff is a vexatious litigant and using a number of cases as examples. ECF 47, ¶ 4. If Defendant had bothered to research the cases referenced in the motion, it would have learned that none of these cases constituted frivolous pro se litigation that necessarily ended to Plaintiff's detriment.

6. Cause No. 17-03-80810-D, styled *Van Dyke v. Tyler* in the 337th District Court did, in fact, end to Plaintiff's detriment. What Defendant fails to disclose is that this case was a petition brought pursuant to Rule 202 of the Texas Rules of Civil Procedure to investigate a potential defamation and tortious interference claim that Defendant has now admitted to.

7. Cause No. CV-2017-02365, styled *Van Dyke v. Mockingbird Publishing Co.* was resolved through a stipulation of dismissal with prejudice because Plaintiff's supervisor at the time believed that the cases was taking too much of Plaintiff's time. There was no final adjudication on the merits by any court.

8. Cause No. CV-2017-00875, styled *Van Dyke v. Capital One N.A.* was filed as a result of identity theft committed against Plaintiff by computer hackers for the purpose of protecting Plaintiff's credit. This case was non-suited after a settlement was reached.

9. Cause No. CV-2016-02802, styled *Van Dyke v. Capital One N.A.* was filed as a result of identity theft committed against Plaintiff by computer hackers for the purpose of protecting Plaintiff's credit. This case was dismissed by

agreement of the parties following a settlement agreement.

10. Cause No. CV-2015-01141 and Cause No. 4:15-CV-00418, both styled *Van Dyke v. Equifax, Inc*. are the same case. The federal cause number was assigned to the state court action after it was removed to federal court. This case was a brought as a result of identity theft committed against Plaintiff by computer hackers for the purpose of protecting Plaintiff's credit. This case was dismissed by agreement of the parties following multiple settlement agreement.

11. Cause No. CC-13-04948-D was brought by Plaintiff is his official capacity as receiver for the non-exempt assets of Millennium Computer Brokerage, Inc., pursuant to the orders of Hon. Mark Greenberg of the Dallas County Court at Law No. 5 in Cause No. CC-11-08461-E, styled *FedEx TechConnect Inc. v. Millennium Computer Brokerage Inc*.

12. Cause No. 2011-04163 styled Van Dyke v. Thompson was dismissed for want of prosecution, without an adjudication on the merits, after Plaintiff was unsuccessful in serving the Defendant in a dispute for breach of a written contract.

13. One of two things is true: (a) Defendant failed to conduct any research into the cases listed in paragraph four of its motion prior to filing it; or (b) Defendant is attempting to commit a fraud on this Court by falsely portraying Plaintiff as a vexatious litigant when, in fact, Defendant is the only party to this proceeding that has been declared a vexatious litigant by any court.

**(Facts Pertaining To Filing Of The Suit)**

14. This lawsuit has not been filed for the purpose of harassment. There is ample evidence before this Court which demonstrates that the only person who has been harassed

during the pendency of this lawsuit and the year leading up to it has been Plaintiff.

15. Defendant has continued harassing Plaintiff during the pendency of this lawsuit. *See generally* ECF 46. Defendant is under the delusion that he has a constitutional right to stalk Plaintiff, harass Plaintiff's clients, and publish any false and defamatory material concerning Plaintiff that he pleases. Plaintiff meant *exactly* what he said in his email to Mr. Dorrell: Plaintiff has every intention of continuing to file lawsuits against Defendant until he ceases his stalking of Plaintiff. The question of whether Defendant continues to have lawsuits filed against him is a matter that his completely within his own control: if he stops stalking Plaintiff and interfering with his contracts, he has no reason to fear additional litigation against him.

16. Plaintiff is not attempting to use his poverty as a weapon. Defendant is the sole reason that Plaintiff is currently unemployed and is now asking this Court to enter an order that will prohibit Plaintiff from continuing to prosecute this case due to his lack of income. In short, he is asking this Court to reward him for committing intentional torts against Plaintiff and procuring Plaintiff's poverty.

### III. ARGUMENT
### (Plaintiff's Accountability)

17. The argument that Plaintiff cannot be called to account for his actions against Defendant is ridiculous. Rule 3.01 of the *Texas Disciplinary Rules of Professional Conduct* states that "a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous."

18. Similar rules of professional conduct are applicable in every jurisdiction in which

Plaintiff is licensed to practice law. Plaintiff could certainly have his law license stripped from him for filing frivolous lawsuits.

19. Of course, Defendant knows that such action against Plaintiff will not happen in this case because Plaintiff's claims against Defendant are not frivolous. The fact that Plaintiff is not concerned with whether he is disbarred for bringing this action is solely due to the fact that Defendant's actions have made it impossible for Plaintiff to continue practicing law. Plaintiff's determination to use this legal action, and the possibility of future legal actions against Defendant, is due to the simple fact that Plaintiff will be unable to continue practicing law unless Defendant stops stalking him and harassing his clients.

( Timing of Motion )

20. Defendant's basis for filing this motion is due to his belief that this case will ultimately be dismissed under the Texas Citizen's Participation Act ("TCPA"), despite the fact that (a) the TCPA is not applicable in federal court; and (b) even if the TCPA were applicable in federal court, Defendant cannot meet his own burden of proof under the TCPA while Plaintiff can meet his.

21. Defendant's motion to dismiss for lack of personal jurisdiction is presently before this Court and has been fully briefed. Defendant's motion to dismiss under the TCPA has also been fully briefed and is before this Court. If Defendant wishes for Plaintiff to be required to post security, it would have been appropriate for him to do so well before the litigation process was underway. Instead of filing this motion at the onset of litigation, he has filed it less than seventy-two (72) hours before the scheduled Rule 26 conference in this case and well after two dispositive motions have been briefed.

22. Defendant is requesting the same relief in this motion that he is requesting in his motion to dismiss under the TCPA: the dismissal of this case with prejudice to refiling. Defendant's motivations in filing this motion are clearly to allow it to serve as a "stop-gap" that will effectively prohibit Plaintiff from continuing to litigate against Defendant in the event that Defendant's 12(b)(2) and TCPA motions are denied. Such a motion should not be permitted at this stage of the litigation.

### ( Plaintiff Has Filed Meritorious Claims )

23. Plaintiff's claims are not of questionable legal merit. The Texas Defamation Mitigation Act allows Defendant one remedy - abatement - for failure to comply. Tex. Civ, Prac. & Rem. Code § 73.062. Even if the defamation claims against Defendant could be dismissed, Plaintiff had additional claims against him for intrusion on seclusion and tortious interference with contract.

24. Defendant is now asking that this Court reward his continuous stalking of Plaintiff, as well as his knowing and willful interference with Plaintiff's clients, but entering an order that will make it impossible for Plaintiff to obtain justice against him.

24. While this Court may indeed be sympathetic to Defendant's defense costs, there is one fact that is without dispute: But for his decision to stalk Plaintiff and have his employment terminated from two full time jobs in a twelve month period, Defendant would not be defending against a lawsuit today. This Court should not reward Defendant's sociopathy by entering an order that will prohibit him from obtaining justice against Defendant for making his life a living nightmare over the course of the past fourteen months.

## IV. CONCLUSION

25. Defendant is an extraordinarily sick individual who has taken a great deal of pleasure in tormenting Plaintiff and preventing him from practicing law at every available opportunity during the course of the past fourteen months. He has driven Plaintiff into poverty and is now asking this Court to reward his sociopathy with an order that is certain to deny justice to Plaintiff. Defendant's motion should be denied

## V. PRAYER

26. Plaintiff prays that this Court enter an order denying Defendant's Motion to Require Plaintiff to Post Security for Costs in all things.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
