IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | NO. 4:18-CV-247-ALM |
| **THOMAS CHRISTOPHER** | § | |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a VIA VIEW FILES,** | § | |
| **L.L.C., and VIAVIEW FILES,** | § | |
| *Defendant* | § | |

**DEFENDANT RETZLAFF'S NOTICE OF APPROACHING TCPA DEADLINES AND REQUEST FOR HEARING ON RETZLAFF'S MOTION TO DISMISS**

> **The Court should (i) observe the deadlines of TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*. (the Citizens Participation Act, or "TCPA"); (ii) order a hearing on Retzlaff's TCPA motion to dismiss before the deadline passes on July 20, 2018; and (iii) dismiss all of plaintiff's claims within 30 days of the hearing.**

## I. INTRODUCTION

1. Plaintiff is licensed attorney Jason Lee Van Dyke, representing himself *pro se*; defendants are Thomas Christopher Retzlaff, "a/k/a Dean Anderson, d/b/a Via View Files, L.L.C., and ViaView Files."

2. On March 28, 2018, plaintiff sued Retzlaff in the 431st State District Court of Texas, obtaining an *ex parte* restraining order constituting an unconstitutional, content-based prior restraint on speech.

3. On April 10, 2018, Retzlaff, acting on his own behalf *pro se*, removed plaintiff's case to this Court because there is complete diversity between the parties. *See* 28 U.S.C. § 1322(a).

4. On May 9, 2018, the undersigned counsel filed notice of appearance on behalf of defendant Thomas Christopher Retzlaff. (Doc. 37.)

5. Retzlaff was never served with a summons and copy of the complaint. On May 9, 2018, plaintiff requested that Retzlaff waive service of summons and complaint. On May 13, 2018, counsel for Retzlaff notified plaintiff that Retzlaff would "sign and return the waiver form waiving service within 30 days of receiving the required copies of the waiver form and prepaid means for returning it as required by Rule 4(1)(C)." The required copies of the waiver were never received.

6. On May 21, 2018, the undersigned counsel filed Retzlaff's "First Amended TCPA Motion to Dismiss All of Plaintiff's Claims." (Doc. 43.)

7. On May 22, 2018, the undersigned counsel filed Retzlaff's "Second Amended TCPA Motion to Dismiss All of Plaintiff's Claims." (Doc. 44.)

8. The Court has not yet heard or ruled upon Retzlaff's TCPA motion. To the extent that the TCPA's hearing and ruling deadlines apply in federal court, these are rapidly approaching. Although the Court has indicated that it does not consider itself bound by the Texas statute's hearing and ruling deadlines, this is to

respectfully inform the Court of those deadlines before their passage obliges Retzlaff to file an interlocutory appeal.

## II. ARGUMENT & AUTHORITIES

### A. The TCPA's Hearing and Ruling Deadlines in This Case

8. Based on the May 21, 2018, service of Retzlaff's "First Amended TCPA Motion to Dismiss All of Plaintiff's Claims" (Doc. 43), the TCPA's deadline for the Court to conduct a hearing on the motion is **July 20, 2018**.[1]

9. Should the Court judicially notice that its "docket conditions" do not permit a hearing within 60 days of service of the motion, the hearing deadline in the case at bar would be statutorily extended by another 30 days, or until **August 19, 2018**. TCPA § 27.004(b). The Court had not taken *formal* judicial notice[2] of its "docket conditions" as of the date this request was filed.

10. If the Court allows specified, limited discovery under TCPA § 27.006(b), the hearing deadline may be extended until up to 120 days after service of the motion, or until **September 18, 2018**, in the case at bar. TCPA § 27.004(c). The Court had not allowed discovery under TCPA § 27.006(b) as of the date this request was filed. The parties' June 11, 2018, joint motion for a "clarifying order" regarding discovery (Doc. 55) remains pending.

---

[1] A hearing must be held within 60 days of service of the motion, in most cases. TCPA § 27.004(a).

[2] During the May 31, 2018, scheduling conference in the case at bar, the Court did comment to counsel that its docket was "crowded."

11. The Court's statutory deadline to rule on Retzlaff's TCPA motion is the 30 day after the date of the hearing on the motion. TCPA § 27.005(a).

*Van Dyke v. Retzlaff*
Retzlaff's Notice of Approaching TCPA Deadlines and Request for Hearing

4

## B. Do The TCPA's Hearing and Ruling Deadlines Apply in Federal Court?

12. The Fifth Circuit has not yet directly answered the "boxers or briefs" question of whether the Texas anti-SLAPP statute[3] is substantive or procedural under the *Erie* doctrine. See ***Dr. C, A Pseudonym v. East Houston Regional Med. Ctr.***, 2018 WL 2392200 at *2 (S.D.Tex. April 25, 2018); ***Mathiew v. Subsea7 (US), LLC***, 2018 WL 1515264 at *5 (S.D.Tex. March 7, 2018). And even if the TCPA applies as substantive under the *Erie* doctrine, there is a separate question as to whether the TCPA's procedural rules—the statute's hearing and ruling deadlines set forth in ¶¶ 8-11 above—also apply in federal court. In comments during the May 31, 2018, scheduling conference in the case at bar, this Court appeared to informally express the opinion that even if the TCPA applies under the *Erie* doctrine, the statute's hearing and ruling deadlines do not.

13. One of the early district court TCPA decisions analyzed the applicability of the TCPA's hearing and ruling deadlines in federal court this way:

> **The TCPA is procedural in that it has specific time constraints, places a stay on discovery, and requires an expedited decision with accelerated appellate process.... However, these procedural features are designed to prevent substantive consequences—the impairment of First Amendment rights and the time and expense of defending against litigation that has no demonstrable merit under state law regarding defamation.**

---

[3] As noted in Retzlaff's TCPA motion, the Fifth Circuit has stated the *Louisiana* anti-SLAPP statute governed in diversity cases. *See, e.g.*, **Henry v. Lake Charles American Press, LLC**, 566 F.3d 174 (5th Cir. 2009).

*Williams v. Cordillera Communications*, 2014 WL 2611746 at *1 (S.D.Tex. 2014). In 2016, the Fifth Circuit contemplated whether the TCPA's hearing and ruling deadlines apply in federal court even when the TCPA applies as substantive. *Cuba v. Pylant*, 814 F.3d 701, 706 n.6 (5th Cir. 2016). However, the *Cuba* court explained, "We assume, *without deciding*, that the state procedural rules ... do in fact apply in federal court." *Id*. [Emphasis added.]

14. At least three different courts in the Southern District of Texas have found the TCPA substantive and applied it in federal diversity cases. *See Matthiew*, 2018 WL 1515264 at *5 (collecting cases). The *Matthiew* court and one federal court in the Western District have concluded the TCPA was entirely procedural and not applicable in federal court. *Id*. At least one court in the Eastern District has held that the TCPA is both substantive and procedural. *See Allen v. Heath*, 2016 WL 7971294 at *4 (E.D.Tex. May 6, 2016). And to add to this confusion, one court within the Circuit has held that, even if the TCPA is substantive, it does not apply because it conflicts with federal law. *Rudkin v. Roger Beasley Imports, Inc*., 2017 WL 6622561 at *3 (W.D.Tex. December 28, 2017) (appeal filed Mar. 2, 2018). The *Rudkin* decision appears to be alone.

15. With the law of this Circuit unsettled, Retzlaff will be obliged to take an interlocutory appeal to the Fifth Circuit almost immediately if this Court declines to follow the hearing and ruling deadlines of the TCPA. Retzlaff's failure to promptly appeal could waive TCPA remedies to which he would otherwise be

entitled, should the statute (and its hearing and ruling deadlines) ultimately be held to apply in federal court. The instant notice and request for hearing are respectfully proffered so the Court is not "blindsided" if this becomes necessary.

### III. CONCLUSION

16. Of course, the Court may opt to make no rulings and thus allow the Fifth Circuit to decide whether (and to what extent) the TCPA is applicable in federal court. However, in the event the Court might prefer to consider and rule on these issues itself, the hearing and ruling deadlines of the statute are rapidly approaching. Taking formal judicial notice of the Court's "docket conditions" or ordering specified, limited discovery relevant to Retzlaff's TCPA motion could extend these statutory deadlines and afford the Court additional time to render an opinion before the deadlines expire.

### IV. PRAYER

17. For these reasons, Retzlaff prays that the Court judicially notice that its crowded docket conditions prevent a hearing in the 60 days immediately following the May 21, 2018, service of Retzlaff's TCPA motion and hold a hearing on Retzlaff's motion on or before the statutory deadline to do so expires—**July 20, 2018**, if judicial notice of the Court's "docket conditions" preventing a hearing is not taken; **August 19, 2018**, if judicial notice of "docket conditions" is taken; and **September 18, 2018**, if the Court also orders specified, limited discovery under TCPA § 27.006(b). Retzlaff prays the Court grant him such other

and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By:       /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

      I certify that on \_\_\_\_\_7-3\_\_\_\_, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    108 Durango Drive
    Crossroads, Texas 76227
    Telephone: 469-964-5346
    FAX: 972-421-1830
    jason@vandykelawfirm.com


        /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**