IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE § | | |
|    Plaintiff § | | |
| § | | |
| v. § | | Case No. 4:18cv247 |
| § | | |
| THOMAS CHRISTOPHER RETZLAFF § | | |
| a/k/a Dean Anderson d/b/a BV Files, Via § | | |
| View Files L.L.C., and ViaView Files § | | |
|    Defendant § | | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO MAKE DISCLOSURES REQUIRED BY RULE 26**

Plaintiff, Jason Lee Van Dyke, asks this Court to compel Defendant to make the disclosures required by Rule 26 of the Federal Rules of Civil Procedure.

## I. FACTS

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. Plaintiff has sued Defendant for multiple torts relating to Defendant's ongoing interference with Plaintiff's employment and law practice dating back to March of 2017. These torts include tortious interference with contract, invasion of privacy, and libel per se.

3. Defendant has not made any of the disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure. Defendant has also not made any of the other disclosures ordered by U.S. Magistrate Judge Christine Nowak in her order dated April 11, 2018. ECF 10.

4. Plaintiff has conferred with opposing counsel in a good faith effort to resolve this dispute without court action, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and as shown in the attached certificate of conference, but has been unable to

resolve the dispute. See Ex. A.

## II. ARGUMENT

5. Rule 26(a) requires each party to disclose certain information without request. A court can compel disclosures and impose appropriate sanctions when a party does not make the required disclosures. Fed. R. Civ. P. 37(a)(3)(A).

6. This Court should grant Plaintiff's motion to compel Defendant to make disclosures because Defendant did not make the required initial disclosures. Defendant has objected to making these disclosures under the Texas Citizens Participation Act. Tex. Civ. Prac. & Rem. Code § 27.004(c).

7. This objection has been made in bad faith because the Texas Citizens Participation Act is a procedural rule designed for state court causes of actions. It is not applicable in federal court for the reasons previously briefed at length by Plaintiff. See ECF 40, ¶ 3 - 13; ECF 48, ¶ 13 - 15.

8. A scheduling conference in this case was held on May 31, 2018. At that time, this Court did not enter any order under Rule 26(d) of the Federal Rules of Civil Procedure prohibiting the service of discovery. In any case, U.S. Magistrate Judge Christine Nowak specifically ordered the completion of this discovery in her order dated April 11, 2018. ECF 10. This order post-dates the filing of Defendant's original motion under the Texas Citizen's Participation Act.

9. Even if the Texas Citizen's Participation Act were applicable in federal court (which it is not), this action by U.S. Magistrate Judge Nowak amounted to an order for limited discovery that would be permissible under Tex. Civ. Prac. & Rem. Code § 27.006(b).

10. Plaintiff has made its own full disclosure of all required information.

11. Due to the lack of clarity involving the permissibility of discovery after the conference held on May 31, 2018, Plaintiff does not request that Defendant be ordered to pay any attorney fees or expenses under Fed. R. Civ. P. 37(a)(5)(A). However, Plaintiff does request that this Court enter an order compelling Defendant's response to the Rule 26(a) disclosures and the other information contained in U.S. Magistrate Judge Christine Nowak's order dated April 11, 2018. ECF 10.

### III.  CONCLUSION

12. Defendant has failed and refused to answer the Rule 26 disclosures required in this case. Due to such refusal, this Court should enter an order compelling Defendant to make such disclosures by a date certain.

### IV.  PRAYER

13. Plaintiff prays that this Honorable Court enter an order granting this motion in all things. Plaintiff also prays for such further relief, in law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

*Pro Se* **Plaintiff**

## CERTIFICATE OF CONFERENCE

I certify that, between July 18, 2018 and July 19, 2018, I conferred with Jeffrey Dorrell about this motion and he opposes this motion.  See Ex. A.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE