EXHIBIT "A"

**Jason Van Dyke**

| | |
|---|---|
| **From:** | Jeffrey Dorrell <JDorrell@hanszenlaporte.com> |
| **Sent:** | Thursday, July 19, 2018 9:54 AM |
| **To:** | Jason Van Dyke |
| **Cc:** | Carl Wilson; Julie Devlin |
| **Subject:** | Van Dyke v. Retzlaff—Temporary Injunction |

Jason,

Respectfully, you do *not* "know" what my "position" is regarding the identity of "Dean Anderson" because I have never had facts sufficient to *form* a position. Even if I had, it would not be possible for you to know the subjective content of my thoughts, such as whether I "know" someone else is "lying."

I cannot determine from your July 18, 2018, e-mail what your specific complaint is about behavior you want enjoined, but you never have to apologize to me for using the tools of civil procedure to prosecute your suit. Should the court grant you any of the relief you say you will request, we will either comply with the court's orders or take other appropriate action to challenge them. At this point, we will stand on our objections to making Rule 26 disclosures (and participating in any other discovery) until such time as the district court or the Fifth Circuit orders otherwise.

To the extent that you apparently seek an injunction to restrain "Dean Anderson" (whoever he may be) from speaking based on content of his speech that you find offensive, I would point out that a hallmark of free speech under both the U.S. and Texas constitutions is the maxim that prior restraints are a heavily disfavored infringement of that right. ***Kinney v. Barnes***, 443 S.W.3d 87, 87 (Tex. 2014).

> **So great is our reticence to condone prior restraints that we refuse to allow even unprotected speech to be banned if restraining such speech would also chill a substantial amount of protected speech.**

*Id.* The Texas Supreme Court has long held that—while abuse of the right to speak subjects the speaker to proper penalties—"'pre-speech sanctions' are presumptively unconstitutional." ***Kinney***, 443 S.W.3d at 87, quoting ***Davenport v. Garcia***, 834 S.W.2d 4, 9 (Tex. 1992). The First Amendment of the U.S. Constitution is also suspicious of prior restraints, which include judicial orders "forbidding certain communications" that are "issued in advance of the time that such communications are to occur." ***Alexander v. United States***, 509 U.S. 544, 550 (1993) (citation and internal quotation marks omitted). The U.S. Supreme Court has long recognized that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." ***Neb. Press Ass'n v. Stuart***, 427 U.S. 539, 559 (1976); *see also id.* As such, they "bear[] a heavy presumption against [their] constitutional validity." ***Bantam Books, Inc. v. Sullivan***, 372 U.S. 58, 70 (1963). I have not been able to find any case authority in which any such prior restraint has ever been upheld on appeal.

We are, of course, prepared to brief and argue these authorities to the court if you wish to press your contrary argument.

Regards,

Jeff

1

# HANSZEN✦LAPORTE
— ATTORNEYS AT LAW —

## Jeffrey L. Dorrell
Board Certified—Civil Trial Law
Texas Board of Legal Specialization
Equity Partner

jdorrell@hanszenlaporte.com   hanszenlaporte.com
p: 713-522-9444   f: 713-524-2580
14201 Memorial Drive, Houston, Texas 77079

On Jul 18, 2018, at 5:34 PM, Jason Van Dyke <jason@vandykelawfirm.com> wrote:

Jeff -

I just received this. I know that your position is that your client and Dean Anderson are two different people. My position is that he is lying about that and I suspect that you know him to be lying. I will be calling the court tomorrow and insisting that my application for a temporary injunction be set for a hearing at the earliest convenience of the court, or in the alternative, filing a written request with the court to have this set. I will also be serving my first set of written discovery tomorrow, and unless I am given a set date with respect to when I can expect your Rule 26 disclosure, I will be filing a motion to compel those disclosures.

I am sorry, but your client has been warned multiple time to stop interfering with my life. I am simply not going to tolerate it any more.

Jason Van Dyke

-----Original Message-----
From: Dean <dean714@yandex.com>
Sent: Wednesday, July 18, 2018 12:56 PM
To: Jason Van Dyke <jason@vandykelawfirm.com>
Subject: [SPAM] Re:

Using a token black guy as a client so you can claim you are not a racist Nazi is a pretty funny idea - unless you happen to be the token black guy with a struggling dental practice in a small town.

I suspect that your scheme will backfire terribly.

But the attempt was quite funny nonetheless. Dr, Hampton will be featured in a new article - CHECK IT OUT!!

p.s.

Don't blame me for this. It was a random commentator on the BV File blog that found this out and posted a comment directing our attention to this. So thank your Antifa buddies the mad doxer for this one! lol I heard that your neighborhood got papered recently, too. that sucks. (not)

3