# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § <br> § <br> v.  § <br> § <br> THOMAS RETZLAFF, a/k/a DEAN § <br> ANDERSON, d/b/a VIA VIEW FILES LLC, § <br> and VIA VIEW FILES § | Civil Action No.  4:18-CV-247 <br> Judge Mazzant |

## ORDER

Pending before the Court is Defendant Thomas Retzlaff's Motion to Require Plaintiff to Post Security for Costs Pursuant to Local Rule CV-65.1(b) (Dkt. #47).  After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied.

On March 28, 2018, Plaintiff Jason Lee Van Dyke, proceeding pro se, filed suit against Defendant in the 431st State District Court of Texas.  On April 10, 2018, Defendant removed the case to federal court.  The basis of Plaintiff's claims revolve around numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff.  On April 11, 2018, Plaintiff filed his Second Amended Complaint asserting claims for libel per se, intrusion on seclusion, and tortious interference with an existing contract (Dkt. #7).  On May 29, 2018, Defendant filed a Motion to Require Plaintiff to Post Security for Costs Pursuant to Local Rule CV-65.1(b) (Dkt. #47).  Specifically, Defendant requests that the Court require Plaintiff "to post a cost bond of $150,000," half of the Defendant's anticipated attorney's fees, "as a condition of continuing with this litigation."  (Dkt. #47 at p. 8).  On May 29, 2018, Plaintiff filed his response (Dkt. #50).

Local Rule CV-65.1(b) states that

> [o]n its own motion or on motion of a party and, after an opportunity to be heard, the court may at any time order a *pro se* litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious *pro se* litigant.

Defendant avers that given Plaintiff's history as a pro se litigant, the likelihood of an award of attorney's fees and sanctions against Plaintiff, the inability of Plaintiff to succeed on his claims, and Plaintiff's meager financial condition, the Court should require Plaintiff to post a security of $150,000. The Court finds Defendant's arguments unpersuasive. As such, the Court declines to mandate Plaintiff to give a security at this time.

It is therefore **ORDERED** that Defendant's Motion to Require Plaintiff to Post Security for Costs Pursuant to Local Rule CV-65.1(b) (Dkt. #47) is hereby **DENIED**.

**SIGNED this 24th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE