IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, <br> *Plaintiff*, <br> <br> v. <br> <br> **THOMAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a BV FILES, VIA VIEW FILES, L.L.C., and VIAVIEW FILES,** <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | NO. 4:18-CV-247-ALM |

## NOTICE OF APPEAL

1. Notice is hereby given that defendant Thomas Christopher Retzlaff desires to appeal to the United States Court of Appeals for the Fifth Circuit from the **July 20, 2018**, denial (by operation of law[1]) of his Second Amended TCPA Motion to Dismiss All of Plaintiff's Claims (Doc. 44) under TEX. CIV. PRAC. & REM. CODE § 27.003 (the Texas Citizens Participation Act, or "TCPA"). In the alternative, Retzlaff desires to appeal from the **July 24, 2018**, memorandum

---

[1] "The court must rule on the motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion." TEX. CIV. PRAC. & REM. CODE § 27.005. "If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." *Id.*, § 27.008(a). In the case at bar, the district court never held the required hearing, despite Retzlaff's requests. (*See, e.g.*, Doc. 59, 67.) At least one Texas court has held that the TCPA movant's "failure to have the case set for a timely hearing results in the movant's forfeiting the TCPA's protections" if the movant does not file a timely challenge. ***Braun v. Gordon***, 2017 WL 4250235 at *3 (Tex. App.—Dallas 2017, no pet.).

opinion and order denying Retzlaff's TCPA motion on the ground that the TCPA is not applicable in federal court under the *Erie* doctrine.[2] (Doc. 71.)

  2. To the extent that the TCPA applies in federal court, interlocutory appeal of the Court's denial of defendants' motion to dismiss without a signed order is specifically authorized by TEX. CIV. PRAC. & REM. CODE § 27.008(a); *see also* § 51.014(a)(12). If the TCPA does not apply in federal court, an immediate appeal of the denial of Retzlaff's TCPA motion is nevertheless allowed under 28 U.S.C. § 1291. *See* **Henry v. Lake Charles American Press, LLC**, 566 F.3d 164, 170-71 (5th Cir. 2009), citing **Cohen v. Beneficial Industrial Loan Corp**., 337 U.S. 541, 546 (1949), in which the Supreme Court recognized the existence of "a small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Thus was born the "collateral order doctrine," which "establishes that certain decisions of the district court are final in effect although they do not dispose of the litigation." **Davis v. E. Baton Rouge Parish Sch. Bd**., 78 F.3d 920, 925 (5th Cir. 1996).

  3. To the extent that the TCPA applies in federal court, this is an expedited appeal. TEX. CIV. PRAC. & REM. CODE § 27.008(b). Should the TCPA not apply in federal court, Retzlaff will separately move the court of appeals to expedite this appeal.

---

[2]  *See* **Erie R.R. Co. v. Tompkins**, 304 U.S. 64, 78 (1938).

4. To the extent that the TCPA applies in federal court, the filing of this interlocutory appeal stays all other proceedings in the district court pending resolution of the appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(b). Should the TCPA not apply in federal court, Retzlaff will separately move to stay proceedings in this Court pending the outcome of Retzlaff's appeal.

5. The Fifth Circuit has not yet resolved the question of whether the Texas anti-SLAPP statute[3] is substantive or procedural under the *Erie* doctrine. *See* ***Diamond Consortium, Inc. v. Hammervold***, No. 17-40582, 2018 WL 2077910, at *3, n.3 (5th Cir. May 3, 2018) ("We follow previous panels in assuming without deciding that Texas's anti-SLAPP statute applies in federal court."). Even if the TCPA applies as substantive under the *Erie* doctrine, there is a separate question as to whether the TCPA's procedural rules—the statute's hearing and ruling deadlines—also apply in federal court. Therefore, the applicability of the TCPA in federal court is central to this appeal.

---

[3] The Fifth Circuit has stated the *Louisiana* anti-SLAPP statute governed in federal court. *See, e.g.*, ***Henry***, 566 F.3d at 183.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

4

## CERTIFICATE OF SERVICE

I certify that on \_\_\_\_\_7-27\_\_\_\_, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

> Mr. Jason Lee Van Dyke
> Plaintiff, Pro Se
> 108 Durango Drive
> Crossroads, Texas 76227
> Telephone: 469-964-5346
> FAX: 972-421-1830
> jason@vandykelawfirm.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**