IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**I.  INTRODUCTION**

1. Defendant's motion to stay proceedings pending appeal correctly states that Plaintiff does not oppose a stay to these proceedings pending appeal. It is true that the reason, at least in part, for Plaintiff's lack of opposition is because a stay would serve the purposes of judicial economy and conserve the resources of the parties. Indeed, all attorneys in Texas have an ethical duty to avoid actions and positions that unreasonably delay costs or other burdens associated with litigation. Tex. Discip. R. Prof. Cond. § 3.02.

2. Although Plaintiff does not oppose a stay in this case pending an appeal, Plaintiff does oppose Defendant's use of an unopposed motion for the following purpose:

    (a) to further libel Plaintiff and to grossly misrepresent the facts of this case to the Court in clear violation of Tex. Discip. R. Prof. Cond. 3.03(a); and

    (b) to use an unopposed motion to stay this case pending appeal as a conduit through which to urge a motion for reconsideration of this Court's ruling on its TCPA motion.

## II.   FACTS

### ( Defendant Has Lied To This Court About The Nature of Plaintiff's Claims )

4.  Plaintiff declines to believe that Defendant lacks the reading comprehension skills necessary to understand his pleadings. With that possibility eliminated, that which remains (however improbable), must be true. In this case, Defendant has proven once again that he is a habitual liar. He is attempting to use an unopposed motion to further his lies. Such behavior will not be tolerated by Plaintiff and it should not be tolerated by this court.

5.  Defendant claims that "Plaintiff judicially admits he filed the instant suit in response to Retzlaff's filing a grievance against him with the State Bar of Texas. ECF 75, ¶ 4. While Defendant's grievance is important background information relevant to this case, the notion that Plaintiff sued Defendant in response to or retaliation for a grievance is a lie. See ECF 1-2, ¶ 3.3; ECF 8-7, ¶ 3.3; ECF 7, ¶ 5.10. Defendant's claims that "[a]s plaintiff's pleadings evolved, plaintiff eventually abandoned his claims of tortious interference with a prospective contract and of libel based on Retzlaff's State Bar grievance" are false for the same reason. ECF 75, ¶ 5-2.

6.  Defendant claims that "Plaintiff later narrowed his suit to alleged Retzlaff statements in a letter to Hon. Jonathan Bailey of the 431st District Court or on a "blog" Retzlaff allegedly owns. ECF 75, ¶ 5-1. While the content of Defendant's pro se filings with respect to his grievance against Plaintiff with the State Bar of Texas, the state court case, and this case are relevant to the question of malice in

this case (to the extent that malice is an element that must be proven), Defendant has never been sued for statements made in his correspondence to Judge Bailey. ECF 8-7, ¶ 3.5 - 3.8; ECF 7, ¶ 5.18 - 5.23.

7. Although substantially all of the statements made by Defendant to the State Bar of Texas concerning Plaintiff are lies, the notion that Plaintiff filed this lawsuit against Defendant in retaliation for his filing of a grievance against Plaintiff is the biggest lie of all. The truth is far simpler: Defendant has caused Plaintiff to lose his full-time employment with two separate employers twice during the period of approximately one calendar year. ECF 1-2, ¶ 4.1 - 4.17; ECF 8-7, ¶ 4.2 - 4.30; ECF 7, ¶ 6.2 - 6.15. In the state bar grievance filed by Defendant against Plaintiff, Defendant admitted his role in causing the rescission of Plaintiff's job offer in Victoria County. A true and correct copy of that grievance (with irrelevant and duplicative attachment omitted) is attached hereto as Exhibit "A" and incorporated by reference herein.

8. Slightly more than one year later, Defendant used similar allegations to cause Plaintiff to be terminated from his position as an associate attorney at Karlseng, LeBlanc & Rich L.L.C. ("KLR"). Defendant's statements to the State Bar of Texas are privileged. However, his admissions of having engaged in tortious conduct against Plaintiff are admissible as evidence of tortious conduct even if the statements themselves are privileged.

9. Similarly, Defendant has never been sued for statements that he made in the course of the state court proceedings in this case. Defendant made a conscious decision to republish libelous statements concerning Plaintiff on his blog. He has continued to make libelous statements about Plaintiff on his blog during the pendency of this

litigation. While the statements made in court filings by Defendant are privileged, the republication of those same statements on his blog is not.

### ( Plaintiff's Membership In A Fraternity Is Irrelevant To This Case )

10. Defendant states that "[p]laintiff admits membership in "The Proud Boys," an organization the Southern Poverty Leadership Center has designated a "hate group." Plaintiff often expresses his extreme views on social media sites in racist and authoritarian ways." ECF 74, ¶ 5-2.

11. There is no dispute that Plaintiff is a member of a multi-racial men's fraternal organization known as the "Proud Boys." A characterization of the fraternity as a "hate group" by a highly disreputable slime machine like the Southern Poverty Law Center has approximately the same significance as a traffic citation issued by an ice cream truck driver.

12. Referring to an organization as a "hate group" doesn't make it true and Plaintiff's membership in Proud Boys is no more relevant to this case than any other litigant's membership in similar fraternal organizations such as the Freemasons, Knights of Columbus, or Elk's Lodge. Defendant's reference to the Proud Boys in his motion to stay proceedings is a "low blow" of the type that this Court previously warned would result in sanctions during the scheduling conference in this case.

### ( The Truth Is Far Simpler )

13. Although there is a great deal of background information that may be pertinent to this case at some point in time, the simple truth is that this case relates only to events that took place on or aroundMarch 24, 2018. See ECF ¶ 6.2 - 6.15. It was on or around that date that Defendant, using his "BV Files" blog and his "Dean Anderson" alias, began a

process that caused Plaintiff to lose his employment with KLR. This lawsuit is about Plaintiff's damages for the loss of that employment and for Defendant's publication of libelous statements about Plaintiff on his BV Files blog. To the extent that this lawsuit relates in any way to Plaintiff's political views or association with the Proud Boys, an examination of the context of Defendant's so-called evidence will quickly refute Defendant's delusions that Plaintiff is a "Nazi", a "white nationalist", a "white supremacist" or otherwise.

14. Defendant is before this Court for one reason and one reason only: He made the decision to remove this case to federal court after he was sued in state court for interfering with Plaintiff's private employment as an attorney. This case is not about a bar grievance and it is not about statements made in Defendant's previous court filings; it is about Defendant's ongoing refusal to behave like a sane human being and leave both Plaintiff and his law practice alone.

15. Defendant certainly has a right to criticize Plaintiff's political views. He does not have the right to characterize those views as something they are not, to wrongfully accuse Plaintiff of engaging in criminal activity or professional misconduct, or to tortiously interfere with Plaintiff's employment or law practice.

### III. ARGUMENT

16. Plaintiff is not opposed to a stay of proceedings in this case during the pendency of Defendant's appeal. Plaintiff's lack of opposition is for (a) the conservation of this Court's resources; (b) conservation of the resources of the parties. Since Defendant has already proven quite apt at causing disciplinary authorities with the State Bar of Texas to believe his delusions, Plaintiff also declines to oppose a stay from this case because

he lacks the time, energy, and willpower required to answer any more baseless state bar complaints from Defendant. Accordingly, Plaintiff joins Defendant in urging the portion of is motion which constitutes a motion to stay these proceedings pending an appeal. ECF 75, ¶ 15 - 17.

17. The remaining paragraphs 18 – 23 of Defendant's motion are nothing more than an attempt by Defendant to use an unopposed motion for a stay of proceedings pending an appeal as a conduit through which to urge a motion to reconsider. Plaintiff condemns, in the strongest possible terms, Defendants use of an unopposed motion in this manner. Plaintiff's agrees with the sound reasoning of this court in its memorandum opinion denying Defendant's TCPA motion and notes that this Court's opinion mirrors that of Judge Brett Kavanuagh in *Abbas v. Foreign Policy Group.* 783 F.3d 1328 (D.C. Cir. 2015) (holding that the District of Columbia's Anti-SLAPP statute is inapplicable in federal court).

## IV. CONCLUSION

18. Plaintiff objects to Defendant's use of an unopposed motion to stay proceedings as a conduit through which to engage in professional misconduct, to further slander Plaintiff's professional reputation, and urge a motion to reconsider. However, Plaintiff does not oppose a stay of proceedings in this case pending appeal.

## V. PRAYER

19. Plaintiff prays that this Court enter an order granting Defendant's motion for a stay of proceedings in this case during the pendency of his appeal. To the extent that Defendant's motion asks for any other relief, Plaintiff prays that such relief be denied. Plaintiff also prays for all such further relief, in law and in equity, to which he may

show himself to be justly entitled.

>Respectfully submitted,
>
>/s/ Jason Lee Van Dyke
>Jason L. Van Dyke
>State Bar No. 24057426
>108 Durango Drive
>Crossroads, TX 76227
>P – (469) 964-5346
>F – (972) 421-1830
>Email:  jason@vandykelawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

>/s/ Jason Lee Van Dyke
>JASON LEE VAN DYKE