# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE | § |
| | § |
| v. | § Civil Action No. 4:18-CV-247 |
| | § Judge Mazzant |
| THOMAS RETZLAFF, a/k/a DEAN ANDERSON, d/b/a VIA VIEW FILES LLC, and VIA VIEW FILES | § § § § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Thomas Retzlaff's Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75). After reviewing the relevant pleadings and motion, the Court finds that the motion should be granted.

## BACKGROUND

On March 28, 2018, Plaintiff Jason Lee Van Dyke filed suit against Defendant in the 431st State District Court of Texas. On April 10, 2018, Defendant removed the case to federal court. The basis of Plaintiff's claims revolve around numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff. On April 10, 2018, Defendant filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #5), which the Court denied as moot pursuant to Plaintiff's amended complaint (Dkt. #53). As a result, on May 22, 2018, Defendant filed his Second Amended TCPA Motion to Dismiss (Dkt. #44). On July 24, 2018, the Court denied Defendant's motion finding that the TCPA is inapplicable in federal court (the "Order") (Dkt. #71). On July 30, 2018, Defendant filed a Notice of Appeal (Dkt. #74). Additionally, Defendant filed an Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75). On July 31, 2018, Plaintiff filed his response (Dkt. #76).

**LEGAL STANDARD**

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

**ANALYSIS**

Although the Court finds that Defendant's motion to stay should be granted, the Court takes this opportunity address various misrepresentations and inaccuracies within Defendant's motion. Specifically, the Court discusses Defendant's comments that the Court (1) overlooked Fifth Circuit precedent that anti-SLAPP statutes are applicable in federal court and (2) erred in articulating its *Erie* analysis.

Defendant complains that the Court, in finding the TCPA inapplicable in federal court, "appears to have overlooked the Fifth Circuit's holding that the *Louisiana* anti-SLAPP statute is applicable in federal court under the ***Erie*** doctrine." (Dkt. #75 at pp. 7–8) (emphasis in original). Citing to *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 168–69 (5th Cir. 2009), Defendant asserts that the Fifth Circuit affirmatively held that a state anti-SLAPP statute applies in federal court under *Erie* (Dkt. #75 at p. 9). Defendant is incorrect. In fact, such a representation is not only misleading but also disrespectful.

In *Block v. Tanenhaus*, which involved the same Louisiana anti-SLAPP statute referenced by Defendant, the Fifth Circuit dismisses Defendant's contention that applicability of anti-SLAPP statutes in federal court is well settled. Specifically, the Fifth Circuit stated "[t]he applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit." *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017). Moreover, the Fifth Circuit cited to

2

numerous opinions, which post-date *Henry*, that make clear that the issue remains an open question. *Id.* n. 2 (citing *Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016); *Cuba v. Pylant*, 814 F.3d 701, 706 n.6 (5th Cir. 2016); *Lozovyy v. Kurtz*, 813 F.3d 576, 582–83 (5th Cir. 2015); *Culberston v. Lykos*, 7901 F.3d 608, 631 (5th Cir. 2015); *Mitchell v. Hood*, 614 F. App'x 137, 139 n.1 (5th Cir. 2015); *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 752–53 (5th Cir. 2014)). Further, the Fifth Circuit in *Block* referenced *Lozovyy* where it "noted the possibility that, particularly in light of our subsequent decisions, *Henry* could be interpreted as assuming the applicability of Article 971 for purposes of that case without deciding its applicability in federal courts more generally." *Id.* (citing *Lozovyy*, 813 F.3d at 582–83). Finally, in *Cuba v. Pylant*, the Fifth Circuit, discussing the applicability of a Texas anti-SLAPP in federal court, clarified that "*Henry* does not resolve an important subsidiary question . . . whether, under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions to dismiss . . . follow the core anti-SLAPP motion to dismiss into federal court." 814 F.3d at 706 n.6.

Given the plethora of Fifth Circuit case law, all subsequent to *Henry*, the Court is at a loss on how Defendant can represent to the Court that the Fifth Circuit has ruled on the applicability of anti-SLAPP statutes in federal court. Further, the Court is perplexed by Defendant's assumption that the Court overlooked *Henry* in researching and writing its Order (Dkt. #71). Ironically, it seems that Defendant overlooked the overabundance of Fifth Circuit rulings, all of which post-date *Henry*, which render Defendant's position improper.

Aside from Defendant's mischaracterization of the law, Defendant continues by asserting that the "Court erred in articulating its ***Erie*** analysis." (Dkt. #75 at p. 8) (emphasis in original). The Court described the *Erie* analysis as follows:

> Performing an *Erie* analysis involves a multi-step inquiry. First, the Court must determine whether the statute is procedural or substantive. State procedural statutes are not applied in federal courts. *Erie*, 304 U.S. at 78. Second, the Court determines whether the state substantive law conflicts with federal procedural rules; if so, then the federal rule applies. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).

(Dkt. #71 at p. 3). Defendant, citing to *Godin v. Schencks*, 629 F.3d 79, 86 (1st Cir. 2010), contends the analysis, as described by the Court, is incorrect because it omits an updated analysis, i.e. whether a federal rule is broad enough to encompass the issue before the Court. The Court disagrees. As made clear by the Fifth Circuit in cases involving the applicability of the TCPA under *Erie*, where "there is a 'direct collision' between a state substantive law and a federal procedural rule that is within Congress's rulemaking authority, federal courts apply the federal rule and do not apply the substantive state law." *Block*, 867 F.3d at 589 (citing *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011); *see also Pylant*, 814 F.3d at 718. Although caselaw from other circuits may be persuasive, the Court follows well settled Fifth Circuit precedent.

The Court cautions Defendant to be mindful as he continues to file motions during the pendency of the above referenced case. Here, Defendant essentially turns a motion to stay into a platform for which to complain about the Court's ruling denying a motion to dismiss. Such conduct is inappropriate and will not be permitted. Regarding Defendant's motion to stay, the Court finds that because it is unopposed it should be granted.

## CONCLUSION

It is therefore **ORDERED** that is Defendant's Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75) is hereby **GRANTED**.

4

**SIGNED this 31st day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE