```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE EASTERN DISTRICT OF TEXAS
 3                        SHERMAN DIVISION
 4
    JASON LEE VAN DYKE              )
 5                                  )
    VS.                             )   Civil No. 4:18CV247
 6                                  )
    THOMAS CHRISTOPHER RETZLAFF     )
 7
 8                    SCHEDULING CONFERENCE
 9            BEFORE THE HONORABLE AMOS L. MAZZANT
10                  UNITED STATES DISTRICT JUDGE
11                         MAY 31, 2018
12
    APPEARANCES
13  FOR THE PLAINTIFF:         Mr. Jason Van Dyke
                               The Van Dyke Law Firm
14                             16901 Dallas Parkway
                               Suite 250
15                             Addison, Texas 75001
                               972.372.0200
16
    FOR THE DEFENDANT:         Mr. Jeffrey L. Dorrell
17                             Hanszen Laporte LLP
                               14201 Memorial Drive
18                             Houston, Texas 77079
                               713.522.9444
19
20
    COURT REPORTER:            Ms. Lori Barnett
21                             130 Jaron Drive
                               Pottsboro, Texas 75076
22                             903.821.3200
23
24  Proceedings recorded by mechanical stenography, transcript
25  produced by CAT
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT: Good morning. This is Judge Mazzant, |
| 3 | and we're here in case 4:18CV247. Have you already done |
| 4 | your appearances? |
| 5 | Okay. So you've already done your appearances. I |
| 6 | would ask one thing is, I am in my courtroom with my |
| 7 | court reporter taking the record down. Every time |
| 8 | everyone -- every time someone speaks, please identify |
| 9 | yourself so we can get a good record. |
| 10 | Now we're set for basically the case manager |
| 11 | report conference today. I know that you already have |
| 12 | agreed to the dates and we're still having a conference, |
| 13 | because I wanted to address other matters. |
| 14 | The first thing I wanted to address is I totally |
| 15 | understand from looking at the pleadings here that the |
| 16 | parties dislike each other significantly, and that's |
| 17 | probably an understatement. However, absent the factual |
| 18 | allegations -- which I understand the factual allegations |
| 19 | in this case require a certain level of pros to be used. |
| 20 | However, I do -- I want to make sure that going forward |
| 21 | in the pleadings and interactions with the Court and the |
| 22 | two parties, I expect the parties to act in a civil |
| 23 | manner. |
| 24 | And -- and even though the plaintiff is pro se, |
| 25 | you are a lawyer. I -- I just -- I'm not going to put up |

```
 1        with the pleadings -- just virtually any kind of
 2        pleadings that don't deal with the underlying facts of
 3        the case.  So I just want to set that stage here.
 4        Because if not, I will start sanctioning.  I am not going
 5        to put up with any of that.
 6             Any questions about that?
 7             First, Mr. Van Dyke?
 8             MR. VAN DYKE:  No, Your Honor.
 9             THE COURT:  Mr. Dorrell?  Is it Dorrell?
10             MR. DORRELL:  This is Jeff Dorrell, Your Honor,
11        and I understand.
12             THE COURT:  Okay.  And so of course I'll enter the
13        scheduling order and deal with that.  But I wanted to
14        deal with -- there's also some other pending motions I
15        want to mention.
16             Of course, we have -- we have the original Motion
17        to Dismiss, Document Number 5.  We have had the later
18        Motion to Dismiss based on the same grounds that defense
19        counsel now has filed.  I don't see any reason why I
20        shouldn't deny the first motion as moot.
21             Any reason why I shouldn't?  And then we'll take
22        up the second motion.
23             MR. DORRELL:  This is Jeff Dorrell.  No objection
24        to that, Your Honor.
25             THE COURT:  Okay.
```

```
 1         MR. VAN DYKE:  This is is Jason Van Dyke.  No
 2    objection to that, Your Honor.
 3         THE COURT:  So I'm going to go ahead and I'll
 4    enter an order denying Docket Number 5, the original
 5    Motion to Dismiss.
 6         And then I think that the pro se defendant
 7    originally filed a motion for hearing on that first
 8    motion, Docket Number 16.  I'm also going to deny that
 9    motion as moot.
10         Now Docket Number 17 is again filed by the pro se
11    defendant, it's the Motion to Take Judicial Notice.  And
12    I will say this is not something typically the Court
13    takes judicial notice of.  But let me ask Mr. Dorrell, is
14    that something you're still asking the Court to pursue?
15         MR. DORRELL:  I did file the motion.  I'm not at
16    this time asking the Court to advance on that.
17         THE COURT:  I'm sorry, say that again. I didn't
18    understand what you said.
19         MR. DORRELL:  This is Jeff Dorrell again.
20         I am not asking the Court to enter any sort of an
21    order or otherwise take judicial notice of the fact that
22    is requested in the pro se defendant's --
23         THE COURT:  Okay.  That's what I want to make
24    sure.
25         MR. DORRELL:  -- asking for judicial notice.
```

```
1        THE COURT:  I will go ahead -- I'm going to deny
2   that Document 17.  I'll deny that as moot, without
3   prejudice if it comes up later.  But it's not really
4   based on something the Court would normally take judicial
5   notice of anyways.
6        And then I think the other -- okay.  And so we
7   still have pending the Motion 18.  The motion -- this was
8   filed by the pro se, as well, on a failure to have
9   jurisdiction -- personal jurisdiction.
10       Is that something also, Mr. Dorrell, you want the
11  Court to take that motion up?
12       MR. DORRELL:  No, Your Honor.  I -- I think we
13  probably just waive the personal jurisdiction and we
14  have -- we're not relying on that at this point.
15       THE COURT:  Okay.  So you're okay with me denying
16  that motion as moot?
17       MR. DORRELL:  Yes, Your Honor.
18       THE COURT:  I will do that, as well.  I think we
19  do have jurisdiction over him, either way.
20       And then -- of course Docket 44 is the second
21  motion that you filed.  And of course, I'll pick that up
22  in due course.
23       And then you've also filed Docket 47, the
24  motion -- the motion regarding -- under our local Rule
25  65.1B, for posting a bond.  And I understand -- well,
```

```
 1    Mr. Dorrell, do you want to be heard on any of that -- on
 2    that matter?
 3         MR. DORRELL:  If the Court's question is do I need
 4    an oral hearing on it, I think the answer to that is no.
 5    I'm certainly prepared to do that if that would be
 6    helpful to the Court.
 7         THE COURT:  Well, it's not necessary.  I -- I will
 8    tell you, I have declared people vexatious litigators --
 9    litigants before.  The problem the Court has with this
10    kind of a motion is typically the Court -- at least me as
11    the judge, I've only declared people vexatious litigants
12    when they have an extensive history in either our court,
13    or they've been declared a vexatious litigant in another
14    federal court and had a lot of activity in another
15    federal court and then try to come to our court asserting
16    the same kind of matters.
17         So I understand why you want this, but typically
18    what -- Mr. Van Dyke has done nothing in this court yet
19    to let the Court really kind of act and -- and grant that
20    request.
21         I'm just giving you the heads up, Mr. Dorrell,
22    that I doubt that I'll be granting the motion, just based
23    on the Court's past practice.
24         MR. DORRELL:  Okay.  Well --
25         THE COURT:  And I just want you -- I want you to
```

```
 1      understand why that is.  Is -- is that I understand he's
 2      filed other cases.  But even so, he's done nothing in
 3      this court -- he has not had a history in this court.  So
 4      the Court has done things like this before or some -- in
 5      some cases we -- we bar the ability to file anymore
 6      lawsuits on a certain subject matter.  We're not -- we're
 7      not -- we're not even close to that -- to reach the level
 8      that would require the Court to do that.
 9              And -- and the reason being is, is that if the
10      Court imposed this bond it -- this -- this kind of -- it
11      would -- it basically prevents the plaintiff from
12      proceeding.  And I just don't think it's appropriate
13      under the facts of this case to go to that level.  I
14      don't know when I'll get an order out on that, but I just
15      wanted to give you the heads up that's where the Court is
16      leaning.
17              MR. DORRELL:  Your Honor, may -- this is Jeff
18      Dorrell again.
19              May I make just one comment on that?
20              THE COURT:  Yes.  Go ahead.
21              MR. DORRELL:  I certainly am familiar with the
22      court's jurisprudence on these motions.  I have read at
23      least a couple of opinions, so I well understand what the
24      Court has just told me.  I just want to make just one
25      observation, and I don't necessarily think this is going
```

1  to change the Court's mind about it.  But under that
2  local rule, it isn't necessary that the plaintiff has
3  been declared a vexatious litigant pursuant to the Texas
4  statute on that, or for purposes of posting a security,
5  that he has filed a number of other actions in this
6  court.  That has been the ruling when the request was for
7  a pre-filing injunction.
8      That without -- just because there were other
9  cases in other courts, that didn't justify a pre filing
10 an injunction.  I think this is different, in that based
11 on the criteria that other courts have set out to
12 consider a -- a request for posting securities, that
13 we -- we have those criteria.  That we -- we have been
14 present.  But it has to do with the fact that the
15 plaintiff does not have assets on which a judgment could
16 be satisfied.  That's actually, you know, one of the --
17 the things that gives rise to this kind of protection.
18      So I hope the Court will give us consideration on
19 that, but I understand what the Court has told me.
20      THE COURT:  Well -- and I'll certainly review it
21 all.  I'm just -- I'm just giving you my thoughts about
22 it is, is that -- you know, I have had this request made
23 because we -- we have had -- we have some pro se
24 litigants here that file a lot of lawsuits.  And I
25 couldn't do it in that case because in about half the

```
 1        cases they actually won because the defendant settled.
 2        And they probably settled for nuisance value, but they
 3        still settled.  And so the plaintiff recovered something.
 4        And so just because they file a lot of lawsuits doesn't
 5        necessarily mean they are vexatious.  It's a question of
 6        whether or not they are filing -- if all the lawsuits are
 7        frivolous and are meant to harass.
 8             So I understand that they're opposite -- Mr. Van
 9        Dyke, did you want to add anything to that?
10             MR. VAN DYKE:  I've -- I've got nothing to add to
11        that, aside from assuming a response, Your Honor, if the
12        Court orders me to do so.  I know that Mr. Dorrell made
13        reference to some other cases in there.  I would be happy
14        to supply the Court some pleadings, and some of the
15        cases.
16             THE COURT:  Well, I'll take that -- you know,
17        because of the Court's very heavy docket, I don't know
18        when I'll get to that.  I have given you my general
19        thoughts but we'll -- I mean I will fully consider the
20        motion, and even the briefing and -- on the matter.
21             The only other motion that I think is pending
22        that's just been recently filed is Plaintiff's Motion for
23        Preliminary Injunction.  I'm not going to even bring that
24        up because it's not even ripe at this point.
25             And then is there anything else I can do for
```

1     Mr. Van Dyke?

2         MR. VAN DYKE: No, Your Honor.

3         THE COURT: And Mr. Dorrell, anything for the

4     defendant?

5         MR. DORRELL: Your Honor, with -- with the Court's

6     permission, I'm going to file later today just a little

7     advisory to the Court on what I think the statutory

8     deadlines are, for the TCPA. And if the Court agrees

9     with me that that is applicable in federal court, then I

10     just want the Court to have handy something that shows

11     when the deadlines are for hearings, including an oral

12     hearing if required, or a ruling on the motion. It will

13     be a simple, one-page full advisory of the deadlines.

14     I -- I hope that's not presumptuous.

15         THE COURT: Well, you're welcome to file that kind

16     of advisory. I don't know -- I haven't looked at the

17     issue. It's something that -- whether that statute

18     applies and it's procedural versus substantive law that

19     has to be applied. I think this Court has -- I think a

20     lot of Court's deal with it, but don't really deal with

21     maybe the decision doesn't really apply or not. And I

22     will tell you right now, even if it does apply, you know,

23     in terms of trying -- it has certain deadlines that

24     certainly aren't -- doesn't -- doesn't bind this Court to

25     that because this Court's docket doesn't allow itself to

```
1    do that.  And the difference in state court is, is that a
2    state district judge doesn't have to enter any written
3    decision for their -- for the decision.  It's -- it's a
4    one-page order.  Whereas in federal court, we actually
5    give reasons for why we do everything and so it's not as
6    quick to get things done.
7              But, yeah, feel free to do that.
8              Anything else, Mr. Dorrell, though, that the Court
9    can take up for your client today?
10             MR. DORRELL:  No, Your Honor.  Thank you.
11             THE COURT:  And then I raise one other issue and I
12   know -- is there any possibility, or would the parties be
13   interested in doing some kind of early mediation?  Is
14   there a way to resolve this amicably?  And maybe there
15   isn't.
16             MR. VAN DYKE:  Your Honor, this is -- this is
17   Jason Van Dyke.  Given -- given the history between
18   the -- between the parties, I -- I can represent to the
19   Court that I've made several settlement offers to
20   Mr. Dorrell to tender to his client, wherein -- I'm
21   sorry, I'm not gonna -- I don't want to tell you what the
22   contents were.  But I -- that I thought were more than
23   reasonable.  He's rejected -- the defendant has rejected
24   them and has stated that certain terms -- the only way
25   he'll consider a settlement, that I would not consider
```

1     acceptable.  So at this point I don't think there's any
2     way of this being resolved through mediation.
3          But if I may, Your Honor, what Mr. Dorrell's last
4     point was with regards to the TCPA motion.  The -- the
5     TCPA, I'll just remind the Court the rule at this time
6     that is applicable in federal court that imposes a stay
7     on discovery until the TCPA motion has been decided.
8     Which could be a problem with the scheduling deadlines
9     we've agreed to.  So, I would ask the Court to consider
10    whether that particular provision of the TCPA, whether
11    there is in fact a stay until the appellate court rules
12    on that motion.
13         THE COURT:  No, I -- I understand.  I'll have to
14    look at that issue.  But let's say the statute does apply
15    and that stay is applicable to this Court.  Even if I
16    have a scheduling order I -- it can -- it can -- I'll
17    readjust it if it's applicable.  But I have to make that
18    determination.
19         Mr. Dorrell, what about -- would your client have
20    an interest in trying to do some kind of early mediation?
21         MR. DORRELL:  Well, Your Honor, I certainly can
22    take it.  I have had cases where the parties were
23    antagonistic and where it looked like there was
24    absolutely no hope of resolution, and when we went into
25    mediation, to my surprise there was a resolution.  So

```
 1        it's possible it's one of those cases.  But I agree with
 2        Mr. Van Dyke that there is a level of heat and hostility
 3        between the parties.  And the intransigence on my
 4        client's part that I'm not seeing from Mr. Van Dyke,
 5        that's very frustrating, achieving a resolution like
 6        that.  So I -- I'm going to -- I'm going to be
 7        Switzerland.  If the Court wants to order us to
 8        mediation -- in fact, in past cases I didn't think we
 9        would settle, but we did.
10              THE COURT:  Well, I -- the reason I suggest that
11        it's at least something to consider, is the fact that at
12        the end of the day let's say we -- fast forward and we
13        make it to trial.  And I don't know that -- what a jury
14        would do with this case.  But also, I don't know if
15        there's an award, whether or not anything will ever be
16        collectable.  So if there's a way to resolve the case
17        amicably and end the hostility with the parties,
18        certainly that would be beneficial.  I know there's some
19        pending motions you probably want to be resolved first
20        and I certainly appreciate that, and certainly will look
21        at that.  It's something we can always discuss later,
22        where I can have one of the magistrate judges do it and
23        it won't cost any money if you go to mediation, other
24        than travel to come here.
25              But -- so I'll leave that with y'all to think
```

```
 1    about and percolate in your minds.  And I'm not going to
 2    order it today, but -- I mean I probably will order at
 3    some point mediation, but I need to resolve on whether
 4    the statute from the state applies here and all that.
 5    And once I resolve that, if -- if the -- if it -- if it
 6    doesn't apply or if it does apply and I deny it, then I
 7    probably will order mediation at that point.
 8         Any other questions?
 9         Mr. Van Dyke, any questions for the Court?
10         Okay.  Not hearing any.  Any for the defense?
11         MR. DORRELL:  None from the defense, Your Honor,
12    thank you.
13         THE COURT:  And we may have lost him -- Mr. Van
14    Dyke?
15         MR. DORRELL:  I think we did.
16         THE COURT:  Okay.  Well we will end the conference
17    and adjourn.  Thank you.
18         MR. DORRELL:  Thank you, Your Honor.
19                    (End of proceedings)
20
21
22
23
24
25
```

```
1   I certify that the foregoing is a correct transcript from the
2   record of proceedings in the above-entitled matter.
3
4   /s/ Lori Barnett                      7/12/18
    COURT REPORTER                        DATE
5
```