IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
|     Plaintiff § | |
| § | |
| v. § | Case No. 4:18cv247 |
| § | |
| THOMAS CHRISTOPHER RETZLAFF § | |
| a/k/a Dean Anderson d/b/a BV Files, Via § | |
| View Files L.L.C., and ViaView Files § | |
|     Defendant § | |

**PLAINTIFF'S MOTION FOR CLARIFYING ORDER**

**I.    FACTS**

1. On July 31, 2018, this Court entered an order staying further proceedings in this lawsuit pending Defendant's interlocutory appeal of this Court's order denying his motion to dismiss this cause of action under the Texas Citizens Participation Act. ECF 79.

2. This is not the only litigation pending between the parties. Specifically, there are multiple frivolous bar disciplinary actions that have been initiated against Plaintiff by Defendant with the State Bar of Texas. There is additional imminent litigation between the parties due to Defendant's continued harassment of Plaintiff during the pendency of his appeal, and most recently, Defendant's harassment of Plaintiff's seventy year old mother (who is currently battling breast cancer).

3. On October 25, 2018, Defendant was ordered to appear and did, in fact, appear for a deposition by video conference in one of those disciplinary cases. A copy of the subpoena ordering Defendant to appear, which was signed by Defendant, is attached hereto as Exhibit "A" and incorporated by reference herein.

4. Prior to his deposition, Retzlaff made multiple statements to attorney Kristin Brady with the Office of the Chief Disciplinary Counsel of the State Bar of Texas in which he

stated his intention to use this Court's order staying proceedings in this case as a legal basis for refusing to answer Plaintiff's cross-examination questions in the lawyer discipline case.

4. Anticipating such frivolous objections at the deposition, Plaintiff attempted to conference with Jeffrey Dorrell, attorney for Defendant, and Kristin Brady, attorney representing the Commission for Lawyer Discipline, concerning a telephone call to the discovery hotline for the U.S. District Court for the Eastern District of Texas with respect to this issue. Copies of the correspondence sent by Plaintiff to both attorneys is attached hereto as the following exhibits:

    Exhibit "B"   -   Email from Plaintiff to Dorrell/Brady (10-24-18)

    Exhibit "C"   -   Email from Plaintiff to Dorrell/Brady (10-25-18)

5. Plaintiff received no response either from Mr. Dorrell or from Ms. Brady and, at approximately 10:38 a.m. on October 25, 2018, telephoned the discovery hotline for the U.S. District Court for the Eastern District of Texas to obtain clarification of this issue. Specifically, Plaintiff asked for the judge on duty to clarify that the order granting a stay in this case is not applicable to any other case (including any lawyer discipline case initiated by Defendant against Plaintiff).

6. The judge on duty at the time declined to issue any ruling on Plaintiff's request and counsel was informed that a motion for a clarifying order is the appropriate forum for presenting an issue such as this.

7. The deposition of Defendant in the lawyer discipline case began on October 25, 2018 at approximately 1:00 p.m. central standard time. During the deposition, Defendant refused to provide any meaningful answers to Plaintiff's cross-examination questions.

He repeatedly cited this Court's order granting of a stay in this case as the basis for his refusal to answer Plaintiff's questions. Excepts from the deposition wherein Defendant used this Court's orders in this case as a basis for refusing to answer questions in the state bar disciplinary case are attached hereto as Exhibit "D" and incorporated by reference herein (with relevant portions highlighted).

## II. ARGUMENT

7. Defendant has filed multiple state bar grievances against Plaintiff. All of the cases filed against Plaintiff by Defendant are entirely lacking in either legal or factual merit. Plaintiff is, nevertheless, required to expend considerable time and resources defending himself against such actions. Defendant is now attempting to utilize the orders of the Court in this case to testify against Plaintiff in other cases free from reasonable cross-examination. This is neither fair nor equitable to Plaintiff.

8. Defendant is a notorious vexatious litigant with a well-known and documented history of stalking individuals such a Plaintiff across state lines in violation of 18 U.S.C. § 2261A. Defendant has stalked Plaintiff repeatedly for nearly two years and has now extended his stalking activities toward members of Plaintiff's immediate family. Plaintiff has already filed an injunction against harassment against Defendant in the Superior Court of Maricopa County Arizona and intends to prosecute additional civil actions against Defendant to prevent, and if necessary, to punish any further harassment by Defendant of Plaintiff and his family.

9. This Court should not permit Defendant to utilize a stay in this case to avoid questioning in Plaintiff's litigation against him in Arizona or further cross-examination by Plaintiff of Defendant in the multiple state bar discipline cases that Defendant has

filed against Plaintiff.

## IV.  CONCLUSION

10. Defendant is abusing the orders entered by the Court in the above-numbered and styled case to make frivolous objections and to prevent reasonable cross-examination in bar discipline proceedings that Defendant has initiated against Plaintiff. Defendant is likely to continue this behavior in disciplinary actions that he has filed against Plaintiff and in the suit for an injunction against harassment that Plaintiff has filed against Defendant in Arizona. This court should enter an order clarifying that the stay granted in this case is inapplicable to discovery in other cases.

## V.  PRAYER

11. Plaintiff prays that this Court enter an order clarifying its memorandum opinion and order entered on July 31, 2018. Specifically, Plaintiff prays that this Honorable Court enter an order clarifying that its order granting a stay in this case is inapplicable to proceedings or discovery requests in any other litigation between the parties or in any state bar disciplinary proceeding initiated by Defendant against Plaintiff.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (469) 964-5346
F – (972) 421-1830
Email:  jason@vandykelawfirm.com

## **CERTIFICATE OF CONFERENCE**

I certify that on November 9, 2018, I conferred with plaintiff Jeffrey Dorrell regarding the foregoing motion for clarifying order. Mr. Dorrell is opposed to this motion. Therefore, this matter is presented to the Court for consideration.

/s/ Jason Lee Van Dyke  
JASON LEE VAN DYKE

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke  
JASON LEE VAN DYKE
