**IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION**

| | |
|---|---|
| **JASON LEE VAN DYKE**, § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **THOMAS CHRISTOPHER** § <br> **RETZLAFF, a/k/a DEAN** § <br> **ANDERSON, d/b/a BV FILES, VIA** § <br> **VIEW FILES, L.L.C., and VIAVIEW** § <br> **FILES,** § <br> *Defendants* § | NO. 4:18-CV-247-ALM |

**DEFENDANT THOMAS RETZLAFF'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A "CLARIFYING ORDER"**

Defendant Thomas Retzlaff files his response to plaintiff's motion for a "clarifying order" (Doc. 82).

**I. INTRODUCTION**

1. Plaintiff is Jason Lee Van Dyke; defendants are Thomas Retzlaff, a/k/a Dean Anderson, d/b/a BV Files, Via View Files, L.L.C., and ViaView Files.[1]

2. On July 30, 2018, Retzlaff appealed to the U.S. Court of Appeals for the Fifth Circuit from this Court's memorandum opinion and order holding that the Texas Citizens Participation Act does not apply in federal court.

3. On July 31, 2018 this Court granted Retzlaff's unopposed motion for a stay of all proceedings pending resolution of the appeal. (Doc. 79.)

---

[1] The "a/k/a" and "d/b/a" designations are plaintiff's. No evidence has ever been proffered to establish that these defendants are alter egos of each other. Retzlaff is the only defendant who has appeared. No other defendant appears to have been served.

## II. FACTS

4. Originally a suit for Retzlaff's allegedly libelous statements to the State Bar of Texas in a grievance (Doc. 7, ¶ 5.3), plaintiff's second amended complaint (Doc. 7) altered the basis of this suit to statements plaintiff claims were made in correspondence to a state judge and on a "blog" allegedly controlled by Retzlaff. Plaintiff does not provide the statements themselves—only plaintiff's *characterizations* of them as having included the following "statements of fact:"

   (i) plaintiff is a Nazi;

   (ii) plaintiff is a pedophile;

   (iii) plaintiff is a drug addict;

   (iv) plaintiff has a criminal record for abusing women;

   (v) plaintiff has committed professional conduct against Retzlaff.

(Doc. 7, ¶ 6.2). Based on these claimed statements, plaintiff sues for:

   (i) libel per se;

   (ii) intrusion upon seclusion; and

   (iii) tortious interference with existing contract (plaintiff's at-will employment by the law firm of Karlseng, Leblanc, & Rich, LLC);

   (iv) internal infliction of emotional distress.

(Doc. 7, ¶ 6.2). Plaintiff has now abandoned his claims based on statements in Retzlaff's grievance. (Doc. 40, ¶ 16.)

5. As a result of Retzlaff's grievance, a disciplinary proceeding is now pending against plaintiff as Cause No. 2017-07583; **Commission for Lawyer**

*Discipline v. Jason Lee Van Dyke*; District 14 Grievance Committee, Evidentiary Panel 14-2; State Bar of Texas. Retzlaff is not in any sense a "party" to the disciplinary proceeding and is not represented by counsel. Plaintiff represents himself.

6. Retzlaff voluntarily accepted the State Bar's subpoena, appeared, and gave testimony in an oral deposition in the proceeding on October 25, 2018. Exhibit 1. The subpoena was issued by State Bar Assistant Disciplinary Counsel Kristin Brady, who examined Retzlaff. *Id*. Plaintiff cross-examined. *Id*.

7. When plaintiff sought to make an "end-run" around this Court's July 31, 2018, stay (Doc. 79), Retzlaff refused to answer some questions on the ground that this was improper. However, Retzlaff also objected that the questions sought to invade the attorney-client privilege, the attorney work-product privilege, and his Fifth Amendment privilege against self-incrimination. Exhibit 1, 19:25-20:6. In the instant motion, plaintiff complains only that Retzlaff "repeatedly cited this Court's order granting of (sic) a stay in this case." Doc. 82, ¶ 7.

8. Plaintiff has taken no action seeking to compel Retzlaff's further answers in the tribunal with jurisdiction over the disciplinary proceeding in which Retzlaff's deposition was taken.

### III. ARGUMENT & AUTHORITIES

9. As shown below, (i) this Court's July 31, 2018, order (Doc. 79) does not require "clarification;" (ii) plaintiff is seeking relief in the wrong forum; and (iii) the Court lacks jurisdiction to grant plaintiff the relief he seeks. Here is why.

#### A. The Court's July 31, 2018, Stay Does Not Require "Clarification"

10. Plaintiff asks the Court to "clarify" that its July 31, 2018, order "is inapplicable to proceedings or discovery requests in any other litigation between the parties or in any State Bar proceeding initiated by Defendant against Plaintiff." Doc. 82, ¶ 11. The Court's order does not presume to do this. Therefore, the Court's order does not require "clarification."

#### B. Plaintiff Has Chosen the Wrong Forum

11. This Court cannot rule on whether proposed discovery is relevant to an issue in some case or controversy pending before another court or tribunal. If Retzlaff misconstrues the Court's July 31, 2018, order or asserts an objection or privilege on a *different* ground—as he also did in his October 25, 2018, deposition in plaintiff's disciplinary proceeding—plaintiff's remedy is to ask *that* tribunal to compel Retzlaff's answers to specific questions. Seeking some nebulous "clarification" of this Court's order is pointless when unrelated objections have also been urged. Neither the State Bar (some of whose questions were also not answered) nor plaintiff has moved to compel any answer of Retzlaff's. Until they do, the discovery has been waived.

### C. The Court Lacks Jurisdiction to Grant Plaintiff Relief

12.  It is undisputed that the U.S. Court of Appeals for the Fifth Circuit has accepted and docketed Retzlaff's appeal in the case at bar as No. 18-40710; *Jason Lee Van Dyke v. Thomas Christopher Retzlaff*.

> **The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.**

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), citing *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979).  Retzlaff's opening brief was filed in the court of appeals on November 21, 2018.  Should the Court accept plaintiff's invitation to resume issuing orders as though no appeal were pending, such action would invade the jurisdiction of the court of appeals.  A new order could alter the issues already presented in Retzlaff's pending appeal.  Such action would be fatally inconsistent with the transfer of jurisdiction to the court of appeals that took place on July 30, 2018.

13.  Furthermore, what plaintiff denominates a "clarifying order" would in reality, if the Court were to issue it, be an improper advisory opinion.  This Court cannot know what question might be asked in "any other litigation" in an attempt by plaintiff to obtain discovery that he would not be allowed under either Tex. Civ. Prac. & Rem. Code § 27.003(c) or this Court's July 31, 2018, order.  Until such discovery has been sought, no issue is ripe and no tribunal has jurisdiction to render advice to plaintiff on how it might rule.

## IV. CONCLUSION

14. This Court's July 31, 2018, order (Doc. 79) does not require "clarification." Plaintiff's complaint about Retzlaff's objections to plaintiff's deposition cross-questions in Cause No. 2017-07583; *Commission for Lawyer Discipline v. Jason Lee Van Dyke*; District 14 Grievance Committee, Evidentiary Panel 14-2; State Bar of Texas; should be brought in the forum in which the deposition was taken. For this and other reasons—including, and especially, the pendency of an appeal of the case at bar before the U.S. Court of Appeals for the Fifth Circuit—this Court lacks jurisdiction to grant plaintiff the relief he seeks.

## V. PRAYER

15. For these reasons, defendant Thomas Retzlaff prays the Court to deny plaintiff's motion for a clarifying order in all things, and for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on \_\_\_\_\_11-26\_\_\_\_, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

>Mr. Jason Lee Van Dyke
>Plaintiff, Pro Se
>108 Durango Drive
>Crossroads, Texas 76227
>Telephone: 469-964-5346
>FAX: 972-421-1830
>jason@vandykelawfirm.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**