IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:18-CV-247-ALM** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES**, | § | |
| *Defendants* | § | |

### DEFENDANT THOMAS RETZLAFF'S RESPONSE TO—AND PARTIAL JOINDER IN—PLAINTIFF'S MOTION FOR "COURT-ORDERED DISMISSAL"

Defendant Thomas Retzlaff files his response to—and partial joinder in—plaintiff's motion for a "court-ordered dismissal" (Doc. 84).

### I. INTRODUCTION

1.     Plaintiff is Jason Lee Van Dyke; defendants are Thomas Retzlaff, a/k/a Dean Anderson, d/b/a BV Files, Via View Files, L.L.C., and ViaView Files.[1]

2.     On July 30, 2018, Retzlaff appealed from this Court's memorandum opinion and order holding that the Texas Citizens Participation Act does not apply in federal court under the ***Erie*** doctrine.

3.     On December 3, 2018 plaintiff moved to dismiss all of plaintiff's claims and to withdraw all of plaintiff's pending motions. (Doc. 84.)

---

[1]     The "a/k/a" and "d/b/a" designations are plaintiff's.  No evidence has been adduced establishing that these defendants are alter egos or assumed names of each other.  Only Retzlaff  has appeared.  No other defendant appears to have been served.

## II. ARGUMENT & AUTHORITIES

4.     Assuming the Court has jurisdiction to grant plaintiff relief,[2] Retzlaff joins plaintiff's motion to the extent that it seeks to dismiss all of plaintiff's claims and withdraw all of plaintiff's pending motions.   However, Retzlaff respectfully declines to withdraw Retzlaff's motion to dismiss under the Texas Citizens Participation Act,[3] TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq.*

5.     To avoid harm or prejudice to Retzlaff, the Court's dismissal of plaintiff's claims should be with prejudice.   *See **Elbaor v. Tripath Imaging, Inc.**,* 279 F.3d 314, 317-18 (5th Cir. 2002).

6.     Under Texas law, a party's decision to dismiss his own claims does not affect a nonmoving party's independent claims for affirmative relief, including TCPA motions.   ***Rauhauser v. McGibney***, 508 S.W.3d 377, 381 (Tex. App.—Fort Worth 2014, no pet.), *overruled on other grounds, **Hersh v. Tatum**,* 526 S.W.3d 462, 467 (Tex. 2017).   If successful, Retzlaff's TCPA motion would make an award to Retzlaff of his attorney's fees and sanctions from plaintiff *mandatory.* TCPA § 27.009(a); ***Walker v. Hartman***, 516 S.W.3d 71, 80 (Tex. App.— Beaumont 2017, pet. denied); ***Rauhauser***, 508 S.W.3d at 381-83.

---

[2]     The U.S. Court of Appeals for the Fifth Circuit has docketed Retzlaff's appeal in the case at bar as No. 18-40710; ***Jason Lee Van Dyke v. Thomas Christopher Retzlaff***.   "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Griggs v. Provident Consumer Discount Co.***, 459 U.S. 56, 58 (1982).   Thus, this Court may lack jurisdiction to grant plaintiff any relief.

[3]     Assuming that the U.S. Court of Appeals for the Fifth Circuit decides—either in the appeal of the instant case or one of the other two cases presently before it presenting the same issue—that the TCPA is applicable in federal court under the ***Erie*** doctrine.

### III. CONCLUSION

7.     Assuming the Court has jurisdiction to grant plaintiff any relief, Retzlaff joins plaintiff's motion to the extent that it seeks dismissal of all plaintiff's claims with prejudice and a withdrawal of all of plaintiff's pending motions.  Retzlaff does not seek to withdraw his TCPA motion to dismiss plaintiff's claims and for attorney's fees and mandatory sanctions in accordance with the TCPA, and respectfully opposes any order to such effect.

### IV. PRAYER

8.     For these reasons, Retzlaff prays the Court to grant plaintiff's motion to dismiss all of plaintiff's claims with prejudice, allow the withdrawal of all of plaintiff's pending motions, and for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.  The Court's order should leave undisturbed Retzlaff's right to seek mandatory recovery of his attorney's fees and an award of sanctions against plaintiff in accordance with the TCPA, should the U.S. Court of Appeals for the Fifth Circuit find that the TCPA is applicable in federal courts.

Respectfully submitted,

# HANSZEN ✦ LAPORTE

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
**WM CARL WILSON**
State Bar No. 24090472
cwilson@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____12-17_____, 2018, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

> Mr. Jason Lee Van Dyke
> Plaintiff, Pro Se
> 108 Durango Drive
> Crossroads, Texas 76227
> Telephone: 469-964-5346
> FAX: 972-421-1830
> jason@vandykelawfirm.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**