IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
|     Plaintiff § | |
| § | |
| v. § | Case No. 4:18cv247 |
| § | |
| THOMAS CHRISTOPHER RETZLAFF § | |
| a/k/a Dean Anderson d/b/a BV Files, Via § | |
| View Files L.L.C., and ViaView Files § | |
|     Defendant § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

**I. INTRODUCTION**

Plaintiff, Jason Lee Van Dyke ("Plaintiff" or "Van Dyke") respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a THIRD AMENDED COMPLAINT, a copy of which is attached hereto as Exhibit "A" and incorporated by reference herein. The new complaint maintains the counts and allegations against the same defendants from the original complaint, but accounts for significant factual developments that have occurred since Plaintiff's last amended complaint was filed. Specifically, this complaint accounts for (i) Defendant's ongoing criminal stalking of Plaintiff since a stay of this case was granted on July 31, 2018; and (ii) Defendant's ongoing abuse of attorney discipline procedures in Texas and other states.

**II. STATEMENT OF FACT**

On April 11, 2018, this case was removed from the 431st District Court in and for Denton County Texas to this Court. At the time of removal, Plaintiff had already filed one amended complaint in state court to account of additional facts that had come to his

attention since the time of filing. Plaintiff filed his second amended complaint in this Court to account for and comply with the enhanced pleading requirements of federal court. This case was stayed on July 31, 2018 until such a time as the 5th Circuit Court of Appeals rules on Defendant's appeal of this Court's denial of his motion to dismiss this case under the Texas Citizens Participation Act.

The heart of this case has pertained to Defendant's criminal stalking of Plaintiff, which began on or around March 20, 2017, has continued ever since, and has progressively grown in its severity. Since the stay in this case, Defendant has continued to libel Plaintiff, harass Plaintiff through harassing and unwanted e-mail communications, harass Plaintiff through publications to his "BV Files" blog, and harass practically anyone else associated in any way with Plaintiff through both e-mail communications and posts to his "BV Files" blog. The statute of limitations on these claims is as short as one year, and Plaintiff wishes to amend his complaint so that his additional complaints about Defendant's behavior may be resolved in this case, and so that all of his causes of action against Defendant as preserved against the statute of limitations.

Defendant has made some modifications in the manner he has chosen to stalk Plaintiff which also needed to be addressed in the amended complaint. As of the date of the stay, Defendant had filed two grievances against Plaintiff with the State Bar of Texas which were subsequently combined into a single grievance. Since the date of entry of this Court's order staying this case, Defendant has filed twelve additional grievances against Plaintiff in Texas alone, and additional grievances against Plaintiff in Colorado, Georgia, and Washington D.C. Furthermore, Defendant has abused the grievance process to harass at least one attorney hired by Plaintiff to assist him in a separate manner.

In addition to injunctive relief designed to prohibit Defendant from continuing to harass him through traditional means, Plaintiff now seeks additional relief from this Court to put an end to Defendant's harassment of him and other similarly situated individuals. Specifically, Plaintiff is seeking injunctive relief to prohibit Defendant from filing a professional grievance against any attorney other than his own attorney, unless said grievance is prepared by said attorney, signed by said attorney, and filed on behalf of Defendant by said attorney. This accounts for a compelling interest by this Court to prevent abuse of the attorney discipline process by vexatious litigants such as Defendant. Such abuse not only causes emotional distress to his victims (including Plaintiff) but forces bar disciplinary authorities to limited resources investigating Defendant's personal vendettas.

Plaintiff previously filed a motion for a preliminary injunction in this case (ECF 46), but due to the stay in this case, Plaintiff intends to amend that motion with all of the additional facts and request a hearing after this case is remanded by the 5th Circuit.

### III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As the scheduling order in this case has effectively been rendered moot by this Court's order granting a stay, Rule 16(b) (applying to pre-trial scheduling orders) is not applicable. Although the decision whether to grant leave to amend a pleading is within the sound discretion of the district court. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013). However, a district court must have a

"substantial reason" to deny leave. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The court must consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party by virtue of the allowance of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent such a factor, leave should be freely given. *Id*.

Despite the filing date of this case, it is still in its infancy. Aside from the entry of a preliminary scheduling order, the only matter fully considered by this Court has been Defendant's motion to dismiss under the Texas Citizens Participation Act. After this motion was denied, this Court stayed further proceedings in this case on Defendant's motion (unopposed by Plaintiff) and little or no activity has occurred since that time in this Court. However, substantial activity has occurred outside of this Court and, once the 5th Circuit has rules, Plaintiff wishes for this activity to be addressed with all due haste.

Plaintiff had two options in this case. The first option would have been to file an additional lawsuit against Defendant, either in state court or a United States district court, to address Defendant's behavior since the entry of the order staying this case. This would have almost certainly led to the filing of another anti-SLAPP motion by Defendant and another appeal by the non-prevailing party. In short, the filing of an additional lawsuit would have been more costly for both parties and a waste of judicial resources. Accordingly, Plaintiff seeks leave to bring his additional claims against Defendant in this lawsuit rather than a separate lawsuit. Although this case is stayed, this Court should grant leave to amend in this case to avoid potential issues with the statute of limitations that

would compel Plaintiff to file a separate lawsuit.

### IV.  PRAYER

WHEREFORE, premises considered, Plaintiff prays that this Honorable Court enter an order granting Plaintiff leave to file the attached third amended complaint.

        Respectfully submitted,

        /s/ Jason Lee Van Dyke  
        Jason L. Van Dyke  
        PO Box 2618  
        Decatur, TX 76234  
        P – (940) 305-9242  
        Email:  jasonleevandyke@protonmail.com

### CERTIFICATE OF CONFERENCE

I certify that, on multiple occasions prior to 6-22-2019, I e-mailed Jeffrey Dorrell to advise that I would be filing the foregoing motion seeking leave to amend together with an additional motion seeking to lift the stay in this case.  On 6-24-19, Mr. Dorrell informed me that he was opposed.

        /s/ Jason Lee Van Dyke  
        JASON LEE VAN DYKE

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

        /s/ Jason Lee Van Dyke  
        JASON LEE VAN DYKE