IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE §<br>    Plaintiff §<br> §<br>v. §<br> §<br>THOMAS CHRISTOPHER RETZLAFF §<br>a/k/a Dean Anderson d/b/a BV Files, Via §<br>View Files L.L.C., and ViaView Files §<br>    Defendant § | Case No. 4:18cv247 |

### PLAINTIFF'S MOTION TO LIFT STAY AND RESUME CASE

Plaintiff, Jason Lee Van Dyke, asks that this Court grant a preliminary injunction against Defendant.

### I.   FACTS

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. This case arose from criminal stalking of Plaintiff by Defendant. This stalking has been ongoing since March of 2017 and has progressively intensified.

3. Plaintiff previously agreed to a stay in this case so that the 5th Circuit Court of Appeals could consider Defendant's appeal of this Court's order denying his motion to dismiss this case under the Texas Citizens Participation Act.

4. Unfortunately, since the stay in this case was granted, Defendant has continued to stalk Plaintiff and commit intentional torts against him.  A short list of the acts committed by Defendant against Plaintiff prior to the stay is set forth in Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support.  ECF 46, ¶ 1 – 9. The acts committed by Defendant since this Court's order granting a stay are set forth in Plaintiff's Third Amended Complaint (attached as an exhibit to Plaintiff's Motion for Leave to Amend). ECF 87-1, ¶ 5.25 – 5.49.

3. Harassment by sending repeated electronic communications occurs when (a) a person; (b) with the intent to harass, annoy, alarm, abuse, torment, or embarrass another; (c) sends repeated electronic communications; (d) in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.  Tex. Pen. Code § 42.07(a)(7). Stalking is when (a) a person; (b) on more than one occasion; (c) pursuant to the same scheme or course of conduct; (d) knowingly; (e) engages in conduct that constitutes an offense under Tex. Pen. Code § 42.07 [harassment].  Tex. Pen. Code § 42.072.

4. Defendant stalked Plaintiff through a variety of means prior to the stay. During the stay, Defendant has not only continued to stalk Plaintiff, but his efforts have intensified.

## II. ARGUMENT

5. This Court exercised had broad discretion to grant a stay pending Defendant's interlocutory appeal to the 5th Circuit in this case. *Ryan v. Gonzales,* 586 U.S. 57, 75 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254. It has been over eleven months since this proceeding was stayed.

6. The power to stay proceedings is derived from the inherent power of every court to control the disposition of cases on its docket and promote judicial economy. *Id*. However, a Court is typically required to weigh competing interests and maintain an even balance between the court's interest in judicial economy and any possible hardship to the parties. *Belize Soc. Dev. Ltd. v. Gov't of Belize,* 668 F.3d 724, 732-33 (D.C. Cir. 2012).

7. In this case, Defendant previously argued that a stay would promote judicial economy and conserve the resources of both parties. At the time, Plaintiff agree with this

        assessment. Unfortunately, rather than modify his behavior, Defendant has elected to abuse the stay in this case by using it as an opportunity to further terrorize Plaintiff. This will no longer be tolerated by Plaintiff, and furthermore, this Court should not tolerate the abuse of its stay in such a manner.

8. Plaintiff desires to continue litigating this case immediately. Specifically, Plaintiff desires an immediate hearing on a motion for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure so that, at the very least, Plaintiff may obtain an order (enforceable through criminal contempt proceedings) that will compel Defendant to cease and desist his stalking of Plaintiff during the pendency of this proceeding.

### III.    CONCLUSION

9. Defendant has abused the stay granted by the Court in this case as an opportunity to inflict additional damage onto Plaintiff. Accordingly, the interests of justice and judicial economy require that the Court lift its stay in this case so that those issues which have developed since the date of its order staying proceedings in this case may be appropriately addressed. If the stay is not lifted, Plaintiff will have no alternative than to seek relief on his new claims through a separate lawsuit (which will increase the judicial burden on the courts and the financial burden on both parties).

### IV.    PRAYER

10. Plaintiff prays that this Honorable Court enter an order lifting the previously imposed stay of these proceedings.

       Respectfully submitted,

       /s/ Jason Lee Van Dyke
       Jason L. Van Dyke
       PO Box 2618
       Decatur, TX 76234
       P – (940) 305-9242
       Email: jasonleevandyke@protonmail.com

## CERTIFICATE OF CONFERENCE

I certify that, on multiple occasions prior to 6-22-2019, I e-mailed Jeffrey Dorrell to advise that I would be filing the foregoing motion seeking leave to amend together with an additional motion seeking to lift the stay in this case. On 6-24-19, Mr. Dorrell informed me that he was opposed.

       /s/ Jason Lee Van Dyke
       JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

       /s/ Jason Lee Van Dyke
       JASON LEE VAN DYKE