BEFORE THE DISTRICT 14 GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 14-2
STATE BAR OF TEXAS

**FILED**
APR 1 2 2018
EVIDENTIARY CLERK-STATE BAR OF TEXAS
DALLAS/FORT WORTH

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER DISCIPLINE,** Petitioner | § § § § | |
| V. | § § | CASE NO. 201706276 |
| **JASON LEE VAN DYKE,** Respondent | § § § | |

### EVIDENTIARY PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, the Commission for Lawyer Discipline (Petitioner), and would respectfully show the following:

### I. Parties

Petitioner is a committee of the State Bar of Texas. **Jason Lee Van Dyke**, State Bar No. **24057426** (Respondent), is an attorney licensed to practice law in the State of Texas. Respondent may be served with process by and through his attorney of record, Alan Kramer Taggart, 290 W White Avenue, McKinney, Texas 75071.

### II. Jurisdiction & Venue

This Disciplinary Proceeding is brought pursuant to the State Bar Act, TEX. GOV'T. CODE ANN. Sec. 81.001, *et seq.*, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure. The complaint that forms the basis of this Disciplinary Proceeding was filed by Ryan Daniel on or after January 1, 2004. Venue is proper in Denton County, Texas, pursuant to Rule 2.11(B) of the Texas Rules of Disciplinary Procedure, because Denton County is the county of Respondent's principal place of practice.

Exhibit 6

### III. Professional Misconduct

The acts and omissions of Respondent as alleged below, constitute professional misconduct.

### IV. Factual Allegations

On or about October 3, 2017, Respondent filed a lawsuit on behalf of his client, Jessica Vidrine ("Vidrine"), against Complainant, Ryan Daniel ("Daniel"). The matter was originally filed in Denton County, Texas, styled Jessica Vidrine v. Dr. Ryan Daniel, Cause No. 17-8460-431, in the 431st Judicial District Court. The matter was later transferred to Dallas County, Texas, styled Jessica Vidrine v. Dr. Ryan Daniel, Cause No. DC-17-17116, in the 298th Judicial District Court.

Throughout the lawsuit filed against Daniel, Respondent engaged in activity that unreasonably increased the costs or burdens of the case; unreasonably delayed resolution of the matter; served no substantial purpose other than to embarrass, delay, or burden Daniel; presented or threatened to present criminal or disciplinary charges solely to gain an advantage in a civil matter and to prevent Daniel's participation; and, involved dishonesty, fraud, deceit, or misrepresentations. These actions include but are not limited to – Respondent ceasing settlement negotiations due to Daniel filing a grievance against Respondent; Respondent advising his client to either cease settlement negotiations or demand an unreasonable amount of money; filing a motion for sanctions against Daniel; misrepresenting or withholding facts to the Court; threatening criminal charges and filing a police report against Daniel; threatening to file a grievance against Daniel's attorney, Lauren Harris ("Harris"); and, by posting a negative review on Daniel's business web site.

In addition, Respondent continued to represent Vidrine after it reasonably appeared that his representation became adversely limited by Respondent's own interests.

## V. Disciplinary Rules of Professional Conduct

The conduct described above is in violation of the following Texas Disciplinary Rules of Professional Conduct:

| | |
|---|---|
| 4.04(b)(1) | In representing a client, a lawyer shall not present, participate in presenting, or threaten to present criminal or disciplinary charges solely to gain an advantage in a civil matter. |
| 4.04(b)(2) | In representing a client, a lawyer shall not present, participate in presenting, or threaten to present civil, criminal or disciplinary charges against a complainant, a witness, or a potential witness in a bar disciplinary proceeding solely to prevent participation by the complainant, witness or potential witness therein. |
| 3.02 | A lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter. |
| 1.06(b)(2) | A lawyer shall not represent a person if the representation of that person reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests. |
| 8.04(a)(3) | A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. |

## VI. Complaint

The complaint that forms the basis of the cause of action set forth above was brought to the attention of the Office of the Chief Disciplinary Counsel of the State Bar of Texas by Ryan Daniel filing a complaint on or about October 17, 2017.

## VII. Prayer

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that a judgment of professional misconduct be entered against Respondent and that this Evidentiary Panel impose

an appropriate sanction against Respondent as warranted by the facts. Petitioner further prays to recover all reasonable and necessary attorneys' fees and all costs associated with this proceeding. Petitioner further prays for such other and additional relief, general or specific, at law or in equity, to which it may show itself entitled.

## VIII. Request for Disclosure

Pursuant to Rule 2.17(D) of the Texas Rules of Disciplinary Procedure, Petitioner requests that Respondent disclose, within fifty (50) days of the service of this request, the following information or material:

1. The correct name of the parties.

2. The factual bases of Respondent's claims or defenses.

3. The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with this disciplinary proceeding.

4. For any testifying expert, the expert's name, address, and telephone number; subject matter on which the expert will testify, and the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them.

5. Any witness statements.

Respectfully submitted,

**Linda A. Acevedo**
Chief Disciplinary Counsel

**Kristin V. Brady**
Assistant Disciplinary Counsel

Office of the Chief Disciplinary Counsel
State Bar of Texas
The Princeton
14651 Dallas Parkway, Suite 925
Dallas, Texas 75254
(972) 383-2900 Telephone
(972) 383-2935 Facsimile

kristin.brady@texasbar.com

_/s/ Kristin V. Brady_
Kristin V. Brady
State Bar No. 24082719

ATTORNEYS FOR PETITIONER