BEFORE THE DISTRICT 14 GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 14-2
STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, Petitioner | § § § § § § § § § § § | |
| V. | | CASE NO. 201706276 |
| JASON LEE VAN DYKE, Respondent | | |

## AGREED JUDGMENT OF FULLY PROBATED SUSPENSION

### Parties and Appearance

On this day, came to be heard the above-styled and numbered cause. Petitioner, Commission for Lawyer Discipline (Petitioner) and Respondent, **JASON LEE VAN DYKE** (Respondent), Texas Bar Number **24057426**, announce that an agreement has been reached on all matters including the imposition of a Probated Suspension.

### Jurisdiction and Venue

The Evidentiary Panel 14-2, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 14, finds that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper.

### Professional Misconduct

The Evidentiary Panel, having considered the pleadings, admissions, stipulations and agreements of the parties, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(W) of the Texas Rules of Disciplinary Procedure.

### Findings of Fact

Petitioner and Respondent agree to the following findings of fact. Accordingly, the Evidentiary Panel finds:

Exhibit 7

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2. Respondent resides in and maintains his principal place of practice in Denton County, Texas.

3. On October 3, 2017, Respondent filed a lawsuit on behalf of his client, Jessica Vidrine (Vidrine), against Complainant, Ryan Daniel.

4. Respondent threatened to present criminal or disciplinary charges solely to gain an advantage in connection with the civil matter.

5. Respondent continued to represent Vidrine after it reasonably appeared that his representation became adversely limited by Respondent's own interests.

6. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney's fees and direct expenses associated with this Disciplinary Proceeding in the amount of One Thousand Eight Hundred Dollars and No/100 Cents ($1,800.00).

## Conclusions of Law

Petitioner and Respondent agree that, based on the foregoing findings of fact, the following Texas Disciplinary Rules of Professional Conduct have been violated. Accordingly, the Evidentiary Panel concludes that the following Texas Disciplinary Rules of Professional Conduct have been violated: Rules 1.06(b)(2) and 4.04(b)(1).

## Sanction

It is **AGREED** and **ORDERED** that the sanction of a Probated Suspension shall be imposed against Respondent in accordance with the Texas Rules of Disciplinary Procedure.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Respondent be suspended from the practice of law for a period of six (6) months, with the suspension being fully probated pursuant to the terms stated below.   The period of probated suspension shall begin on November 15, 2018, and shall end on May 14, 2019.

## Terms of Probation

It is further **ORDERED** that during all periods of suspension, Respondent shall be under the following terms and conditions:

1. Respondent shall not violate any term of this judgment.

2. Respondent shall not engage in professional misconduct as defined by Rule 1.06(W) of the Texas Rules of Disciplinary Procedure.

3. Respondent shall not violate any state or federal criminal statutes.

4. Respondent shall keep State Bar of Texas membership department notified of current mailing, residence and business addresses and telephone numbers.

5. Respondent shall comply with Minimum Continuing Legal Education requirements.

6. Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7. Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

8. Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of One Thousand Eight Hundred Dollars and No Cents ($1,800.00). The payment of attorney's fees and direct expenses shall be made in four (4) monthly installments, each in the amount of Four Hundred Fifty Dollars and No Cents ($450.00). Each payment is due on or before the fifteenth (15th) day of each month, as follows: November 15, 2018; December 15, 2018; January 15, 2019; and February 15, 2019. The payments of attorney's fees and direct expenses shall be made by certified or cashier's check or money order and made payable to the State Bar of Texas, and delivered to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

9. Respondent shall seek mental health treatment. Prior to May 14, 2019, Respondent shall submit to a psychological evaluation and Respondent shall instruct the mental health professional to confirm to Petitioner, in writing, when Respondent has completed same. Further, Respondent shall instruct the mental health professional to provide Petitioner with written updates that confirm that Respondent is continuing therapy/counseling with said provider and that Respondent is continuing therapy/counseling with said provider and that confirm that Respondent is compliant with the provider's recommendations.

Respondent shall sign any HIPAA release necessary for the limited purpose of the mental health professional confirming with Petitioner:

a.  That Respondent completed the psychological evaluation; and
b.  That Respondent is compliant with the mental health professional's recommendations.

The substance of the evaluation and/or therapy shall not be released to Petitioner.

10.  Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 877-953-5535, ext. 1334 and Special Programs Coordinator at 877-953-5535, ext. 1323, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

## Probation Revocation

Upon information that Respondent has violated a term of this judgment, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation pursuant to Rule 2.23 of the Texas Rules of Disciplinary Procedure with the Board of Disciplinary Appeals (BODA) and serve a copy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a.

BODA shall conduct an evidentiary hearing.  At the hearing, BODA shall determine by a preponderance of the evidence whether Respondent has violated any term of this Judgment.  If BODA finds grounds for revocation, BODA shall enter an order revoking probation and placing Respondent on active suspension from the date of such revocation order.  Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **ORDERED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for

discipline as allowed under the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure.

### Attorney's Fees and Expenses

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of One Thousand Eight Hundred Dollars and No Cents ($1,800.00). The payment of attorney's fees and direct expenses shall be made in (4) monthly installments, each in the amount of Four Hundred Fifty Dollars and No Cents ($450.00). Each payment is due on or before the fifteenth (15th) day of each month, as follows: November 15, 2018; December 15, 2018; January 15, 2019; and February 15, 2019. The payments of attorney's fees and direct expenses shall be made by certified or cashier's check or money order and made payable to the State Bar of Texas, and delivered to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent, are assessed as a part of the sanction in accordance with Rule 1.06(Z) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

### Publication

This suspension shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

## Other Relief

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this _28_ day of ~~November~~ *December*, 2018.

**EVIDENTIARY PANEL 14-2**
**DISTRICT NO. 14**
**STATE BAR OF TEXAS**

**Harold Frederick Hagen**
**District 14, Panel 14-2 Presiding Member**

**AGREED AS TO BOTH FORM AND SUBSTANCE:**

Jason Lee Van Dyke
State Bar No. 24057426
**Respondent**

Kristin Virginia Brady
State Bar No. 24082719
**Counsel for Petitioner**

Alan K. Taggart
State Bar No. 19608474
**Counsel for Respondent**