IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
|     *Plaintiff*, | § | |
| v. | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | NO. 4:18-CV-247-ALM |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
|     *Defendants* | § | |

**RETZLAFF'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY AND RESUME CASE**

Defendant Thomas Retzlaff files his opposition to plaintiff's motion to lift stay and resume case. (Doc. 88).

**I. INTRODUCTION**

1. Plaintiff is Jason Van Dyke; defendants are Thomas Retzlaff, a/k/a Dean Anderson, d/b/a BV Files, Via View Files, L.L.C., and ViaView Files.[1]

2. On July 30, 2018, Retzlaff appealed from this Court's order holding that the Texas Citizens Participation Act does not apply in federal court.

3. This Court stayed all proceedings pending resolution of the Retzlaff's appeal docketed as No. 18-40710; ***Van Dyke v. Retzlaff***; in the U.S. Court of Appeals for the Fifth Circuit. (Doc. 79.) As of the date of this response, the appeal has not been resolved. The Court's stay remains in effect.

---

[1] The "a/k/a" and "d/b/a" designations are plaintiff's. No evidence establishes that these defendants are alter egos of Retzlaff.

## II. FACTS

4. Almost a year after the Court granted Retzlaff's unopposed motion for a stay, plaintiff has changed his mind. As the basis for now asking the Court to lift the stay and "resume litigating" while the case is on appeal, plaintiff states:

> **Plaintiff desires to continue litigating this case immediately. Specifically, Plaintiff desires an immediate hearing on a motion for preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure so that, at the very least, Plaintiff may obtain an order (enforceable through criminal contempt proceedings) that will compel Defendant to cease and desist his stalking of Plaintiff during the pendency of this proceeding.**

Motion, p. 3. Plaintiff is apparently now seeking a hearing on plaintiff's motion for preliminary injunction filed over a year ago on May 31, 2018. (Doc. 46.)

## III. ARGUMENT & AUTHORITIES

### A. Plaintiff's Requested Injunction Would be Unconstitutional

5. As noted in Retzlaff's opposition (Doc. 92) to plaintiff's motion for leave to file his Third Amended Complaint (also requesting injunctive relief) (Doc. 89), content-based prior restraints on speech are heavily disfavored.

> **So great is our reticence to condone prior restraints that we refuse to allow even unprotected speech to be banned if restraining such speech would also chill a substantial amount of protected speech.**

*Kinney v. Barnes*, 443 S.W.3d 87, 87 (Tex. 2014). The First Amendment of the U.S. Constitution is also suspicious of prior restraints, which include judicial orders "forbidding certain communications" that are "issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (citation and internal quotation marks omitted). The U.S.

Supreme Court has long recognized that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." ***Neb. Press Ass'n v. Stuart***, 427 U.S. 539, 559 (1976); *see also id*. As such, they "bear[] a heavy presumption against [their] constitutional validity." ***Bantam Books, Inc. v. Sullivan***, 372 U.S. 58, 70 (1963).

6. This cornerstone of First Amendment protections has been reaffirmed time and again by the U.S. Supreme Court,[2] the Texas Supreme Court,[3] Texas courts of appeals,[4] legal treatises,[5] and even popular culture.[6] As the Texas Supreme Court reaffirmed in 2014:

> **We have squarely held that a temporary injunction prohibiting allegedly defamatory speech is an unconstitutional prior restraint….**

*Kinney*, 443 S.W.3d at 87. Plaintiff cannot get around these proscriptions by characterizing Retzlaff's published statements as "harassing" or "stalking."

---

[2] *See, e.g.,* ***Stuart***, 427 U.S. at 561 ("[I]t is … clear that the barriers to prior restraint remain high unless we are to abandon what the Court has said for nearly a quarter of our national existence and implied throughout all of it."); ***N.Y. Times Co. v. United States***, 403 U.S. 713, 714 (1971) (per curiam).

[3] ***Davenport***, 834 S.W.2d at 9; ***Hajek v. Bill Mowbray Motors, Inc.,*** 647 S.W.2d 253, 255 (Tex. 1983) (per curiam).

[4] ***Tex. Mut. Ins. Co. v. Sur. Bank, N.A***., 156 S.W.3d 125, 128 (Tex. App.—Fort Worth 2005, no pet.) ("[P]rior restraints on speech are presumptively unconstitutional."); ***San Antonio Express-News v. Roman***, 861 S.W.2d 265, 267 (Tex. App.—San Antonio 1993, orig. proceeding) (per curiam).

[5] *See* Chemerinsky, *Injunctions in Defamation Cases*, 57 SYRACUSE L. REV. 157, 173 (2007) ("[N]ever in the 216 year history of the First Amendment has the Supreme Court found it necessary to uphold a prior restraint in a defamation case…"); A. Siegel, *Injunctions for Defamation, Juries, and the Clarifying Lens of 1868*, 56 BUFF. L. REV. 655, 656 (2008).

[6] THE BIG LEBOWSKI (PolyGram Filmed Entertainment & Working Title Films 1998) ("For your information, the Supreme Court has roundly rejected prior restraint.").

### B. Even if the Stay Were Lifted, the Court's Power to Make Rulings is Limited by the Pending Appeal

7. This Court's denial of Retzlaff's motion to dismiss under the Texas Citizens Participation Act ("TCPA") in the case at bar has been on appeal since July 30, 2018. *See* No. 18-40710; *Van Dyke v. Retzlaff*; in the U.S. Court of Appeals for the Fifth Circuit.

> **The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.**

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). To the extent that plaintiff's requested injunction implicates matters "involved in the appeal," this Court lacks jurisdiction to grant plaintiff any relief—whether the stay is lifted or not. Whether plaintiff's suit should have survived Retzlaff's TCPA motion to dismiss is the precise issue before the court of appeals. Rulings by this Court that presuppose determination of this issue against Retzlaff would invade the jurisdiction of the court of appeals.

### IV. CONCLUSION

8. Because—

(i) the injunctive relief plaintiff seeks is presumptively unconstitutional; and

(ii) resuming the litigation to grant an injunction touching the issue before the Fifth Circuit in the pending appeal of the case at bar would invade the appellate court's jurisdiction;

The Court should deny plaintiff's motion to lift the stay.

## V. Prayer

9. For these reasons, defendant Thomas Retzlaff prays the Court to deny plaintiff's motion to lift the stay, and for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By:      /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

6

## CERTIFICATE OF SERVICE

      I certify that on \_\_\_\_\_7-16\_\_\_\_, 2019, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@protonmail.com

          /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**