## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF TEXAS,
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
| *Plaintiff*, § | | |
| v. § | | |
| § | | |
| **THOMAS CHRISTOPHER** § | NO. 4:18-CV-247-ALM | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

### RETZLAFF'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTIONS TO LIFT STAY, WITHDRAW DISMISSAL MOTION, AND FOR LEAVE TO AMEND COMPLAINT

As permitted by Local Rule CV-7(f), defendant Retzlaff files this sur-reply to briefly address issues raised in plaintiff's replies (Doc. 88, 89, and 91).

### I. ARGUMENT & AUTHORITIES

1. A large portion of the "ongoing stalking and harassment" plaintiff demands the Court enjoin Retzlaff from committing consists of postings[1] on a blog plaintiff identifies as "BV Files," located at www.viaviewfiles.net. (Doc. 90, ¶ 5.7; *see* ¶¶ 5. 12, 5.13, 5.14, 5.15, 5.19, 5.20, 5.21, 5.22, 5.30, 5.34, 5.35, 5.36, 5.37, 5.38, 5.39, 5.40, 5.41, 5.42, 5.43, and 6.2-6.10.) Although listed as a defendant in the style of plaintiff's suit, "BV Files" has never been served, answered, or appeared in this cause. Plaintiff alleges only that a "Dean Anderson" is an alias of

---

[1] For example, plaintiff complains that *nine months ago* Retzlaff "wrote a post on BV Files" concerning one of plaintiff's clients "in which [Retzlaff] made false and defamatory statements about Plaintiff and Plaintiff's employers." (Doc. 90, ¶ 5.30.)

Retzlaff and that Anderson is doing business as "BV Files." (Doc. 90, ¶ 2.2.) But Retzlaff has consistently denied ownership of "BV Files," and plaintiff cannot prove otherwise. Plaintiff's so-called "circumstantial evidence" that Retzlaff is responsible for the content of "BV Files" is that "BV Files" displays photographs of Retzlaff and images of "pleadings and papers from court proceedings involving [Retzlaff]." This "evidence" is obviously susceptible of many inferences other than Retzlaff's ownership or control of the "BV Files" blog.

      2.      Plaintiff also accuses Retzlaff of "harassing" four attorneys plaintiff claims represent him, listed in plaintiff's proposed Third Amended Complaint as Evan Stone, John Morgan, Jay Leiderman, and Marc Randazza. (Doc. 90, ¶ 5.46.) None of these attorneys appears as counsel of record for plaintiff in this suit. Until now, Retzlaff has had no hint that these attorneys had ever represented plaintiff. However, at one time or another, *all four* of these attorneys have represented *other* parties in *other* SLAPP suits against *Retzlaff*. These suits include:

(i)    No. 67-270669-14; ***McGibney v. Retzlaff***; in the 67th District Court of Tarrant County, Texas; **Exhibit 1** and

(ii)    No. 5:14-CV-01059; ***McGibney v. Retzlaff***; in the U.S. District Court for the Northern District of California. **Exhibit 2**

In pleadings in the foregoing suits, the attorneys who now represent Van Dyke claimed to know that the owner of "BV Files" was a "small group" of *other* persons sued along with Retzlaff. See **Exhibit 2**, ¶¶ 114-24, 135. In other words, whom these attorneys' clients claim to "know" is the owner of "BV Files" from one day (or lawsuit) to the next appears to change with the needs of the situation.

3. Even assuming that Retzlaff *were* the pseudonymous owner of, and sole contributor of content to, "BV Files," there would remain a serious legal question as to whether the speech on the blog would be actionable.

> **[A]nonymous speech is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and dissent.**

*McIntyre v. Ohio Elections Commission*, 514 U.S. 334 (1995). Bloggers are entitled to the same protections as traditional media journalists. *Obsidian Fin. Group, LLC v. Cox*, 740 F.3d 1284 (9th Cir. 2014). As is amply demonstrated in other evidence on file, plaintiff has long been a serial filer of defamation SLAPP suits designed to silence his critics. As an attorney licensed in four jurisdictions and the former leader of an internationally-known white supremacist group (the "Proud Boys") who has thrust himself into the public forum with many controversial comments, plaintiff is *at least* a limited-purpose public figure. Furthermore, statements directed at organizing, promoting, and engaging in an economic boycott of plaintiff's law practice (and of those associated with plaintiff) are protected by the First Amendment. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982) (states cannot prohibit peaceful advocacy of a politically-motivated boycott).

4. Plaintiff loudly complains of Retzlaff's "stalking" and "harassment" and demands the Court intervene to protect him. But what plaintiff really objects to is admittedly harsh criticism, disapproval, and revelation of what have turned out to be extremely inconvenient truths about plaintiff. These are not actionable.

## II. CONCLUSION & PRAYER

5. Generally, the best remedy for offensive speech is more speech, not state suppression of the speech that gives offense.

> **Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.**

Brandeis, Louis, *Other People's Money and How the Bankers Use It* (1914). For these reasons, Retzlaff pays that the Court deny plaintiff's motions to lift the stay, for withdrawal of plaintiff's 2018 dismissal motion, and for leave to file plaintiff's Third Amended Complaint. Retzlaff prays for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

   I certify that on _____7-19____, 2019, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

  Mr. Jason Lee Van Dyke
  Plaintiff, Pro Se
  P.O. Box 2618
  Decatur, Texas 76234
  Telephone: 940-305-9242
  jasonleevandyke@protonmail.com


     /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**