# IN THE UNITED STATES DISTRICT FOR THE
# EASTERN DISTRICT OF TEXAS,
# SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
| *Plaintiff*, § | | |
| **v.** § | | |
| § | | **NO. 4:18-CV-247-ALM** |
| **THOMAS CHRISTOPHER** § | | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

**RETZLAFF'S OPPOSITION TO PLAINTIFF'S "RENEWED" MOTION TO LIFT STAY**

Defendant Thomas Retzlaff files his opposition to plaintiff's "renewed" motion to lift stay and resume case. (Doc. 101).

## I. INTRODUCTION

1. Plaintiff is Jason Van Dyke; defendants are Thomas Retzlaff, a/k/a Dean Anderson, d/b/a BV Files, Via View Files, L.L.C., and ViaView Files.[1]

2. On July 30, 2018, Retzlaff appealed from this Court's order holding that the Texas Citizens Participation Act does not apply in federal court.

3. This Court stayed all proceedings pending resolution of the Retzlaff's appeal docketed as No. 18-40710; ***Van Dyke v. Retzlaff***; in the U.S. Court of Appeals for the Fifth Circuit. (Doc. 79.) As of the date of this response, the appeal has not been resolved. The Court's stay remains in effect.

---

[1] The "a/k/a" and "d/b/a" designations are plaintiff's. No evidence establishes that these defendants are alter egos of Retzlaff.

## II. FACTS

4. This Court's denial of Retzlaff's motion to dismiss under the Texas Citizens Participation Act ("TCPA") in the case at bar has been on appeal since July 30, 2018. *See* No. 18-40710; ***Van Dyke v. Retzlaff***; in the U.S. Court of Appeals for the Fifth Circuit. That appeal, although ripe for decision, remains pending.

5. As the basis for renewing his motion to lift the stay while the case at bar remains on appeal, plaintiff notes that the U.S. Court of Appeals for the Fifth Circuit on August 23, 2019, decided that the Texas Citizens Participation Act ("TCPA") *does not* apply in federal courts in this circuit sitting in diversity. ***Klocke v. Watson***, 2019 WL 3977545 at *7 (5th Cir. 2019). As plaintiff suggests, the ***Klocke*** decision foreshadows a Fifth Circuit decision in the instant case agreeing with this Court's July 24, 2018, memorandum opinion. (Doc. 71).

6. Nevertheless, plaintiff is premature. The ***Klocke*** decision is not final. No matter what seems likely to occur in the appeal of the instant cause, the Court should await the Fifth Circuit's actual decision before taking action to lift the stay that has been in effect for over a year.

## III. ARGUMENT & AUTHORITIES

7. "[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Id*. at 254. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

8. In exercising the its broad discretion—in the instant case, to decide whether the stay should be lifted—the Court should "'weigh competing interests and maintain an even balance' between the Court's interest in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254-55). Plaintiff articulates no prejudice that will result to him if the Court allows the stay to remain in place until the Fifth Circuit's decision is handed down. Plaintiff simply declares in conclusory fashion that it is "already well past time to hold [Retzlaff] accountable for his behavior" and that "any delay would result in prejudice to Plaintiff." Such vague allegations are not enough.

9. The outcome of the appeal will substantially affect the evidence and matters presented at trial. Continuing the stay pending appeal will reduce uncertainty about the matters to be tried, conserve resources, and further judicial economy.

10. In addition, as Retzlaff has noted in prior briefing:

> **The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.**

*Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982). Rulings by this Court that presuppose determination of the appeal against Retzlaff would invade the jurisdiction of the court of appeals.

## IV. CONCLUSION

11. Resuming the litigation before the Fifth Circuit has resolved the pending appeal of the case at bar would disserve the interests of judicial economy. It could also invade the appellate court's jurisdiction.

## V. PRAYER

12. For these reasons, defendant Thomas Retzlaff prays the Court to deny plaintiff's renewed motion to lift the stay, and for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____9-10_____, 2019, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@protonmail.com


_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**