# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40710
Summary Calendar

D.C. Docket No. 4:18-CV-247

United States Court of Appeals
Fifth Circuit

**FILED**
October 22, 2019

Lyle W. Cayce
Clerk

JASON LEE VAN DYKE,

    Plaintiff - Appellee

v.

THOMAS CHRISTOPHER RETZLAFF, also known as Dean Anderson, doing business as BV Files, ViaView Files, L.L.C., and ViaView Files,

    Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Texas

Before WIENER, HAYNES, and COSTA, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that defendant-appellant pay to plaintiff-appellee the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued
as the mandate on** Dec 20, 2019

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40710
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 22, 2019
Lyle W. Cayce
Clerk

JASON LEE VAN DYKE,

    Plaintiff - Appellee

v.

THOMAS CHRISTOPHER RETZLAFF, also known as Dean Anderson, doing business as BV Files, ViaView Files, L.L.C., and ViaView Files,

    Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-247

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Jason Lee Van Dyke sued Defendant Thomas Retzlaff, alleging various causes of action based upon allegedly false and harassing statements Retzlaff made about Van Dyke in state court; Retzlaff removed the case to federal court on diversity jurisdiction grounds. The district court opinion ably explains the facts of the case but, suffice it to say, Retzlaff moved to dismiss

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 18-40710 Document: 00515245294 Page: 2 Date Filed: 12/20/2019
Case 4:18-cv-00247-ALM Document 104 Filed 12/23/19 Page 3 of 5 PageID #: 2018

No. 18-40710

the claims based upon the Texas Citizens Participation Act (TCPA)[1], which is an "anti-SLAPP"[2] statute. The district court denied the motion to dismiss, concluding that the relevant portions of the TCPA did not apply in federal court. Retzlaff filed an interlocutory appeal to our court.

We first examine whether we have jurisdiction of this interlocutory appeal. The parties agree that the collateral order doctrine applies to this appeal. Based upon precedent, we agree that we have jurisdiction to address whether the Texas anti-SLAPP statute applies here. *Diamond Consortium, Inc. v. Hammervold*, 733 F. App'x 151, 154 (5th Cir. 2018) (per curiam); *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 747–48 (5th Cir. 2014). That jurisdiction is limited; we cannot address the underlying merits of the case outside the anti-SLAPP question. *See Mauze & Bagby*, 745 F.3d at 747 ("[T]he collateral order doctrine can confer *limited* appellate jurisdiction." (emphasis added)).

The next question, then, is whether the district court correctly denied the motion to dismiss based upon the TCPA. At the time that the district court ruled, the application of the Texas anti-SLAPP statute in a federal court exercising diversity jurisdiction was an open question in our circuit. However, by the time the appeal was ripe for decision, we had decided the issue. *See Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019). We determined that "the TCPA does not apply to diversity cases in federal court." *Id.*

After allowing the parties to submit supplemental briefing on this point, we conclude that *Klocke* is dispositive. In his supplemental brief, Retzlaff tries to distinguish the two cases by pointing out lapses in the defendant's briefing in *Klocke* that are different from Retzlaff's robust briefing. But the core of

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 27.001.
[2] "SLAPP" is short for Strategic Litigation Against Public Participation.

Case: 18-40710　　　Document: 00515245294　　　Page: 3　　　Date Filed: 12/20/2019
Case 4:18-cv-00247-ALM Document 104 Filed 12/23/19 Page 4 of 5 PageID #: 2019

No. 18-40710

*Klocke* does not rest on such lapses, so we are bound by the rule of orderliness to follow its holding. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Retzlaff's other procedural arguments are beyond the scope of this interlocutory appeal. We express no opinion on the ultimate merits of the case; nor do we opine on the validity of a motion to dismiss or for summary judgment based on arguments other than the TCPA.

AFFIRMED; the case is REMANDED for further proceedings in the district court.

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 20, 2019

Mr. David O'Toole
Eastern District of Texas, Sherman
101 E. Pecan Street
Federal Building
Room 216
Sherman, TX 75090-0000

    No. 18-40710   Jason Van Dyke v. Thomas Retzlaff
                           USDC No. 4:18-CV-247

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                 Sincerely,

                                 LYLE W. CAYCE, Clerk

                                 By: _____
                                 Debbie T. Graham, Deputy Clerk

cc:
    Mr. Bruce D. Brown
    Mr. Jeffrey Lee Dorrell
    Mr. Thomas S. Leatherbury
    Ms. Margaret Dunlay Terwey
    Mr. Jason Lee Van Dyke
    Mr. Francis Ming Yang