IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF<br>a/k/a Dean Anderson d/b/a BV Files, Via<br>View Files L.L.C., and ViaView Files<br>    Defendant | §<br>§<br>§<br>§ | |

### PLAINTIFF'S MOTION FOR RULINGS ON CERTAIN PENDING MATTERS AND FOR SCHEDULING CONFERENCE

#### I.  INTRODUCTION

1. Plaintiff, Jason Lee Van Dyke ("Plaintiff" or "Van Dyke") respectfully moves that this Court enter orders as just and appropriate on all motions that have been pending in this case since July 31, 2018.

#### II.  PRIOR PROCEEDINGS

2. This case was stayed on July 31, 2018 until such a time as the 5th Circuit Court of Appeals ruled on Defendant's appeal of this Court's denial of his motion to dismiss this case under the Texas Citizens Participation Act.

3. The 5th Circuit rendered its opinion upholding this Court's denial of Defendant's motion on October 22, 2019.

4. Defendant moved for reconsideration of the matter *en banc* on or around November 19, 2019 and that motion was denied.

5. Defendant then moved that the 5th Circuit stay the issuance of a mandate in the appeal until the U.S. Supreme Court had ruled on a petition for a writ of certiorari. That motion was also denied.

6. Finally, on or around December 219, Defendant applied to the U.S. Supreme Court for an order a staying the 5th Circuit's mandate in this case for the same reason. Justice Alito denied that application on December 20, 2019.

7. The 5th Circuit's mandate in this case was filed with this Court on December 23, 2019 (ECF 104).

### III. FACTS

8. The heart of this case has pertained to Defendant's criminal stalking of Plaintiff, which began on or around March 20, 2017, has continued ever since, and progressively grew in severity – reaching its peak in December of 2018 – and gradually leveling off since Plaintiff's suspension from the practice of law on March 1, 2019.

9. The goal of Defendant's criminal behavior was to ruin Plaintiff's legal career. Thanks in no small part due to inaction, ineptitude, and in some cases, malice by law enforcement officers, state bar officials, state prosecutors, and the legal system itself, Defendant was able to succeed in this endeavor during the sixteen-month stay. Even in the highly unlikely event that his license practice is restored, Plaintiff can never practice law again. The personal and professional costs of dealing with Defendant's ongoing criminality – combined with the refusal thus far by authorities to put an end to the same - make doing so a logistical impossibility.

10. Plaintiff repeatedly petitioned the Court for varying types of relief (including a lifting of the stay), but the Court declined to rule on any of Plaintiff's motions during the stay. Now that the 5th Circuit has issued its mandate, and the U.S. Supreme Court has declined to stay that mandate, there is no legitimate reason to further delay justice in this case. Plaintiff wishes to proceed in his litigation against Defendant immediately.

11. The purpose of this motion is to assist the Court with various housekeeping matters relating or pertaining to activity in this case since the date of the stay. Specifically, there are certain motions which still have not received a ruling, others which have become moot, and others which still need to be set for an oral hearing before the Court.

## IV. RELIEF REQUESTED

12. **ECF 49, 64, and 66:** The first document is Plaintiff's Application for Preliminary Injunction (ECF 49), his motion for a hearing on the same (ECF 64), and Defendant's opposition to said motion (ECF 66). This motion was initially filed on May 29, 2018 and there have been material changes in certain facts and circumstances since that motion was filed. Accordingly, Plaintiff now moves that this Court grant him leave to file an amended motion for preliminary injunction which accounts for the new claims Plaintiff wishes to bring against Defendant and for Defendant's ongoing tortious and criminal behavior against Plaintiff during the stay. In the alternative, Plaintiff asks that the Court set his application for preliminary injunction for a hearing.

13. **ECF 54:** The original scheduling order entered by this Court contains deadlines that occurred during the pendency of the stay in this case. In fact, all of the deadlines previously ordered by this Court have expired. Plaintiff requests that the Court vacate

its prior scheduling order and order a new scheduling conference as soon as possible. Plaintiff does not object to a telephonic appearance by defense counsel for such a conference.

14. **ECF 82 and 83:** These documents consist of a motion for a clarifying order filed by Plaintiff (ECF 82) and a response in opposition to the same filed by Defendant (ECF 83). This motion was for a clarifying order specifically related to the stay in this case. Plaintiff requests that his motion (ECF 82) be denied as moot.

15. **ECF 84, 85, 91 and 94:** The first of these documents (ECF 84) was a motion to dismiss filed by Plaintiff and the second (ECF 85) was a responsive motion filed by Defendant. Plaintiff no longer wishes the Court to grant his motion to dismiss and subsequently filed a motion to withdraw his motion to dismiss (ECF 91) which was opposed by Defendant (ECF 94). Plaintiff requests that this Court enter an order denying his motion to dismiss (ECF 84) and denying his motion to withdraw the motion to dismiss (ECF 91) as moot. In the alternative, Plaintiff asks that this Court grant his motion to withdraw his motion to dismiss this case (ECF 91).

16. **ECF 88 and 93:** The first of these documents (ECF 88) is Plaintiff's motion to lift the stay in this case and commence proceedings, which is followed by Defendant's opposition to this same (ECF 93). Plaintiff requests that his motion (ECF 88) be denied as moot.

17. **ECF 89, 90, and 92:** These documents constitute a motion for leave to amend filed by Plaintiff (ECF 89), Plaintiff's Third Amended Complaint (ECF 90), and Defendant's response in opposition to the same (ECF 92). Plaintiff's motion and the amended

complaint were filed on July 8, 2019. Since that time, some of the claims raised by Plaintiff in his third amended petition have become barred by the statute of limitations. Additional claims against Defendant, which are not barred by the statute of limitations, have also arisen. Accordingly, Plaintiff asks that this Court deny his motion for leave to amend (ECF 89) without prejudice to his filing a new motion for leave to amend.

18. **ECF 101 and 102:** The first document is Plaintiff's renewed motion to re-open this case and lift the stay (ECF 101) and it is followed by Defendant's response in opposition to the same (ECF 102). Plaintiff requests that his motion (ECF 101) be denied as moot.

## V. PRAYER

WHEREFORE, premises considered, Plaintiff prays that this Honorable Court enter an order granting the relief requested herein.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email: jasonleevandyke@protonmail.com

**CERTIFICATE OF CONFERENCE**

I certify that, on multiple occasions prior to 12-25-2019, I e-mailed Jeffrey Dorrell to advise that I would be filing the foregoing motion, furnish him a draft of the same, and advise him of the contents of the same. The following are the results of the conference:

With respect to the relief requested in paragraph 12, Mr. Dorrell is opposed.

With respect to the relief requested in paragraph 13, Mr. Dorrell is opposed.

With respect to the relief requested in paragraph 14, Mr. Dorrell is unopposed.

With respect to the relief requested in paragraph 15, Mr. Dorrell is opposed.

With respect to the relief requested in paragraph 16, Mr. Dorrell is unopposed.

With respect to the relief requested in paragraph 17, Mr. Dorrell is opposed.

With respect to the relief requested in paragraph 18, Mr. Dorrell is unopposed.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE