IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
|    Plaintiff § | |
| § | |
| v. § | Case No. 4:18cv247 |
| § | |
| THOMAS CHRISTOPHER RETZLAFF § | |
| a/k/a Dean Anderson d/b/a BV Files, Via § | |
| View Files L.L.C., and ViaView Files § | |
|    Defendant § | |

**PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, Jason Lee Van Dyke, asks that this Court grant a preliminary injunction against Defendant.

## I.   INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke ("Plaintiff"). Defendant is Thomas Christopher Retzlaff ("Retzlaff").

2. This case arose from ongoing harassment of Plaintiff and interference with his employment by Retzlaff. The harassment has been ongoing for at least fourteen months and, in that time, Retzlaff's acts have caused Plaintiff to lose his full time employment on three separate occasions, and ultimately has caused him to completely lose his career. Plaintiff is presently unemployed and unemployable.

3. Retzlaff has also caused Plaintiff's rights under the constitution to be prejudiced and is threatening to continue this behavior. This ends now.

## II.   FACTS

### (Use of Plaintiff's Social Security Number)

4. Retzlaff is in possession of Plaintiff's social security number and has previously used it

illegally in violation of Tex. Penal Code § 32.51.

5. The first time Plaintiff's social security number appeared on Retzlaff's blog was in the comment section in posts by a user utilizing the handle "The Mad Doxer" on April 2, 2018. A screenshot of the comment (redacted) is attached hereto as Exhibit "A" and incorporated by reference herein.

6. The same user posted this information again on April 6, 2018. A copy of that comment (redacted) is attached hereto as Exhibit "B" and incorporated by reference herein.

7. Plaintiff was unable to prove that Retzlaff and "The Mad Doxer" were one and the same person until he was able to procure copies of several e-mails that Retzlaff has sent to law enforcement officials in his area and to members of the media (Plaintiff was able to obtain them through the discovery process in state bar disciplinary proceedings). Attached hereto as Exhibit "C" is an email from Retzlaff to law enforcement officials, state bar officials, and member of the media which clearly contains Plaintiff's name, date of birth, Texas driver's license number, social security number, date of birth, and address. It demonstrates that Retzlaff has Plaintiff's personal identifying information in his possession when the e-mails were sent on May 22, 2018.

8. A day after this e-mail was sent, on May 23, 2018, a user by the name of "A Vexatious Litigant" not only posted Plaintiff's personal information in the comments section of Retzlaff's blog – but posted it in exactly the same order that Retzlaff sent it in his e-mail. A copy of this comment (redacted) is attached hereto as Exhibit "D" and incorporated by reference herein. This Court can take judicial notice of Retzlaff's status as a vexatious litigant in Texas. If Retzlaff wishes this Court to believe he has nothing to do with the BV Files blog or the dissemination of Plaintiff's private information,

then one of two things must be true: either Retzlaff expects this Court to believe that he has been the victim of truly remarkable coincidence, or he believes that this Court is incredibly stupid.

9. Plaintiff's personal information was posted again in the comments section of Retzlaff's blog on June 22, 2019.  A copy of the comment (redacted) is attached hereto as Exhibit "E" and incorporated by reference herein.

10. Retzlaff is clearly in possession of Plaintiff's legally protected personal identifying information. He has feloniously used it for the purpose of harassing and stalking Plaintiff in the past and he is likely to continue doing so in the future.

### (Ex Parte Communications)

11. Retzlaff has attempted unlawful ex parte communications in the following matters involving Plaintiff

    (a) *State v. Van Dyke*   -   Exhibit "F"
        (ex parte communication to Judge Coby Waddill)

    (b) *CFLD v. Van Dyke*   -   Exhibit "G"
        (ex parte communication to presiding member Rick Hagen)

    (c) *People v. Van Dyke*   -   Exhibit "H"
        (ex parte communication to Judge William Lucero)

    (d) *Van Dyke v. Momot*   -   Exhibit "I"
        (ex parte communication to Judge Robert Ramirez)

For the sake of brevity, the attachments sent by Retzlaff in these documents have been omitted from Plaintiff's exhibits.

12. In just the past few days, Retzlaff (through his blog) has made threats to have similar unlawful *ex parte* communications with Judge Dennise Garcia of the 303rd District Court in and for Dallas County, Texas – who has been appointed to hear the most

recent bogus disciplinary charges that Retzlaff has procured against Plaintiff. A screenshot of these threats from Retzlaff's blog is attached hereto as Exhibit "J" and incorporated by reference herein.

13. Plaintiff is presently investigating improper communications between Retzlaff and the Denton County District Attorney, the Oak Point Police Department, and Denton County Community Supervision and Corrections. However, Retzlaff has attempted *ex parte* communications with judges in cases involving Plaintiff before, has made such an attempt as recently as one week ago, and has now threatened to do so again with Judge Garcia. Retzlaff's conduct is a clear and present danger to Plaintiff's due process rights.

**(Improper Filings)**

14. Despite the order of the Bexar County Court at Law No. 3 prohibiting Retzlaff from engaging in such behavior, Retzlaff has also taken it upon himself to enter appearances in cases where Plaintiff is a party or where has was previously representing clients for the purpose of filing documents or making objections. The following are several example of this behavior:

   (a) *RKW Special LLC v. NVCS Lines Inc.*       -   Exhibit "K"
   (b) *RKW Special LLC v. Bella Steel LLC*         -   Exhibit "L"
   (c) *Freedom Missionary Baptist Church v. McDonald, et. al.*   -   Exhibit "M"
   (d) *State v. Van Dyke*                          -   Exhibit "N"

There is a clear and present danger that Retzlaff will continue filing documents of this nature in cases involving Plaintiff and that his doing so will prejudice Plaintiff's due process rights. In short, simply prohibiting Retzlaff from engaging in *ex parte* communications with judges is not enough; Retzlaff must be prohibited from making any filings in cases where Plaintiff has represented a client, is representing a client, or

is a party *unless* it is a case where Retzlaff himself is also a party named in the style of the case.

**(Improper Threats)**

15. As part of his successful campaign to destroy Plaintiff's legal career, Defendant routinely sent communications such as that sent to Plaintiff former client, Gavin McInnes, and attached hereto as Exhibit "O" and incorporated by reference herein.

16. Plaintiff is presently in the process of collecting as much documentation as possible concerning Retzlaff's ongoing stalking behavior because he intends to hand such documentation over to federal law enforcement, as well as local authorities in the State of Arizona. On or around December 14, 2018, Retzlaff wrongfully procured Plaintiff's arrest, without probable cause, for the third-degree felony offense of obstruction and retaliation. The case has since been no-billed by a grand jury. Plaintiff learned that, while he was on bond, Retzlaff made threatening communications to Edyie's Bail Bonds. These documents are attached hereto as Exhibit "P" and incorporated by reference herein.

17. Retzlaff has also recently obtained a list of several of Plaintiff's friends or former business associates and made threats against them on his blog. A screenshot is attached hereto as Exhibit "Q"

**(Additional Harassment and Stalking)**

18. Retzlaff has contacted Plaintiff's employers directly for the purpose of having him fired in the past and he is likely to do so in the future.  See ECF 113, ¶ 5.9 – 5.13, 5.25, and 5.31.

19. Despite repeated requests by Plaintiff for Retzlaff to cease and desist having any

contact with him except through his attorney, Retzlaff has continued to send harassing correspondence to Plaintiff on at least a semi-regular basis. See ECF 113, ¶ 5.23.

20. Retzlaff has harassed members of Plaintiff's immediate family by posting their photographs, contact information, and maps to their homes. He is likely to continue doing so in the future. See ECF 113, ¶ 5.24.

### (Grounds for Motion)

21. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks to enjoin and restrain Defendant, his agents, and his representative from continuing to harass him during the pendency of this lawsuit. Defendant's arguments thus far have been that he has a First Amendment right to harass Plaintiff as much as he wants. This is nonsense. Defendant is a felon, a vexatious litigant, and is obviously a sociopath. Furthermore, during the time he has represented Defendant, Mr. Dorrell has proven absolutely derelict in controlling his client's outrageous and unlawful behavior.

22. Plaintiff attaches as Exhibit "R" his own affidavit in support of this motion.

### III. ARGUMENT

23. Plaintiff seeks to enjoin Defendant, together with his agents, representatives, and all other persons associated with Defendant, from the following activities:

    (a)  From having any contact, of any nature, type, or description, through any type of communications medium, with Plaintiff except that which may be expressly permitted by the orders of this Court, any other court, or the applicable rules of practice or procedure;

    (b)    From having any contact, of any nature, type, or description, through any type of communications medium, with any member of Plaintiff's family including, but not limited to, Plaintiff's mother and father;

    (c)    From having any contact concerning Plaintiff, of any nature, type, or description, through any type of communications medium, with any person or entity that is, or was previously, an employer or client of Plaintiff or an employer of any member of Plaintiff's family, including independent contractor relationships.

    (d)    From having contact relating or pertaining to Plaintiff with any business patronized by Plaintiff, or patronized by any member of Plaintiff's family.

    (e)    From having any contact concerning Plaintiff with any judicial officer or similar authority in any case where Plaintiff is a party, is acting as an attorney, or was acting as an attorney, except for cases where Retzlaff himself is named as a party in the style of the case, or while providing testimony pursuant to a subpoena, discovery request, or similar legal process;

    (f)    From filing any documents in any case where Plaintiff is a party, has represented a client, or is representing a client, except for cases where Retzlaff himself is named as a party in the style of the case, where Retzlaff obtains written permission from the judge to make such filings, or where such a filing is incidental to Retzlaff's compliance with a subpoena, discovery request, or similar legal process.

    (g)    From possessing, using, or distributing any protected personal information

        of Plaintiff including, but not limited to, any information protected by Tex. Penal Code § 32.51.

24. Although Plaintiff's lawsuit seeks an injunction from the filing of further disciplinary proceedings against Plaintiff by Retzlaff, Plaintiff does not seek temporary injunctive relief for that behavior at this time due to the likelihood that said portion of Plaintiff's lawsuit will become moot within the next six to nine months.

25. There is a substantial likelihood that Plaintiff will prevail on the merits of his case against the Defendant. This court clearly has personal jurisdiction over Defendant. His motion to dismiss under the Texas Citizens Participation Act has been denied and said denial has been upheld by the 5th Circuit. With respect to merits of Plaintiff's claim, there has rarely been any defamation case where a Defendant's liability is more clear. If Defendant's conduct in this case was not tortious, then tortious conduct doesn't truly exist.

26. If the Court does not grant a preliminary injunction, Plaintiff will suffer imminent and irreparable harm. First and foremost, there is a substantial likelihood that Retzlaff will indeed contact Judge Dennise Garcia, attempt *ex parte* communications with here, and engage in other wrongful activity designed to deny Plaintiff his due process rights in the latest bogus grievance proceeding. He is also likely to continue such behavior in other cases involving Plaintiff. Plaintiff's due process rights demand, at the very least, a temporary injunction for the purpose of protecting Plaintiff's due process rights from Retzlaff.

27. Retzlaff has contacted Plaintiff's employers, as well as his law clients, in the past for the purpose of causing Plaintiff to be fired and he is likely to continue to do so in the future. Regardless of whether it relates to contractual employment, at-will employment, or an

independent contractor relationship, this type of behavior is not protected by the First Amendment. Plaintiff has a right to earn a living without having his ability to do so constantly come under attack by a madman.

28. Retzlaff has continued to harass Plaintiff and members of his family. Since Mr. Dorrell is unable to control his client, Plaintiff suggests that the time has come for this Court to do the job for him – and prohibit Retzlaff from having any further contact with Plaintiff or members of Plaintiff's family. Retzlaff also has possession of Plaintiff's legally protected financial information. The danger of a sociopath like Retzlaff being permitted to retain this information cannot be overstated.

29. Plaintiff has no adequate remedy at law. Defendant has made it clear by his words and conduct that he has no intention of leaving Plaintiff alone. He has made it clear that it is his intent to destroy Plaintiff's ability to earn an income. He has interfered with Plaintiff's fundamental due process rights in the past and there is an imminent threat that he will do so with respect to Judge Garcia. Plaintiff's efforts to confer with Mr. Dorrell concerning his client's outrageous and illegal behavior have failed.

30. As a more practical matter, this is a case where the word "hate" does not even begin to describe how the parties feel about each other. There is no chance of settlement or a non-judicial resolution of this dispute. Defendant will not stop interfering with Plaintiff's life. Plaintiff will retaliate for said interference for as long as it continues. Aside from confining one of the parties to jail pending the outcome of this case, a temporary injunction is the only way there can be anything relating to a "cease fire" between these parties.

31. Defendant will not suffer any undue hardship or loss by the issuance of a preliminary injunction. Plaintiff is asking only that this Court compel Defendant to so certain things that ordinary people who *aren't* sociopaths do without being ordered: (1) stop harassing Plaintiff and his family; (2) stop trying to get Plaintiff fired from his job; (3) stop sticking his nose into legal matters where he is not a party and in which he has no legitimate interest; and (4) leave Plaintiff's legally protected financial information alone. **None** of these things are protected by the First Amendment or any other constitutional right.

32. Plaintiff is willing to post bond in an amount the Court deems appropriate. As Plaintiff remains unemployed due to Defendant's conduct, and Plaintiff is only asking that the Court order Defendant to leave him alone, Plaintiff asks that bond be set no higher than $100.00.

33. Due to Retzlaff's most recent threats concerning Judge Garcia, Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time. Plaintiff further requests that a telephonic appearance for the hearing on this preliminary injunction be denied and that Defendant and his counsel be ordered to appear in person.

## IV.  PRAYER

34. Plaintiff prays that this Honorable Court enter an order granting a preliminary injunction in this case and prohibiting Defendant from the conduct set forth in paragraph twenty-four of this motion.

    Respectfully submitted,

    /s/ Jason Lee Van Dyke
    Jason L. Van Dyke
    PO Box 2618
    Decatur, TX 76234
    P – (940) 305-9242
    Email: jasonleevandyke@gmail.com

## CERTIFICATE OF CONFERENCE

I certify that, on multiple occasions prior to 1-15-2020, I e-mailed Jeffrey Dorrell to advise that I would be filing the foregoing motion asking the Court to enter an emergency preliminary injunction against Thomas Christopher Retzlaff.  Mr. Dorrell informed me that he was opposed to the motion.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
