| STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF WISE | § |

### AFFIDAVIT OF JASON L. VAN DYKE

Before me, the undersigned notary, on this day personally appeared Jason L. Van Dyke, a person whose identity is known to me.  After I administered an oath to him, upon his oath he stated:

1.  "My name is Jason L. Van Dyke. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.  This lawsuit was initially filed after Defendant, Thomas Christopher Retzlaff, used his "Dean Anderson" pseudonym to cause my employment with Karlseng, LeBlanc, & Rich L.L.C. ("KLR") to be terminated.  Defendant's assertions that this lawsuit was filed in retaliation for a bar complaint are false. The state bar grievance referred to by Defendant had been pending since approximately December 20, 2017. Plaintiff was fired as a result of Defendant's tortious conduct on March 27, 2018. This lawsuit was filed in state court on March 28, 2018. Retzlaff has been harassing and stalking me in nearly every conceivable manner since that time.

### ( Retzlaff's Unlawful Interference with Employment )

3.  I first learned that Defendant was continuing to reach out to my (former) clients when, on or around April 24, 2018, I was terminated from representing Claude and Catia Rich in Cause No. DC-17-06085, styled *Claude Rich, et al. v. Big D Concrete, Inc., et. al.* pending in the 160th District Court in and for Dallas County, Texas. Mr. Rich confirmed to me that Defendant was continuing to contact him. He stressed that the termination had everything to do with Defendant's continued stalking behavior and nothing to do with my skill as an attorney.

4.  On May 3, 2018, I was present in the 367th District Court in and for Denton County, Texas for the purpose of a divorce prove-up in Cause No. 17-10442-431, styled *In The Matter of the Marriage of Jennifer Melisa Jaynes and Chris David Roberts*. After the prove-up I spoke with attorney Jared Julian, the opposing counsel in the case, who stated to me that he had been contacted by Defendant about both Plaintiff and Hon. Jonathan Bailey of the 431st District Court. I informed Mr. Julian that Defendant has been stalking me and further advised him not to correspond with Defendant in any way.

5.  Between May 4, 2018 and May 21, 2018, I received communications from other potential clients that they could not hire me because they had read about this case and were fearful that Defendant might take action against them. While seeking local counsel for a case in Michigan, attorneys in that state expressed similar hesitancy about working with me.

6.  On May 25, 2018, Gavin Innes (my client) informed me that he had received from Mr. Bazile a copy of the correspondence which is attached as Exhibit "O" to Plaintiff's Motion for Preliminary Injunction and Memorandum of Law In Support. I immediately notified Defendant's counsel that Defendant was again interfering with my clients and demanded that this interference stop immediately.

7.  Since that time, Retzlaff has made blog posts intended to "expose" my former clients, such as Tucker Albin & Associates Inc. and White Jacobs & Associates Inc., for the purpose of ensuring that any business relationship that I once had with said clients remains completely severed. Retzlaff has even made blog posts attacking people I have contracted with to perform tasks for me – including my former IT contractor Craig Lundie and my realtor Austin Killian.

8.  There is no chance that I will be able to obtain employment anywhere so long as Retzlaff remains free to seek out my employers and extort them into firing me. The situation is so dire that I have even considered renouncing my U.S. citizenship and permanently leaving the country as a means of escaping from Retzlaff.

### ( Unlawful Possession of Personal Financial Information )

9.  On or around April 2, 2018, I learned that my social security number had been posted in the comments section of Defendant's BV Files blog.  The same information was posted again in the comments section on April 6, 2018.

10.  I have monitored the blog regularly since that time to obtain evidence of Defendant's ongoing tortious conduct and criminal activity so that appropriate preventative and defensive measures can be taken. In the discovery process during a different case, I was able to confirm that Retzlaff was in possession of my personal identifying information based upon a police report that he filed against me on or around May 22, 2018.

11.  My personal financial information was posted again in the comments section on May 23, 2018. The comment containing the information also contained references to the letter sent by Retzlaff to Mr. McInnes (referenced in paragraph six above) and Retzlaff's status as a vexatious litigant.

12.  The last time I saw that my social security number had been posted in the comments section of the blog was on or around June 22, 2019. However, I am not practically able to read all of the comments so there may be more occasions.

### ( Harassing Emails )

13.  Since Mr. Dorrell began serving as Retzlaff's attorney, I have repeatedly communicated to Mr. Dorrell my desire that Retzlaff have no contact with me whatsoever and that he leave me completely alone. Despite these repeated requests,

Retzlaff has send me unwanted and harassing e-mail communications on at least the following occasions: (i) August 5, 2018; (ii) August 26, 2018; (iii) September 18, 2018; (iv) October 17, 2018; (v) October 24, 2018; (vi) November 10, 2018; (vii) November 11, 2018; (viii) November 14, 2018; (ix) November 18, 2018; (x) November 19, 2018; (xi) November 22, 2018; (xii) November 28, 2018; (xiii) December 11, 2018; (ixv) December 12, 2018; (xv) December 19, 2018; (xvi) June 24, 2019; (xvii) July 8, 2019; (xviii) July 12, 2019; (ixx) July 28, 2019; (xx) August 23, 2019; (xxi) October 9, 2019; (xxii) October 22, 2019; (xxiii) October 23, 2019; and (xxiv) December 28, 2019.

### ( Ex Parte Communications / Abuse of Process )

14.    Retzlaff has also attempted to engage in ex parte communications with judges in at least four cases that I am involved in. I was able to obtain copies of these communications due to my involvement in those case. Furthermore, Retzlaff has made improper filings in other cases that I am involved in. This is despite the fact that he is not a party to those cases and is not an attorney or other person authorized to file into those cases. I believe that Retzlaff is engaging in this activity for the sole purpose of causing prejudice against me in these proceedings and as a means of permanently inserting his libelous claims against me into official court documents.

15.    I am especially disturbed by Retzlaff's conduct because, on January 14, 2020, I noticed that Retzlaff had posted on his blog information pertaining to Judge Dennise Garcia of the 303rd District Court, who was appointed by the Texas Supreme Court to preside over a disciplinary proceeding initiated against me by Retzlaff on January 10, 2020. This portion of the blog post stated, or strongly implied, that Retzlaff was about to or that he had already engaged in inappropriate ex parte communications with Judge Garcia.

### ( Necessity of Preliminary Injunction )

16.    My previous efforts to confer with Defendant's counsel for to negotiate an end to Defendant's tortious conduct – as well as to reach a resolution of this lawsuit under which Defendant will finally leave me alone – have failed in all respects. There is no possibility of a settlement.

17.    I have attempted on numerous occasions to procure the criminal prosecution of Retzlaff for his ongoing activities against me. I have been unsuccessful. I have a legitimate interest in protecting my personal financial information from Retzlaff, protecting my constitutional rights from Retzlaff, not being continually harassed by Retzlaff, and having the liberty to find employment without the ongoing threat of interference with that employment by Retzlaff. I will be deprived of those interests so long as Retzlaff is permitted to continue carrying on as he has.

18.   I am willing to post security for a temporary injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.  However, I have been unemployed for nearly a year as a result of Defendant's tortious conduct against me and can only afford to post nominal bond, which will likely have to be borrowed from family members.



JASON LEE VAN DYKE

SWORN AND SUBSCIBED TO before me, the undersigned authority, on January 15, 2020.

Notary Public
State of Texas

DEBORAH DOLGENER
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 01/07/2024
NOTARY ID 13048660-5