# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00247 |
| | § | Judge Mazzant |
| THOMAS RETZLAFF, a/k/a DEAN | § | |
| ANDERSON, d/b/a VIA VIEW FILES | § | |
| LLC, and VIA VIEW FILES | | |

## ORDER

Pending before the Court is Defendant Thomas Retzlaff's Motion to Stay Proceedings Pending the Filing and Disposition of a Petition for Writ of Certiorari (Dkt. #106). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On March 28, 2018, Plaintiff filed suit against Defendant Thomas Retzlaff in the 431st State District Court of Texas. On April 10, 2018, Defendant removed the case to federal court. Plaintiff's claims concern numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff.

On April 10, 2018, Defendant filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #5), which the Court denied as moot pursuant to Plaintiff's amended complaint (Dkt. #53). As a result, on May 22, 2018, Defendant filed his Second Amended TCPA Motion to Dismiss (Dkt. #44). On July 24, 2018, the Court denied Defendant's motion finding that the TCPA is inapplicable in federal court (Dkt. #71). On July 30, 2018, Defendant filed a Notice of Appeal (Dkt. #74). Additionally, Defendant filed an Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75). On July 31, 2018, the Court granted Defendant's emergency motion and stayed the case (Dkt. #79).

On October 22, 2019, the Fifth Circuit affirmed this Court's ruling and held that—pursuant to the recently decided *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019)—the TCPA does not apply in federal court (Dkt. #104). After the Fifth Circuit's mandate issued on December 20, 2019 (Dkt. #104), the parties filed several motions, including Defendant's Motion to Stay Proceedings Pending the Filing and Disposition of a Petition for Writ of Certiorari (Dkt. #106). Plaintiff responded on December 28, 2019 (Dkt. #107).

## ANALYSIS

Defendant's request to stay the issuance of the Fifth Circuit's mandate pending the filing and disposition of a petition for writ of certiorari under Federal Rule of Appellate Procedure 41 was denied by the Fifth Circuit. *Van Dyke v. Retzlaff*, No. 18-40710 (5th Cir. Dec. 12, 2019). Accordingly, the Fifth Circuit's mandate issued on December 20, 2019 (Dkt. #104). In its mandate, the Fifth Circuit "remanded [this case] to the District Court for further proceedings in accordance with the opinion of this Court" (Dkt. #104).

"The mandate rule requires a district court on remand to effect [the] mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (quoting *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999)). And on remand, "the district court 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *Id.* (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)). This is because the "mandate rule is a corollary of the law of the case doctrine"; so, it "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* (quoting *Castillo*, 179 F.3d at 329).

Yet Defendant asks for just that: relitigation of the Fifth Circuit's determination that this case should not be stayed pending the filing and disposition of a petition for writ of certiorari.

"Congress has only authorized the court of appeals or a Justice of the Supreme Court to stay the execution or enforcement of the court of appeals' judgment pending a petition for certiorari." *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012) (citation omitted). "A district court's decision to grant a stay [pending the filing of a petition for writ of certiorari] after a court of appeals has issued a mandate could be viewed as an improper deviation from the mandate." *Jones v. Singing River Health Sys.*, No. 1:14CV447-LG-RHW, 2017 WL 4099500, at *3 (S.D. Miss. Sept. 15, 2017) (citing *In re Time Warner*, 470 F. App'x at 390).

The Court will not entertain Defendant's request to relitigate the question of whether a stay should be issued pending the filing and disposition of a petition for writ of certiorari. *See, e.g.*, *Campbell Harrison & Dagley, L.L.P. v. Hill*, No. 3:12-CV-4599-L, 2015 WL 3541576, at *2 (N.D. Tex. June 3, 2015) ("As the Hills did not obtain a stay of the mandate pursuant to Rule 41(d), this court has no authority to delay . . .").[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Stay Proceedings Pending the Filing and Disposition of a Petition for Writ of Certiorari (Dkt. #106) is hereby **DENIED**.

It is further **ORDERED** that the stay in this case is **LIFTED**.

---

[1] While the legal standard for an interlocutory stay is not governed by Federal Rule of Appellate Procedure 41 in this Court, see *Nken v. Holder*, 556 U.S. 418, 434 (2009), as the Court notes above, "the district court 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *Gen. Universal Sys.*, 500 F.3d at 453 (quoting *Matthews*, 312 F.3d at 657). Defendant made similar arguments to the Fifth Circuit regarding why the mandate should be stayed as he makes now. The Fifth Circuit rejected those arguments. *See Van Dyke v. Retzlaff*, No. 18-40710 (5th Cir. Dec. 10, 2019). Allowing Defendant to relitigate the issue here would be inconsistent with the mandate rule and the spirit of the appellate court's mandate.

**SIGNED this 22nd day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE