# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| | § | |
| v. | § | Civil Action No.  4:18-CV-00247 |
| | § | Judge Mazzant |
| THOMAS RETZLAFF, a/k/a DEAN | § | |
| ANDERSON, d/b/a VIA VIEW FILES | § | |
| LLC, and VIA VIEW FILES | | |

## **ORDER**

Pending before the Court is Plaintiff Jason Lee Van Dyke's Motion for Rulings on Certain Pending Matters and for Scheduling Conference (Dkt. #105).  Having considered the motions and the relevant pleadings, the Court finds that Plaintiff's Motion for Rulings on Certain Pending Matters and for Scheduling Conference (Dkt. #105) should be granted in part and denied in part.

On March 28, 2018, Plaintiff filed suit against Defendant Thomas Retzlaff in the 431st State District Court of Texas.  On April 10, 2018, Defendant removed the case to federal court. Plaintiff's claims concern numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff.

On April 10, 2018, Defendant filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #5), which the Court denied as moot pursuant to Plaintiff's amended complaint (Dkt. #53).  As a result, on May 22, 2018, Defendant filed his Second Amended TCPA Motion to Dismiss (Dkt. #44).  On July 24, 2018, the Court denied Defendant's motion finding that the TCPA is inapplicable in federal court (Dkt. #71).  On July 30, 2018, Defendant filed a Notice of Appeal (Dkt. #74).  Additionally, Defendant filed an Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75).  On July 31, 2018, the Court granted Defendant's emergency motion and stayed the case (Dkt. #79).

On October 22, 2019, the Fifth Circuit affirmed this Court's ruling and held that—pursuant to the recently decided *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019)—the TCPA does not apply in federal court (Dkt. #104). After the Fifth Circuit's mandate issued on December 23, 2019 (Dkt. #104), the parties filed several motions, including Plaintiff's Motion for Rulings on Certain Pending Matters and for Scheduling Conference (Dkt. #105). Several of Plaintiff's requests to deny various motions as moot were unopposed (Dkt. #105 at p. 6). Specifically, Plaintiff requested the following unopposed relief:

- "ECF 82 and 83: These documents consist of a motion for a clarifying order filed by Plaintiff (ECF 82) and a response in opposition to the same filed by Defendant (ECF 83). This motion was for a clarifying order specifically related to the stay in this case. Plaintiff requests that his motion (ECF 82) be denied as moot."

- "ECF 88 and 93: The first of these documents (ECF 88) is Plaintiff's motion to lift the stay in this case and commence proceedings, which is followed by Defendant's opposition to this same (ECF 93). Plaintiff requests that his motion (ECF 88) be denied as moot."

- "ECF 101 and 102: The first document is Plaintiff's renewed motion to re-open this case and lift the stay (ECF 101) and it is followed by Defendant's response in opposition to the same (ECF 102). Plaintiff requests that his motion (ECF 101) be denied as moot."

(Dkt. #105 at pp. 4–6).

The Court finds that this unopposed relief should be granted.

## CONCLUSION

It is therefore **ORDERED** that:

- Plaintiff's Motion for Clarifying Order (Dkt. #82) is **DENIED as moot**;

- Plaintiff's Motion to Lift Stay and Commence Proceedings (Dkt. #88) is **DENIED as moot**; and

- Plaintiff's Motion to Reopen Case and Lift Stay (Dkt. #101) is **DENIED as moot**.

The Court will enter a Scheduling Order to govern the proceedings moving forward and will handle all other pending motions in due course.

**SIGNED this 22nd day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE