IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
| *Plaintiff*, § | | |
| § | | |
| **v.** § | | |
| § | | |
| **THOMAS CHRISTOPHER** § | NO. 4:18-CV-247-ALM |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

**DEFENDANT RETZLAFF'S RESPONSE IN OPPOSITION TO VAN DYKE'S
"EMERGENCY" MOTION FOR A PRELIMINARY INJUNCTION**

Defendant Thomas Retzlaff files his opposition to Van Dyke's "emergency" motion for a preliminary injunction. (Doc 114.)

**I. INTRODUCTION**

1. Plaintiff is Jason Van Dyke; defendant is Thomas Retzlaff.

2. On March 28, 2018, Van Dyke filed this $100,000,000.00 libel suit after Retzlaff filed a grievance against him with the State Bar of Texas.

3. On July 24, 2018, the Court denied Retzlaff's motion to dismiss under the Texas Citizens Participation Act. (Doc. 71.) Retzlaff unsuccessfully appealed. The Fifth Circuit issued its mandate on December 23, 2019.

4. On January 22, 2020, the Court lifted the stay (Doc. 115) and issued a new Scheduling Order setting various deadlines in the case. (Doc. 117.)

## II. FACTS PERTAINING TO VAN DYKE'S "EMERGENCY" MOTION

5. On January 15, 2020, Van Dyke declared an "emergency" and sought injunctive relief. (Doc. 114.) The so-called "emergency" was so dire Van Dyke apparently forgot to comply with Local Rule CV-7(a) by accompanying his motion with "a separate proposed order."[1] It is impossible for Retzlaff to meaningfully respond to Van Dyke's motion without seeing the text of Van Dyke's proposed injunction. Van Dyke prays the Court to "enter an order granting a preliminary injunction in this case and prohibiting [Retzlaff] from the conduct set forth in paragraph twenty four of this motion." But this reference is unhelpful. The entirety of the referenced paragraph is:

> **24. Although Plaintiff's lawsuit seeks an injunction from the filing of further disciplinary proceedings against Plaintiff by Retzlaff, Plaintiff does not seek temporary injunctive relief for that behavior at this time due to the likelihood that said portion of Plaintiff's lawsuit will become moot within the next six to nine months.**

(Doc. 114, ¶ 24.)

6. It is possible that Van Dyke intended to refer to ¶ 23 of his motion instead of ¶ 24. There, Van Dyke lists seven general categories of actions he asks the Court to enjoin Retzlaff from performing.

---

[1] Although Van Dyke submitted a proposed order granting an *"in person hearing"* on his emergency motion, (Doc. 114-19), Van Dyke failed to submit any text for his proposed preliminary injunction.

23. **Plaintiff seeks to enjoin [Retzlaff], together with his agents, representatives, and all other persons associated with [Retzlaff], from the following activities:**

   (a) **From having any contact, of any nature, type, or description, through any type of communications medium, with Plaintiff except that which may be expressly permitted by the orders of this Court, any other court, or the applicable rules of practice or procedure;**

   (b) **From having any contact, of any nature, type, or description, through any type of communications medium, with any member of Plaintiff's family including, but not limited to, Plaintiff's mother and father;**

   (c) **From having any contact concerning Plaintiff, of any nature, type, or description, through any type of communications medium, with any person or entity that is, or was previously, an employer or client of Plaintiff or an employer of any member of Plaintiff's family, including independent contractor relationships.**

   (d) **From having contact relating or pertaining to Plaintiff with any business patronized by Plaintiff, or patronized by any member of Plaintiff's family.**

   (e) **From having any contact concerning Plaintiff with any judicial officer or similar authority in any case where Plaintiff is a party, is acting as an attorney, or was acting as an attorney, except for cases where Retzlaff himself is named as a party in the style of the case, or while providing testimony pursuant to a subpoena, discovery request, or similar legal process;**

   (f) **From filing any documents in any case where Plaintiff is a party, has represented a client, or is representing a client, except for cases where Retzlaff himself is named as a party in the style of the case, where Retzlaff obtains written permission from the judge to make such filings, or where such a filing is incidental to Retzlaff's compliance with a subpoena, discovery request, or similar legal process.**

   (g) **From possessing, using, or distributing any protected personal information of Plaintiff including, but not limited to, any information protected by Tex. Penal Code § 32.51.**

### III. ARGUMENT & AUTHORITIES

7. The purpose of a preliminary injunction is to preserve the status quo pending a final determination of the merits. *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is "an extraordinary remedy that does not issue as a matter of right." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C.Cir. 2004). As briefed below, there are at least three problems with the preliminary injunction Van Dyke appears to seek that prevent the Court from granting Van Dyke relief.

### A. Plaintiff Has Failed to Join All Required Parties

8. Before the Court can grant preliminary injunctive relief, the plaintiff must join all required parties under FED. R. CIV. P. 19. *See Klaus v. Hi-Shear Corp.*, 528 F.2d 225, 234-35 (9th Cir. 1975). According to Van Dyke's second amended complaint, one of the defendants is a limited liability company named "Via View Files, L.L.C.," through whose blog "BV Files" Retzlaff's allegedly libelous speech is uttered. Via View Files, L.L.C., does not appear ever to have been served in the suit, but has a legally protected interest in its First Amendment right of free speech. Van Dyke cannot under any circumstances obtain injunctive relief curtailing Via View Files, L.L.C.'s First Amendment rights in the absence of Via View Files, L.L.C., from the suit. *Dawavendewa v. Salt River Project Agric. Imprv. & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002).

*Van Dyke v. Retzlaff*
Retzlaff's Response in Opposition to Plaintiff's Motion for Preliminary Injunction

4

## B. Equity Will Not Restrain Even *Defamatory* Speech

9. A hallmark of free speech under both the U.S. and Texas Constitutions is the maxim that prior restraints are a heavily disfavored infringement of that right. **Kinney v. Barnes**, 443 S.W.3d 87, 87 (Tex. 2014).

> **So great is our reticence to condone prior restraints that we refuse to allow even unprotected speech to be banned if restraining such speech would also chill a substantial amount of protected speech.**

*Id*. Enshrined in the Texas Constitution since 1836,[2] the fundamental "liberty to speak, write, or publish" one's opinions recognizes the "transcendent importance of such freedom to the search for truth, the maintenance of democratic institutions, and the happiness of individual men." TEX. CONST. art. I, § 8 interp. commentary (West 2007).

10. The Texas Supreme Court has long held that—while abuse of the right to speak subjects the speaker to proper penalties—"'pre-speech sanctions' are presumptively unconstitutional." **Kinney**, 443 S.W.3d at 87, quoting **Davenport v. Garcia**, 834 S.W.2d 4, 9 (Tex. 1992). The First Amendment of the U.S. Constitution is also suspicious of prior restraints, which include judicial orders "forbidding certain communications" that are "issued in advance of the time that such communications are to occur." **Alexander v. United States**, 509 U.S. 544, 550 (1993) (citation and internal quotation marks omitted). The U.S. Supreme Court has long recognized that "prior restraints on speech and

---

[2] *See* TEX. CONST. art. I, § 8. The provision as currently worded dates back only to 1876, but a similar provision was part of the 1836 Texas Independence Constitution. **Davenport v. Garcia**, 834 S.W.2d 4, 7-8 (Tex. 1992).

publication are the most serious and the least tolerable infringement on First Amendment rights." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976); *see also id*. As such, they "bear[] a heavy presumption against [their] constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963). This cornerstone of First Amendment protections has been reaffirmed time and again by the U.S. Supreme Court,[3] the Texas Supreme Court,[4] Texas courts of appeals,[5] legal treatises,[6] and even popular culture.[7] As the Texas Supreme Court reaffirmed in 2014:

> **We have squarely held that a temporary injunction prohibiting allegedly defamatory speech is an unconstitutional prior restraint….**

*Kinney*, 443 S.W.3d at 87.

11. "The traditional rule of Anglo-American law is that equity has no jurisdiction to enjoin defamation." Chemerinsky, 57 SYRACUSE L. REV. at 167 (explaining that the rule dates back to eighteenth-century England and was

---

[3] *See, e.g., Stuart*, 427 U.S. at 561 ("[I]t is … clear that the barriers to prior restraint remain high unless we are to abandon what the Court has said for nearly a quarter of our national existence and implied throughout all of it."); *N.Y. Times Co. v. United States*, 403 U.S. 713, 714 (1971) (per curiam).

[4] *Davenport*, 834 S.W.2d at 9; *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253, 255 (Tex. 1983) (per curiam).

[5] *Tex. Mut. Ins. Co. v. Sur. Bank, N.A.*, 156 S.W.3d 125, 128 (Tex. App.—Fort Worth 2005, no pet.) ("[P]rior restraints on speech are presumptively unconstitutional."); *San Antonio Express-News v. Roman*, 861 S.W.2d 265, 267 (Tex. App.—San Antonio 1993, orig. proceeding) (per curiam).

[6] *See* Chemerinsky, *Injunctions in Defamation Cases*, 57 SYRACUSE L. REV. 157, 173 (2007) ("[N]ever in the 216 year history of the First Amendment has the Supreme Court found it necessary to uphold a prior restraint in a defamation case…"); A. Siegel, *Injunctions for Defamation, Juries, and the Clarifying Lens of 1868*, 56 BUFF. L. REV. 655, 656 (2008).

[7] THE BIG LEBOWSKI (PolyGram Filmed Entertainment & Working Title Films 1998) ("For your information, the Supreme Court has roundly rejected prior restraint.").

adopted "with remarkable uniformity" by nineteenth- and twentieth-century American courts). United States federal courts also so hold.

> **[T]he maxim that equity will not enjoin a libel has enjoyed nearly two centuries of widespread acceptance at common law.**

See ***Kramer v. Thompson***, 947 F.2d 666, 677 (3d Cir. 1991). The Texas Supreme Court's treatment of the temporary injunctions in ***Ex parte Tucker***[8] and ***Hajek***[9] and its decision in ***Kinney*** leave no doubt that Texas law is in accord with the traditional rule with regard to future speech.

12. Thus far, Van Dyke's only response to Retzlaff's assertion of a First Amendment right to publicly speak on matters "concerning" Van Dyke is Van Dyke's declaration that such a concept is "patently absurd." (Doc. 64, ¶ 2.) This is so, says Van Dyke, because Van Dyke characterizes the speech as "felonious," "harassing," and "damaging" to plaintiff's law practice. This is not enough to carve out a "Van Dyke Exception" to the longstanding constitutional precept that the First Amendment does not permit content-based prior restraints on speech. The Court cannot properly grant Van Dyke's requested preliminary injunction to silence Retzlaff from "communicating" in any way that Van Dyke might subjectively regard as offensive.

---

[8] 220 S.W. 75, 76 (Tex. 1920).
[9] 647 S.W.2d 253, 255 (Tex. 1983).

## C. The Requested Injunction Sought is Insufficiently Specific

13. A valid order for preliminary injunction must make certain specific statements. The order must specifically state what is restrained. FED. R. CIV. P. 65(d)(1)(C); **Hornbeck Offshore Servs. v. Salazar**, 713 F.3d 787, 792 (5th Cir. 2013); *see* **Schmidt v. Lessard**, 414 U.S. 473, 476 (1974). When determining whether the order is sufficiently specific, courts look at whether the parties understand their obligations under the order; the degree of specificity required in the order depends on the nature of the subject matter. **Planetary Motion, Inc. v. Techsplosion, Inc**., 261 F.3d 1188, 1203-04 (11th Cir. 2001). An ordinary person reading the order should be able to determine exactly what conduct is prohibited. **Columbia Pictures Indus. v. Fung**, 710 F.3d 1020, 1047-48 (9th Cir. 2013).

14. Van Dyke's proposed injunction would restrain Retzlaff from "having any contact" (whatever that means) though "*any type of communications medium*," with Van Dyke as well as unnamed "members of plaintiff's family." (Doc. 114, ¶ 23(b).) Retzlaff would also be restrained from "having any contact" through "*any type of communications medium*," who "is, or was previously, an employer or client of Plaintiff or an employer of any member of Plaintiff's family, including independent contractor relationships." (*Id*. at ¶ 23(c).) Van Dyke continues in like manner. No individual in any of these broad categories is named, in Van Dyke's motion. How Retzlaff would be able to determine what persons Retzlaff is judicially restrained from "communicating" with is never explained. Van Dyke's requested injunction is impermissibly vague.

## IV. P<small>RAYER</small>

15. For these reasons, defendant Thomas Retzlaff prays the Court to deny injunctive relief to Van Dyke in all things, and for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on \_\_\_\_\_1-27\_\_\_\_, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
108 Durango Drive
Crossroads, Texas 76227
Telephone: 469-964-5346
FAX: 972-421-1830
jasonleevandyke@gmail.com


_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**