# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00247 |
| § | Judge Mazzant |
| THOMAS RETZLAFF, a/k/a DEAN § | |
| ANDERSON, d/b/a VIA VIEW FILES § | |
| LLC, and VIA VIEW FILES | |

## ORDER

Pending before the Court is Plaintiff Jason Lee Van Dyke's Motion for Withdrawal of Dismissal Motion (Dkt. #91). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On March 28, 2018, Plaintiff filed suit against Defendant Thomas Retzlaff in the 431st State District Court of Texas. On April 10, 2018, Defendant removed the case to federal court. Plaintiff's claims concern numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff.

On April 10, 2018, Defendant filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #5), which the Court denied as moot pursuant to Plaintiff's amended complaint (Dkt. #53). As a result, on May 22, 2018, Defendant filed his Second Amended TCPA Motion to Dismiss (Dkt. #44). On July 24, 2018, the Court denied Defendant's motion finding that the TCPA is inapplicable in federal court (Dkt. #71). On July 30, 2018, Defendant filed a Notice of Appeal (Dkt. #74). Additionally, Defendant filed an Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75). On July 31, 2018, the Court granted Defendant's emergency motion and stayed the case (Dkt. #79).

On December 3, 2018, while this case was stayed and on appeal, Plaintiff filed his Motion for Court-Ordered Dismissal under Rule 41(a)(2) (Dkt. #84). Defendant responded on December 17, 2018 (Dkt. #85). In his response, Defendant indicated that the Court may lack jurisdiction to grant the motion due to the pending appeal (Dkt. #85 at p. 2 n. 2). Assuming jurisdiction existed, Defendant was unopposed to the voluntary dismissal of Plaintiff's claims so long as the dismissal was with prejudice (Dkt. #85 at p. 2). But Defendant declined to withdraw his Motion to Dismiss pursuant to the TCPA, reasoning that, should the Fifth Circuit find the TCPA applicable in Federal Court, Defendant was entitled to attorney's fees and sanctions from Plaintiff (Dkt. #85 at p. 2).

On July 8, 2019, Plaintiff filed his Motion for Withdrawal of Dismissal Motion (Dkt. #91). On July 16, 2019, Defendant responded (Dkt. #94).

On October 22, 2019, the Fifth Circuit affirmed this Court's ruling and held that—pursuant to the recently decided *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019)—the TCPA does not apply in federal court (Dkt. #104). The Fifth Circuit's mandate issued on December 20, 2019 (Dkt. #104).

## ANALYSIS

Plaintiff provides no reasoning or legal support in his Motion for Withdrawal. *See* (Dkt. #91). Plaintiff just states that the Defendant "has continued to criminally stalk Plaintiff and, for the purpose of judicial economy, Plaintiff wishes to pursue both is original claims against Defendant and those which have arisen since July 31, 2018" (Dkt. #91).

Defendant does not do much better. Defendant merely claims that the move "smacks of gamesmanship," and is retaliation for Defendant having filed criminal complaints and grievances against Plaintiff (Dkt. #94 at p. 2).

The decision to grant or deny a Rule 41(a) motion is within the Court's discretion. *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019) (citing *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002)). A plaintiff is entitled to withdraw a motion to dismiss so long as it is withdrawn in a "timely fashion." *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). What constitutes a "timely fashion" is "not well developed in the case law." *Id.*

Both Plaintiff's Motion for Court-Ordered Dismissal and Motion for Withdrawal came while this case was stayed pending review in the Fifth Circuit. Defendant was opposed to the dismissal—unless it was with prejudice—and had planned on pursuing attorney's fees and sanctions from Plaintiff if Defendant had prevailed in the Fifth Circuit (Dkt. #85 at p. 2). Defendant was not prejudiced by Plaintiff's change of course, particularly because the case was stayed on appeal and Defendant did not intend to dismiss the appeal. *See* (Dkt. #85 at p. 2).

Additionally, Plaintiff indicated in his Motion for Court-Ordered Dismissal that he had "no opinion whether this lawsuit should be dismissed with or without prejudice to refiling" (Dkt. #84 at p. 2). Unless otherwise ordered by the Court, a voluntary dismissal under Rule 41(a)(2) is without prejudice. Defendant opposed Plaintiff's Motion for Court-Ordered Dismissal unless it would result in a dismissal with prejudice (Dkt. #85 at p. 3). "'[B]efore requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss' rather than accept the dismissal with prejudice." *Welsh*, 915 F.3d at 344 (quoting *Bell v. Keystone RV Co.*, 628 F.3d 157, 163 n.4 (5th Cir. 2010)). So, for the Court to have dismissed Plaintiff's claims with prejudice—the only relief Defendant agreed to—the Court would have needed to give Plaintiff the option to withdraw his motion. *See id.* Plaintiff simply acted before the Court extended him the opportunity.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Withdrawal of Dismissal Motion (Dkt. #91) is hereby **GRANTED**, and that Plaintiff's Motion for Court-Ordered Dismissal under Rule 41(a)(2) (Dkt. #84) is hereby **WITHDRAWN**. The Clerk's Office is directed to terminate Motion Dkt. #84 and indicate its withdrawal on the docket, in accordance with this Order.

**SIGNED this 28th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE