# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § § § v. § § THOMAS RETZLAFF, a/k/a DEAN § ANDERSON, d/b/a VIA VIEW FILES LLC, § and VIA VIEW FILES § § | Civil Action No. 4:18-CV-247 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jason Lee Van Dyke's Amended Motion for Leave to File Third Amended Complaint (Dkt. #112). After reviewing the relevant pleadings and motions, the Court finds that the Motion should be granted.

### BACKGROUND

On March 28, 2018, Plaintiff filed suit against Defendant Thomas Retzlaff in the 431st State District Court of Texas. On April 10, 2018, Defendant removed the case to federal court. Plaintiff's claims concern numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff.

On April 10, 2018, Defendant filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #5), which the Court denied as moot pursuant to Plaintiff's amended complaint (Dkt. #53). As a result, on May 22, 2018, Defendant filed his Second Amended TCPA Motion to Dismiss (Dkt. #44). On July 24, 2018, the Court denied Defendant's motion finding that the TCPA is inapplicable in federal court (Dkt. #71). On July 30, 2018, Defendant filed a Notice of Appeal (Dkt. #74). Additionally, Defendant filed an Unopposed Emergency Motion to Stay Proceedings Pending Appeal (Dkt. #75). On July 31, 2018, the Court granted Defendant's emergency motion and stayed the case (Dkt. #79).

On October 22, 2019, the Fifth Circuit affirmed this Court's ruling and held that—pursuant to the recently decided *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019)—the TCPA does not apply in federal court (Dkt. #104). After the Fifth Circuit's mandate issued on December 23, 2019 (Dkt. #104), the parties filed several motions, including Plaintiff's Amended Motion for Leave to File Third Amended Complaint (Dkt. #112), intended to replace Plaintiff's prior motion for leave (Dkt. #89). Defendant opposed Plaintiff's Amended Motion for Leave and filed his response on January 27, 2019 (Dkt. #120). Plaintiff replied that same day (Dkt. #122).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once at any time before a responsive pleading is served without seeking leave of court or the consent of the adverse party. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

The Court has discretion to deny a request to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). Futility in the Rule 15(a) context means that the complaint, once amended, would still fail to state a claim upon which relief could be granted under the Rule 12(b)(6) standard. *Id.* at 873.

## ANALYSIS

Before turning to the analysis, the Court reminds ***both*** parties that the Court encourages cooperation between parties and civility in discourse. The Court acknowledges that the parties here despise each other. But the Court expects this disdain to be absent from the tone of the briefing and the arguments moving forward.

Defendant opposes Plaintiff's Amended Motion for Leave to File Third Amended Complaint on three main grounds: (1) the record demonstrates Plaintiff has unduly delayed; (2) Plaintiff's motion was made with bad faith; and (3) amendment would be futile (Dkt. #120). The Court is unpersuaded by Defendant's arguments. Accordingly, Plaintiff is granted leave to file his Third Amended Complaint.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Amended Motion for Leave to File Third Amended Complaint (Dkt. #112) is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #89) and Defendant's First Amended Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6) (Dkt. #110) are **DENIED as moot**.

**SIGNED this 30th day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE