IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | |
|---|---|
| **JASON LEE VAN DYKE**, §<br>    *Plaintiff*, §<br>§<br>v. §<br>§<br>**THOMAS CHRISTOPHER** §<br>**RETZLAFF, a/k/a DEAN** §<br>**ANDERSON, d/b/a VIA VIEW FILES,** §<br>**L.L.C., and VIAVIEW FILES,** §<br>    *Defendant* § | **NO. 4:18-CV-247-ALM** |

**DEFENDANT THOMAS RETZLAFF'S FIRST AMENDED ORIGINAL ANSWER**

Defendant Thomas Retzlaff files his first amended original answer to plaintiff's third amended complaint.[1]

### I. SUMMARY OF CLAIMS

1.     Retzlaff denies the allegation of Paragraph 1.1 that Retzlaff has been engaged in "stalking and harassment" of plaintiff. Retzlaff is without knowledge or information sufficient to form a belief as to truth of the remainder of the averments of Paragraph 1.1.

### II. PARTIES

2.     Retzlaff is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 2.1.

3.     Retzlaff denies the averments of Paragraph 2.1.

---

[1] On January 30, 2020, the Court signed an order (Doc. 125) granting plaintiff leave to file the version of plaintiff's third amended complaint dated January 14, 2020. (Doc. 113.) It is this pleading to which the instant answer responds.

## III. JURISDICTION AND VENUE

### (Jurisdiction)

3. The allegations of Paragraph 3.1 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

4. The allegations of Paragraph 3.2 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

5. The allegations of Paragraph 3.3 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

### (Venue)

6. The allegations of Paragraph 3.4 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

7. Retzlaff denies the averments of Paragraph 3.5.

8. Retzlaff denies the averments of Paragraph 3.6.

## IV. CONDITIONS PRECEDENT

9. Retzlaff denies the allegations of Paragraph 4.1. Specifically, but without limitation, plaintiff failed to comply with the statutory prerequisite of TEX. CIV. PRAC. & REM. CODE § 73.055, without which this suit cannot be maintained.

# V. FACTS

10. Retzlaff admits that plaintiff was formerly an attorney licensed to practice law in the state of Texas. Retzlaff is without knowledge or information sufficient to form a belief as to truth of what kinds of clients plaintiff formerly represented or in what kinds of cases plaintiff represented them. Retzlaff denies the remaining allegations of Paragraph 5.1.

11. Retzlaff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.2.

13. Retzlaff denies that he has "criminally stalked" plaintiff. Retzlaff admits the remaining averments of Paragraph 5.3.

**(Background Information)**

15. Retzlaff denies that he has filed any "frivolous" grievance against plaintiff. Retzlaff admits the remaining averments of Paragraph 5.4.

16. Retzlaff is without knowledge or information sufficient to form a belief as to when a website known as "BV Files" posted "a copy of the letter sent to Retzlaff from BODA."

17. Retzlaff denies the allegation of Paragraph 5.6 that it "stands to reason that the person responsible for the content of BV Files is, in fact, Retzlaff."

18. Retzlaff denies the allegations of Paragraph 5.7.

**(Facts Relevant to Plaintiff's Original Claims)**

19. Retzlaff denies the allegations of Paragraph 5.8.

20. Retzlaff denies the allegations of Paragraph 5.9.

21. Retzlaff denies the allegations of Paragraph 5.10.

22. Retzlaff denies the allegations of Paragraph 5.11.

23. Retzlaff denies the allegations of Paragraph 5.12.

24. Retzlaff denies the allegations of Paragraph 5.13.

25. Retzlaff is without knowledge or information sufficient to form a belief as to when plaintiff was informed his employment by KLR was being terminated. Retzlaff denies the remaining averments of Paragraph 5.14.

26. Retzlaff denies the allegations of Paragraph 5.15.

27. Retzlaff denies the allegations of Paragraph 5.16.

28. Retzlaff denies the allegations of Paragraph 5.17.

29. Retzlaff denies the allegations of Paragraph 5.18.

30. Retzlaff denies the allegations of Paragraph 5.19.

31. Retzlaff denies the allegations of Paragraph 5.20.

**(Additional Tortious Conduct and Criminal Stalking Behavior Since the Stay)**

32. Retzlaff admits the allegation of Paragraph 5.21 that the Court stayed all proceedings on July 31, 2018, during the pendency of Retzlaff's appeal. Retzlaff denies the remaining averments of Paragraph 5.21.

33. Retzlaff admits the allegations of Paragraph 5.22.

34. Retzlaff is without knowledge or information sufficient to form a belief as to whether any communication was "unwanted" by plaintiff or whether plaintiff experienced any communication as "harassing," as plaintiff alleges in Paragraph 5.23. Whether any of Retzlaff's communications to any judge was

"illegal" or "*ex parte*"—as opposed to an absolutely privileged judicial or quasi-judicial communication or a nonactionable exercise of Retzlaff's First Amendment right to express opinions on matters of public concern—are conclusions of law to which no response is necessary.

35. Retzlaff denies the allegations of Paragraph 5.24.

36. Retzlaff is without knowledge or information sufficient to form a belief as to whether plaintiff was "previously counsel in several lawsuits fighting against revenge pornography." Retzlaff denies the remaining averments of Paragraph 5.25.

37. Retzlaff denies the allegations of Paragraph 5.26.

38. Retzlaff denies the allegations of Paragraph 5.27.

39. Retzlaff denies the allegations of Paragraph 5.28.

40. Retzlaff denies the allegations of Paragraph 5.29.

41. Retzlaff denies the allegations of Paragraph 5.30.

42. Retzlaff denies the allegations of Paragraph 5.31.

43. Retzlaff denies the allegations of Paragraph 5.32.

**(Defendant's Abuse of State Bar Disciplinary Procedures)**

44. Retzlaff denies the allegations of Paragraph 5.33.

45. Retzlaff admits the allegations of Paragraph 5.34 that Retzlaff has filed grievances against plaintiff with the state bar of Texas.

46. Retzlaff denies the allegation of Paragraph 5.35 that Retzlaff has filed "frivolous" or "fictitious" grievances against any attorney in any jurisdiction,

or has filed grievances to "harass," "intimidate," or "retaliate against" any attorney.

47. Retzlaff denies the allegation of Paragraph 5.36.

48. Retzlaff is without knowledge or information sufficient to form a belief as to whether plaintiff is "investigating" alleged subornation of perjury by Retzlaff, as alleged in Paragraph 5.37. Retzlaff denies the remaining averments of Paragraph 5.37.

## VI. CAUSES OF ACTION

49. Paragraph 6.1 is plaintiff's incorporation of earlier paragraphs of the pleading by reference and requires no response.

**(Count One — Libel Per Se)**

50. Retzlaff denies that any statement alleged to have been made by Retzlaff in Paragraph 6.2 is an "assertion of fact."

51. Retzlaff denies plaintiff's claim in Paragraph 6.3 that plaintiff is not a "public figure" and that the statements referred to are matters of only private concern. Retzlaff admits his opinion that plaintiff is unsuited to hold a license to practice law and that Retzlaff has advocated plaintiff's disbarment before appropriate disciplinary authorities and his criminal conviction for witness tampering. To the extent that plaintiff's disbarment and criminal conviction would "destroy plaintiff's legal career," Retzlaff admits the averments of Paragraph 6.3.

52. The allegations of Paragraph 6.4 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

53. The allegations of Paragraph 6.5 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

54. The allegations of Paragraph 6.6 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

55. The allegations of Paragraph 6.7 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

56. The allegations of Paragraph 6.8 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

57. The allegations of Paragraph 6.9 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

58. The allegations of Paragraph 6.10 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

59. The allegations of Paragraph 6.11 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

### (Count One — Alternative Theory — Business Disparagement)

60. The allegations of Paragraph 6.12 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

61. The allegations of Paragraph 6.13 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

62. The allegations of Paragraph 6.14 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

63. The allegations of Paragraph 6.15 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments, except that to the extent that plaintiff's disbarment and criminal conviction would "destroy plaintiff's legal career," Retzlaff admits the averments of Paragraph 6.15.

64. Retzlaff denies the allegations of Paragraph 6.16.

65. The allegations of Paragraph 6.17 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

**(Count Two — Intrusion on Seclusion)**

66. The allegations of Paragraph 6.18 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

67. The allegations of Paragraph 6.19 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

68. Retzlaff is without knowledge or information sufficient to form a belief as to whether plaintiff has "suffered injury" or "emotion[al] distress," as alleged in Paragraph 6.20. Retzlaff denies the remaining averments of Paragraph 6.20.

**(Count Three — Tortious Interference with an Existing Contract)**

69. Retzlaff denies the averments of Paragraph 6.21.

70. Retzlaff denies the averments of Paragraph 6.22.

71. Retzlaff denies the averments of Paragraph 6.23.

72. The allegations of Paragraph 6.24 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

**(Count Three — Alternative Theory — Tortious Interference with Prospective Relations)**

73. The allegations of Paragraph 6.25 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

74. Retzlaff denies the allegations of Paragraph 6.26.

75. Retzlaff denies the allegations of Paragraph 6.27.

76. The allegations of Paragraph 6.28 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

77. Retzlaff denies the allegations of Paragraph 6.29.

78. The allegations of Paragraph 6.30 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

**(Count Five[2] — Malicious Criminal Prosecution)**

79. Retzlaff denies the allegations of Paragraph 6.31.

80. The allegations of Paragraph 6.32 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

81. Retzlaff is without knowledge or information sufficient to form a belief as to whether plaintiff subjectively recalls sending the e-mails which formed the basis of plaintiff's arrest, or whether the e-mails were "unable to be located." Retzlaff denies the remaining averments of Paragraph 6.33.

82. Retzlaff denies the allegations of Paragraph 6.34.

83. Retzlaff denies the allegations of Paragraph 6.35.

---

[2] Plaintiff's third amended complaint does not contain a "Count Four," but skips from "Count Three — Alternative Theory" to "Count Five."

84. The allegations of Paragraph 6.36 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

85. The allegations of Paragraph 6.37 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

**(General Alternative Theory — Intentional Infliction of Emotion[al] Distress)**

86. The allegations of Paragraph 6.38 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

87. Retzlaff admits the allegation of Paragraph 6.39 that plaintiff is a natural person. The remaining allegations of Paragraph 6.39 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

88. Retzlaff denies the allegation of Paragraph 6.40.

89. The allegation of Paragraph 6.41 of what damages plaintiff seeks requires no response. To the extent that a response is deemed necessary, Retzlaff denies these averments.

90. The allegations of Paragraph 6.42 constitute conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies these averments.

## VII. INJUNCTIVE RELIEF

91. Paragraph 7.1 is plaintiff's incorporation by reference of the preceding paragraphs of plaintiff's third amended complaint (Doc. 113), to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff incorporates by reference his responses to each of the preceding paragraphs in this answer.

92. Paragraph 7.2 is a recitation of what injunctive relief plaintiff seeks against Retzlaff, to which no response is necessary. To the extent that a response is deemed necessary, Retzlaff denies that plaintiff is entitled to any injunctive relief.

## VIII. PLAINTIFF'S PRAYER

93. Paragraph 8.1 is plaintiff's prayer for relief, to which no response is necessary.

## IX. RETZLAFF'S AFFIRMATIVE DEFENSES

94. ***Substantial Truth***. Pursuant to TEX. CIV. PRAC. & REM. CODE § 73.005, Retzlaff asserts that the statements sued upon—to the extent that they are objectively verifiable statements of fact capable of a defamatory meaning and not statements of opinion—are substantially true. "The common law of libel … overlooks minor inaccuracies and concentrates upon substantial truth." ***Masson v. New Yorker Magazine, Inc.***, 501 U.S. 496, 516 (1991) (internal citations omitted). Small discrepancies "do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'" *Id.* at 517; *see also* ***Turner v.***

***KTRK Television, Inc.***, 38 S.W.3d 103, 115 (Tex. 2000) (holding that substantial truth doctrine "precludes liability for a publication that correctly conveys a story's 'gist' or 'sting' although erring in the details"). For example, stating that someone has a criminal record for abusing a *woman* when he actually has a criminal record for abusing a *man*—despite the inaccuracy—is substantially true.

> **Put another way, the statement is not considered false unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have produced.'**

*Masson*, 501 U.S. at 517. A communication is viewed as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it. ***Turner***, 38 S.W.3d at 114. Falsity is determined based on "the meaning a reasonable person would attribute to a publication, and not to a technical analysis of each statement." ***New Times, Inc. v. Isaacks***, 146 S.W.3d 144, 154 (Tex. 2004).

      95. ***Plaintiff's Failure to Comply With the Defamation Mitigation Act ("DMA")***. Plaintiff cannot "maintain" his libel suit because he failed to make a timely pre-suit demand for retraction, correction, or clarification as required by TEX. CIV. PRAC. & REM. CODE § 73.055(d)(3). Without having made such a request, plaintiff may not state a claim for defamation. ***Tubbs v. Nicol***, 675 Fed.App'x. 437, 439 (5th Cir. 2017) ("Thus, because Tubbs failed to follow the requirements of the DMA, her defamation claim fails as a matter of law.").

      96. ***Plaintiff is "Libel-Proof."*** Plaintiff is widely known to have made numerous aggressively hostile statements to or about persons of color on social

media sites and has been the subject of years of derogatory articles criticizing his extreme social views. If plaintiff ever had a reputation to lose, he lost it after the broad publication of these facts and events. *See* ***Swate v. Schiffers***, 975 S.W.2d 70, 74-75 (Tex. App.—San Antonio 1998, pet. denied) (physician whose reputation had already been ruined by derogatory newspaper articles and public censure from medical disciplinary boards was libel-proof and could not hold the defendant liable for misstating new criminal charges).

97. ***Proportionate Responsibility***. Retzlaff invokes TEX. CIV. PRAC. & REM. CODE § 33.001, *et seq.* If plaintiff was damaged as he contends, plaintiff himself was the principal cause of his damages, having published and republished the very facts he claims are defamatory to him. In addition, by his own pleadings, plaintiff judicially admits that others caused or contributed to his damages. The trier of fact must determine the percentage of responsibility of each defendant, settling person, and person designated as a responsible third party, and the Court must reduce the amount of damages recovered in accordance with each such person's percentage of responsibility. *Id.* §§ 33.003, 33.012.

98. ***Immunity and Privilege***. To the extent that any Retzlaff communication that plaintiff sues upon was made to the State Bar of Texas in a grievance or in correspondence to a judge in an ongoing judicial proceeding—or in contemplation of or relating to such a pending or contemplated judicial or quasi-judicial proceeding—Retzlaff is immune from plaintiff's suit by virtue of the absolute judicial or quasi-judicial communications privilege. The judicial

communications privilege extends to quasi-judicial proceedings and other instances in which the benefit to the general public outweighs the potential harm to an individual. *Bird v. W.C.W.,* 868 S.W.2d 767, 771 (Tex. 1994). A quasi-judicial proceeding is any proceeding, "conducted by a governmental executive officer, board, or commission that has the authority to hear and decide the matters coming before it or to redress the grievances of which it takes cognizance." *5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254, 256-57 (Tex. App.—Fort Worth 2004, pet. denied), citing *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982).

99. ***Section 230 of the Communications Decency Act***. Plaintiff sues Retzlaff for "comments" hosted by the "BV Files" blog. (Doc. 113, ¶ 5.28.) These also figure prominently in plaintiff's request for injunctive relief. (Doc. 114, ¶¶ 5, 6, 8, and 9.) Even assuming Retzlaff is the owner and author of the "BV Files" blog, he cannot be liable to plaintiff for statements made by others on that blog.

> **No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.**

47 U.S.C. § 230. The statute shields bloggers who act as intermediaries by hosting comments on their blogs. *See **Green v. America Online (AOL)***, 318 F.3rd 465, 471(3rd Cir. 2003). Bloggers are not liable for comments left by readers, the work of guest bloggers, or tips sent via email. This legal protection holds even if a blogger is aware of the objectionable content or makes editorial judgments. ***La'Tiejira v. Facebook, Inc***., 272 F.Supp. 981, 993-94 (S.D.Tex. 2017).

## X. Retzlaff's Prayer

100. For these reasons, Retzlaff prays that plaintiff take nothing by his claims and that the Court grant Retzlaff such other and further relief as to which he shall show himself to be lawfully entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By:　　　　/s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

  I certify that on _____1-31_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

  Mr. Jason Lee Van Dyke
  Plaintiff, Pro Se
  P.O. Box 2618
  Decatur, Texas 76234
  Telephone: 940-305-9242
  jasonleevandyke@gmail.com


    _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**