IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE §<br>    Plaintiff §<br>§<br>v. §<br>§<br>THOMAS CHRISTOPHER RETZLAFF §<br>a/k/a Dean Anderson d/b/a BV Files, Via §<br>View Files L.L.C., and ViaView Files §<br>    Defendant § | Case No. 4:18cv247 |

### PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Plaintiff, Jason Lee Van Dyke, asks this Court to compel Defendant to answer interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure. Specifically, Defendant has failed and refused to tender complete and sworn responses to interrogatories propounded under FRCP 33. As grounds therefore, Plaintiff states as follows.

### I.  FACTS & PROCEDURAL BACKGROUND

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. Discovery in this case has been somewhat contentious. This case was removed to this Court on or around April 11, 2018, at which time Defendant files an immediate motion to dismiss under the Texas Citizens Participation Act ("TCPA"). However, discovery could not be conduct upon removal because there has not yet been a Rule 26 conference in this case.

3. The Rule 26 conference was held on or around May 30, 2018. However, prior to this conference, Mr. Dorrell had entered an appearance in this case on behalf of Defendant. An amended motion under the TCPA (which would typically stay all discovery) was filed by Mr. Dorrell and denied by this Court on July 24, 2018. Plaintiff served the

       interrogatories on July 26, 2018. However, on July 31, 2018, this Court stayed this case for all purposes while Defendant took an interlocutory appeal of this Court's denial of his TCPA motion to the 5th Circuit. Defendant never responded to those interrogatories – until recently.

4. The decision of this Court was affirmed by the 5th Circuit and a mandate was issued on or around December 23, 2019. However, the stay imposed by this Court remained in full force and effect until it was lifted approximately one month later and a new scheduling order was entered. Furthermore, Plaintiff had been granted leave to amend his complaint by this Court.

5. Plaintiff believes that, prior to entry of the stay, he agreed to withdraw the interrogatories served prior to the stay. However, as this was well over a year ago, Plaintiff has been unable to locate any e-mail to that effect. Nevertheless, knowing that the interrogatories previously served would be considered "stale", Plaintiff modified and re-served his first set of interrogatories to Defendant on January 29, 2020. A copy of said interrogatories is attached hereto as Exhibit "1".

6. On February 24, 2020, Plaintiff received the response to interrogatories attached hereto as Exhibit "2". In this response, Defendant combined the interrogatories served on July 26, 2018 and combined them with the interrogatories served on January 29, 2020. Defendant then proceeded to pick and choose which interrogatories to response to (even going to far as to twice answer those interrogatories which appeared on both documents). See e.g. Ex. 2, ¶ p. 1 and 5. In the remaining responses, Defendant stated in a conclusory manner that the documentation requested was either publicly available or already in the possession of Plaintiff. It should be noted that Defendant was merely

asked to identify specific documents; he was not asked to produce anything (until March 10, 2020, when Plaintiff served his first request for production on Defendant).

7. With respect to Plaintiff's interrogatories, Defendant has properly responded to interrogatory no. 1, 3(b) and 17. See Ex. 3. However, Defendant failed to respond under oath as required by FRCP 33(b)(3).

8. Defendant made no attempt whatsoever to respond to interrogatory 2, 3(c)-(f), 8, 9, 10, 14, or 16. Defendant tendered non-responses or insufficient responses to all of Plaintiff's other interrogatories. Specifically:

> 3(a): Defendant is fully aware that viaviewfiles.net subscribes to a service intended to mask the true identity of its owner. This is a common service offered by nearly every domain name service provider. The identity of the persons responsible for BV Files – through discovery of the identity of the individual who is paying for Internet services relating or pertaining to BV Files – is essential to Plaintiff's claim that Retzlaff is responsible for publishing this content.
>
> 4: The scope of this request is March 1, 2018 – January 29, 2020. Although is in possession of the original correspondence sent by Defendant to KLR (using the name Dean Anderson), he is not in possession of other documents which may have been sent to KLR under his true name or through the use of an alias. This information is necessary to Plaintiff's claims for libel, tortious interference with contract, tortious interference with prospective relations, and intrusion on seclusion.
>
> 5: Plaintiff is not in possession of any of the correspondence between Defendant and the Denton County District Attorney and has no knowledge of when it began, how much communication exists, the extent to which it has continued through January 29, 2020, and to whom Defendant is communicating and why. This is an essential part of Plaintiff's malicious prosecution case – especially concerning Defendant's efforts to procure at least on prosecution of Plaintiff – and is also substantially likely to lead to the discovery of other evidence.
>
> 6. Plaintiff is not in possession of any of the correspondence between Defendant and the Collin County District Attorney and has reason to believe there is extensive communication between him and Assistant District Attorney Marisa Dunagan (and possibly others). This is an essential part of Plaintiff's malicious prosecution case as it demonstrates

        Defendant's ongoing efforts to procure a wrongful prosecution of Plaintiff.

7. Plaintiff is not in possession of any of the correspondence between Defendant and law enforcement agencies, and in fact, does not know the extent of such communications or when they began. A complete record of the communications between Retzlaff and law enforcement – especially the Oak Point Police Department – is essential to Plaintiff's malicious prosecution claim as it will demonstrate that Retzlaff initiated and procured the prosecution of Plaintiff. As an ancillary matter, Plaintiff believes that such communications may also demonstrate a lack of probable cause, falsification of evidence, and other matters relevant to Plaintiff's malicious prosecution claim.

11. Plaintiff is continuing to investigate the extent to which Defendant contacted his clients individually. While Plaintiff is in possession of information directed toward his clients on the BV Files website and to Gavin McInnes, he believes that there is a great deal of additional correspondence that was sent by Defendant under both his true name and his "Dean Anderson" surname. Direct contact with Plaintiff's clients is an essential part of his claim for libel on the question of damages. The nature of Defendant's contacts may also be relevant in proving the appropriate level of fault in this case.

12. Plaintiff withdraws this interrogatory as he has obtained the information requested from other sources.

13. Defendant's objection to the term "Quasi-Judicial Officer" is improper as the terminology used by Plaintiff is defined in the "definitions" section of his interrogatories. Plaintiff has investigated inappropriate contact by Defendant with judges in cases where he is a party and has represented a party. Plaintiff is aware of prior inappropriate contact between Defendant and a state bar disciplinary committee panel chair. He has recently threatened (on the BV Files blog) inappropriate contact with Hon. Denise Garcia, who is presiding over a case to which Plaintiff is a party. As part of his claims for injunctive relief, Plaintiff is entitled to investigate the extent of such contacts by Defendant.

14. Although Plaintiff asserts that all of the content (except comments) on BV Files has been authored by Retzlaff, Plaintiff is entitled to investigate other false and defamatory online communications by Retzlaff as part of his claims for recovery. Postings by Retzlaff in places other than the BV Files blog are relevant on the question of both damages and fault.

9. Plaintiff bears the burden of proof in this case and this Court's deadline for the filing of

       dispositive motions is April 14, 2020. Although the parties are still awaiting a ruling from this Court on Defendant's most recent FRCP 12(b)(6) motion, Plaintiff anticipates that Defendant will file a motion under FRCP 56 on or prior to the deadline for doing so. The discovery requested will not only be necessary for trial; it will be necessary for Plaintiff to avoid summary judgment.

10. Plaintiff also objects to Defendant's answers to interrogatories because Defendant failed to answer them under oath, which is required by FRCP 33(b)(3).

## II. ARGUMENT

11. Defendant has failed in almost every respect to respond to Plaintiff's interrogatories in this case. None of the answers provided were made under oath as required by FRCP 33(b)(3). Even if the responses had been made under oath, all such responses except for those provided to interrogatories 1, 3(c), and 17 were either missing, incomplete, or evasive in nature within the meaning of Rule 37(a)(4).

12. Pursuant to FRCP 37, Plaintiff is entitled to the issuance of an order compelling Defendant to tender full and complete answers to interrogatories 1 – 11 and 13 – 17 (tendered on January 28, 2020) within thirty days of the date of filing this motion.

13. Plaintiff is once again a licensed attorney as of March 1, 2020. Pursuant to Rule 37(a)(5)(A), he requests an order for reimbursement of reasonable attorney fees and costs incurred in filing this motion in the amount of $200.00. Plaintiff requests a judgment for such fees against Defendant only and does not request any recovery against Defendant's counsel.

14. Plaintiff has been excused from compliance with Local Rule CV-26(e).

## III. CONCLUSION

15. Defendant has failed and refused to tender any sworn responses to the interrogatories propounded to him on January 29, 2020. With the exception of interrogatory 1, 3(c), and 17, the unsworn responses provided were incomplete, evasive, or otherwise non-responsive within the clear meaning of Rule 37(a)(4). Pursuant to Rule 37, Plaintiff is entitled to an order compelling Defendant's response and to the recovery of attorney fees and costs in the amount of $200.00 from Defendant, but not from Defendant's counsel.

## IV. PRAYER

16. Plaintiff prays that this Honorable Court enter an order granting this motion in all things. Plaintiff also prays for such further relief, in law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email: jasonleevandyke@protonmail.com

## CERTIFICATE OF CONFERENCE

I certify that, during a period of approximately two weeks between my receipt of Defendant's discovery responses and the date of filing this motion, made reasonable attempts by both telephone and email to confer with Defendant's counsel, Mr. Jeffrey Dorrell, concerning this discovery dispute. Despite diligent and professional communication between myself and Mr. Dorrell, we were unable to reach a resolution. further certify that, on March 11, 2020, I contacted the chambers of Judge Mazzant for the purpose of arranging a telephone conference for the purpose of resolving this discovery dispute, or in the alternative, for instructions concerning the discovery help line. That afternoon, I received an e-mail stating that permission had been granted for the filing of a motion to compel.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
