IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
|    *Plaintiff*, § | | |
| § | | |
| § | | |
| **v.** § | | |
| § | | |
| § | | NO. 4:18-CV-247-ALM |
| **THOMAS CHRISTOPHER** § | | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
|    *Defendants* § | | |

**RETZLAFF'S MOTION TO DISMISS BECAUSE OF PLAINTIFF'S NEWLY-DISCOVERED ASSASSINATION PLOT**

**I. INTRODUCTION**

1. Plaintiff is Jason Van Dyke; defendant is Thomas Retzlaff.

2. On March 28, 2018, Van Dyke filed this $100,000,000 defamation suit after Retzlaff filed a grievance against him with the State Bar of Texas.

3. On July 24, 2018, the Court denied Retzlaff's motion to dismiss under the Texas Citizens Participation Act. Retzlaff unsuccessfully appealed.

4. On January 30, 2020, the Court granted leave for Van Dyke to file his third amended complaint. (Doc. 125.)

5. On March 1, 2020, Retzlaff filed his motion to dismiss Van Dyke's third amended complaint pursuant to FED. R. CIV. P. 12(b)(6). (Doc. 129.) Retzlaff's motion remains pending.

## II. FACTS

6. Retzlaff has known of Van Dyke's threats of murder and mayhem since March 2018. Retzlaff has documented these with law enforcement authorities, State Bar disciplinary authorities, and this Court.[1] According to the Evidentiary Petition in Cause No. 201707583; ***Comm'n for Lawyer Discipline v. Van Dyke***; Before the District 14 Grievance Committee:

> [B]eginning in or around March 2018, [Van Dyke] repeatedly told [Retzlaff] to kill himself and made multiple threats of physical violence to Retzlaff…. The threats [Van Dyke] made to [Retzlaff] include but are not limited to the following: 1) … "No more lawsuit. See you this weekend with my rifle;" 2) … "If you do not stop calling my clients, I will make you suffer. Better watch your back, Tom;" 3) … "Do you know that, when I strangle you, you could be conscious to feel all that pain for up to three minutes before brain death occurs? What kind of vegetable would you like to be for the rest of your life? How about a turnip?" 4) … "lol. you are a dead man, enjoy it while it lasts;" 5) … "I can't wait to see your fat ass on the other end of my scope. Did you know that a 190 grain 300 Winchester Magnum round travels at approximately 2800 feet per second?" 6) … "What do you want on your polished rock, Tom? I'm coming for you. Sure as God's vengeance I'm coming. Nobody will ever be harassed by you again. You're taking a dirt nap;" 7) … "you better have your will made out Thomas. Im (sic) coming for YOU!" 8) … "You are a dead man;" 9) … "You should kill yourself.…"

**Exhibit 1**, pp.2-3. Lest the Court be inclined to disregard "mere allegations" in the State Bar's disciplinary complaint, Van Dyke signed an Agreed Judgment of Partially Probated Suspension *judicially admitting* there was "legally sufficient evidence" that Van Dyke had made the threats to Retzlaff. **Exhibit 2**. Van Dyke also agreed to seek "mental health treatment." *Id.*, p.3.

---

[1] *See, e.g.*, Retzlaff's "Notice of Death Threats Made by Plaintiff" (Doc. 28); Retzlaff's motion to dismiss Van Dyke's third amended complaint for failure to state a claim (Doc. 129), Exhibits 15 and 16 (Doc. 129-15; Doc. 129-16).

7. Ten months later, Van Dyke's threats escalated. On December 12, 2018, Van Dyke sent two e-mails to Retzlaff, one minute apart:

> **I promise you this motherfucker: if my law career dies, you die with it…. Go fuck yourself and what's left of your miserable life. You have destroyed my life, and for that offense, you will pay with your own. That's not a threat. That's a promise, motherfucker.**

**Exhibit 3**. As bad as this was, Retzlaff did not foresee what was next. The risk is *gravely more serious* than Retzlaff believed. What might otherwise have been ignored as the empty threats of a crackpot now appear to be an *assassination plot* by a dangerously unbalanced individual capable of carrying it out.

8. In response to Retzlaff's FOIA request, the City of Oak Point, Texas, on March 9, 2020,[2] transmitted a file showing a secret audio recording by an FBI informant. **Exhibit 4**, p. 16. In the recording, Van Dyke elaborates a plan to murder Retzlaff, the undersigned attorney, and others.[3] *Id*. Van Dyke reveals he "spent the better part of the week" planning it and had surveillance photos of Retzlaff from the "Proud Boys Arizona Chapter." *Id*. Van Dyke even complains Retzlaff's high rise apartment and post office box in Phoenix have a "significant number of cameras" preventing "a clean rifle shot at Retzlaff." *Id*.

---

[2] The City of Oak Point did not release the file to Retzlaff until Texas Attorney General Ken Paxton rendered a legal opinion so allowing. **Exhibit 5**, **6**.

[3] Van Dyke describes "two separate plans," one of which "ended in the death of Retzlaff" and the other "a series of acts" that Van Dyke hoped would "terrorize Retzlaff and two other victims"—*one of which was Retzlaff's undersigned attorney*—"forcing them to live in fear of when he would show up."

### III. ARGUMENT & AUTHORITIES

9. For nearly as long as the federal courts have existed, it has been understood that "[c]ertain implied powers must necessarily result to our courts of justice from the nature of their institution," powers "which cannot be dispensed with in a court because they are necessary to the exercise of all others." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406-07 (5th Cir. 1993), quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991); *United States v. Hudson*, 3 L.Ed. 259 (1812); *see also Anderson v. Dunn*, 5 L.Ed 242 (1821). The Constitution itself confers this authority upon all Article III courts as an incident to "The judicial Power." U.S. CONST.., Art. III, § 1; *see Chambers*, 501 U.S. at 58 (Scalia, J. dissenting). As this Court has noted:

> **The Court possesses the inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority."**

*Willrich v. U.S. Marshall's Office*, 2015 WL 4776436 at *2 (E.D.Tex. 2015) (Mazzant, J.), citing *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

10. "[S]anctions imposed under a court's inherent powers are appropriate in egregious cases of bad faith conduct such that in the informed discretion of the court, neither the statute nor the rules are up to the task." *ClearValue v. Pearl River Polymers, Inc.*, 242 F.R.D. 362, 375 (E.D.Tex. 2007),[4] quoting *Chambers*, 501 U.S. at 32. Sanctions pursuant to a court's inherent

---

[4] Affirmed in part and reversed in part on other grounds, 560 F.3d 1291, 1310 (Fed.Cir. 2009).

authority vindicate judicial authority. *Diamond Consortium, Inc. v. Manookian*, 2017 WL 3301527 at *13 (E.D.Tex. 2017); *Carroll v. Jaques Admiralty Law Firm, P.C.*, 926 F.Supp. 1282 (E.D.Tex. 1996), *aff'd sub nom. Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997) (citing *Chambers*, 501 U.S. at 46).

11. The Court has inherent authority to dismiss this case based on Van Dyke's alarming conduct. *Chambers*, 501 U.S. at 33; *Halsco Engineering Co. v. Castle*, 843 F.2d 376, 380 (9th Cir. 1988) ("Dismissal under a court's inherent power is justified in extreme circumstances in response to abusive litigation practices.") (citations omitted). A dismissal sanction does not require disobedience of a prior court order. *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990). Nor must a court warn a party before imposing a dismissal sanction. *Id*.

12. Short of Retzlaff's *actual* murder or assault—which Van Dyke has repeatedly threatened and which Retzlaff urgently seeks to prevent—it is difficult to imagine more egregious conduct than Van Dyke's. Indeed, courts have dismissed cases for far less. *See, e.g.*, *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486 (9th Cir. 1991) (affirming dismissal of case under district court's inherent authority because plaintiff and his attorney made numerous improper changes to his deposition transcript); *Mohammed v. Anderson*, 2019 WL 3943669 at *5 (N.D.Ill. 2019) (dismissing action with prejudice based on plaintiff's series of abusive and vulgar e-mails—although they *did not* contain threats of violence).

## IV. Conclusion

13.     No litigant, including Retzlaff, should be forced to bear the stress and expense of seeking protection from an attorney's abuse and threats of murder. This is especially true when they are evidenced by an audio recording of the attorney-plaintiff himself describing plans for an ambush and assassination of not only Retzlaff but his counsel.

## V. Prayer

14.     For these reasons, Retzlaff prays that the Court exercise its inherent power to dismiss this case with prejudice and grant such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By:  /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT TOM RETZLAFF**

## CERTIFICATE OF SERVICE

  I certify that on _____3-15_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

  Mr. Jason Lee Van Dyke
  Plaintiff, Pro Se
  108 Durango Drive
  Crossroads, Texas 76227
  Telephone: 469-964-5346
  FAX: 972-421-1830
  jasonleevandyke@protonmail.com


  _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**