


**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

February 28, 2020

Mr. Jeffrey L. Moore
Counsel for the City of Oak Point
Brown & Hofmeister, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081

OR2020-06516

Dear Mr. Moore:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 814162.

The City of Oak Point (the "city"), which you represent, received two requests from different requestors for information pertaining to a named individual, communications to or from two other named individuals and specified entities during a specified time period, and information pertaining to a specified incident. You claim the submitted information is excepted from disclosure under sections 552.101, 552.103, 130, and 552.137 of the Government Code. We have considered the exceptions you claim and reviewed the submitted information. We have also received and considered comments from the second requestor. See Gov't Code § 552.304 (interested party may submit comments stating why information should or should not be released).

Next, we note Exhibit E is not responsive to the second request because it does not pertain to any of the categories of information requested by the second requestor. The city need not release non-responsive information in response to the second request, and this ruling will not address that information with respect to the second request.

Next, we must address the second requestor's assertion that the city did not comply with the procedural obligations of section 552.301 of the Government Code. Section 552.301 prescribes the procedures that a governmental body must follow in asking this office to decide whether requested information is excepted from public disclosure. Pursuant to

section 552.301(b), a governmental body must ask for a decision from this office and state the exceptions that apply within ten business days of receiving the written request. *Id.* § 552.301(b). The second requestor states he first submitted his request to the city on September 30, 2019. However, the city states it received the second request for information on December 3, 2019. Whether the city received the request for information on September 30, 2019, or December 3, 2019, is a question of fact. This office is unable to resolve disputes of fact in the open records ruling process. *See* Open Records Decision Nos. 592 at 2 (1991), 552 at 4 (1990), 435 at 4 (1986). We must rely on the facts alleged to us by the governmental body requesting our opinion, or upon those facts that are discernable from the documents submitted for our inspection. *See* ORD 552 at 4. Thus, we must accept the city's assertion it received the request for information on December 3, 2019. Consequently, the city's ten-business-day deadline under section 552.301(b) was December 17, 2019. The envelope in which the city submitted the information required by section 552.301 is meter-marked December 16, 2019. *See* Gov't Code § 552.308 (describing rules for calculating submission dates of documents sent via first class United States mail). Therefore, we conclude the city complied with the requirements of section 552.301 of the Government Code. Accordingly, we will address the city's arguments to withhold the information at issue.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. Section 552.101 encompasses the doctrine of common-law privacy, which protects information that is (1) highly intimate or embarrassing, the publication of which would be highly objectionable to a reasonable person, and (2) not of legitimate concern to the public. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). To demonstrate the applicability of common-law privacy, both prongs of this test must be satisfied. *Id.* at 681-82. Types of information considered intimate and embarrassing by the Texas Supreme Court are delineated in *Industrial Foundation. Id.* at 683. A compilation of an individual's criminal history is highly embarrassing information, the publication of which would be highly objectionable to a reasonable person. *Cf. U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 764 (1989) (finding significant privacy interest in compilation of individual's criminal history by recognizing distinction between public records found in courthouse files and local police stations and compiled summary of criminal history information). Furthermore, we find that a compilation of a private citizen's criminal history is generally not of legitimate concern to the public.

The first request, in part, seeks all information pertaining to a named individual, including records pertaining to the first requestor. Thus, this portion of the first request requires the city to compile unspecified law enforcement records concerning the named individual, thus implicating the named individual's right to privacy. However, we note the first requestor also seeks information involving himself. This part of the request seeks specified records involving the requestor and does not implicate the named individual's right to privacy. This information does not consist of a compilation of the named individual's criminal history, and the city may not withhold it under section 552.101 of the Government Code in conjunction with common law privacy on that basis. Accordingly, to the extent the city maintains unspecified law enforcement records depicting the named individual as a suspect, arrestee, or criminal defendant, the city must withhold any such information from the first

requestor under section 552.101 of the Government Code in conjunction with common law privacy.

Next, we note some of the submitted information, which we marked, consists of completed investigations subject to section 552.022(a)(1) of the Government Code. Pursuant to section 552.022(a)(1), completed investigations, reports, and evaluations are expressly public unless they are either excepted under section 552.108 of the Government Code or confidential under the Act or other law. Gov't Code §552.022(a)(1). Although you raise section 552.103 of the Government Code for the information at issue, section 552.103 is a discretionary exception to disclosure and does not make information confidential under the Act. *See id.* § 552.007; *Dallas Area Rapid Transit v. Dallas Morning News*, 4 S.W.3d 469, 475-76 (Tex. App.—Dallas 1999, no pet.) (governmental body may waive section 552.103); Open Records Decision Nos. 665 at 2 n.5 (discretionary exceptions generally), 663 (1999) (governmental body may waive section 552.103). As such, section 552.103 does not make information confidential for the purposes of section 552.022. However, you raise sections 552.101, 552.130, and 552.137 for some of the information at issue, which makes information confidential under the Act. Accordingly, we will also consider the applicability of these exceptions to the information subject to section 552.022(a)(1). We will also consider your claim under section 552.103 for the information not subject to section 552.022(a)(1).

Section 552.103 of the Government Code provides as follows:

> (a) Information is excepted from [required public disclosure] if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party.
>
> . . .
>
> (c) Information relating to litigation involving a governmental body or an officer or employee of a governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for public information for access to or duplication of the information.

Gov't Code § 552.103(a), (c). A governmental body has the burden of providing relevant facts and documents to show that the section 552.103(a) exception is applicable in a particular situation. The test for meeting this burden is a showing that (1) litigation was pending or reasonably anticipated on the date the governmental body received the request for information, and (2) the information at issue is related to that litigation. *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, orig. proceeding); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990). A governmental body must meet both prongs of this test for information to be excepted under section 552.103(a).

The city states, and provides documentation showing, a lawsuit styled *Jason Lee Van Dyke v. Michael Shackleford*, Case No. 19-cv-786, was filed against an employee of the city in his official capacity in the United States District Court for the Eastern District of Texas, Sherman Division before it received the instant requests for information. The city states the information not subject to section 552.02(a)(1) is related to the pending lawsuit. Based on the city's representations, the submitted documentation, and our review of the information at issue, we find litigation was pending when the city received the requests for information, and the information at issue is related to the pending litigation for the purposes of section 552.103. Therefore, the city may withhold the information not subject to section 552.022(a)(1) under section 552.103(a) of the Government Code.[1]

We note once information has been obtained by all parties to the litigation through discovery or otherwise, no section 552.103(a) interest exists with respect to that information. *See* Open Records Decision Nos. 349 (1982), 320 (1982). Thus, information that has either been obtained from or provided to the opposing party in the litigation is not excepted from disclosure under section 552.103(a), and it must be disclosed. Further, the applicability of section 552.103(a) ends once the litigation has been concluded. Attorney General Opinion MW-575 (1982); Open Records Decision No. 350 (1982).

Section 552.101 excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. Section 552.101 encompasses the doctrine of common-law privacy. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). Under the common-law right of privacy, an individual has a right to be free from the publicizing of private affairs in which the public has no legitimate concern. *Id.* at 682. The court of appeals has concluded public citizens' dates of birth are protected by common-law privacy pursuant to section 552.101. *Paxton v. City of Dallas*, No. 03-13-00546-CV, 2015 WL 3394061, at *3 (Tex. App.—Austin May 22, 2015, pet. denied) (mem. op.). However, the information at issue includes the requestors' dates of birth. As you acknowledge, each requestor has a right of access to his own date of birth. *See* Gov't Code § 552.023(a) (person or person's authorized representative has special right of access to records that contain information relating to the person that are protected from public disclosure by laws intended to protect that person's privacy interests); Open Records Decision No. 481 at 4 (1987) (privacy theories not implicated when individual requests information concerning himself). Upon review, except for the requestors' dates of birth, the city must withhold the public citizens' dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy.

Section 552.130 of the Government Code provides information relating to a motor vehicle operator's license, driver's license, motor vehicle title or registration, or personal identification document issued by an agency of this state or another state or country is excepted from public release. Gov't Code § 552.130. We note, however, because section 552.130 is designed to protect the privacy of individuals, each requestor has a right of access to his own motor vehicle record information pursuant to section 552.023 of the Government Code. *See id.* § 552.023(a); ORD 481 at 4. Accordingly, the city must withhold the information you marked and the information we marked under section 552.130

---

[1] As our ruling on this information dispositive, we need not address your remaining arguments against its disclosure.

Case 4:18-cv-00247-ALM Document 139-5 Filed 03/15/20 Page 5 of 6 PageID #: 3512

Mr. Jeffrey L. Moore - Page 5

of the Government Code; however, each requestor has a right of access to their own information and it may not be withheld under section 552.130.

Section 552.137 of the Government Code excepts from disclosure "an e-mail address of a member of the public that is provided for the purpose of communicating electronically with a governmental body" unless the member of the public consents to its release or the e-mail address is of a type specifically excluded by subsection (c). *See* Gov't Code § 552.137(a)-(c). We note each requestor has a right to his own e-mail address under section 552.137(b). Id. § 552.137(b). The e-mail addresses at issue are not excluded by subsection (c). Therefore, the city must withhold the personal e-mail addresses you marked and the information we marked under section 552.137 of the Government Code, unless the owners affirmatively consent to their public disclosure; however, each requestor has a right of access to their own e-mail address, and it may not be withheld from them under section 552.137.

In summary, to the extent the city maintains unspecified law-enforcement records depicting the named individual as a suspect, arrestee, or criminal defendant, the city must withhold any such information from the first requestor under section 552.101 of the Government Code in conjunction with common law privacy. The city may withhold the information not subject to section 552.022(a)(1) under section 552.103(a) of the Government Code. Except for the requestors' dates of birth, the city must withhold the public citizens' dates of birth under section 552.101 of the Government Code in conjunction with common-law privacy. The city must withhold the information you marked and the information we marked under section 552.130 of the Government Code; however, each requestor has a right of access to their own information and it may not be withheld from them under section 552.130 of the Government Code. The city must withhold the personal e-mail addresses you marked and the information we marked under section 552.137 of the Government Code, unless the owners affirmatively consent to their public disclosure; however, each requestor has a right of access to their own e-mail address, and it may not be withheld from them under section 552.137 of the Government Code. The remaining information must be released.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at https://www.texasattorneygeneral.gov/open-government/members-public/what-expect-after-ruling-issued or call the OAG's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Public Information Act may be directed to the Cost Rules Administrator of the OAG, toll free, at (888) 672-6787.

Sincerely,

Open Records Division

Mr. Jeffrey L. Moore - Page 6

Ref:   ID# 812162

Enc.   Submitted documents

c:    2 Requestors
      (w/o enclosures)