## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
| Defendant | § | |

## MOTION TO STRIKE

Plaintiff, Jason Lee Van Dyke moves to strike Defendant Thomas Retzlaff's

Supplemental Rule 26(a)(1) Disclosure (ECF 138). As grounds therefore, Plaintiff states as

follows:

### I.    INTRODUCTION

1.1    This Court has warned the parties, repeatedly, to conduct themselves as professionals

and to cease making filings containing personal attacks on opposing parties and

counsel. Plaintiff has done its best to comply with the orders of the Court in this regard.

Defendant, as demonstrated by his recent filings, has shown that he is unable to refrain

from doing so.

### II.    FACTS

2.1    Plaintiff received what purports to be Defendant's Amended 26(a)(1) Disclosure on

Saturday, March 14, 2020. He did not plan to read it until he received a copy of the

electronic mail attached as Exhibit "1" from James McGibney. Mr. McGibney is

another one of Retzlaff's victims.

2.2    Upon reading this email, downloading the document, and reading its contents, Plaintiff

sent the e-mail attached hereto as Exhibit "2" to Mr. Dorrell. Plaintiff also made a

Sunday telephone call to Mr. Dorrell's office because Plaintiff genuinely believed that Mr. Retzlaff had obtained unauthorized access to Mr. Dorrell's electronic filing account. This belief was based upon the fact that, based upon the working relationship between Plaintiff and Mr. Dorrell, he did not believe that Mr. Dorrell would (a) violate this Court's orders to cease with filings of this nature; or (b) that Mr. Dorrell would flagrantly violate Rule 5(d)(1)(A).

2.3    The document filed contains repeated references to Plaintiff supposedly being "a mentally unstable, violent Nazi and white supremacist, Plaintiff's "pedophilic tendencies", and Plaintiff being an "unhinged lunatic", and patently absurd allegations of a murder plot. This document is the type of thing that Plaintiff has come to expect from Mr. Retzlaff, but was shocked to see that such as thing was supposedly drafted by Mr. Dorrell.

2.4    In respect fairness to Mr. Dorrell, Plaintiff wishes to make it clear to this Court that he has not yet received any type of response from Mr. Dorrell to his e-mail or telephone call. All Plaintiff knows for certain is that Mr. Dorrell forwarded his email to Mr. Retzlaff. This is only because Mr. Retzlaff sent Plaintiff a copy of his profanity-laden response to Mr. Dorrell. A copy of said response is attached hereto as Exhibit "3".

[ This space intentionally left blank ]

2.5    Plaintiff later accessed Mr. Retzlaff's blog (www.viaviewfiles.net) to determine

whether Mr. Retzlaff had made a new post containing similar material. He was greeted

by this headline:



In support of this theory (which is patently ridiculous), Mr. Retzlaff posted the exact

same document which Plaintiff now seeks to strike. He also took the liberty of

demonstrating, using his own words, that his blog is *not* intended to be taken as a

"joke" and that it is, in fact, meant to be taken seriously (contrary to what was stated by

Defendant in his most recent motion to dismiss under Rule 12(b)(6)



2.6     But for the "response" referenced in paragraph 2.3 above, this led Plaintiff to further

        believe that Mr. Dorrell may not have been responsible for this filing. As this Court

        will recall, Mr. Retzlaff has been alleged by Plaintiff to have done something very

        similar before. See ECF 113, ¶ 5.15 (wherein Mr. Retzlaff used his own allegation in a

        filing before the 431st District Court as "evidence" of Plaintiff's supposed pedophilia).

2.7     Ultimately, it does not matter whether it was Mr. Dorrell or Mr. Retzlaff who filed this

        document. Plaintiff's motion to strike should be granted as a matter of law.

## II.     ARGUMENT

3.1     Defendant's filing could not be a more flagrant violation of Rule 5(d)(1)(A) of the

        Federal Rules of Civil Procedure. This rule states:

> *Papers after the Complaint.* Any paper after the complaint that is required to be
> served—must be filed no later than a reasonable time after service. But
> disclosures under Rule 26(a)(1) or (2) and the following discovery requests and
> responses **must not** be filed until they are used in the proceeding or the court
> orders filing: depositions, interrogatories, requests for documents or tangible
> things or to permit entry onto land, and requests for admission. (Emphasis
> Added)

3.2     Defendant cannot take "safe harbor" in the local rules, as they only require a party

        completing said disclosures *certify* that they have been made. See Local Rule CV-26(c).

        Accordingly, there was no basis for which Defendant could have legitimately filed

        "Defendant Thomas Retzlaff's Supplemental Rule 26(a)(1) Disclosure" with this Court.

        At most, he could have filed a document certifying that the Rule 26(a)(1) disclosures

        had been provided.

3.3     Notwithstanding Plaintiff's correspondence to Mr. Dorrell, Plaintiff does not seek

        sanctions at this time and leaves the question of whether sanctions are warranted in this

        instance to the sound discretion of the Court.

## IV.   CONCLUSION

4.1     The filing of Defendant Thomas Retzlaff's Supplemental Rule 26(a)(1) Disclosure was

contrary to the Rule 5(d)(1)(A). It was not filed in compliance with Local Rule CV-

26(c). The document must be stricken.

## IV.   PRAYER

5.1     Plaintiff prays that this Honorable Court enter an order striking Defendant Thomas

Retzlaff's Supplemental Rule 26(a)(1) Disclosure (ECF 138). Plaintiff prays for all

such further relief, in law and in equity, to which is may show itself to be justly

entitled.

 Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email:  jasonleevandyke@protonmail.com

## CERTIFICATE OF CONFERENCE

Due to Plaintiff's belief that Mr. Retzlaff had accessed Mr. Dorrell's electronic filing account and used his signature block without authorization, Plaintiff first contacted Mr. Dorrell's office at 12:45 p.m. on March 15, 2019 to alert him about a possible security breach. He then sent an e-mail to Mr. Dorrell as shown in Exhibit 2. Plaintiff received no response from Mr. Dorrell, but did received a response from Mr. Retzlaff as shown in Exhibit "3". Accordingly, this matter is presented to the Court for consideration.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

<u>/s/ Jason Lee Van Dyke</u>
JASON LEE VAN DYKE
