

Jason Van Dyke <jasonleevandyke@gmail.com>

# Rule 11 - Certificate of Conference
1 message

**Jason Van Dyke** <jasonleevandyke@gmail.com>  Sun, Mar 15, 2020 at 1:06 PM
To: Jeffrey Dorrell <jdorrell@hanszenlaporte.com>, alan@taggartfirm.com

Jeff -

I had initially planned to write you today to let you know that we will have to hold off on having lunch or dinner because the Bolognavirus has me off work this coming week. However, I received the attached through e-filing and would like to confer with you pursuant to Rule 11 of the Federal Rules of Civil Procedure about withdrawing it so as to save me the trouble of filing a motion for sanctions.

I have read the document in it's entirety, and based upon its composition, I do not think you wrote it and I do not believe that you filed it. The reason is because Judge Mazzant has specifically admonished us about filing things using, for lack of a better term, pointed language that is far milder than what is present here. For this reason, and unless I am told otherwise, I am going to operate under the assumption that Mr. Retzlaff gained access to your e-filing login information and your signature block to file this document himself without your knowledge or consent.

We have obviously gotten along as decently as can be expected in this case so far. However, I feel at this time it is my duty to remind of something which I think is obvious: when Mr. Retzlaff drafts and files things like this under your name with a Hanszen Laporte signature block, it threatens both your professional reputation, that of your law partners, and that of your associates who - in their desire to advance their careers - almost certainly do not want to have their names and reputations associated with filings of this nature.

I do not know why you chose to represent Mr. Retzlaff in this case and, frankly, it is not my concern. Having a client who continues to harass a litigation opponent during the pendency of litigation is one thing, but having a client who steals my logins and signature blocks is a different animal entirely. I cannot think of a single lawyer who would continue representing a client who had engaged in such behavior. That having been said, I would respectfully recommend that you confer with your law partners about whether continuing to represent Mr. Retzlaff is in your best interest and in the best interest of your firm.

Please confirm that you did not write this, did not authorize it to be filed, and that appropriate subsequent papers will be filed to withdraw it.

--
Jason L. Van Dyke
Attorney at Law



**Amended Rule 26a Disclosures.pdf**
352K