IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MURDER CONSPIRACY MOTION**

Comes now Plaintiff, Jason Lee Van Dyke, and files this response in opposition to Defendant's motion to dismiss due to a supposed murder conspiracy (ECF 139).

**I. INTRODUCTION**

1.1 By way of an introduction, Plaintiff wishes to make it clear that he intends to waste as little of this Court's time as possible with this response. When Plaintiff attended law school between 2004 and 2006, he never thought that he would be spending his evenings writing about bizarre and unsubstantiated murder conspiracies. If he had known this would be the case, he would have taken path of Patricia Cornwell or Sue Grafton and made the *New York Times* bestseller list writing mystery novels. The only reason Plaintiff is dignifying Defendant's motion with a response is to avoid the appearance of consent to the relief requested or stipulation to the nonsensical facts contained therein.

**II. OBJECTION TO EVIDENCE IN SUPPORT OF MOTION TO DISMISS**

2.1 Plaintiff objects to Exhibit "1" (ECF 139-1) of Defendant's motion on the basis that it is nothing more than a pleading in a state bar disciplinary case. Pleadings are not evidence. *In re International Systems Corp.*, 693 F.2d 1235, 1242 (5th Cir. 1989).

2.2 Plaintiff objects to Exhibit 3 (ECF 139-3) because the document is clearly an arrest warrant affidavit and an affidavit in support of the same pursuant to Rule 403 and 802 of the Federal Rules of Evidence. The arrest warrant itself is unfairly prejudicial in light of its probative value inasmuch as it only shows the occurrence of an arrest and not whether any type of crime was actually admitted. The affidavit of Michael Shackleford in support of the warrant is inadmissible under Rule 802 inasmuch as it constitutes hearsay absent a valid exception or any relevant non-hearsay use.

2.3 Plaintiff objects to the *content* of the police report attached to Defendant's motion as Exhibit 4 (ECF 139-4). Although the report itself it arguably admissible under the hearsay exception set forth in FRE 803(8)(a)(iii), the contents of the police report – namely the statements made by Isaac Marquardt, Kevin Palomino, and Captain Barrett are hearsay inasmuch as their only relevance is to prove the truth of the matters asserted. Furthermore, statements concerning the contents of any writings (such as text messages), recordings (such as the supposed audio recording), and other documents referenced in this report are inadmissible under FRE 1002. The remainder of the report should be excluded as irrelevant evidence under FRE 402.

### III.  ARGUMENT

3.1 There is no credible or admissible evidence before this Court to suggest that Defendant's wild theories of a conspiracy to murder both him and his counsel have any credibility whatsoever. If this Court is inclined to consider evidence submitted by Defendant in this matter, Plaintiff has some of his own to offer as Exhibit 1: an affidavit from Isaac Marquardt in which he: (a) invokes his 5th Amendment privilege against self-incrimination with respect to the statements he had previously provided to the Oak Point

      Police Department. ¶ 11; (b) was afraid of retaliation by the Oak Point Police Department of he told the truth. ¶ 23(e); and (c) was absolutely terrified of Mr. Retzlaff. ¶ 23(d) and 26.

3.2    There are obvious reasons to doubt both the veracity of Mr. Marquardt's statements to the police as well as the truthfulness of Mr. Retzlaff generally with respect to this case. These reasons include, but are not limited to, the fact that this case was transferred from Denton County to Collin County, submitted to a grand jury as a Class B misdemeanor harassment case, and no-billed. A copy of that no-bill is attached as Exhibit 2.

3.3    If Defendant wishes to pursue his bizarre motion to its final and wasteful conclusion, Plaintiff suggests that defense counsel take the advice of his client contained in the electronic mail communication (on which Mr. Retzlaff copied Plaintiff), set this matter for a full evidentiary hearing, and call witnesses capable of producing *and authenticating* the so-called "evidence" referenced in his motion.

3.4    As with Defendant Thomas Retzlaff's Supplemental Rule 26(a)(1) Disclosure (ECF 138), Plaintiff interprets Defendant's motion as one which flies in the face of this Court's recent directive that the parties conduct themselves in a civilized manner and act as professionals. Unfortunately, Plaintiff can do little more in this case other than to call a frivolous motion that which it plainly is: frivolous, outrageous, and filed solely for the purpose of harassing Plaintiff.

## IV.   CONCLUSION

4.1    Defendant has no credible evidence to support his supposed assassination and murder plot theory. As evidenced by his email attached hereto as Exhibit 3, he is attempting to use this Court to re-litigate in the mainstream media the merits of a criminal matter in

which the only two witnesses lacked credibility to such a degree that the case was reduced to a misdemeanor and no-billed by a grand jury. This Court should not tolerate such behavior and Defendant's motion should be denied forthwith.

## V. PRAYER

5.1 Plaintiff prays that this Honorable Court enter an order denying Defendant's motion to dismiss on the basis of a supposed murder conspiracy (ECF 139). Plaintiff prays for all such further relief, in law and in equity, to which is may show itself to be justly entitled.

>Respectfully submitted,
>
>/s/ Jason Lee Van Dyke
>Jason L. Van Dyke
>State Bar No. 24057426
>PO Box 2618
>Decatur, TX 76234
>P – (940) 305-9242
>Email: jasonleevandyke@protonmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

>/s/ Jason Lee Van Dyke
>JASON LEE VAN DYKE