# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JASON LEE VAN DYKE § | |
| § | |
| § | Civil Action No. 4:18-CV-247 |
| v. § | Judge Mazzant |
| § | |
| THOMAS RETZLAFF, a/k/a DEAN § | |
| ANDERSON, d/b/a VIA VIEW FILES LLC, § | |
| and VIA VIEW FILES § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jason Lee Van Dyke's Emergency Motion for Preliminary Injunction (Dkt. #114). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This suit concerns statements allegedly made by Defendant Thomas Retzlaff about Plaintiff (Dkt. #113). Defendant's alleged statements asserted that Plaintiff is a Nazi; a white supremacist; a pedophile; and a drug addict (Dkt. #113 at p. 12). These purported statements also portrayed that Plaintiff has a criminal record for abusing women; is involved in revenge pornography; has engaged in unwanted sexual solicitations; was being treated and medicated for mental illnesses; suffers from syphilis; and has engaged in other sexual misconduct (Dkt. #113 at pp. 12–13). Based on these facts, on March 28, 2018, Plaintiff initiated this suit against Defendant, alleging that Defendant committed libel when he made these allegedly harassing, false, and defamatory statements about Plaintiff (Dkt. #1, Exhibit 2; Dkt. #113).

According to Plaintiff, however, Defendant's purported "harassment" has not stopped (Dkt. #114). For this reason, on January 15, 2020, Plaintiff filed his Motion for Preliminary

Injunction (Dkt. #114).[1]  On January 27, 2020, Defendant filed his response to the motion (Dkt. #121). That same day, Plaintiff filed his reply (Dkt. #123).

## LEGAL STANDARD

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order must: (a) state the reasons why it issued; (b) state its terms specifically; and (c) describe in reasonable detail . . . the act or acts restrained or required." FED. R. CIV. P. 65(d). A plaintiff seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* Nevertheless, a movant "is not required to prove its case in full at a preliminary injunction hearing." *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985) (quoting *Univ. of Tex. v. Comenisch*, 451 U.S. 390, 395 (1981)). The decision whether to grant a preliminary injunction lies within the sound discretion of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## ANALYSIS

As the basis for his motion for a preliminary injunction, Plaintiff asserts that Defendant has: (1) "sen[t] harassing correspondence to Plaintiff on at least a semi-regular basis"; (2) "harassed members of Plaintiff's family by posting their photographs, contact information, and maps to their homes" on Defendant's blog; (3) "contacted Plaintiff's employers" to have him fired;

---

[1] Plaintiff filed the Motion for Preliminary Injunction as an emergency motion (Dkt. #114). But, because Plaintiff failed to follow the Local Rules' guidance on emergency motions, the Court does not treat it as such. *See* LOCAL RULE CV-7(l).

2

(4) posted about Plaintiff's former business associates on Defendant's blog; (5) "attempted unlawful ex parte communications" in multiple matters and threatened to continue such communications; (6) "entered appearances in cases where Plaintiff is a party [or has served as an attorney] for the purpose of filing documents or making objections"; and (7) posted Plaintiff's social security number on Defendant's blog (Dkt. #114 at pp. 1–6).

Based on these facts, Plaintiff requests that the Court enjoin Defendant, his agents, representatives, and persons associated with Defendant from the following activities:

> (a) From having any contact, of any nature, type, or description, through any type of communications medium, with Plaintiff except that which may be expressly permitted by the orders of this Court, any other court, or the applicable rules of practice or procedure;
> (b) From having any contact, of any nature, type, or description, through any type of communications medium, with any member of Plaintiff's family including, but not limited to, Plaintiff's mother and father;
> (c) From having any contact concerning Plaintiff, of any nature, type, or description, through any type of communications medium, with any person or entity that is, or was previously, an employer or client of Plaintiff or an employer of any member of Plaintiff's family, including independent contractor relationships[;]
> (d) From having contact relating or pertaining to Plaintiff with any business patronized by Plaintiff, or patronized by any member of Plaintiff's family[;]
> (e) From having any contact concerning Plaintiff with any judicial officer or similar authority in any case where Plaintiff is a party, is acting as an attorney, or was acting as an attorney, except for cases where Retzlaff himself is named as a party in the style of the case, or while providing testimony pursuant to a subpoena, discovery request, or similar legal process;
> (f) From filing any documents in any case where Plaintiff is a party, has represented a client, or is representing a client, except for cases where Retzlaff himself is named as a party in the style of the case, where Retzlaff obtains written permission from the judge to make such filings, or where such a filing is incidental to Retzlaff's compliance with a subpoena, discovery request, or similar legal process[; and]
> (g) From possessing, using, or distributing any protected personal information of Plaintiff including, but not limited to, any information protected by Tex. Penal Code § 32.51.

(Dkt. # 114 at pp. 6–8).

In support of his request, Plaintiff asserts that he is entitled to a preliminary injunction because he has shown: (1) a substantial likelihood of success on the merits; (2) irreparable harm; (3) the threatened harm outweighs the injury of granting an injunction; and (4) public interest supports granting an injunction (Dkt. #114 at pp. 8–11). Conversely, Defendant asserts that a preliminary injunction is not warranted (Dkt. #121). Specifically, Defendant challenges Plaintiff's motion on three grounds: (1) Plaintiff failed to join all the required parties; (2) the preliminary injunction is merely an unconstitutional prior restraint; and (3) the requested injunction is not specific (Dkt. #121 at pp. 4–8).[2]

### I. Substantial Likelihood of Success on the Merits

To prevail on a motion for preliminary injunction, Plaintiff must demonstrate, among other things, that he has a substantial likelihood of success on the merits. This requires Plaintiff to present a prima facie case. *See Daniels Health Scis., LLC v. Vascular Health Scis.*, 710 F.3d 579, 582 (5th Cir. 2013) (citing *Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011)). A prima facie case does not mean that Plaintiff must prove he is entitled to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009).

In his motion, Plaintiff asserts that there is a substantial likelihood that he will prevail on his claim for libel. *See* (Dkt. #114 at p. 8; Dkt. #113). "A libel is a defamation expressed in written or graphic form . . . ." Tex. Civ. Prac. & Rem. Code § 73.001. To establish that there was a defamation under Texas law, a plaintiff must prove "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se." *Cunningham v. Politi*, No. 4:18-CV-362-ALM-CAN, 2019 WL

---

[2] Because the Court makes its decision on other grounds, the Court does not consider Defendant's arguments.

4

2517085, at *8), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524737 (E.D. Tex. June 19, 2019) (citing *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam)).

The Court finds that Plaintiff failed to show a substantial likelihood of success on the merits of his claim because he offered only conclusory allegations as support. "Conclusory allegations are insufficient to carry the burden of proof imposed upon persons seeking preliminary injunctive relief." *Mack v. Smith*, No. 5:15-CV-202, 2017 WL 1129905, at *1 (E.D. Tex. Mar. 27, 2017) (citing *Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 66 (N.D. Tex. 1986); *Hancock v. Essential Res. Inc.*, 792 F. Supp. 924, 926 (S.D.N.Y. 1992)). Rather, "strict proof" of a substantial likelihood of success is required before a preliminary injunction may be issued. *See id.* (citing *Plains Cotton Coop. Ass'n of Lubbock v. Goodpasture Comput. Servs. Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 108 S. Ct. 80 (1987)).

Here, Plaintiff did not provide strict proof that he had a substantial likelihood of success on the merits. In fact, Plaintiff's argument to establish this element spans, in relevant part, only two sentences: "With respect to [the] merits of Plaintiff's claim, there has rarely been any defamation case where a Defendant's liability is more clear. If Defendant's conduct in this case was not tortious, then tortious conduct doesn't truly exist." (Dkt. #114 at p. 8). Indeed, Plaintiff's motion wholly fails to cite any case law or point to any evidence in the record to establish that he has a substantial likelihood of success. *See* (Dkt. #114 at p. 8). Thus, because Plaintiff did not provide any proof to establish his success on the merits of his claim, Plaintiff's allegations were merely conclusory. Furthermore, because Plaintiff's conclusory allegations are not sufficient to carry his burden of proof, the Court finds that Plaintiff failed to show a substantial likelihood of success on the merits of his claim. *See id.*

As Plaintiff has not shown a substantial likelihood of success on the merits, "the Court need not proceed through the remaining analysis to determine whether [Plaintiff is] entitled to a preliminary injunction." *See Grae v. Alamo City Motorplex, LLC*, No. 5:18-CV-664-DAE, 2018 WL 4169311, at *10 (W.D. Tex. July 13, 2018) (citing *Black Fire Fighters Ass'n of Dall. v. City of Dall.*, 905 F.2d 63, 65 (5th Cir. 1990) (stating that "[t]he denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria") (emphasis in original)); *see also Nichols*, 532 F.3d at 372 (stating that a preliminary injunction "should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements"). Importantly, "[a]s the Fifth Circuit has reminded courts, the decision to grant a preliminary injunction is treated as the exception rather than the rule." *Grae*, 2018 WL 4169311, at *10 (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction (Dkt. #114) is **DENIED**.

**SIGNED this 7th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE