# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § § § | |
| v. | § § | Civil Action No. 4:18-CV-247<br>Judge Mazzant |
| THOMAS RETZLAFF, a/k/a DEAN ANDERSON, d/b/a VIA VIEW FILES LLC, and VIA VIEW FILES | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Thomas Christopher Retzlaff's Motion to Dismiss Because of Plaintiff's Newly-Discovered Assassination Plot (Dkt. #139). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

This suit concerns statements allegedly made by Defendant about Plaintiff Jason Lee Van Dyke (Dkt. #113). Defendant's alleged statements asserted that Plaintiff is a Nazi; a white supremacist; a pedophile; and a drug addict (Dkt. #113 at p. 12). These purported statements also portrayed that Plaintiff has a criminal record for abusing women; is involved in revenge pornography; has engaged in unwanted sexual solicitations; was being treated and medicated for mental illnesses; suffers from syphilis; and has engaged in other sexual misconduct (Dkt. #113 at pp. 12–13). Based on these facts, on March 28, 2018, Plaintiff initiated this suit against Defendant, alleging that Defendant committed libel when he made these allegedly harassing, false, and defamatory statements about Plaintiff (Dkt. #1, Exhibit 2; Dkt. #113).

It is clear that the parties have a contentious history, which purportedly includes threats made by Plaintiff against Defendant. In particular, Defendant asserts that Plaintiff made death threats to Defendant and created a plan to assassinate him (Dkt. #129 at pp. 2–3).

Based on these facts, on March 15, 2020, Defendant filed his motion to dismiss (Dkt. #139). On March 16, 2020, Plaintiff filed his response (Dkt. #141).[1]

Defendant's motion asks the Court to dismiss the suit as a sanction against Plaintiff for his purported threats of violence and assassination plot against Defendant (Dkt. #139). Defendant claims that the Court may do this under its inherent powers (Dkt. #139 at pp. 4–5).

Defendant is correct that the Court has the power to issue such a sanction under certain circumstances. As the Fifth Circuit stated:

> The federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." This power is necessarily incident to the judicial power granted under Article III of the Constitution. This includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders. However, when these inherent powers are invoked, they must be exercised with "restraint and discretion."

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (footnotes omitted). Importantly, "[d]ismissal sanctions are a matter within the Court's discretion and are limited to instances of bad faith or willful abuse of the judicial process." *Tower v. City of Denton*, No. 4:05-CV-302, 2007 WL 2900474, at *1 (E.D. Tex. Sept. 28, 2007) (citations omitted).

Here, the Court has reviewed the evidence and finds that Defendant has not established that Plaintiff's purported actions constitute bad faith or a willful abuse of the judicial process.[2] *See id.* Accordingly, the Court, in exercising its "restraint and discretion," does not impose a dismissal sanction at this time. *See Woodson v. Surgitek, Inc.*, 57 F.3d at 1417 (footnote omitted).

---

[1] In his response, Plaintiff made objections to Defendant's evidence (Dkt. #141). The Court considered the evidence and still sided with Plaintiff. For this reason, the Court does not discuss Plaintiff's objections.

[2] In his argument that the case should be dismissed based on the severity of Plaintiff's alleged actions, Defendant cited no cases that were binding on this Court. *See* (Dkt. #139 at p. 5) (citing cases from the 9th Circuit and Northern District of Illinois). In addition, the Court is not convinced that such a harsh sanction is demanded by Defendant's evidence. Notably, evidence of this purported assassination plot was already presented to a grand jury, who ultimately determined that the evidence was insufficient to charge Plaintiff with misdemeanor harassment. *See* (Dkt. #141, Exhibit 2); *see also Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996) (defining "no-bill").

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion to Dismiss Because of Plaintiff's Newly-Discovered Assassination Plot (Dkt. #139) is **DENIED**.

**SIGNED this 7th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE