# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JASON LEE VAN DYKE § <br> § <br> v. § <br> § <br> THOMAS RETZLAFF, a/k/a DEAN § <br> ANDERSON, d/b/a VIA VIEW FILES LLC, § <br> and VIA VIEW FILES § | Civil Action No. 4:18-CV-247 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jason Lee Van Dyke's Motion to Compel (Dkt. #137). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

On March 28, 2018, Plaintiff filed suit against Defendant Thomas Retzlaff in the 431st State District Court of Texas (Dkt. #1, Exhibit 2). On April 10, 2018, Defendant removed the case to federal court (Dkt. #1). Plaintiff's claims concern numerous allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff (Dkt. #113).

On March 11, 2020, Plaintiff filed his Motion to Compel (Dkt. #137). Defendant never filed a response.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to

---

[1] Defendant was required to respond by March 18, 2020. *See* LOCAL RULE CV-7(e). Defendant failed to do so. Notably, because Defendant failed to oppose the motion, the Court "[presumes] that [Defendant] does not controvert the facts set out by [Plaintiff]" in his motion. *See* LOCAL RULE CV-7(d).

the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the Court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

In his motion, Plaintiff sets out two issues with Defendant's responses to Plaintiff's interrogatories (Dkt. #137). First, Plaintiff complains that Defendant's responses were not made under oath as required by Federal Rule of Civil Procedure 33 (Dkt. #137 at p. 3). Second, Plaintiff

2

asserts that Defendant's responses—except those to interrogatories nos. 1, 3(b), and 17—are inadequate.[2] The Court addresses Plaintiff's arguments in turn.

I.      **Defendant's Responses Were Not Made Under Oath**

First, Plaintiff claims that Defendant's responses were not in compliance with the Federal Rules of Civil Procedure because the responses were not made under oath (Dkt. #137 at p. 3). The Court agrees.

Rule 33(b)(3) of the Federal Rules of Civil Procedure provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered . . . under oath." FED. R. CIV. P. 33(b)(3). Defendant, however, failed to make his responses under oath. *See* (Dkt. #137, Exhibit 2). Accordingly, Defendant must comply with Rule 33(b)(3) by submitting verifications under oath with regard to its responses to Plaintiff's interrogatories. *W.H. Wall Family Holdings LLLP v. CeloNova Biosciences, Inc.*, No. 1:18-CV-303-LY, 2020 WL 1644003, at *4 (W.D. Tex. Apr. 2, 2020) (citing *Brown v. Clark*, 2019 WL 3728274, at *1 (M.D. La. Aug. 7, 2019) (requiring the plaintiff to sign her answers and verify her answers under oath as required by Rule 33(b)(3)); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 293 (N.D. Tex. 2017) (ordering the defendant to serve a verification that complies with Rule 33(b)(3)'s "under oath" requirement)).

II.     **Defendant's Responses Were Inadequate**

Second, Plaintiff asserts that Defendant's responses to Plaintiff's interrogatories nos. 2 and 3(c)–16 were inadequate. Specifically, Plaintiff claims that "Defendant made no attempt whatsoever to respond to interrogatory 2, 3(c)–(f), 8, 9, 10, 14, or 16" and that "Defendant tendered

---

[2] Despite asserting that Defendant's response to interrogatory no. 12 was inadequate, Plaintiff withdrew the interrogatory as he obtained the information elsewhere (Dkt. #137 at p. 4). Accordingly, the Court does not consider interrogatory no. 12.

3

non-responses or insufficient responses to all of Plaintiff's other interrogatories" (Dkt. #137 at p. 3).

### A. Failure to Respond to Interrogatories

As described by Plaintiff, Defendant wholly failed to respond to interrogatories nos. 2, 3(c)–(f), 8–10, 14, and 16. *See* (Dkt. #137, Exhibit 2). Again, Rule 33(b)(3) applies here. It requires that the party must, in fact, answer each interrogatory, to the extent it is not objected to. FED. R. CIV. P. 33(b)(3). As such, Defendant must fully respond to Plaintiff's interrogatories nos. 2, 3(c)–(f), 8–10, 14, and 16.

### B. Failure to Respond to Interrogatories Sufficiently

Plaintiff asserts that the responses to interrogatories nos. 3(a), 4–7, 11, 13, and 15 are also inadequate. Defendant's responses to these interrogatories fall into two categories. In the first category, Defendant objects to the interrogatories because they request information that is equally available to Plaintiff (Dkt. #137, Exhibit 2). Meanwhile, in the second category, Defendant objects to the interrogatory as being overly broad (Dkt. #137, Exhibit 2). The Court discusses each in turn.

The first category encompasses Defendant's responses to interrogatories nos. 3(a), 4–7, 11, and 15 (Dkt. #137, Exhibit 2). In addition to objecting to these interrogatories as requesting information that is equally available to Plaintiff, Defendant also responds that the information sought is either public or already in Plaintiff's possession (Dkt. #137, Exhibit 2).

Here, the Court is not persuaded by Defendant's objections that the interrogatories seek information that is "equally available" to Plaintiff. The fact that a party could find the information does not necessarily mean that such information is undiscoverable. *See Tango Transp., L.L.C. v. Transp. Int'l Pool, Inc.*, No. 08-0559, 2009 WL 2390312, at *2 (W.D. La. July 31, 2009)

(disregarding the defendant's argument that the plaintiff "can just as easily run an internet search" for the requested information); *see also Abraham v. Cavender Boerne Acquisition of Tex., Ltd.*, No. SA-10-CA-453-XR, 2011 WL 13127173, at *6 (W.D. Tex. Apr. 26, 2011) (citing *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) ("The rules of discovery . . . do not permit parties to withhold material simply because the opponent could discover it on his or her own.")). Moreover, Plaintiff asserts that the information sought is not within his possession—with two limited exceptions.[3] This fact, notably, is not controverted by Defendant. *See* LOCAL RULE CV-7(d) (stating that a party's failure to respond creates a presumption that it does not controvert the facts set out in the motion). The Court, therefore, is not swayed by Defendant's objections and finds that Defendant's responses fail to fully answer the interrogatories. As such, Defendant must fully respond to interrogatories nos. 3(a), 4–7, 11, 15.

The second category encompasses interrogatory no. 13 (Dkt. #137, Exhibit 2). In response to this interrogatory, Defendant objects that the request is overly broad because a key term—"Quasi-Judicial Officer"—is left undefined (Dkt. #137, Exhibit 2). The Court, again, is not convinced by Defendant's objection. Rather, the Court finds that "Quasi-Judicial Officer" is sufficiently defined in Plaintiff's interrogatories, and therefore, the request does not "lack[] specificity for Defendant to respond." *See* (Dkt. #137, Exhibit 1 at p. 3; Dkt. #137, Exhibit 2 at p. 9). For this reason, Defendant must fully respond to interrogatory no. 13.

### III. Attorney's Fees

Lastly, Plaintiff requests that the Court order Defendant to pay reasonable attorney's fees incurred by Plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) (Dkt. #137 at p. 5).

---

[3] Plaintiff admits that he is in possession of the "original correspondence sent by Defendant to KLR (using the name Dean Anderson" and "information directed towards [Plaintiff's] clients on the BV Files website and to Gavin McInnes" (Dkt. #137 at pp. 3–4).

This rule states that if the movant's motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). This is so unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make such an award unjust. FED. R. CIV. P. 37(a)(5)(A). Specifically, a "motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 162 (N.D. Tex. 2018) (citing *De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008)) (internal quotations omitted).

The Court finds that the present circumstances do not warrant an award of attorney's fees to Plaintiff. While the Court found for Plaintiff, Defendant's responses to interrogatories were substantially justified in some instances. *See Brown v. Bridges*, No. 3:12-CV-4947-P, 2014 WL 1317553, at *5 (N.D. Tex. Apr. 2, 2014) (denying attorneys' fees incurred on a motion to compel because the defendant's responses and objections to the plaintiff's discovery requests were "substantially justified in some instances"). For example, Defendant's responses that Plaintiff had equal access to the answers to interrogatories were substantially justified as the issue constituted a genuine dispute where reasonable people could differ. In addition, it was substantially justified that Defendant did not respond to more than 25 interrogatories given the confusion on both sides as to whether the first set of interrogatories—sent over a year ago—was withdrawn. *See* (Dkt. #137 at p. 2) (stating that Plaintiff believed the first set of interrogatories was withdrawn).

Accordingly, the Court finds that Defendant's responses were substantially justified and that an award of expenses would be unjust. Thus, Plaintiff's request for attorney's fees is denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Jason Lee Van Dyke's Motion to Compel (Dkt. #137) is **GRANTED in part** and **DENIED in part**. It is further **ORDERED** that Defendant Thomas Retzlaff must file his amended responses to Plaintiff's First Set of Interrogatories within 14 days of this Order.

**SIGNED this 14th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE