## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF TEXAS,
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE,** § | | |
| *Plaintiff,* § | | |
| **v.** § | | |
| § | | |
| **THOMAS CHRISTOPHER** § | **NO. 4:18-CV-247-ALM** | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

### RETZLAFF'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6)

Retzlaff files this reply in support of his motion to dismiss plaintiff's third amended complaint. (Doc. 129.)

### I. INTRODUCTION

1.     On March 1, 2020, Retzlaff filed his motion to dismiss Van Dyke's third amended complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).  (Doc. 129.) On March 4, 2020, Van Dyke filed a response in opposition. (Doc. 135.)  Pursuant to Local Rule CV-7(f), Retzlaff's reply in support of his motion to dismiss was due for filing on March 11, 2020 (within seven days from the date the response was served).  The Court has not yet ruled on Retzlaff's motion to dismiss.  Contemporaneously with the filing hereof, Retzlaff files a motion for leave to file this reply on April 17, 2020.  In accordance with Local Rule CV-7(a)(1), this reply does not exceed 10 pages in length.

## II. ARGUMENT & AUTHORITIES

2.      Particularly apropos given the facts of the instant case is this:

**We cannot curtail a speaker's First Amendment protection on the grounds that an otherwise permissible message might touch a nerve with an easily agitated audience.**

*Higgins v. Kentucky Sports Radio, LLC*, 951 F.3d 728, 738 (6th Cir. 2020), citing

*Snyder v. Phelps*, 562 U.S. 443, 454 (2011) (picketers' signs reading "God hates

fags" and Fags doom nations" at a serviceman's funeral were protected speech.)

### A. Under *Current* Law, Van Dyke is a Limited-Purpose Public Figure

3.      Van Dyke relies on a 33-year-old case[1]—and some even older—to

argue he is not a limited-purpose public figure.  Resp., p. 2.  First Amendment

protections have undergone dramatic expansion since *Hustler Magazine, Inc., v.*

*Falwell*, 485 U.S. 46 (1988).  Public-figure and public-concern doctrine have, too.

*See Snyder*, 562 U.S. at 451 ("Whether the First Amendment presumptively

shields commentary from liability turns on whether the speech involves a public or

private concern.")  This Court would be better served to consult recent decisions

than to rely on the outdated authorities of Van Dyke's response. (Doc. 135.)

4.      In 2020, even a college basketball referee who made an unpopular

call was a public figure required to plead actual malice.  *Higgins*, 951 F.3d at 735.

So was a 12-year-old supporter of Donald Trump.  *McCafferty v. Newsweek*

*Media Group, Ltd.*, 2020 WL 1862250, at *4 (3rd Cir. 2020) (dismissing under

Rule 12(b)(6) for failure to plead actual malice).  So is Van Dyke.

5.      Van Dyke poses three rhetorical questions he claims "Retzlaff has completely failed to answer."  Resp., p. 3.  While these are based on Van Dyke's analysis of obsolete authority, Retzlaff directly addresses Van Dyke's questions:

(i)      <u>What is the public controversy?</u>

The extent to which violent, racist, or vulgar ideations that an attorney voluntarily injects into public discourse should disqualify the attorney from holding an office of public trust (or even a law license), and the public's right to know such facts about an attorney before they hire him.  *See, e.g.*, Exhibits 1-3.

(ii)      <u>Who, other than the participants in the controversy, were likely to feel the impacts of its resolution?</u>

Members of the public in all jurisdictions in which Van Dyke is licensed to practice law.

(iii)      <u>How were Retzlaff's comments related to [Van Dyke's] role in the controversy?</u>

Retzlaff's comments revealed a small part of Van Dyke's 20-year history of voluntarily injecting violent, racist, and vulgar ideations into public discourse.

6.      The internet is a "vast and often unpleasant place."  ***Brintley v. Aeroquip Credit Union***, 936 F.3d 489, 494 (6th Cir 2019).

**Those who step into the public limelight, even temporarily, must face the hazard that sometimes comes with it.  Should they find a commentator's discussion of their foray into public life unsavory, they cannot easily "cry 'Foul!'"**

***Higgins***, 951 F.3d at 740, [citation omitted].  Van Dyke voluntarily stepped into the limelight.  Doing so made him the fair subject of criticism.  Van Dyke now must plead facts showing Retzlaff's actual malice.  He has failed to do so.

---

[1]      ***Trotter v. Jack Anderson Enters***., 818 F.2d 431, 433 (5th Cir. 1987).

## **B. Van Dyke Misunderstands the "Gap-Filler" Nature of IIED**

7.      While readily conceding that intentional infliction of emotional distress is a "gap-filler" tort, Resp. p. 31, Van Dyke fails to grasp what this actually means.  In his 13-line response, Van Dyke argues—with a conspicuous lack of any supporting authority—that if this Court dismisses all his other claims (as it should), IIED will be available to Van Dyke as an "alternative theory." Resp., p. 31, ¶ 3.71.  Van Dyke would lead the Court into error.

8.      The Texas Supreme Court has repeatedly held that if the defendant's conduct would support an alternative cause of action, the plaintiff is barred from pursuing an IIED claim, regardless of whether:

(i)      the plaintiff chooses to bring the alternative claim;

(ii)     the plaintiff succeeds on the alternative claim; or

(iii)    the alternative claim is barred.

*Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004).  By pleading his other causes of action, Van Dyke has actually *negated* the necessary showing of his IIED claim that no alternative cause of action would provide a remedy for the emotional distress he claims to have suffered.  The Court should dismiss Van Dyke's IIED claim.

## C. Van Dyke Fails to Adequately Plead Causation in his Ill-Grounded Malicious Criminal Prosecution Claim

9.      "Causation is an indispensable element" of malicious prosecution.

*In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007).

> **[T]o recover for malicious prosecution when the decision to prosecute is within another's discretion, the plaintiff has the burden of proving that that decision would not have been made but for the false information supplied by the defendant.**

*In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d at 185, quoting ***King v. Graham***, 126 S.W.3d 75, 78 (Tex. 2003) (per curiam).  Van Dyke pleads that the criminal prosecution against him was commenced "on the special request and insistence of Retzlaff."  (TAC ¶ 6.31.)  This is not enough.  Van Dyke fails to plead that the decision to prosecute "would not have been made *but for false information* supplied by" Retzlaff.  This Court can also take judicial notice of its own file in Cause No. 4:19-CV-00786; ***Van Dyke v. Shackleford***. Appended to Shackleford's motion to dismiss Van Dyke's malicious prosecution claim in that case (Doc. 6) are 14 exhibits *negating* the necessary element that Van Dyke would not have been prosecuted but for allegedly "false" information supplied by Retzlaff.

10.      Van Dyke fails to plead sufficient such facts.  Van Dyke thus fails to state a malicious prosecution claim upon which relief can be granted. The Court should dismiss it.

## II. CONCLUSION & PRAYER

5.      In a case decided just three days before this reply was filed, the Third Circuit upheld dismissal of a defamation suit under Rule 12(b)(6) with this introductory comment:

> **Political discourse can be bruising. People often express opinions that offend others. But <u>the First Amendment protects virtually all of those opinions, even offensive and hurtful ones,</u> to promote a greater good: robust political discourse. The price of free speech is putting up with all sorts of name-calling and hurtful rhetoric.**

*McCafferty*, 2020 WL 1862250, at *1 [emphasis added].   This accurately expresses the present state of the law.   For these reasons, Retzlaff prays this Court to dismiss Van Dyke's retaliatory lawsuit for failure to state a claim, and for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

HANSZEN✦LAPORTE

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____4-17_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

> Mr. Jason Lee Van Dyke
> Plaintiff, Pro Se
> P.O. Box 2618
> Decatur, Texas 76234
> Telephone: 940-305-9242
> jasonleevandyke@gmail.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**