IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
| *Plaintiff,* § | | |
| v. § | | |
| § | | |
| **THOMAS CHRISTOPHER** § | NO. 4:18-CV-247-ALM | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

### RETZLAFF'S RESPONSE IN OPPOSITION TO "PLAINTIFF'S EMERGENCY MOTION FOR RULING ON PROTECTIVE ORDER"

Retzlaff files this response in opposition to plaintiff's "emergency motion for ruling on protective order." (Doc. 157.)

### I. FACTS PERTINENT TO VAN DYKE'S MOTION

1. On March 30, 2020, Retzlaff filed a "notice of intent to serve subpoenas duces tecum" pursuant to FED. R. CIV. P. 45(a)(4). (Doc. 148.) Appended to Retzlaff's notice were subpoenas to two different witnesses for the same audio recording of Van Dyke describing the details of a plan to ambush and murder Retzlaff and the undersigned counsel:

  (i) Mike Shackleford of the Oak Point Department of Public Safety (**Doc. 148-1**); and

  (ii) Special Agent Kevin Palomino of the FBI's Joint Terrorism Task Force (**Doc. 148-2**).

Both subpoenas commanded production of the same audio recording and related documents on **April 20, 2020**. (*Id.*)

2. On April 1, 2020, Van Dyke moved for a protective order "forbidding the discovery sought by Defendant through a subpoena to the *Federal Bureau of Investigation*." (Doc. 149, p.1.) Van Dyke did not move for protection from Retzlaff's identical subpoena to the *City of Oak Point*. Van Dyke did not otherwise resist Retzlaff's discovery of documents from the City of Oak Point. The Court did not rule on Van Dyke's motion for protection from Retzlaff's proposed discovery from the FBI.

3. On April 17, 2020, Oak Point police chief Mike Shackleford filed his "notice of compliance" with Retzlaff's subpoena duces tecum. (Doc. 156.) The same day, Van Dyke filed what he denominated an "emergency motion for ruling on protective order" forbidding the discovery Retzlaff sought from *the FBI*. (Doc. 157.) However, Van Dyke still did not move for protection from the subpoena Retzlaff served upon *the City of Oak Point*.

4. The date for the City's compliance with Retzlaff's subpoena—**April 20, 2020**—has passed. (Doc. 148-1.) It is now too late for Van Dyke to resist Retzlaff's subpoena for the City's documents. The City has now complied with Retzlaff's subpoena and produced the documents, including the secret audio recording made by an FBI informant of Van Dyke *in his own distinctive voice* describing the blood-curdling details of a grisly plan to ambush and murder Retzlaff and the undersigned counsel.

*Van Dyke v. Retzlaff*
Retzlaff's Response in Opposition to Van Dyke's "Emergency Motion for Ruling on Protective Order"

2

## II. ARGUMENT & AUTHORITIES

5. Objections to a subpoena duces tecum to a nonparty to produce documents must be made before the time specified for compliance. FED. R. CIV. P. 45(d)(2)(B). Since Van Dyke failed to object to Retzlaff's subpoena for documents from the City of Oak Point (Doc. 148-1) before the time specified for compliance (**April 20, 2020**)—and since the requested documents have already been produced (Doc. 156)—Van Dyke's "emergency motion for a ruling on protective order" (Doc. 157) is moot. Even if the Court issued the protective order Van Dyke requested forbidding Retzlaff's discovery *from the FBI*, the order would not apply to the City of Oak Point and or prevent the City's production of same documents that has now already occurred.

## III. CONCLUSION & PRAYER

5. Because—

(i) Van Dyke failed to resist Retzlaff's subpoena to the City of Oak Point before the time specified for compliance; and

(ii) the documents have already been produced (Doc. 156);

the Court should deny Van Dyke's "emergency motion for a ruling on protective order" (Doc. 157) as moot, and grant Retzlaff such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

*Van Dyke v. Retzlaff*
Retzlaff's Response in Opposition to Van Dyke's "Emergency Motion for Ruling on Protective Order"

3

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____ /s/ Jeffrey L. Dorrell _____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

*Van Dyke v. Retzlaff*
Retzlaff's Response in Opposition to Van Dyke's "Emergency Motion for Ruling on Protective Order"

4

## CERTIFICATE OF SERVICE

I certify that on  4-22 , 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@protonmail.com


        /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**

*Van Dyke v. Retzlaff*
Retzlaff's Response in Opposition to Van Dyke's "Emergency Motion for Ruling on Protective Order"

5