IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, § | | |
|     *Plaintiff*, § | | |
| v. § | | |
| § | | |
| THOMAS CHRISTOPHER § | NO. 4:18-CV-247-ALM | |
| RETZLAFF, a/k/a DEAN § | | |
| ANDERSON, d/b/a BV FILES, VIA § | | |
| VIEW FILES, L.L.C., and VIAVIEW § | | |
| FILES, § | | |
|     *Defendants* § | | |

**RETZLAFF'S MOTION TO QUASH PLAINTIFF'S INVALID SUBPOENA DUCES TECUM TO WORDPRESS**

**I. INTRODUCTION**

1.  Plaintiff is Jason Van Dyke, a licensed attorney, *pro se*; defendant is Thomas Retzlaff.

2.  This case is set for trial during the period January 4-29, 2021.

**II. FACTS PERTINENT TO THIS MOTION**

3.  On March 27, 2020, Van Dyke signed a subpoena duces tecum to nonparty witness Automattic, Inc., d/b/a Wordpress, seeking documents designed to destroy the anonymity of the authors of the blog "BV Files." **Exhibit 1**.

4.  Van Dyke is not authorized to sign subpoenas issued from this Court.

5.  Because Van Dyke's subpoena is invalid, Retzlaff moves the Court to quash the subpoena and protect Retzlaff from the discovery Van Dyke seeks.

## III. ARGUMENT & AUTHORITIES

6. An attorney may issue and sign a subpoena only if he is authorized to practice in the issuing court. FED. R. CIV. P. 45(a)(3); 2013 Notes to FRCP 45 at ¶ 2. Retzlaff does not dispute that Van Dyke is presently a licensed, practicing attorney *in Texas*. However, although Van Dyke was *formerly* admitted to practice in the U.S. District Court for the Eastern District of Texas, Van Dyke is not *currently* admitted. Here is why.

7. A member of the Eastern District bar "shall *automatically* lose" his membership if he loses, either temporarily or permanently, "the right to practice law before any state or federal court for any reason other than nonpayment of dues." Local Rule AT-2(b)(1) [emphasis added]. On March 1, 2019, Van Dyke temporarily lost his right to practice law in the state of Texas (for threatening to murder defendant Thomas Retzlaff). **Exhibit 2**. Therefore, as of March 1, 2019, Van Dyke "automatically" lost his membership to practice before this Court.

8. Retzlaff does not dispute that Van Dyke recently regained his right to practice law in Texas. However, Van Dyke's membership in the bar of this Court was not automatically reinstated when the suspension of his Texas license was lifted. Local Rule AT-2(f). Van Dyke has not reapplied for or regained admission to the bar of this Court.

9. Because Van Dyke was not a member of the bar of this Court when he signed the subpoena to Wordpress on March 27, 2020, **Exhibit 1**, the subpoena is invalid. The Court should quash it.

### IV. CONFERENCE WITH PLAINTIFF TO AVOID THE COURT'S INTERVENTION

10. On April 22, 2020, Retzlaff conferred with Van Dyke by e-mail and explained in detail the legal basis of the foregoing motion to quash. **Exhibit 3**. Retzlaff's counsel suggested that Van Dyke "save [him] the trouble of filing a motion to quash" and withdraw the invalid March 27, 2020, Wordpress subpoena duces tecum. *Id*. Although Van Dyke respectfully expressed his disagreement with counsel's interpretation of this Court's Local Rules, he nevertheless agreed, writing, "*I agree to withdraw the subpoena and request a new one from the clerk….*" Retzlaff's counsel responded, "Perfect. Thanks!!" *Id*.

11. Unfortunately, Retzlaff has received no proof that Van Dyke did as he promised. Since the deadline specified in the invalid subpoena for compliance is *today*, April 24, 2020, Retzlaff now has no choice but to file this motion seeking the Court's intervention.

### V. CONCLUSION & PRAYER

12. Because Van Dyke was not authorized to practice law in this Court when he signed a subpoena duces tecum to Automattic, Inc., d/b/a Wordpress, on March 27, 2020, the subpoena is invalid. Since there is no evidence Van Dyke followed through with his written promise to withdraw the invalid subpoena, Retzlaff prays that the Court quash the subpoena and grant Retzlaff such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

# CERTIFICATE OF CONFERENCE

I hereby certify that, as described in more detail in ¶¶ 10-11 of the foregoing motion, on April 22, 2020, I conferred by e-mail with plaintiff Jason Van Dyke in an attempt to avoid the Court's intervention in a discovery dispute. Plaintiff advised me that, although he did not agree with my interpretation of local rules, he would nevertheless withdraw the invalid subpoena that is the subject of the foregoing motion to quash. Unfortunately, I can find no evidence that Van Dyke did as he promised, necessitating this request for the Court's intervention.

       /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**

## CERTIFICATE OF SERVICE

   I certify that on _____4-24_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

  Mr. Jason Lee Van Dyke
  Plaintiff, Pro Se
  P.O. Box 2618
  Decatur, Texas 76234
  Telephone: 940-305-9242
  jasonleevandyke@protonmail.com


    /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**