IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE § | | |
|     Plaintiff § | | |
| § | | |
| v. § | Case No. 4:18cv247 | |
| § | | |
| THOMAS CHRISTOPHER RETZLAFF § | | |
| a/k/a Dean Anderson d/b/a BV Files, Via § | | |
| View Files L.L.C., and ViaView Files § | | |
|     Defendant § | | |

**PLAINTIFF'S MOTION FOR ORAL EXAMINATION CONCERNING DEFENDANT'S INVOCATION OF HIS FIRST AND FIFTH AMENDMENT PRIVILEGE**

Plaintiff, Jason Lee Van Dyke, asks this Court to conduct an oral examination of Defendant concerning his invocation of his Fifth Amendment privilege against self-incrimination in response to all, or substantially all, of Plaintiff's discovery requests. Plaintiff also asks for a hearing concerning Defendant's invocation of a First Amendment privilege as a basis for refusal to tender meaningful responses to Plaintiff's written discovery. As grounds therefore, Plaintiff states as follows:

    **I.    FACTS**

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. On January 29, 2020, Plaintiff served the interrogatories attached hereto as Exhibit "A" on Respondent.

3. On February 24, 2020, Defendant responded to those interrogatories in the manner attached hereto as Exhibit "B" and incorporated by reference herein. Defendant did not invoke his Fifth Amendment privilege against self-incrimination at that time.

4. Plaintiff subsequently filed a motion to compel Defendant's answers to these

interrogatories and this Court granted Plaintiff's motion to compel while denying attorney fees to Plaintiff. ECF 153. Defendant was ordered to tender responses to Plaintiff's interrogatories by April 28, 2020.

5. In the interim, on March 10, 2020, Plaintiff served requests for production on Defendant. Copies of these requests for production are attached hereto as Exhibit "C" and incorporated by reference herein.

6. By agreement of the parties to an extension, Defendant timely responded to these requests for production on April 20, 2020 and asserted his Fifth Amendment privilege in response to all, or substantially all, of Plaintiff's requests for production. A copy of Defendant's response is attached hereto as Exhibit "D" and incorporated by reference herein. He also asserted a First Amendment privilege in response to certain requests, arguing that Plaintiff is unable to utilize discovery to unmask "Dean Anderson" and "BV Files" as "anonymous speakers".

7. Plaintiff requested a privilege log pursuant to FRCP 26(b)(5)(a)(ii) on April 20, 2020 by and through an e-mail communication to defense counsel. In an e-mail communication in which Plaintiff and Mr. Dorrell were conferring about this and other matters, Mr. Dorrell stated he did not believe there were any responsive documents.

8. On April 28, Defendant tendered his responses to the interrogatories ordered by this Court. However, rather than providing meaningful answers to these interrogatories, Defendant invoked privilege under the First and Fifth Amendment. A copy of Defendant's response is attached hereto as Exhibit "E" and incorporated by reference herein.

9. Pursuant to this Court's scheduling order, all discovery must be commenced in such a

     manner that it may be completed by June 23, 2020. ECF 117. Accordingly, the parties are presently twenty-three days away from the deadline by which written discovery must be completed. Plaintiff has served substantial written discovery on Defendant, yet Defendant has provided almost no meaningful response to any of Plaintiff's discovery.

10. Defendant's assertions of privilege require an oral hearing on the merits to determine the validity of Defendant invoking said privilege.

## II. ARGUMENT

### A. Fifth Amendment Privilege

11. "[A] witness may properly invoke the Fifth Amendment 'privilege against compulsory self-incrimination . . . 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory' when he [or she] 'reasonably apprehends a risk of self-incrimination, . . . though no criminal charges are pending against him [or her], . . . and even if the risk of prosecution is remote.'" *Izen v. Catalina*, 256 F.3d 324, 329 (5th Cir. 2001). In this case, Defendant has asserted a blanket Fifth Amendment privilege with respect to nearly every one of Plaintiff's interrogatories and requests for production. The basis for his invocation of privilege is his truthful assertion that Plaintiff has filed police reports and communicated with law enforcement concerning Defendant's ongoing harassment and stalking of Plaintiff. However, the use of the 5th Amendment privilege in civil litigation is not unlimited and Defendant has not invoked it properly.

12. The 5th Circuit has held that a blanket assertion of the Fifth Amendment privilege is insufficient to relieve a party of the duty to respond to questions put to him, stating that "even if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal to produce his records or testify. Instead, he must present himself with

his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969) (footnote omitted). See also *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660 (5th Cir. 1981); *United States v. Malnik*, 489 F.2d 682, 685 (5th Cir. 1974). A party is not entitled to decide for himself whether he is protected by the fifth amendment privilege. Rather, this question is for the court to decide after conducting "a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded." *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976).

13. A proper assertion of the Fifth Amendment privilege requires three elements: (1) a compelled disclosure; (2) found to be testimonial; (3) which is incriminating. See *In Re Hunt*, 153 B.R. 445, 452 Note 11 (Bankr. N.D.Tex. 1992). Thus, with respect to Defendant's assertion of the privilege, this Court should undertake a two-step analysis: (1) Decide based not only on Defendant's claim that Fifth Amendment privilege applies, but on all circumstances of the case, whether he has a reasonable cause to believe that an answer to the question would support a conviction or support a link in the chain. See *Klein v. Smith*, 559 F.2d 189 (2nd Cir. 1977); and (2) Examine of the Defendant on the record regarding his or her claim of privilege to determine whether there are reasonable grounds to believe that being compelled to answer the question will subject Defendant to danger of incrimination. *U.S. v. Melchor Moreno*, 536 F.2d 1042 (5th Cir. 1976).

14. In this case, Defendant has invoked his Fifth Amendment privilege in precisely the type of blanket manner specifically forbidden by the 5th Circuit. In fact, some of

Defendant's assertions of Fifth Amendment privilege are frivolous on their face. For example, Plaintiff has requested copies of communications between Retzlaff and persons acting on his behalf that were sent to law enforcement, as well as two district attorneys offices. If Defendant asserts that those reports were truthful (or, at the very least, that he believed them to be truthful), he has no legitimate fear of prosecution and his assertion of privilege is invalid. If he fears prosecution because some or all of what he reported was known by him to be false (which Plaintiff concedes is more likely than not), his assertion of the privilege is valid. In any case, this Court should hold a hearing on Defendant's assertions of privilege in this case and inquire to the extent necessary to determine whether his claims of privilege are valid with respect to each individual request made of him by Plaintiff.

15. If, under the standard above, this Court determines that Defendant has properly asserted his Fifth Amendment privilege, it must then determine whether a negative inference can be drawn against him by and through his assertion of such privilege. *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976). In the event that this Court so finds, Plaintiff requests that this Court permit such negative inferences to be drawn and that the parties be directed to meet and confer concerning proper jury instructions concerning such negative inferences prior to trial. This Court should also determine at that time whether Defendant will be permitted to use the Fifth Amendment as a sword, as well as a shield, in the context of a motion for summary judgment or other dispositive motion. However, in the event this Court finds that the assertions of privilege are unfounded, Plaintiff will request that this Court strike Defendant's pleadings as a sanction and grant Plaintiff judgment by default due to Defendant's repeated refusal to participate in

discovery.

### B. Anonymous Speaker Objection

16. Defendant has also responded to certain interrogatories and requests of production with an assertion of First Amendment privilege. Specifically, Plaintiff's first and second requests for production on the basis that both "Dean Anderson" and the "BV Files" blog are "anonymous speakers" and that Defendant cannot be compelled to disclose their identity.

17. The requests pertaining to the identify of "Dean Anderson", as well as those responsible for the "BV Files" blog certainly go to the heart of Plaintiff's case. It was the individual using the "Dean Anderson" moniker who caused the termination of Plaintiff's employment at Karlseng, LeBlanc & Rich L.L.C. It is postings on the "BV Files" blog which constitute all, or substantially all, of Plaintiff's claim for libel. The question of whether Defendant is the author of this material is an essential element of Plaintiff's claim. Furthermore, "Dean Anderson" has send numerous threatening and harassing e-mails to Plaintiff (and his clients) which are the subject of his claims for intrusion on seclusion and intentional infliction of emotional distress. Plt.'s 3d Amd. Compl. ¶ 5.23, 6.18 – 6.20. "Dean Anderson" has also claimed to be an administrator of the "BV Files" website (located at www.viaviewfiles.net).

18. There is no realistic possibility of Plaintiff prevailing on his claims against this Defendant without obtaining the discovery requested. Plaintiff has a compelling interest in defending his reputation from allegations of white supremacy, pedophilia, drug addiction, and other forms of sexual misconduct from individuals who would spread

lies of this nature and magnitude. He certainly has an interest in preventing further interference in his employment and contractual relations by "Dean Anderson" and the individuals associated with the BV Files blog. The issues concerning the viability of Plaintiff's claims against the persons responsible for this content has already been addressed *ad nauseam* in Defendant's various motions for dismissal under FRCP 12(b)(6) and Plaintiff's response to these motions.

19. The First Amendment may give certain speaker the right to engage in anonymous speech. It does not, however, give such speakers to right to engage in intentionally tortious conduct without fear of punishment or reprisal from their victims. This Court should conduct a hearing to determine whether Defendant should be compelled to disclose the true identity of "Dean Anderson" (whether that person is him or someone else) as well as the identities of those individuals responsible for the contents of the "BV Files" blog.

### III. CONCLUSION

20. The relief requested by Plaintiff is precisely the relief mandated by the 5th Circuit in response to a litigant's assertion of a Fifth Amendment privilege against self-incrimination in a civil case. The question of whether Defendant is entitled to assert his 5th Amendment privilege against self-incrimination is a question of law for this Court to be determined after proper inquiry. This Court must also determine whether the same is true with respect to Defendant's assertion of a First Amendment privilege concerning anonymous speech. If this Court is satisfied that Defendant's assertions of privilege are valid, it may also determine whether an adverse inference may be drawn from Defendant's assertions of privilege and whether Defendant will then be entitled to use

his invocation of the privilege as a sword, as well as a shield, for summary judgment purposes. If Defendant's of privilege are determined to be unfounded, this Court should consider whether, in light of the fact that Defendant has essentially refused to participate in written discovery, whether it should strike Defendant's pleadings an enter a default on behalf of Plaintiff.

## IV. PRAYER

21. Plaintiff prays that this Honorable Court enter an order setting an oral hearing concerning Defendant's assertion of privilege under the First and Fifth Amendment during discovery in this case. Plaintiff prays that Defendant be ordered to appear in person for any such hearing. If Defendants assertions of privilege are substantiated, Plaintiff prays that this Court enter an order permitting a negative inference to be drawn against Defendant in light of his assertion of such privilege, as well as such other orders as this Court may deem just and appropriate under the circumstances. If Defendant's assertions of privilege are determined to be unfounded, Plaintiff prays that this Court enter an order striking Defendant's pleadings as a sanction for his refusal to participate in discovery and enter a default judgment on behalf of Plaintiff.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
SBN: 24057426
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email: jasonleevandyke@protonmail.com

## CERTIFICATE OF CONFERENCE

I certify that, on April 29, 2020, I conferred with Jeffrey Dorrell, attorney for Defendant, concerning this motion. Mr. Dorrell stated to me that he is opposed to the relief requested in this motion. Accordingly, it is presented to the Court for determination.

/s/ Jason Lee Van Dyke<br>JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke<br>JASON LEE VAN DYKE