IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
| *Plaintiff,* § | | |
| v. § | | |
| § | | |
| **THOMAS CHRISTOPHER** § | NO. 4:18-CV-247-ALM | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

**RETZLAFF'S OPPOSITION TO PLAINTIFF'S "MOTION FOR ORAL EXAMINATION"**

Retzlaff files this response in opposition to plaintiff's "motion for oral examination concerning defendant's invocation of his first and fifth amendment privilege." (Doc. 164.)

**I. ARGUMENT & AUTHORITIES**

1. Van Dyke employs a material misrepresentation of fact as the predicate for his unusual request for a special hearing to "orally examine" Retzlaff regarding privilege:

> **In this case, [Retzlaff] has asserted a <u>blanket</u> Fifth Amendment privilege with respect to nearly every one of [Van Dyke's] interrogatories and requests for production.**

Motion, ¶ 11 (emphasis added), citing ***U.S. v. Roundtree***, 420 F.2d 845, 852 (5th Cir. 1969). A "blanket" assertion of privilege has been likened to "a conjurer's circle [drawn] around the whole matter by [a taxpayer's] own declaration that to write any word on a government blank would bring him into danger of the law."

*See, e.g.,* ***U.S. v. Sullivan***, 274 U.S. 259, 264 (1927) (Holmes, J.), cited with approval in ***Roundtree***, 420 F.2d at 852, n.17. But inspection of Van Dyke's own exhibits reveals Retzlaff did no such thing. (Doc. 164-4, 164-5.)

2. Retzlaff asserted both privileges and non-privilege-based objections to each individual discovery request, as were individually applicable to each. For example, Retzlaff asserted:

(i) no privilege at all to some requests;

(ii) the Fifth amendment privilege against self-incrimination to certain requests; and

(iii) the First Amendment's protection of the identities of anonymous speakers to certain other requests.[1]

This is precisely the *opposite* of a "blanket assertion" of privilege.

3. Furthermore, Van Dyke relies exclusively on decades-old *tax* cases—in which a hearing was *already* being conducted—to argue that the Court in the case at bar must convene a *special* hearing to "orally examine" Retzlaff regarding responses to written discovery. Van Dyke leaves the Court to wonder what attenuated relevance these *tax* cases involving proceedings under §§ 7402(b) and 7604 of the IRS Code of 1954 have to the case at bar. There appears to be none at all. If there is any, Van Dyke has failed to explain it.

4. For example, the issue addressed in ***Roundtree*** was:

---

[1] Although Van Dyke lumps the well-settled First Amendment right of speakers to remain anonymous into the same category as the Fifth Amendment privilege against self-incrimination, Van Dyke cites no authority for this one-size-fits-all treatment. Retzlaff has found none.

> **This appeal canvasses often-discussed issues concerning a summons of the Internal Revenue Service: What showing must the IRS make to enforce a summons against a taxpayer?**

***Roundtree***, 420 F.2d 846-47. Roundtree had appeared at the IRS offices pursuant to a summons and "refused to testify or produce his records." *Id*. at 847. The IRS petitioned for a court order to enforce the summons pursuant to Internal Revenue Code §§ 7402(b) and 7604. *Id*. At the hearing on a show-cause order, Roundtree again asserted his Fifth Amendment rights. *Id*., at 848. The court held Roundtree's "blanket refusal" to produce tax records was improper and ordered him to "present himself with his records for questioning." *Id*. at 852. But there was no convocation of some special hearing to "orally examine" Roundtree regarding discovery answers, as Van Dyke seems disingenuously to suggest. *Id*., at 846-47. In fact, to the contrary, the court concluded:

> **The district court may … determine by reviewing Roundtree's records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded.**

*Id*., at 852; *see also* ***In re Roundtree v. U.S. and Hall***, 1970 WL 22850 at *1 (IRS AOD 1970). So, too, here.

> **Linking the taxpayer's right to plead self-incrimination with whether the investigation was <u>solely</u> for the purpose of securing evidence for criminal prosecution is also erroneous.**

***In re Roundtree v. U.S. and Hall***, 1970 WL 22850 at *1 (IRS AOD 1970) [emphasis added]. ***Roundtree*** could hardly be less apposite to the case at bar. Neither could Van Dyke's other cited cases.

5. In fact, some—like **Roundtree**—militate *against* the very special "oral examination" that Van Dyke requests. For example:

> **Thus, a practice has developed whereby, outside the presence of the jury, the witness will allude in very general, circumstantial terms to the reasons why he feels he might be incriminated by answering a given question. <u>The judge examines him only far enough to determine whether there is reasonable ground to apprehend danger to the witness from his being compelled to answer</u>. If the danger might exist, the court must uphold the privilege without requiring the witness to demonstrate that a response would incriminate him, the latter inquiry being barred by the privilege itself.**

*See, e.g.*, **U.S. v. Melchor Moreno**, 536 F.2d 1042, 1046 (5th Cir. 1976). **Melchor** is obviously describing an examination during the ordinary course of a criminal *trial*, not some specially-convened, court-ordered inquisition regarding a party's written discovery responses. The **Melchor** court admonishes:

> **To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.**

**Melchor**, 536 F.2d at 1046, citing **Hoffman v. U.S**., 341 U.S. 479, 486 (1951). "[I]f the witness were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee." *Id*.

6. Van Dyke cites no authority supporting his motion that the Court conduct a special "oral examination" of Retzlaff to validate Retzlaff's assertions of privilege to interrogatories or requests for production. The Court can easily determine this by examining the requests to which Retzlaff asserts privilege.

5

## II. CONCLUSION & PRAYER

7. Because Van Dyke fails to cite any authority supporting his request for a special "oral examination" to determine whether Retzlaff's apprehension of criminal prosecution is legitimate, the Court should deny Van Dyke's motion (Doc. 164) and grant Retzlaff such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

HANSZEN✦LAPORTE

By:       /s/ Jeffrey L. Dorrell      
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

6

## CERTIFICATE OF SERVICE

I certify that on  5-10 , 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@protonmail.com


          /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**