# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| | § | |
| | § | Civil Action No.  4:18-CV-247 |
| v. | § | Judge Mazzant |
| | § | |
| THOMAS RETZLAFF, a/k/a DEAN | § | |
| ANDERSON, d/b/a VIA VIEW FILES LLC, | § | |
| and VIA VIEW FILES | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Thomas Christopher Retzlaff's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #129).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

This suit concerns the volatile dealings between Plaintiff Jason Lee Van Dyke and Defendant.  There are three separate instances of conduct that led to the present case (Dkt. #113).

First, Defendant purportedly made statements about Plaintiff on his blog, "BV Files" (Dkt. #113).  There, Defendant's alleged statements asserted that Plaintiff is a Nazi; a white supremacist; a pedophile; and a drug addict (Dkt. #113 at p. 12).  These purported statements also portrayed that Plaintiff has a criminal record for abusing women; is involved in revenge pornography; has engaged in unwanted sexual solicitations; was being treated and medicated for mental illnesses; suffers from syphilis; and has engaged in other sexual misconduct (Dkt. #113 at pp. 12–13).

Second, Plaintiff complains that Defendant contacted the law firm where Plaintiff was employed, Karlseng, LeBlanc & Rich L.L.C. (Dkt. #113 at p. 18).  Specifically, Defendant contacted Plaintiff's firm, telling the firm allegedly libelous information about Plaintiff (Dkt. #113

at p. 18).  As a result of Defendant's disclosures, Plaintiff was fired from the firm (Dkt. #113 at p. 18).

Lastly, Plaintiff attributes his arrest to Defendant's conduct (Dkt. #113 at p. 20).  To start, Defendant allegedly fabricated emails between Plaintiff and Defendant, in which Plaintiff was threatening Defendant (Dkt. #113 at p. 20).  Defendant then shared those emails with the Oak Point Police Department (Dkt. #113 at p. 20).  Based on Defendant's request and the emails he provided, Oak Point Police arrested Plaintiff for third-degree felony obstruction or retaliation (Dkt. #113 at p. 20).  When the grand jury heard the evidence against Plaintiff on the lesser included crime of misdemeanor harassment, the grand jury found that there was not enough evidence to prosecute Plaintiff, and the case was no-billed (Dkt. #113 at p. 20).

Based on these facts, on March 28, 2018, Plaintiff initiated this suit against Defendant, alleging that Defendant committed libel when he made defamatory statements about Plaintiff (Dkt. #1, Exhibit 2; Dkt. #113).  In addition to libel, Plaintiff asserted six alternative theories of recovery against Defendant: business disparagement, intrusion on seclusion, tortious interference with an existing contract, tortious interference with prospective relations, malicious criminal prosecution, and intentional infliction of emotional distress (Dkt. #113 at pp. 12–22).

On March 1, 2020, Defendant filed his Rule 12(b)(6) motion to dismiss (Dkt. #129).  On March 4, 2020, Plaintiff filed his response (Dkt. #135).  On April 17, 2020, Defendant filed his reply.[1]

---

[1] Defendant was required to file his reply by March 11, 2020, but he did not do so until April 7, 2020 (Dkt. #141).  As such, Defendant requested leave to file the late reply, which was opposed by Plaintiff.  *See* (Dkt. #155).  Although late, the Court finds that Defendant's motion for leave to file a late reply should be granted.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiff's Third Amended Complaint, Defendant's motion to dismiss, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that and Retzlaff's Motion for Leave to File Late Reply in Support of Retzlaff's Motion to Dismiss (Dkt. #155) is **GRANTED**.

It is further **ORDERED** that Defendant Thomas Christopher Retzlaff's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #129) is **DENIED**.

It is further **ORDERED** that Retzlaff's Motion to Stay Discovery Until Ruling on Retzlaff's Motion to Dismiss (Dkt. #118); and Retzlaff's Motion to Stay Discovery Until Disposition of Retzlaff's Rule 12(b)(6) Motion to Dismiss (Dkt. #131) are **DENIED as moot**.

**IT IS SO ORDERED**.

 **SIGNED this 14th day of May, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE