**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **JASON LEE VAN DYKE** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:18-CV-00247** |
| | § | |
| **THOMAS RETZLAFF, et. al.** | § | |

**PAUL JOHNSON'S MOTION FOR PROTECTIVE ORDER, OR ALTERNATIVELY, REQUEST FOR IN CAMERA INSPECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **PAUL JOHNSON**, Movant, pursuant to Federal Rule of Civil Procedure 45 along with the Court's inherent power to govern the conduct of parties appearing before it, and files his MOTION FOR PROTECTIVE ORDER, OR ALTERNATIVELY, REQUEST FOR IN CAMERA INSPECTION, and would respectfully show as follows:

**I.**

**Introduction And SUBPOENA for Criminal District Attorney of Denton County Paul Johnson**

This case, as the Court has already noted, is fueled by an intense dislike between Jason Van Dyke and Thomas Retzlaff.[1] One of the many facets of this long and volatile feud is the ongoing criminal matter(s) involving Van Dyke. The criminal component has also spawned additional litigation by Van Dyke against Oak Point Police Chief Shackleford, which is also pending in the Eastern District.[2]   Likewise, it has resulted in various Public Information Act

---

[1]See, MEMORANDUM OPINION AND ORDER [Dkt. 151], p. 1 ("It is clear that the parties have a contentious history, which purportedly includes threats made by Plaintiff against Defendant. In particular, Defendant asserts that Plaintiff made death threats to Defendant and created a plan to assassinate him.") and also MEMORANDUM OPINION AND ORDER [Dkt. 125], p. 3 ("The Court acknowledges that the parties here despise each other.").

[2]See, *Jason Lee Van Dyke v. Mike Shackleford*, Cause No. 4:19-CV-00786

PAUL JOHNSON'S MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER,
OR ALTERNATIVELY, REQUEST FOR IN CAMERA INSPECTION

requests - - from both Van Dyke and Retzlaff - - to the Denton County Criminal District Attorney's Office.

Plaintiff Van Dyke (pro se) has now requested Clerk of Court, to issue and has issued, a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS  OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION  (hereinafter "SUBPOENA")[Dkt. 148-1, Dkt. 152, and also attached hereto as Exhibit 1] which commands Denton County Criminal District Attorney Paul Johnson to produce at Plaintiff's at designation of Place in Decatur, Texas (Note: All referenced Exhibits to this MOTION FOR PROTECTIVE ORDER have previously been filed with MOTION TO QUASH regarding same (4:18-CV-00247)  and attached thereto) :

> All communications between [P]aul Johnson and Thomas Christopher Retzlaff a/k/a Thomas C. Retzlaff, Tom C. Retzlaff, Tom Retzlaff, or Dean Anderson ("Retzlaff") between March 1, 2018 and the date of service of this request.

> All communications between [P]aul Johnson and any person representing or purporting to represent Retzlaff, including any of his attorneys, between March 1, 2018 and the date of service of this subpoena.

> All communications between [P]aul Johnson and Isaac Lee Marquardt a/k/a Isaac Marquardt ("Marquardt") between September 1, 2018 and the date of service of this subpoena.

> All communications between [P]aul Johnson and Deborah Armintor a/k/a Deb Armintor relating to Jason Lee Van Dyke a/k/a Jason L. Van Dyke or Jason Van Dyke ("Van Dyke") between November 1, 2018 and the date of service of this subpoena.

> Any and all warrants relating or pertaining to Van Dyke between September 1, 2018 and the date of this subpoena, together with any affidavits or materials submitted in support of such warrants.  The scope of this requests includes, but is not limited to, materials relating to warrants that were subsequently rescinded or recalled.

Some of the aforementioned requested record are the same records which Mr. Van Dyke previously requested from Denton County Criminal District Attorney's Office through a Public

Information Act request submitted October 18, 2019, , and which were subject of a request for a determination by the Texas Attorney General's Office.[3]  As relayed to the Texas Attorney General and discussed below, the Denton County Criminal District Attorney's Office criminal matter(s) involving Jason Van Dyke are not fully closed nor has statute of limitations expired for some possible criminal offenses.  In other words, the current criminal matter is still pending litigation.  Although not at liberty to discuss details of the criminal matter(s), Denton County District Attorney's Office considers its investigation of Jason Van Dyke to be ongoing and still open.[4]  The records sought by Van Dyke (pro se) relate to pending litigation.[5]

The ORDER  should be issued because it (1) requires disclosure of a privileged or protected matter, more specifically, information which is protected by pending litigation and the law enforcement privilege.  Whereby, Texas Attorney General's Office issued Opinion OR2020-01316 to withhold under pending litigation. Additionally and alternatively, Denton County Criminal District Attorney Paul Johnson requests the Court to conduct an in-camera inspection and determine what, if anything, may be released and under a protective order, if any.

## II.
### Argument and Authority

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court is required to quash or modify a subpoena that: (1) fails to allow a reasonable time for compliance; (2) requires a person to comply beyond the geographical limits specified in 45(c); (3) requires disclosure of a privileged or protected matter; or (4) subjects a person to undue burden. See also *Wiwa v. Royal Dutch*

---

[3]A copy of Mr. Van Dyke's Public Information Act Request and the DA's request for an Attorney General determination and AG Opinion OR2020-01316 are attached as Exhibit No. 2.

[4]See, ASSISTANT DISTRICT ATTORNEY KRISTEN KIDD, attached as Exhibit No. 3.

[5]*Id.*

*Petroleum Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004); *Diamond Consortium Inc. v. Manookian*, 2017 U.S. Dist. LEXIS 24355, 2017 WL 699052, at *3 (E.D. Tex. Feb. 22, 2017).

While more aptly applied to sanctions, the Supreme Court has recognized that courts have an inherent power to impose sanctions for bad faith conduct where the conduct at issue is not covered by a specific sanctioning provision. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 47 (1991). "The court's power to enter such orders flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).  This Court's inherent power to govern the conduct of litigants appearing before it thus authorizes it take whatever action it deems necessary and appropriate with respect to the SUBPOENA.

### A. Subpoena invades the law enforcement privilege concerning pending litigation[s] and contains privileged information, therefore, Protective Order should be issued.

The Subpoena invades the law enforcement privilege, including but not limited to, communications (emails) that are privileged information and the criminal matter[s] is still pending litigation.

### 1.    Status of Criminal Matters involving Van Dyke

On February 26, 2019, Jason Van Dyke plead no contest to the Class B Misdemeanor of False Report To A Police Officer in the criminal case styled *State of Texas v. Jason Van Dyke*, Cause No. CR-2018-07544-E in Denton County Criminal Court at Law No. 5.[7]   However, he is seeking to have this plea set aside.  Specifically, on September 13, 2019, he filed PETITION FOR

---

[7]A copy of the PLEA AGREEMENT & JUDGMENT is attached as Exhibit No. 4

WRIT OF HABEAS CORPUS in the Cause No. CR-2018-07544-E-WHC-1.[8]  His WRIT was denied

on February 11, 2020, and Van Dyke appealed to the Fort Worth Court of Appeals on February

18, 2020.[9]  Such criminal case is thus considered pending, open and active.

Further, on September 26, 2019, a Collin County Grand Jury issued a "No-Bill" for the

Class B Misdemeanor offense of  "Harassment" which was investigated by Plano Police

Department against Van Dyke.[10]  However, the statute of limitations for "Harassment" is two

years [see, TEXAS CODE OF CRIMINAL PROCEDURE, Art. 12.02] and it has not yet expired.[11]

In addition, Oak Point Police Department Case No. CO1901101 involving Jason Van

Dyke for the felony offense of Obstruction or Retaliation [Texas Penal Code Chapter 36.06]

remains open. Specifically, a WARRANT OF ARREST was issued for Jason Van Dyke on January

11, 2019, and he  was arrested that same day.[12]  A SEARCH WARRANT was issued on January 15,

2019, which resulted in the seizure of certain property from Van Dyke's home.[13]  Another

SEARCH WARRANT was issued on January 24, 2019, which resulted in the seizure of additional

property.[14]  Although not at liberty to discuss the details of the felony investigation involving

Jason Van Dyke, the Oak Point Police Department considers the criminal matters related to Jason

---

[8]A copy of on the online REGISTER OF ACTIONS for Cause No. CR-2018-07544-E-WHC-1 is attached as Exhibit No. 5.

[9]*Id.*

[10]A copy of the Collin County REPORTABLE ACTIONS OF THE GRAND JURY SEPTEMBER 29, 2019, is attached as Exhibit No. 6, p. 6.

[11]The threatening emails underlying this matter were alleged to have been sent on December 12, 2018.

[12]See, ARREST WARRANT and OFFICER'S RETURN dated January 11, 2019, attached as Exhibit No. 7.

[13]See, SEARCH WARRANT and RETURN AND INVENTORY dated January 15, 2019, attached as Exhibit No. 8.

[14]See, SEARCH WARRANT and RETURN AND INVENTORY dated January 24, 2019 attached as Exhibit No. 9.

Van Dyke to be ongoing and open as their investigation is not fully closed nor has the statute of limitations expired [see, generally, TEXAS CODE OF CRIMINAL PROCEDURE, Art. 12.01 and 12.02]. The items requested by the SUBPOENA are items seized as part of the search warrants issued in this open felony investigation.

Finally, Thomas Retzlaff recently filed Application for Protective Order-Dom Violence involving Jason Van Dyke. Whereby, Protective Order Hearing is scheduled for June 29, 2020 (Exhibit 10).

## 2.    Law Enforcement Privilege and application to instant SUBPOENA

The law enforcement privilege is a "qualified privilege protecting investigative files in an ongoing criminal investigation." See *In re DHS*, 459 F.3d 565, 569 (5th Cir. 2006)(internal citations omitted); *Fed. Trade Comm'n v. Liberty Supply Co.*, No. 4:15-cv-829, 2016 U.S. Dist. LEXIS 107784, 2016 WL 4272706, at *15 (E.D. Tex. Aug. 15, 2016). To determine whether the law enforcement privilege applies to a document, courts must balance "the government's interest in confidentiality against the litigant's need for the documents." *In re DHS, id*. at 570. Courts should consider the following ten factors when weighing the two interests:

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiffs suit is non-frivolous and brought in good faith; (9) whether  the information sought is available through other discovery or from other sources; ( 10) the importance of the information sought to the plaintiffs case.

*In re DHS, id*. at 570. (instructing. district courts to consider the "Frankenhauser factors"

developed in *Frankenhauser v. Rizzo,* 59 F.R.D 339, 344 (E.D. Pa. Mar. 13, 1973)).

Here, applying the pertinent factors and following the directives of the Fifth Circuit and rulings from this Court, the law enforcement privilege precludes release of the requested records at this juncture.  As detailed above, Van Dyke's criminal matters are still active and ongoing and the records requested by the SUBPOENA are directly related to such criminal matters and include communications (emails) between law enforcement, and prosecutors within the Denton County Criminal District Attorney's Office containing mental impressions, open and frank discussion and trial strategy (privileged information).

### III.
### Alternative Request for In Camera Inspection

Criminal District Attorney of Denton County Paul Johnson additionally and alternatively requests that this Honorable Court conduct an in camera inspection of the requested information and determine which documents, if any, are subject to release.  If so directed, the Criminal District Attorney Johnson will submit to the Court in a sealed envelope records responsive to the SUBPOENA so that the Court may determine which documents, if any, should be released by Court order governing the use, dissemination and return of the records.  This in camera inspection would further, hopefully, alleviate the need for a custodian of records and/or Criminal District Attorney Johnson to have to respond to a SUBPOENA in the future in this cause.

### IV.
### Prayer For Relief

**WHEREFORE, PREMISES CONSIDERED, CRIMINAL DISTRICT ATTORNEY OF DENTON COUNTY PAUL JOHNSON,** prays that the Court grant his MOTION FOR PROTECTIVE ORDER, OR ALTERNATIVELY, REQUEST FOR IN CAMERA INSPECTION, and he have

such other relief, at law or in equity, to which he may show himself entitled.

Respectfully submitted,

By:     /s/ Antony Paul_____
        **ANTHONY PAUL**
        State Bar No. 00797223
        **ASSISTANT DISTRICT ATTORNEY**
        **DENTON COUNTY CRIMINAL DISTRICT**
        **ATTORNEY'S OFFICE CIVIL DIVISION**
        1450 E. McKinney St., Suite 3100
        Denton, Texas 76209
        940/349-2600 (office)
        940/349-2601 (fax)

        **ATTORNEY FOR MOVANT**
        **PAUL JOHNSON**


## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I conferred with the Jason Van Dyke (pro se), about the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS  OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION  and the many concerns which Denton County Criminal District Attorney's Office  had about the release and public disclosure of the requested information.  We fully discussed all the matters set forth in this MOTION, and after substantial discussion, no agreement could be reached. It is therefore presented to the Court for determination.

                    /s/ Anthony Paul_____
                    **ANTHONY PAUL**


## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following party of record who has consented in writing to accept this Notice as service of this document by electronic means: Jason Van Dyke, Jeffrey Dorrell, Anthony Laporte, Kent Hanszen.

                    /s/ Anthony Paul_____
                    **ANTHONY PAUL**

PAUL JOHNSON'S MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER,
OR ALTERNATIVELY, REQUEST FOR IN CAMERA INSPECTION