# IN THE UNITED STATES DISTRICT FOR THE
# EASTERN DISTRICT OF TEXAS,
# SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, § | | |
| *Plaintiff,* § | | |
| v. § | | |
| § | | |
| **THOMAS CHRISTOPHER** § | NO. 4:18-CV-247-ALM | |
| **RETZLAFF, a/k/a DEAN** § | | |
| **ANDERSON, d/b/a BV FILES, VIA** § | | |
| **VIEW FILES, L.L.C., and VIAVIEW** § | | |
| **FILES,** § | | |
| *Defendants* § | | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSION

Plaintiff, Jason Lee Van Dyke, serves these responses to requests for admissions upon plaintiff, as authorized by FED. R. CIV. P. 36.

    Respectfully submitted,

    /s/ Jason Lee Van Dyke
    Jason L. Van Dyke
    PO Box 2618
    Decatur, TX 76234
    P – (940) 305-9242
    Email:
    jasonleevandyke@protonmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to Jeffrey Dorrell, attorney for Defendant, by electronic mail on May 29, 2020.

    /s/ Jason Lee Van Dyke
    JASON LEE VAN DYKE

Exhibit 1

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**

Admit that you were arrested for the felony offense of violating TEX. PENAL CODE § 36.06 on or about January 11, 2019.

RESPONSE: **Admit**

**REQUEST FOR ADMISSION NO. 2.**

Admit that your arrest for the felony offense of violating TEX. PENAL CODE § 36.06 on or about January 11, 2019, is the only basis of your malicious criminal prosecution claim against Retzlaff. (3AC ¶ 6.31.)

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 3.**

Admit that Claude Rich told you in an e-mail dated March 27, 2018, that your employment as an attorney with the law firm of Karlseng, LeBlanc, & Rich, L.L.C., would be terminated because, "We told you to stay off social media, yet you choose (sic) not to follow our advice."

RESPONSE: **Admits as to the specific wording of the email. Plaintiff denies that his termination was due to any post he made on social media.**

**REQUEST FOR ADMISSION NO. 4.**

Admit that the image below is a true and correct image of the March 27, 2018, e-mail you received from Claude Rich describing the reason for termination of your employment as an attorney with the law firm of Karlseng, LeBlanc, & Rich, L.L.C.

> From: Claude Rich
> To: Jason Van Dyke
> Cc: Bob Karlseng; alan@aktlawfirm.com
> Subject: Re: Screenshot 2018-03-27 at 7.29.54 PM
> Date: Tuesday, March 27, 2018 8:20:59 PM
>
> Jason I am sorry but i stand by the decision.
> Clearly you made this person angry who will stop at no end to harm you and now a company bob and I have worked hard to build.
> **We advised you to stay off social media, yet you choose not to follow our advice.**
>
> Claude Rich

RESPONSE:  **Admit that this is a true and correct copy of the e-mail received from Claude Rich. Plaintiff denies that this e-mail truly and accurately describes the reason for the termination of his employment as an attorney with the law firm of Karlseng, LeBlanc & Rich L.L.C.**

**REQUEST FOR ADMISSION NO. 5.**

Admit that one of your postings on social media was this:



RESPONSE:  **Admit.**

**REQUEST FOR ADMISSION NO. 6.**

Admit that your employment as an attorney with the law firm of Karlseng, LeBlanc, & Rich, L.L.C., was terminated on or about March 28, 2018. (3AC ¶ 5.1.)

RESPONSE:  **Admit.**

**REQUEST FOR ADMISSION NO. 7.**

Admit that you posted the following image of yourself on a social media platform:



RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 8.**

Admit that the termination of your employment as an attorney with the law firm of Karlseng, LeBlanc, & Rich, L.L.C., on or about March 28, 2018, is the basis of your claim against Retzlaff for tortious interference with contract. (3AC ¶ 6.27.)

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 9.**

Admit that you never had any contract for employment by the law firm of Karlseng, LeBlanc, & Rich, L.L.C.

RESPONSE: **Plaintiff admits that he never had a written contract for employment by the law firm of Karlseng, LeBlanc & Rich. Otherwise deny.**

**REQUEST FOR ADMISSION NO. 10.**

Admit that your employment by the law firm of Karlseng, LeBlanc, & Rich, L.L.C., was "at will" employment, terminable by either party at any time.

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 11.**

Admit that the law firm of Karlseng, LeBlanc, & Rich, L.L.C., did not breach any contract with you.

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 12.**

Admit that you contend the law firm of Karlseng, LeBlanc, & Rich, L.L.C., breached a contract with you.

RESPONSE: **Deny.**

**REQUEST FOR ADMISSION NO. 9.**

Admit that you contend Retzlaff filed a "frivolous grievance" against you with the State Bar of Texas on or around December 20, 2017. (3AC ¶ 5.4.)

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 10.**

Admit that you were disciplined by the State Bar of Texas as a result of the allegedly "frivolous grievance" filed against you by Retzlaff on or around December 20, 2017. (3AC ¶ 5.4.)

RESPONSE: **Plaintiff is unable to truthfully admit or deny this interrogatory because it would be impossible for him to do so in a manner that is not materially misleading. Plaintiff admits that the cause number assigned to grievance for which he was ultimately disciplined was the same cause number assigned for Defendant's grievance on December 20, 2017. Plaintiff denies that he was disciplined due to any of the conduct described in the grievance as filed on December 20, 2017; he was disciplined for allegations contained in an amendment to that grievance filed at some time in April of 2018. Plaintiff also denies that the conduct for which he was ultimately disciplined violated the *Texas Disciplinary Rules of Professional Conduct*.**

**REQUEST FOR ADMISSION NO. 11.**

Admit that your license to practice law in Texas was suspended by the State Bar of Texas as a result of the allegedly "frivolous grievance" filed against you by Retzlaff on or around December 20, 2017. (3AC ¶ 5.4.)

RESPONSE: **Plaintiff is unable to truthfully admit or deny this interrogatory because it would be impossible for him to do so in a manner that is not materially**

misleading. Plaintiff admits that the cause number assigned to grievance for which he was ultimately disciplined was the same cause number assigned for Defendant's grievance on December 20, 2017. Plaintiff denies that he was disciplined due to any of the conduct described in the grievance as filed on December 20, 2017; he was disciplined for allegations contained in an amendment to that grievance filed at some time in April of 2018. Plaintiff also denies that the conduct for which he was ultimately disciplined violated the *Texas Disciplinary Rules of Professional Conduct*.

**REQUEST FOR ADMISSION NO. 12.**

Admit that you sent the following e-mail to Retzlaff and others on or around December 12, 2018.



From: Jason Van Dyke
To: Tom Retzlaff
Subject: RE:
Date: Wednesday, December 12, 2018 8:01:42 AM
Attachments: Mr Jason L Van Dyke.vcf

Go fuck yourself and what's left of your miserable life. You have destroyed my life, and for that offense, you will pay with your own. That's not a threat. That's a PROMISE motherfucker.

Mr. Jason L. Van Dyke
The Van Dyke Law Firm P.L.L.C.

108 Durango Drive
Crossroads, TX 76227
(469) 964-5346 Work
(972) 421-1830

jason@vandykelawfirm.com

RESPONSE: **Deny.**

**REQUEST FOR ADMISSION NO. 13.**

Admit that you sent the following e-mail to Retzlaff and others on or around December 12, 2018.



RESPONSE: **Deny.**

**REQUEST FOR ADMISSION NO. 14.**

Admit that you DENY you sent the following e-mail to Retzlaff and others on or around December 12, 2018.



RESPONSE: **Admit**.

**REQUEST FOR ADMISSION NO. 15.**

Admit that you DENY you sent the following e-mail to Retzlaff and others on or around December 12, 2018.



RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 16.**

Admit that the BV Files blog you accuse of defaming you uses loose figurative language.

RESPONSE: **Deny.**

**REQUEST FOR ADMISSION NO. 17.**

Admit that the BV Files blog you accuse of defaming you does not claim to report hard news.

RESPONSE: **Deny.**

**REQUEST FOR ADMISSION NO. 18.**

Admit that the BV Files blog you accuse of defaming you displays the following language that can be viewed by any visitor by clicking the "About" button. *See* http://www.viaviewfiles.net/about/, last accessed January 3, 2020:

> *ALL CONTENT ON THIS BLOG, BEING A MIXTURE OF PARODY, SATIRE, AND LAME HUMOR, IS FOR ENTERTAINMENT PURPOSES ONLY AND NOT TO BE TAKEN SERIOUSLY. WHEN IT COMES TO PARODY, THE LAW REQUIRES A REASONABLE READER STANDARD, NOT A "MOST GULLIBLE PERSON ON FACEBOOK" STANDARD. THE FIRST AMENDMENT DOES NOT DEPEND ON WHETHER EVERYONE IS IN ON THE JOKE. NEITHER IS IT BOTHERED BY PUBLIC DISAPPROVAL, WHETHER TEPID OR RED-HOT.*

RESPONSE: **Admit that this is a very small portion of the language that is presently displayed when a user clicks on** http://www.viaviewfiles.net/about/. **Plaintiff denies that it is the only language displayed when a visitor clicks on the link referenced in this request (accessed May 25, 2020).**

**REQUEST FOR ADMISSION NO. 19.**

Admit that approximately six months before Retzlaff's filed his allegedly "frivolous grievance" against you with the State Bar of Texas on December 20, 2017 (3AC ¶ 5.4), author and former federal prosecutor Ken White published an article about you[1] with the following title:

> **Texas Attorney Jason L. Van Dyke: Fraudulent Buffoon, Violence-Threatening Online-Tough-Guy, Vexatious Litigant, Proud Bigot, And All Around Human Dumpster Fire**

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 20.**

Admit that before filing the instant suit against Retzlaff, you did not make a demand for retraction, correction, or clarification of allegedly defamatory matter as required by TEX. CIV. PRAC. & REM. CODE § 73.055(d)(3), the Texas "Defamation Mitigation Act."

RESPONSE: **Admit.**

**REQUEST FOR ADMISSION NO. 21.**

Admit that you contend that before filing the instant suit against Retzlaff, you made a timely demand for retraction, correction, or clarification of allegedly defamatory matter as required by TEX. CIV. PRAC. & REM. CODE § 73.055(d)(3), the Texas "Defamation Mitigation Act."

---

[1] The cited article can still be found at https://www.popehat.com/2017/07/09/texas-attorney-jason-l-van-dyke-fraudulent-buffoon-violence-threatening-online-tough-guy-vexatious-litigant-proud-bigot-and-all-around-human-dumpster-fire/, last accessed February 26, 2020.

RESPONSE:  **Deny.**

**REQUEST FOR ADMISSION NO. 22.**

Admit that your claim that Retzlaff engaged in "criminal stalking" behavior in Paragraph 5.3 of your Third Amended Complaint is based on your contention that Retzlaff violated TEX. PENAL CODE § 42.07(a)(7).

RESPONSE:  **Deny.**

**REQUEST FOR ADMISSION NO. 23.**

Admit that you DENY that your claim that Retzlaff engaged in "criminal stalking" behavior in Paragraph 5.3 of your Third Amended Complaint is based on your contention that Retzlaff violated TEX. PENAL CODE § 42.07(a)(7).

RESPONSE:  **Admit.**

**REQUEST FOR ADMISSION NO. 24.**

Admit that your claim that Retzlaff engaged in "criminally harassing acts" in Paragraph 5.31 of your Third Amended Complaint is based on your contention that Retzlaff violated TEX. PENAL CODE § 42.07(a)(7).

RESPONSE:  **Deny**

**REQUEST FOR ADMISSION NO. 25.**

Admit that you DENY that your claim that Retzlaff engaged in "criminally harassing acts" in Paragraph 5.31 of your Third Amended Complaint is based on your contention that Retzlaff violated TEX. PENAL CODE § 42.07(a)(7).

RESPONSE:  **Admit.**

*Van Dyke v. Retzlaff*
Retzlaff's Requests for Admissions to Plaintiff

10