# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE §<br> Plaintiff §<br>§<br>v. §  Case No. 4:18cv247<br>§<br>THOMAS CHRISTOPHER RETZLAFF §<br>a/k/a Dean Anderson d/b/a BV Files, Via §<br>View Files L.L.C., and ViaView Files §<br> Defendant § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Movant, Jason Lee Van Dyke, asks this Court to enter an order denying the motion of Paul Johnson ("Movant") for a protective order (ECF 174). In support of said opposition, Plaintiff states as follows:

### I.   FACTS

1. For the purpose of this response only, Plaintiff stipulates to the facts set forth in section one of Movant's motion entitled "Introduction and Subpoena for Criminal District Attorney of Denton County Paul Johnson."

### II.   ARGUMENT

**A.   The Basis for Plaintiff's Opposition to a Protective Order is the Same as his Opposition to Movant's Motion to Quash.**

2. Movant's motion for a protective order (ECF 174) does not state any additional facts or make any additional argument beyond what he made in his motion to quash (ECF 173).

3. While the legal basis for a motion to quash a subpoena is found in Fed. R. Civ. P. 45, the basis for a protective order sounds in Fed. R. Civ. P. 26(c). This rule provides that a "court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including one or more of the following: (a) forbidding the disclosure or discovery; (b) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (c) prescribing a discovery method other than the one selected by the party seeking discovery;(d) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (e) designating the persons who may be present while the discovery is conducted; (f) requiring that a deposition be sealed and opened only on court order;(g) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (h) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

4. The basis for both the motion to quash (ECF 173) and motion for protective order (ECF 174) is an assertion of the law enforcement privilege. Specifically, Movant has requested that this Court forbid the discovery requested by Plaintiff pursuant to that privilege.

5. For the sake of brevity, Plaintiff will not burden this Court with a verbatim repetition of the arguments he made in opposition to Movant's motion to quash: they are identical to those made in response to Movant's motion to quash. Namely that (a) Movant has failed to demonstrate that the law enforcement privilege applies to the documents requested; (b) When considering the *Frankenhauser* factors, Plaintiff's interest in the materials requested far outweighs what, if any, legitimate interest Movant has in refusing disclosure of these materials; and (c) with respect to the warrant information requested, there are strong public policy considerations in favor of releasing the requested material.

    Plaintiff incorporates all of his arguments in opposition to Movant's motion to quash into his response to this motion.

**B.    In Camera Inspection**

6.    If this Court is disinclined to deny Movant's motion for a protective order outright, Plaintiff joins Movant's request that this Court conduct an in-camera inspection of the requested information to determine which documents are subject to release and requests that this Honorable Court issue all appropriate orders necessary to effect in-camera inspection.

**C.    Conclusion**

7.    Movant's motion for a protective order should be denied for the same reason its motion to quash should be denied. It has failed to meet its burden in demonstrating that the law enforcement privilege applies to the documents requested and, even if such a qualified privilege is applicable, Plaintiff's interest in the discovery is outweighed by Movant's interest in non-disclosure. The motion for a protective order should be denied, or at the very least, an in-camera inspection of all requested documents should be ordered

### III.   PRAYER

8.    Movant prays that this Court enter an order denying the motion of Paul Johnson to for a protective order. (ECF 173).

                                                                Respectfully submitted,

                                                                 /s/ Jason Lee Van Dyke
                                                                Jason L. Van Dyke
                                                                PO Box 2618
                                                                Decatur, TX 76234
                                                                P – (940) 305-9242
                                                                Email: jasonleevandyke@protonmail.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant, and Anthony Paul, Attorney for Movant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
