**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

JUN 2 2 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

**MOTION TO QUASH SUBPOENA**

TO THE HONORABLE UNITED STATES JUDGE:

Movant James McGibney respectfully asks this Court to enter an order quashing

a subpoena issued for him in this case (Dkt. 182.) Movant states as follows in support

of this motion.

**I.  BACKGROUND**

1.  Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2.  Movant is not a party to this case and has never been a party to this case.

3.  Although he is not a party to this case, Movant has a lengthy history of litigation

against Thomas Retzlaff ("Mr. Retzlaff") who is the Defendant in this case

(previous case numbers include - Case No.: 5:14-CV-1059-BLF, Case No.:

114CH005460, Santa Clara, California and Case No.: 67-270669-14.) Mr.

Retzlaff has stalked Movant and his family beginning in 2013 and it continues to

this day. Mr. Retzlaff was previously the subject of a protective order issued for

1

the benefit of Movant and his family, as well as Thomas Retzlaff's daughter, Brittany Retzlaff and Movant's attorney at the time, Jay Leiderman. A copy of the previous protective order is attached as **Exhibit 1**. Movant and his family are currently working to obtain a protective order against Mr. Retzlaff in Texas.

4.   The Plaintiff in this case, Jason Van Dyke ("Mr. Van Dyke") is one of Movant's far more recent acquaintances. The general nature of the relationship between Movant and Mr. Van Dyke has been one of no more than providing occasional updates with respect to ongoing legal proceedings that pertain to Retzlaff. The Movant has never met Mr. Van Dyke in person. The allegations that Retzlaff and his counsel, Jeffrey Dorrell, made within Dkt. 138, now stricken, about the alleged relationship between Movant and Mr. Van Dyke are outrageous, defamatory and without merit. For example, *"The witness is an associate of Van Dyke who provides him with information and encouragement with regards to the plot to murder Retzlaff, Jeffrey L. Dorrell, Deb Arminter and other by Van Dyke and members of his Proud Boys gang."* This comment alone should prove the constant harassment that Movant has dealt with at the hands of Thomas Retzlaff. It is for good reason that Mr. Retzlaff is listed as a "vexatious litigant" on the Texas Supreme Court's website. **Exhibit 2.**

## II.   FACTS

5.   On June 18, 2020, Movant learned through the "comments" section of a website located at www.viaviewfiles.net (commonly known as "BV Files" or "Bullyville

Files") that Defendant allegedly issued a subpoena for his deposition *duces tecum* on June 23, 2020 at 4:00 p.m. Movant was not, nor has not, been personally served with a subpoena.

6.   The subpoena requires Movant to produce over six years of documents dating back to January 1, 2014 (Dkt 182, Exhibit A). However, the publicly available documents in this case show that this lawsuit solely concerns allegations made by Mr. Van Dyke against Mr. Retzlaff concerning conduct which occurred between approximately March of 2018 and January of 2020.

7.   Movant has been requested to produce documents which do not appear to bear any relevance to this case at all and which do not appear calculated to lead to the discovery of any evidence that is potentially relevant to any party's claims or defenses. These include:

A. Communications between Mr. McGibney and Private Investigator Philip Klein (Mr. Klein is another stalking victim of Mr. Retzlaff) (Dkt 182, Exhibit A)

B. Communications between Mr. McGibney and certain family members of Mr. Retzlaff (Dkt 182, Exhibit A), including Brittany Retzlaff, who has an active protective order against Mr. Retzlaff. **Exhibit 3**.

C. Communications between Mr. McGibney and certain law enforcement authorities and personnel, including the FBI. (Dkt 182, Exhibit A)

D. Supposed surveillance conducted on Defendant by Mr. McGibney (Dkt 182, Exhibit A)

3

## III.  ARGUMENT

### A.  The Time Period to Comply Is Unreasonable

8.   Movant was made aware of this subpoena five days prior to the deposition date.

9.   The period set forth by Mr. Retzlaff to comply with this subpoena, especially

when considering the extent of the production requested, is unreasonable.

10.  FRCP 45(d)(3) permits a court to quash a subpoena that does not permit a witness

a reasonable amount of time to comply. Assuming that Movant is still in

possession of the documentation requested of him by Mr. Retzlaff, he will have

only five days to go through, compile, and potentially redact nearly seven years

of records. This is unreasonable on its face where, if Movant had been a party to

this case served with a request for production, he would have thirty days to

compile and produce documents.

### B.  The Subpoena Subjects Movant to an Undue Burden

11.  In addition to having such a short period of time to compile all of the information

necessary to comply with the subpoena, Movant will be required to expend a

considerable sum of money to hire an attorney to represent Movant for this

deposition. The average median hourly rate for an Attorney to represent Movant

within this deposition (in Austin, TX) is $350.00. Movant has been quoted the

following:

$350.00 x 6 hours of deposition time = $2,100.00

$350.00 x 2 hours for breaks or sidebars during the deposition = $700.00

$350.00 x 8 hours preparing for the deposition including document

4

review = $2,800.00

**Estimated attorney's fees for non-party deposition = $5,600.00**

Movant is married with three children all under the age of 10 and cannot afford to retain counsel at this time.

12. Jeffrey Dorrell ("Mr. Dorrell") is the attorney for Mr. Retzlaff in this case. However, Mr. Dorrell is also presently the counsel for fugitive Neal Rauhauser, a known associate of Mr. Retzlaff, in case number 067-270669-14, McGibney v Retzlaff, in the 67th District Court of Tarrant County, Texas. There is a great risk to Movant that Mr. Dorrell will use this deposition as an opportunity to gain additional discovery in the Tarrant County case through a forum in which Movant is not represented by an attorney and cannot presently afford an attorney.

13. Legal representation for a deposition in this case would be beyond the scope of representation that Movant obtained from his attorney within the Tarrant County case.

14. Even if Movant was able to afford an attorney, Movant believes that it would be nearly impossible for that attorney to adequately prepare him for a deposition in this case during the course of five days. The reason for this is because of the toxic history between Movant and Mr. Retzlaff, which unfortunately is even lengthier than the history between Mr. Retzlaff and Mr. Van Dyke.

15. There is no way for Movant's rights to be adequately protected from Mr. Retzlaff and Mr. Dorrell in this proceeding unless Movant is fully represented and properly prepared by an attorney. This would impose an undue burden on Movant

in light of the discovery needs of this case.

16. FRCP 43(d) allows a court to quash a subpoena when it would impose an undue burden on a non-party witness. This subpoena would be extremely burdensome to Movant and it is not intended to lead to the discovery of any evidence relevant to this case which could not be obtained from one or both of the parties.

## C. The Material Requested Is Not Relevant To This Case

17. Mr. Van Dyke provided Movant a copy of his pleadings in this case. Except to the extent that it appears he is potentially another victim of stalking and harassment by Mr. Retzlaff, Movant has no independent knowledge that would lead to relevant evidence or information designed to lead to the discovery of relevant evidence for either of the parties to this case.

18. It appears to Movant as though Mr. Retzlaff is seeking information concerning how Movant is aware that Mr. Retzlaff is the author of the "BV Files" or "Bullyville Files" blog. The sworn affidavit of law enforcement/Military Police officer Collin Retzlaff (Dkt. 22, Attachment 9) was the proof that was the genesis of the restraining order that movant, and his family, were granted in Santa Clara, California. Movants opinion as to whether or not Mr. Retzlaff runs the viaviewfiles.net blog is irrelevant to this case. Movant is not an expert witness in this case nor has movant offered any expert testimony in this case.

19. Movant is a layperson and does not fully understand all the issues in this lawsuit. However, as a layperson, it is unclear to Movant what kind of information is

being sought by Mr. Retzlaff in this case that is necessary for the resolution of
this lawsuit and which cannot be obtained elsewhere. FRCP 26(a) states *"Parties
may obtain discovery regarding any nonprivileged matter that is relevant to any
party's claim or defense and proportional to the needs of the case, considering
the importance of the issues at stake in the action, the amount in controversy, the
parties' relative access to relevant information the parties' resources, the
importance of the discovery in resolving the issues, and whether the burden or
expense of the proposed discovery outweighs its likely benefit. Information within
this scope of discovery need not be admissible in evidence to be discoverable.
FRCP 26(b)(1)."*[1]

20.  The burden that Mr. Retzlaff seeks to impose on Movant is great. However, it is
completely unclear to Movant why any of the information (especially that
referenced in paragraph 7 above) has anything to do with this lawsuit or why any
of the information Mr. Retzlaff seeks to obtain from Movant cannot be obtained
just as easily from the parties to this case.

### D.   This Subpoena Was Issued for An Improper Reason

21.  As this Court is likely aware, between March 20, 2020 and April 29, 2020, Mr.
Retzlaff filed three lawsuits in three separate courts against Mr. Van Dyke
seeking a personal protection order against him. He filed in the 431st District

---

[1] Motions to Quash a Federal Rule 45 Subpoena – Important Considerations.  Laszlo Law (Blog).
https://www.laszlolaw.com/when-can-you-file-a-motion-to-quash-a-federal-rule-45-subpoena/ (acc'd 6/1/20)

Court of Denton County, the 271st District Court of Wise County, and the

Superior Court of Maricopa County, Arizona.

22. Based upon information provided to Movant by Mr. Van Dyke, the protective

order cases in the 271st District Court and the Superior Court of Maricopa

County, Arizona have been resolved in favor of Mr. Van Dyke. A copy of the

orders provided to Movant by Mr. Van Dyke are attached as **Exhibit 4**.

23. The case in the 431st District Court of Denton County is set for trial on June 29,

2020. According to Mr. Van Dyke, the discovery period in that case ended on

May 30, 2020. However, Mr. Retzlaff has already sought leave of court to take

Movant's deposition outside the discovery period in that case. A copy of this

motion, which was provided to Movant by Mr. Van Dyke, is attached hereto as

**Exhibit 5**. Movant was never served with a subpoena in that case.

24. Based upon the documents requested of him in the subpoena for this case,

Movant believes that Mr. Retzlaff is improperly attempting to use the discovery

period in this case as a means through which to obtain discovery for his

protective order case against Mr. Van Dyke.

25. It also appears to Movant that Mr. Retzlaff and Mr. Dorrell are attempting to use

the protective order cases against Mr. Van Dyke as a means through which to

gain an inappropriate, unethical, or illegal advantage in this case. According to

the email attached as **Exhibit 6**, Mr. Dorrell tendered to Mr. Van Dyke an offer

for dismissal of the protective order cases in exchange for $500,000.00 and the

dismissal of this lawsuit with prejudice. To a layperson, this appears to be

8

extortion. At the very least, it appears to be a violation of Rules 4.04(a) and

4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct for lawyers.

26.   Movant would also like to note that he learned from the "BV Files" or "Bullyville

Files" blog that Mr. Retzlaff took Mr. Van Dyke's deposition for six hours on

May 28, 2020, in the protective order case from the 431st District Court. Movant

has also learned that portions of Mr. Van Dyke's deposition have already been

uploaded to Mr. Retzlaff's alleged YouTube Channel entitled, "A Vexatious

Litigant" (https://www.youtube.com/channel/UCez4uakafoE4S_5G_pKS8JA).

With respect to the blog, this Court has undoubtedly been made aware of the type

of content on this blog while presiding over this case. The following is the current

headline of that blog:



27.   Movant is a former United States Marine, who served tours of duty with Third

Surveillance Reconnaissance Intelligence group and Marine Security Guard

Battalion. Movant will refrain from responding to the defamatory title of that blog

9

post. However, it should be noted that material from Mr. Van Dyke's deposition

on May 28, 2020 has already appeared in certain sections of this blog. The

following are recent comments that Movant has personally observed on the blog

(source: viaviewfiles.net)



28.   Movant believes that Mr. Retzlaff is using the discovery process in this case as a

conduit through which to further harass Movants family, his co-workers and

himself, and to obtain new content for his alleged blog. FRCP 45(d)(1) says: "*A*

*party or attorney responsible for issuing and serving a subpoena must take*

*reasonable steps to avoid imposing undue burden or expense on a person subject*

*to the subpoena. The court for the district where compliance is required must*

*enforce this duty and impose an appropriate sanction—which may include lost*

*earnings and reasonable attorney's fees—on a party or attorney who fails to*

*comply.*" Unfortunately, Mr. Retzlaff has an extensive history of using

depositions to further his harassment of his victims. For example, your Honor,

within Case: 5:08-cv-00170-OLG, **Exhibit 7**, Mr. Retzlaff stated the following,

***"my filing lawsuits and dragging their asses into court and into depositions is a***

***kind of therapy for me. It lets me work off my extreme hate that I have for these***

***people in a manner that is both productive and beneficial to me."***

29.   Movant should not be required to undergo, at his own expense, the burden of

locating and producing nearly seven years' worth of documents and then

retaining counsel to prepare for and attend a deposition in this case when it is

readily apparent that the deposition is intended solely to harass him, obtain

potential evidence in a case for which discovery is already closed, and obtain

material for Mr. Retzlaff to use on his alleged blog.


## IV.   CONCLUSION

30.   Mr. Retzlaff is a serial stalker with many victims nationwide. Movant is one of

those victims. A deposition of Movant in this case is particularly inappropriate

because Mr. Retzlaff's attorney, Mr. Dorrell, is representing a known associate of

Mr. Retzlaff in a different case in which Movant is a party and represented by counsel. Permitting this deposition to go forward would either require Movant to expend additional attorney fees in that case or be examined by an adversary attorney without the benefit of legal counsel. Accordingly, the burden imposed by this subpoena on Movant – both in terms of the time limits imposed and the actions and expenditures required of him - could not possibly be higher.

31. The materials requested of Movant demonstrate that the true purpose of this deposition is to allow Mr. Retzlaff to gain discovery that is not presently available to him in another case involving Mr. Van Dyke and to permit Mr. Retzlaff to obtain additional material to publish on his alleged blog. Mr. Retzlaff should not be permitted to utilize a deposition in this case for such purposes and the subpoena should be quashed.

32. Movant has standing to challenge the above-referenced subpoena because the subpoena affects his personal rights and privileges with respect to the materials subpoenaed.

33. The subpoena request records pertaining to information that is not relevant to this matter. The subpoena is impermissible under Federal Rules of Civil Procedure 26(b)(1) which allows for discovery only of those matters which are relevant to the subject matter of the action.

34. This subpoena request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, designed solely for purposes of harassment and constitutes an unnecessary invasion of privacy.

12

35. Defendant is merely attempting to conduct an impermissible "fishing expedition" and to continue his relentless harassment of Movant. This is yet another example of Mr. Retzlaff attempting to get a "free shot" against Movant through improper discovery. Case: 5:14-cv-01059-BLF, **Exhibit 8.**

36. Lastly, your Honor, Movant would like to respectfully draw your attention to **Exhibit 9.** On June 18, 2020, Mr. Retzlaff filed "Petitioner's Request for Issuance of a Bench Warrant for the Arrest of Fugitive Witness James Alexander McGibney" within Case No. 20-2579-431. In yet another example of Retzlaff's continuous campaign of stalking and harassment, on page 6, he included Movants unredacted SSN and Texas DL #. Movant has redacted each before filing this quash motion. Retzlaff also continues to stalk and harass Movants co-workers, which can be found on page 6 & 10 within **Exhibit 9**. Movant took the liberty of redacting his co-workers alleged home address that Retzlaff included within his filing. A subpoena for Movant was never issued in that case and Movant was never served with a subpoena in that case.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court enters an order quashing the subpoena (Dkt 182) and protect him from discovery in this case.

Respectfully submitted,

/s/ James McGibney
James McGibney
4305 Ridgebend Dr
Round Rock, TX 78665
Phone: 408-601-0685
Email: james@bullyville.com
Movant, Pro Se

## CERTIFICATE OF CONFERENCE

I certify that, on June 18, 2020 I conferred with Jason Lee Van Dyke, Plaintiff, in this case. He stated to me that he is in full agreement with the relief I have requested in this motion.

I also conferred with Jeffrey Dorrell, attorney for Thomas Retzlaff, concerning this motion on June 18, 2020. Mr. Dorrell stated to me that he is respectfully opposed to the relief requested in this motion.

Accordingly, it is presented to the Court for determination.

/s/ James McGibney
JAMES MCGIBNEY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to both Jason Lee Van Dyke and
Jeffrey Lee Dorrell through FedEx for delivery by Monday, 6-22-2020.

/s/ James McGibney
JAMES MCGIBNEY

15