# Exhibit 4

FILED
1:11 PM
May 7, 2020
BRENDA ROWE
DISTRICT CLERK, WISE COUNTY, TX
BY _____ DEPUTY

CAUSE NO. CV20-03-214

| | | |
|---|---|---|
| IN THE MATTER OF THOMAS RETZLAFF and JASON LEE VAN DYKE | § § § § § | IN THE DISTRICT COURT 271st JUDICIAL DISTRICT WISE COUNTY, TEXAS |

## JUDGMENT

On this day came to be considered the motion of Jason Lee Van Dyke, Respondent, to dismiss the above-numbered and styled case with prejudice pursuant to § 11.1035(b) of the Texas Civil Practice and Remedies Code. The Court takes judicial notice of all pleadings and papers filed in this case and, for the reasons stated below, grants this motion.

### A. Findings of Fact and Conclusions of Law

(1) This case is an application for a protective order under Article 7A of the Texas Code of Criminal Procedure filed by Petitioner, Thomas Christopher Retzlaff, on March 23, 2020. An application for a protective order under the code is a "civil action" within the meaning of "litigation" as defined by Tex. Civ. Prac. & Rem. Code § 11.001(2).

(2) Petitioner is a resident of Maricopa County, Arizona. Respondent is a resident of Wise County, Texas. Accordingly, the Court finds that it has jurisdiction over the parties to this case and the subject matter of the same. Tex. CCP Art. 7A.01(b).

(3) On October 15, 2008, Petitioner was declared a vexatious litigant by the Bexar County Court at Law No. 3 in Cause No. 338432, styled *Tom Retzlaff v. GoAmerica Comms. Corp.* This determination was upheld by the court of appeals.

JUDGMENT

*Retzlaff v. GoAmerica Comms. Corp.*, 356 S.W.3d 689 (Tex. App. – El Paso 2011). The Court finds that the Petitioner in this case is the same person declared a vexatious litigant in *GoAmerica*.

(4) Petitioner did not seek permission from the local administrative judge of this district prior to filing this litigation as required by Tex. Civ. Prac. & Rem. Code § 11.102.

(5) Respondent notified the Wise County District Clerk of its mistaken filing of this litigation on or around April 14, 2020 as permitted by Tex. Civ. Prac. & Rem. Code § 11.1035(a). A copy of this notice was served on Petitioner.

(6) The Wise County District Clerk filed its notice of mistaken filing with this Court on April 16, 2020. A copy of this notice was served on both Petitioner and Respondent.

(7) This Court entered an order staying this case on April 21, 2020 as required by Tex. Civ. Prac. & Rem. Code § 11.1035(b).

(8) The 10th day after notice was filed by the District Clerk was Sunday, April 26, 2020. Accordingly, Petitioner was required to obtain permission to file this litigation from this Court no later than April 27, 2020 and failed to do so.

(9) The dismissal of this lawsuit is mandatory pursuant to Tex. Civ. Prac. & Rem. Code § 11.1035(b). This dismissal of a vexatious litigant's lawsuit may be with prejudice. *GoAmerica Comms. Corp*, 356 S.W.3d at 705; *1901 N.W. 28th St. Trust v. Wilson*, 535 S.W.3d 96 (Tex. App. – Fort Worth 2017); *Drum v. Calhoun*, 299 S.W.3d 360 (Tex. App. – Dallas 2009).

JUDGMENT

44

B.  **Orders of the Court**

It is therefore **ORDERED, ADJUDGED, AND DECREED** that this protective order is **DISMISSED** ~~WITHXPREXIKDICEXDOXREFILING~~. This is a final order disposing of all parties and all claims. All relief not expressly granted herein is **DENIED**.

SIGNED ON: ____May 6____, 2020

_____
JUDGE PRESIDING

JUDGMENT

**COPY**

**SUPERIOR COURT OF ARIZONA IN MARICOPA COUNTY**
NCIC# AZ007035J / DPS# 0700
602.506.7353
Downtown East Court Building, 101 W. Jefferson, Phoenix, AZ 85003
Southeast Adult Facility, 222 E. Javelina Ave., Mesa, AZ 85210
Northeast Regional Court Center, 18380 N. 40th St., Phoenix, AZ 85032
Northwest Regional Court Center, 14264 W. Tierra Buena Lane, Surprise, AZ 85374

| Plaintiff: Thms Retzlaff | Case No.: CV2020-005203 | **HEARING ORDER**<br>☐ Order of Protection<br>☒ Injunction Against Harassment<br>☐ Injunction Against Workplace Harassment<br>Issued Date: 04/29/2020 |
|---|---|---|
| v.<br>Defendant: Jason Van Dyke | | |

☐ The request for:

☐ A protective order is ☐ granted ☐ denied ☐ withdrawn. Reason: _____
☐ A hearing is denied.
☐ A motion to continue is denied.
☐ A motion to modify is denied.

☐ The court continues the hearing to ___/___/___ (date).
☐ The court cancels the hearing set for ___/___/___ (date).
☐ At Plaintiff's request, the court dismisses the protective order listed above.

---

**At time of hearing:**

Plaintiff:   ☒ Appeared   ☐ Failed to appear but did not have notice   ☐ Failed to appear but had notice
Defendant:   ☒ Appeared   ☐ Failed to appear but did not have notice   ☐ Failed to appear but had notice

☒ The court dismisses the protective order listed above. (see minute entry)
☐ A protective order is ☐ denied ☐ granted. ☐ Brady applies.
☐ The protective order listed above remains in effect. ☐ Brady applies.
☐ As attached, the court modifies the protective order listed above. ☐ Brady applies.

05/15/2020                                              [signature]
Date                                                     Judicial Officer

                                                         COMMISSIONER STEVEN P. LYNCH

---

**CERTIFICATE OF TRANSMITTAL**

Copy ☒ mailed ☐ provided personally to Plaintiff on 05/15/2020 by Claudia G.
Copy ☒ mailed ☐ provided personally to Defendant on 05/15/2020 by Claudia G.

Superior Court of Arizona in Maricopa County                 DVOP83f 010120
Adopted by Administrative Directive 2019-10    46 Page 1 of 1    Effective 1/1/2020

46

## IN THE SUPERIOR COURT IN AND FOR MARICOPA COUNTY, ARIZONA

| | | |
|---|---|---|
| THOMAS RETZLAFF | § | CAUSE NO. CV2020-005203 |
| Plaintiff. | § | |
| | § | JUDGMENT |
| v. | § | |
| | § | |
| JASON LEE VAN DYKE | § | Hon. Steven P. Lynch |
| Defendant | § | |

On May 15, 2020 at 1:30 p.m., the application of Thomas Christopher Retzlaff, Plaintiff, for an injunction against harassment against Jason Lee Van Dyke, Defendant, was called to trial before the Court. Both parties made their appearance and were duly sworn.

As a preliminary matter, this Court considered Defendant's motion to declare Plaintiff a vexatious litigant in Arizona. This Court finds that this motion was based, in relevant part, due to Plaintiff's filing for two other similar injunctions against Defendant in Texas and Plaintiff's status as a vexatious litigant in Texas. The Court inquired of Defendant as to whether Plaintiff had filed any other litigation against him in Arizona and Defendant stated that he had not. Accordingly, Defendant's motion to declare Plaintiff a vexatious litigant in Arizona is denied.

Prior to the proceeding, the Court reviewed multiple additional pre-trial motions by Defendant including his motion to dismiss for lack of personal jurisdiction, motion to dismiss under Rule 12(b)(6) of the Arizona Rules of Civil Procedure, and his motion in limine. The Court also reviewed Plaintiff's responses to said motion, the replies to the responses, and the sur-replies. During the consideration of these motions, it came to the Court's attention that Plaintiff had made no allegation of harassment by Defendant during the calendar year preceding the filing of his application for an injunction against harassment. The Court inquired as to any

harassment by Defendant of Plaintiff during the calendar year preceding the filing of this action. Plaintiff stated to the Court that he had not been harassed by Defendant in the past year. Based upon that admission, this Court found that there was no legal basis under Arizona law to grant an injunction against harassment and announced its decision in favor of the Defendant. Plaintiff objected to this Court's ruling and specifically argued that the one-year time limitation should not apply in this case because Defendant resides outside the state of Arizona and because of Plaintiff's recent discovery of new evidence. The objection by Plaintiff was overruled. All of Defendant's pre-trial motions are DENIED AS MOOT.

It is ORDERED, ADJUDGED, AND DECREED that the injunction against harassment entered against Defendant on April 29, 2020 in this case is VACATED. It is FURTHER ORDERED that this case is DISMISSED. This is a final order disposing of all parties and all claims. All relief not expressly granted herein is DENIED.

_____
Hon. Steven P. Lynch