# Exhibit 5

Search | jasonleevandyke@protonmail.com | ProtonMail

# Re: (No Subject)

Sent: **Saturday, May 30, 2020 11:04 PM**

From: **Jason L. Van Dyke jasonleevandyke@protonmail.com**

To: **Tom Retzlaff retzlaff@texas.net**

CC: **Jeffrey Dorrell JDorrell@hanszenlaporte.com**

BCC: **Alan Taggart alan@taggartfirm.com**

Mr. Retzlaff:

That e-mail was sent to me today and, as the discovery period is open until the end of the day, I had a duty to supplement my discovery response under Rule 193.5. You received that material, properly Bates labeled, and an amended response pursuant to that rule.

As for the rest of your e-mail, please do not email me or communicate with me for any reason except to the extent necessary to comply with the Texas Rules of Civil Procedure or the Local Rules of Practice in Denton County, Texas.

This communication, from you to me, together with this response from you has been marked as Bates Label 1837. Please not that Bates Label 1837 is responsive to your request for production #5 and #6.

Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
E - jasonleevandyke@protonmail.com

Sent with ProtonMail Secure Email.

------- Original Message -------
On Saturday, May 30, 2020 10:52 PM, Tom Retzlaff <retzlaff@texas.net> wrote:

> You - and most especially McGibney - are pathetically predictable.
>
> Tell McStupid that he can send whatever his most recent SLAPP nonsense is to Hanszen Laporte.  They get paid the big bucks to handle shit like that.
>
> Don't CCP Chapter 7A protective order cases only apply for people in Texas?  Are you telling me that McGibney lives in Texas and wants to file one of these against me?  Wow, I had no idea!
>
> It's a good thing that one of the best attorneys in Texas recently told me that the affirmative defense of unclean hands is a viable defense to a Ch 7A proceeding, eh?
>
>
>
> Tom Retzlaff

CAUSE NO. 20-2579-431

| | | |
|---|---|---|
| THOMAS RETZLAFF, | § | IN THE DISTRICT COURT |
| Petitioner, | § | |
| | § | |
| Vs. | § | OF DENTON COUNTY, TEXAS |
| | § | |
| JASON LEE VAN DYKE, | § | |
| Respondent. | § | 431st JUDICIAL DISTRICT |

## PETITONER'S MOTION FOR LEAVE TO TAKE DEPOSITION OUTSIDE THE DISCOVERY PERIOD

Petitioner asks the court for permission to take the oral depositions of James McGibney, and several other individuals recently identified by respondent as witnesses, outside the discovery period, under the authority of Texas Rule of Civil procedure 199.2(a).

## A. INTRODUCTION

1.    Petitioner is Thomas Retzlaff; respondent is Jason Lee Van Dyke.

2.    This case involves a sexual assault / stalking / human trafficking victim protective order brought pursuant to Texas Code of Criminal Procedure Chapter 7A.

51

3.     A hearing on the application for protective order is set for June 29,

2020.


## B. Facts

4.     Petitioner asks for permission to take the oral deposition of James

McGibney, Hannah Poe, Special Agent Kevin Palomino of the Dept of

Homeland Security – Joint Terrorism Task Force, Rav. J. Holder Bennett,

Susan Lynn Van Dyke, and Joshua Conklin, on dates and times yet to be

determined, in front of a court stenographer and videographer.  Furthermore,

Mr. Retzlaff asks the court to order respondent, Van Dyke, to appear at a

deposition so that he, too, can be further questioned.


5.     On May 29, 2020, Van Dyke filed his Amended Answers to

Interrogatory Questions identifying a bunch of new witnesses (Amended

Interrogatory Answer Numbers 2(b), 20 and 21) and alleging new defenses /

affirmative defenses (Amended Interrogatory Answer Number 3, 12, 16, 18,

and 19).

## C. Argument & Authorities

6.      Rule 199.2(a) specifically permits the court to grant leave to take the deposition of a witness outside of the discovery period.

7.      Mr. Retzlaff requests leave to take the oral deposition of James McGibney (and some of the other newly identified witnesses) outside of the discovery period because of material that was learned in Van Dyke's deposition on May 28.  Further, with regards to this specific witness, and all these new, additional witnesses, their names were disclosed in an amended response to interrogatory questions filed after the discovery period and Mr. Retzlaff would be unfairly prejudiced without the deposition.  See Tex. R. Civ. P. 190.5(a).

8.      Some matters have changed materially after the discovery cutoff due to revelations made by Van Dyke during his deposition on May 28 (one of which was him finally admitting that it was, in fact, his voice on the FBI audio recording plotting Mr. Retzlaff's assassination after months of him denying that it was his voice!)

9.      Under Rule 191.1, the court has the discovery limitations when there is good cause, unless the modification is specifically prohibited.  No rule prohibits permitting Mr. Retzlaff to take these depositions outside the

discovery period.  There is good cause to permit the modification due to the sudden revelation of these new witnesses, new affirmative defenses, and new testimony from Van Dyke's own deposition.

10.     Under Rule 190.5, the court must modify a discovery-control plan when justice requires.  In this case, justice requires that the court permit Mr. Retzlaff to depose James McGibney (and the others), and re-depose Van Dyke, outside the discovery period because the amended interrogatory responses from Van Dyke were made after the discovery deadline or so close to the deadline that Mr. Retzlaff did not have an adequate opportunity to conduct discovery related to the new matters (Rule 190.5(a)(1)) and Mr. Retzlaff will be unfairly prejudiced without the additional discovery (Rule 190.5(a)(2)).

## D. Conclusion

11.     Van Dyke purposefully delayed in filing his amended interrogatory responses so as to prevent Mr. Retzlaff from finding out about them ahead of time in anticipation of Van Dyke's May 28 deposition.  In the alternative, Mr. Retzlaff will be forced to seek a continuance of the final protective order hearing.

## E. Prayer

12.     For these reasons, Mr. Retzlaff asks the court to set this motion for

hearing and, after the hearing, to issue an order granting him leave to take

the oral deposition of James McGibney and any other witnesses Mr. retzlaff

needs.


Respectfully submitted,

Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800
email: Retzlaff@texas.net

Petitioner, pro se

55

## **CERTIFICATE OF CONFERENCE**

I certify that on May 29, 2020, I conferred with respondent, Jason Van Dyke, and he said he is opposed to this request and that he is further opposed to a continuance of the trial.

Thomas Retzlaff

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 29, 2020, a copy of this document was electronically filed with the Texas e-Filing system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

**Jason Lee Van Dyke – respondent, pro se**

Thomas Retzlaff