CAUSE NO. 20-2579-431

| | | |
|---|---|---|
| THOMAS RETZLAFF, | § | IN THE DISTRICT COURT |
| Petitioner, | § | |
| | § | |
| Vs. | § | OF DENTON COUNTY, TEXAS |
| | § | |
| JASON LEE VAN DYKE, | § | |
| Respondent. | § | 431st JUDICIAL DISTRICT |

## PETITONER'S REQUEST FOR ISSUANCE OF A BENCH WARRANT FOR THE ARREST OF FUGITIVE WITNESS JAMES ALEXANDER MCGIBNEY

Petitioner asks the court to issue a bench warrant or writ of attachment for the arrest of James A. McGibney for refusing to attend a deposition, as provided by Texas Code of Criminal Procedure Chapter 24.

## A. INTRODUCTION

1.     Petitioner is Thomas Retzlaff; respondent is Jason Lee Van Dyke.

2.     This case involves a sexual assault / stalking / human trafficking victim application for order of protection brought pursuant to Texas Code of Criminal Procedure Chapter 7A.  An order of protection is being sought against Jason Lee Van Dyke, who is the leader of the *Proud Boys* white

supremacist gang, regarding acts of stalking, threats of violence, and threats

of murder committed by Van Dyke against Mr. Retzlaff due to Mr. Retzlaff

being a witness against Van Dyke in various State Bar disciplinary

proceedings (for which Van Dyke was recently given yet another suspension

and fine), as well as Mr. Retzlaff being a witness for the prosecution in Van

Dyke's ongoing criminal cases.

3.      A hearing on the application for protective order is set for June 29,

2020.

## B. Facts

4.      James Alexander McGibney is a fellow member of the white

supremacist gang the *Proud Boys*.[1]  He also runs a revenge pornography

website that posts the intimate photographs of young girls whom McGibney

then sexual blackmails by threatening to post their personal information and

make defamatory statements about them unless these girls and their families

pay him $499.  McGibney's business model is called "Crowd Sourced

Blackmailing."

---

[1]      The *Proud Boys* has been designated as a hate group by the Southern Poverty Law Center.  The
Anti-Defamation League describes the organization as a misogynistic, Islamophobic, transphobic and anti-
immigrant extremist group with some members that "espouse white supremacist and anti-Semitic
ideologies."  It has more than 10,000 members across the country and has been responsible for numerous
acts of political and racial violence, to include organizing the *Unite the Right* rally in Charlottesville, VA,
in August 2017 in which one woman was murdered and dozens injured.

5.      On May 19, 2020, respondent Van Dyke filed a First Amended

Answer in which he outlined various "affirmative defenses."  On May 29,

2020, Van Dyke filed his First Amended Answers to Interrogatories in

which he identified McGibney as his "main witness" in support of his

affirmative defenses and stated that he would be a person called upon to

testify regarding this at trial.  See Van Dyke's Amended Interrogatory

Answers, numbers 2(b) and 20.

6.      In a concurrent federal lawsuit involving the parties (*Van Dyke v.

Retzlaff*, Case No. 4:18-cv-00247, filed in the U.S. District Court for the

Eastern District of Texas), Van Dyke also listed McGibney as his "main

witness" and a person whom he will call upon at trial to testify.

7.      As a result of both of these revelations, a federal subpoena was issued

notifying McGibney that he was required to attend a deposition on June 17,

2020, in Austin, Texas.  **See attached Exhibit 1**.  He failed to appear.  (This

is the second time that McGibney has failed to appear at a properly noticed

deposition, with the first being on June 8, 2020.)

8.      In addition to being a member of the *Proud Boys* white supremacist

gang, James Alexander McGibney frequently brags in news media

interviews to having an "Online Army of Trolls" at his disposal and of being a leader within the illegal hacking groups *Anonymous* and *The Rustle League*.[2]  Several of McGibney's followers / hired employees have recently been arrested by federal authorities and are doing hard time for computer related crimes:

  a)  Deric Lostutter (Case # 5:2016-cr-00062 in the E.D. of KY – 2 years federal prison for cyberstalking, computer hacking, and lying to the FBI).

  b)  Justin Liverman (Case # 1:16-cr-00313 in the E.D. of VA – 5 years federal prison for hacking the personal email accounts of the CIA director and the National Security Director, "doxing" government officials, and making bomb threats).

  c)  Matthew Keys (Case # 2:13-cr-00082 in the E.D. of Calif – 2 years in federal prison for computer hacking).

  d)  And one associate, Christopher Doyon (aka "Commander X") is still on the run from the FBI today (Case # 5:11-cr-00683 in the N.D. of Calif).

9.      Both McGibney and Van Dyke have been involved in recent attempts at SWATting Mr. Retzlaff and his family members.  Recently, McGibney posted 'revenge porn' photographs of Mr. Retzlaff's daughter, Brittany, on his Cheaterville.com website along with highly defamatory claims about her

---

[2]      See, e.g., *Vigilanteville: James McGibney and his online army*, published Oct 7, 2014, in Al Jazeera America (online at: http://america.aljazeera.com/articles/2014/10/7/james-mcgibney-bullyville.html and *James McGibney: Digital Vigilante*, published Feb 25, 2016, in the UK Edition of Wired Magazine (online at: https://www.wired.co.uk/article/james-mcgibney-troll-hunter) and *The Bully Waging War Against Bullies*, published July 11, 2017, in The Daily Beast (online at: https://www.thedailybeast.com/the-bully-waging-war-against-bullies).

and Mr. Retzlaff.  McGibney later sued Mr. Retzlaff in a series of SLAPP

lawsuits filed in both California and Texas, which resulted in him being hit

with court sanctions and attorney's fees of $1.3 million for violating the

Texas anti-SLAPP statute.  See *McGibney v. Retzlaff, et al*, Case # 067-

270669-14, filed in the 67th District Court of Tarrant County, Texas, final

judgment dated December 30, 2015.

10.     As a member and leader within the hacking group *Anonymous*,

McGibney (who works in the IT department at the Pflugerville, Texas,

location of Rosendin Electric) has bragged in news articles and on social

media about having access to, and utilizing, the *Shadow Brokers /*

*Anonymous* 'leaked' hacking tools belonging to the NSA's Office of

Tailored Access Operations (such as *EternalBlue*), which is easily available

online.  McGibney claims to be an expert in this kind of stuff (he testified to

that under oath in one of the SLAPP lawsuits he filed against Mr. Retzlaff),

and in an interview with *Wired Magazine* in April 2016 he claimed to have

used such tools in the past against such personal "enemies" as Hunter Moore

and others whom he stalks!

11.     As evidenced by the attached affidavits from various process servers,

McGibney has repeatedly been evading service of the subpoena, in violation

of the law.  No less than 16 separate attempts were made to serve McGibney

at his home and work locations in Williamson County, Texas.  **See attached**

**Exhibits 2 – 4.**  McGibney's supervisor at the Pflugerville location of

Rosendin Electric, John Colley, was personally informed about the two

federal subpoenas and has failed to cooperate.[3]

12.     Mr. Retzlaff provides the court with all of this information so that the

court knows that it is dealing with a slippery character who regularly acts

outside of the law and social norms the rest of us take for granted; thus, the

only certain way of securing McGibney's appearance for court hearings and

depositions is for the court to issue a bench warrant / writ of attachment for

the following individual:



James Alexander McGibney
DOB:
TX DL#
SSN:

Home:

Work:

---

[3]        John Arthur Colley resides at                                                              and Mr.
Retzlaff will shortly be requesting the Clerk to issue a subpoena for him so he can be questioned under oath
about this obstruction of justice.

13.    In addition to McGibney's association with the *Proud Boys* white supremacist gang, it appears from various social media posts that McGibney is also linked to the *Boogaloo Movement* – a right-wing extremist group that harbors a mistrust of law enforcement and government, and anticipates a second American Civil War, referred to as the "boogaloo."[4]  During a May 28, 2020, deposition in this case, Van Dyke admitted to speaking with McGibney on at least a weekly basis for the past two or more years.   Mr. Retzlaff requested that he make his "main witness" available for deposition, but Van Dyke refused.

## C. Prayer

14.    Mr. Retzlaff has a Sixth Amendment right to confront and question the witnesses against him.  Van Dyke has identified McGibney as his "main witness" in this case.  For these reasons, Mr. Retzlaff asks the court to issue a bench warrant / writ of attachment ordering law enforcement officers to arrest James Alexander McGibney and hold him in custody until a deposition can take place and trial be had in this case.

---

[4]    Two members of McGibney's *boogaloo* group were arrested this week for the murder of several law enforcement officers in northern California.

Respectfully submitted,

_____

Thomas Retzlaff
PO Box 46424
Phoenix, AZ 85063-6424
(210) 317-9800

email: Retzlaff@texas.net

Petitioner, pro se

# **<u>CERTIFICATE OF CONFERENCE</u>**

I certify that on June 16, 2020, I conferred with respondent, Jason Van Dyke, and he said he was not going to produce McGibney for a deposition.

_____

Thomas Retzlaff

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 18, 2020, a copy of this document was

electronically filed with the Texas e-Filing system, which will automatically

serve a Notice of Electronic Filing on the following counsel of record:

**Jason Lee Van Dyke – respondent, pro se**

**John Colley – Director of Operations, Rosendin Electric, (512)
272-8841, email: <u>jcolley@rosendin.com</u>**

_____

Thomas Retzlaff

# EXHIBIT 1

IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:18-CV-247-ALM** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
| *Defendants* | § | |

### RETZLAFF'S NOTICE OF ISSUANCE OF SUBPOENA AND NOTICE OF DEPOSITION *DUCES TECUM* OF JAMES MCGIBNEY

TO:   JASON VAN DYKE

PLEASE TAKE NOTICE, that pursuant to Fed. R. Civ. P. 45(a)(4) you are being notified of defendant's intent to issue the attached subpoena to appear at a deposition and this notice of deposition *duces tecum* to your identified witness.

TO:   JAMES MCGIBNEY
      4305 RIDGEBEND DR
      ROUND ROCK, TX 78665

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(a)(1) and 45, defendant will take the deposition upon oral examination, to be recorded by stenographic and videographic means, at the offices at **Huesby Global Litigation Support, 7000 N. Mopac Expressway, 2nd floor, Austin, TX 78731**.  James McGibney is instructed to provide documents identified in the attached **Exhibit A**. The deposition will commence at **9:00 AM on June 17, 2020**. The deposition will continue from day to day until completed.

This notice was issued without your prior agreement because plaintiff did not cooperate in obtaining convenient dates for your deposition.  Should you find the date or time noticed for this deposition inconvenient, this office will cheerfully cooperate to reschedule the deposition to a more convenient date or time without the need for court intervention.

In consideration of COVID-19, at your request and with 3-day notice you may appear remotely. Should you decide to appear remotely, you are still under subpoena to produce the documents identified in **Exhibit A** at the time of your deposition. If you are appearing remotely, arrangements must be made to provide the subpoenaed documents prior to the start of your deposition.

Respectfully submitted,

# HANSZEN ✦ LAPORTE

By: _____ /s/ Jeffrey L. Dorrell _____
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT TOM RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____6-9_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@gmail.com

_____ /s/ Jeffrey L. Dorrell _____
**JEFFREY L. DORRELL**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Texas

| | |
|---|---|
| JASON LEE VAN DYKE | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   4:18-CV-247-ALM |
| THOAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a BV FILES, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               JAMES MCGIBNEY

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   7000 N. Mopac Expy 2nd floor, Austin, TX 78731 | Date and Time: |
|---|---|
| | 06/17/2020 9:00 am |

The deposition will be recorded by this method:    Electronically by a Certified Court Reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       SEE ATTACHED EXHIBIT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/08/2020

            *CLERK OF COURT*

                                         OR

       *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Thomas Retzlaff
, who issues or requests this subpoena, are:

Jeffrey L. Dorrell, Hanszen Laporte, LLP, 14201 Memorial Drive, Houston, TX 77079

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:18-CV-247-ALM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____66.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# DOCUMENTS TO BE PRODUCED

1. All documents reflecting communications between your (or from any other 3rd party) and Jason Lee Van Dyke, to include all emails, text messages and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

2. All documents supporting a claim that Thomas Retzlaff is the author of content on the "BV Files" blog located at www.ViaViewFiles.net.

3. All documents supporting a claim that Thomas Retzlaff is an administrator of, or otherwise exercising control over, the *BV Files* blog.

4. All documents pertaining to any technical, scientific, or investigative methods you have used to determine that Thomas Retzlaff is an owner, administrator, author, or contributor of content to the "BV Files" blog located at www.ViaViewFiles.net.

5. Your most current resume.

6. All documents evidencing any computer technology and investigative training you have had, including college degrees, diplomas, certificates, or transcripts of course work.

7. All documents evidencing any special skills in computer technology you claim to possess, including college degrees, diplomas, certificates, or transcripts of course work.

8. All documents reflecting communications between you and Philip Klein, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

9. All documents reflecting communications between you and Brittany Retzlaff, including audio recordings, letters, reports, e-mails, text messages, drafts of affidavits, interlineated comments on drafts of affidavits. and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

10. All documents reflecting communications between you and Collin Retzlaff, including audio recordings, letters, reports, e-mails, text messages, drafts of affidavits, interlineated comments on drafts of affidavits. and any other form

Exhibit A

1

of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

11. All communications between you and Walker Wicevich, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

12. All communications between you and any representative of the FBI, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

13. All communications referencing or pertaining to Thomas Retzlaff between you and any member of local, state, or federal law enforcement.

14. Copies of any law enforcement reports, complaints, and communications, you have filed, submitted, or transmitted that reference or pertain to Thomas Retzlaff from January 1, 2014, to the date of your response.

15. All documents reflecting any surveillance activities performed by you or at your request on Thomas Retzlaff or any of his family members from January 1, 2014, to the date of your response.

16. All communications between you and any family member of Thomas Retzlaff, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

2

# EXHIBIT 2

## CAUSE NO. 4:18-CV-247-ALM

JASON LEE VAN DYKE,  §
**PLAINTIFF**  §
  §   IN THE  US DISTRICT COURT, EASTERN
VS.  §   DISTRICT OF TEXAS
  §
THOAS CHRISTOPHER RETZLAFF, A/K/A  §  _____ COUNTY, FD
DEAN ANDERSON, DBA BV FILES, ET AL,  §
**DEFENDANT**  §

### DECLARATION OF Dane R Cuppett OF DUE DILIGENCE

**On Monday, June 8, 2020 at 02:19 PM**

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, EXHIBIT A, RETZLAFF'S
NOTICE OF ISSUANCE OF SUBPOENA AND NOTICE OF DEPOSITION DUCES TECUM OF
JAMES MCGIBNEY, WITNESS FEE CHECK for service on JAMES MCGIBNEY came to hand.

**On Tuesday, June 9, 2020 at 06:57 AM**, at 1033 MEISTER LN, PFLUGERVILLE, TRAVIS
COUNTY, TX 78660 Arrived at 1033 Meister Lane, Pflugerville, TX 78660. Located a new
suburban and three new Silverados in the parking lot but none have plates that match
those provided. Waiting..
**On Tuesday, June 9, 2020 at 07:11 AM**, at 1033 MEISTER LN, PFLUGERVILLE, TRAVIS
COUNTY, TX 78660 New Black Tahoe larked right in front with tx plates LNK0262 comes
back registered for Rosendin Electric, Inc. There are cameras all over this place. About
ever 30 feet along the side of the building and at each entrance there is a camera.
**On Tuesday, June 9, 2020 at 08:23 AM**, at 1033 MEISTER LN, PFLUGERVILLE, TRAVIS
COUNTY, TX 78660 Attempted service at 1033 Meister Lane, Pflugerville, TX 78660, no
sign of either vehicle described. Went to lobby, door is key card access only and sign says
closed to visitors. The lady from behind the desk came and opened the door a few inches
to speak to me. She said he is in a meeting and not accepting any visitors today. I asked if
there was a better time I could come tomorrow and she said she doesn't know his
schedule. I left my card with her. 6/9/2020 5:16 pm Called (408)601-0685 - this is a
google voice phone where you have to state your name. I did so and it rang several times
and went to voice mail. I left a message requesting a call back. 6/9/2020 5:22 pm Called
512-796-1645 and it was pushed to voice mail in the middle of the second ring. Left a
message. Also sent a text message requesting a call back. 6/9/2020 5:22 pm I sent him
an email to james@bullyville.com requesting a call. 6/9/2020 5:22 pm I sent him an email
to legal@viaview.com requesting a call.
**On Wednesday, June 10, 2020 at 11:13 AM**, at 1033 MEISTER LN, PFLUGERVILLE,
TRAVIS COUNTY, TX 78660 Called him on 512-796-1645, went to generic voicemail. left
another message. Called 408-601-0685, no response. Left message. 6/10 at 11:16 am: I
called (512)272-8841 (the number Julie provided for John Colley, Mr. McGibney's boss).
This is the main number for Rosendin. Per the receptionist, Mr. Colley is not in the office.
She transferred me to his voice mail and I left a detailed voice mail explaining that we
have a federal subpoena we need to deliver to one of his employees, Mr. James McGibney
and that Mr. McGibney was not making himself available. I asked for a call back to help
coordinate a good time for us to bring Mr. McGibney his federal subpoena. 6/10 at 11:20
am: I emailed jcolley@rosendin.com (the email Julie provided for John Colley, Mr.
McGibney's employer) explaining that I had a federal subpoena I needed to drop off with
one of his employees, Mr. McGibney. I asked for a call or email back to help arrange a
good time for us to do so, or for any assistance he could provide to help us get in touch
with Mr. McGibney.

Client Reference#: 7867.002

DocID: 273800-002

## CAUSE NO. 4:18-CV-247-ALM

JASON LEE VAN DYKE,
**PLAINTIFF**                                     §§

                                        IN THE  US DISTRICT COURT, EASTERN
VS.                                                                   DISTRICT OF TEXAS

THOAS CHRISTOPHER RETZLAFF, A/K/A        _____ COUNTY, FD
DEAN ANDERSON, DBA BV FILES, ET AL,
**DEFENDANT**

**On Wednesday, June 10, 2020 at 04:22 PM**, at 1033 MEISTER LN, PFLUGERVILLE,
TRAVIS COUNTY, TX 78660 Attempted service, no sign of either known vehicle of Mr.
McGibney.
**On Friday, June 12, 2020 at 10:27 AM**, at 1033 MEISTER LN, PFLUGERVILLE, TRAVIS
COUNTY, TX 78660 To date, I have received no response to any of my attempted
communications with Mr. McGibney.


My name is Dane R Cuppett. My address is 604 WEST 9TH STREET SUITE B; AUSTIN, TX
78701. I am a private process server authorized by and through the Texas Judicial Branch
Certification Commission (PSC 07114, expires Sunday, October 31, 2021). My e-mail
address is info@easy-serve.com. My date of birth is October 9, 1984. I am in all ways
competent to make this declaration, which is based on personal knowledge. I am not a
party to this case, and have no interest in its outcome. I declare under penalty of perjury
that the foregoing is true and correct. This declaration is made in conformity with Texas
Civil Practice and Remedies Code § 132.001.

Executed in TRAVIS County, Texas on Friday, June 12, 2020


/S/ DANE R CUPPETT

# EXHIBIT 3

<u>**CAUSE NO. 4:18-CV-247-ALM**</u>

JASON LEE VAN DYKE          §
**PLAINTIFF**                        §
                           §
VS.                        §          IN THE US District Court, Eastern District of
                           §                                        Texas
THOAS CHRISTOPHER RETZLAFF, A/K/A   §
DEAN ANDERSON, DBA BV FILES, ET AL   §
**DEFENDANT**                       §
                           §
                           §
                           §

**DECLARATION OF Emmanuel Morales OF DUE DILIGENCE**

**ON Monday, June 8, 2020 AT 2:18 PM**
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, EXHIBIT A, RETZLAFF'S NOTICE OF
ISSUANCE OF SUBPOENA AND NOTICE OF DEPOSITION DUCES TECUM OF JAMES MCGIBNEY,
WITNESS FEE CHECK  for service on JAMES MCGIBNEY came to hand.


**On Tuesday, June 9, 2020 at 6:33 AM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665,
Attempted service at 4305 Ridgebend Drive, Round Rock, TX 78665, no vehicle in driveway. On site
**On Tuesday, June 9, 2020 at 7:37 AM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665,
Attempted service at 4305 Ridgebend Drive, Round Rock, TX 78665, knocked on door rang doorbell no
answer. video cameras on porch. waited five minutes not again no response.
**On Tuesday, June 9, 2020 at 8:00 PM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665, no
answer, rang doorbell knock on door. no response.
**On Wednesday, June 10, 2020 at 4:58 PM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665,
Attempted service at 4305 Ridgebend Drive, Round Rock, TX 78665, on site, no vehicles in driveway.
Waiting
**On Wednesday, June 10, 2020 at 5:48 PM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665, no
vehicles in driveway. No response with dog barking inside the home. I left my calling card on the door.
There are video cameras on the porch


My name is Emmanuel Morales. I am over the age of eighteen and am not a party to this case. I
declare under penalty of perjury that the foregoing is true and correct.

/S/ Emmanuel Morales

Emmanuel Morales
Process Server
604 WEST 9TH STREET SUITE B
 AUSTIN, TX 78701

7867.002

Doc ID: 273800_1

# EXHIBIT 4

<u>**CAUSE NO. 4:18-CV-247-ALM**</u>

JASON LEE VAN DYKE                    §
**PLAINTIFF**                         §
                                      §
VS.                                   §            IN THE US District Court, Eastern District of
                                      §                                                    Texas
THOAS CHRISTOPHER RETZLAFF, A/K/A     §
DEAN ANDERSON, DBA BV FILES, ET AL    §
**DEFENDANT**                         §
                                      §
                                      §
                                      §

**DECLARATION OF Michael Forrest OF DUE DILIGENCE**


**ON Tuesday, June 2, 2020 AT 10:43 AM**
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, EXHIBIT A, RETZLAFF'S NOTICE OF
ISSUANCE OF SUBPOENA AND NOTICE OF DEPOSITION DUCES TECUM OF JAMES MCGIBNEY,
EXHIBIT A, WITNESS FEE CHECK  for service on JAMES MCGIBNEY came to hand.


**On Tuesday, June 2, 2020 at 7:00 PM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665, No
answer at the front door, outside lights on , I could see a large dog through the glass adjacent to the
door, dog was barking loudly. I went to the neighbor at 4303 and 4307, they were either not at home or
would not answer the door.
**On Wednesday, June 3, 2020 at 8:15 PM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665, No
answer at the front door, no lights, no sound. All the shades were down and there were no vehicles
parked in the driveway.
**On Thursday, June 4, 2020 at 2:05 PM**, at 1033 MEISTER LN, PFLUGERVILLE, TX 78660, I
contacted the receptionist at Rosendin Electric Co in  Pflugerville, she told me that Mr. Mcgibney was not
in, that he hadn't been there all day.
**On Thursday, June 4, 2020 at 7:15 PM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665, No
answer at the front door, no lights, no sound. All the shades were down and there were no vehicles
parked in the driveway. I contacted the neighbor at 4307 Ridgebend who said she did not know who
lived next door.

**On Friday, June 5, 2020 at 10:00 AM**, at 4305 RIDGEBEND DR, ROUND ROCK, TX 78665, Cancelled
at the customer's request.


My name is Michael Forrest. I am over the age of eighteen and am not a party to this case. I declare
under penalty of perjury that the foregoing is true and correct.


/S/ Michael Forrest

Michael Forrest
Process Server
427 S. Lynnwood Trail
CEDAR PARK, TX 78613



7867.002

Doc ID: 273616_1