# Notification of Service for Case: 20-2579-431, Thomas Retzlaff vs. Jason Lee Van Dyke for filing Service Only, Envelope Number: 43903195

Received: ↱ **Friday, June 19, 2020 4:27 PM**

From: **No-Reply@eFileTexas.gov**

To: **jasonleevandyke@protonmail.com**

|  | Notification of Service |
| --- | --- |
| EFile State L… | Case Number: 20-2579-431 |
|  | Case Style: Thomas Retzlaff vs. Jason Lee Van Dyke |
|  | Envelope Number: 43903195 |

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
| --- | --- |
| **Case Number** | 20-2579-431 |
| **Case Style** | Thomas Retzlaff vs. Jason Lee Van Dyke |
| **Date/Time Submitted** | 6/19/2020 4:26 PM CST |
| **Filing Type** | Service Only |
| **Filing Description** | Notice |
| **Filed By** | Tom Retzlaff |
| **Service Contacts** | Thomas Christopher Retzlaff:<br><br>Thomas Retzlaff (retzlaff@texas.net)<br><br><br>Jason Lee Vandyke:<br><br>Jason Van Dyke (jasonleevandyke@protonmail.com)<br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Jeffrey Lee Dorrell (jdorrell@hanszenlaporte.com)<br><br><br>John Arthur Colley:<br><br>John Colley (jcolley@rosendin.com)<br><br><br>James Alexander McGibney:<br><br>James McGibney (legal@viaview.com) |
| **Document Details** | |

| Served Document | [Download Document](Download Document) |
|---|---|
| This link is active for 30 days. | |

E-Served via EFile.TXCourts.gov on
6/19/2020 4:26 PM

Notice is hereby given that the attached deposition subpoena has been served on

James A. McGibney via alternative means using the Texas e-Filing system.

**IN THE UNITED STATES DISTRICT FOR THE**
**EASTERN DISTRICT OF TEXAS,**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:18-CV-247-ALM** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
| *Defendants* | § | |

**RETZLAFF'S NOTICE OF ISSUANCE OF SUBPOENA AND**
**NOTICE OF DEPOSITION *DUCES TECUM* OF JAMES MCGIBNEY**

TO:    JASON VAN DYKE

PLEASE TAKE NOTICE, that pursuant to Fed. R. Civ. P. 45(a)(4) you are being notified of defendant's intent to issue the attached subpoena to appear at a deposition and this notice of deposition *duces tecum* to your identified witness.

TO:    JAMES MCGIBNEY
       4305 RIDGEBEND DR
       ROUND ROCK, TX 78665

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(a)(1) and 45, defendant will take the deposition upon oral examination, to be recorded by stenographic and videographic means, at the offices at **Huesby Global Litigation Support, 7000 N. Mopac Expressway, 2nd floor, Austin, TX 78731**. James McGibney is instructed to provide documents identified in the attached **Exhibit A**. The deposition will commence at **4:00 PM on June 23, 2020**. The deposition will continue from day to day until completed.

This notice was issued without your prior agreement because plaintiff did not cooperate in obtaining convenient dates for your deposition. Should you find the date or time noticed for this deposition inconvenient, this office will cheerfully cooperate to reschedule the deposition to a more convenient date or time without the need for court intervention.

In consideration of COVID-19, at your request and with 3-day notice you may appear remotely. Should you decide to appear remotely, you are still under subpoena to produce the documents identified in **Exhibit A** at the time of your deposition. If you are appearing remotely, arrangements must be made to provide the subpoenaed documents prior to the start of your deposition.

Respectfully submitted,

# HANSZEN✦LAPORTE

By: _____ /s/ Jeffrey L. Dorrell _____

**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT TOM RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____ 6-18 _____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@gmail.com

_____ /s/ Jeffrey L. Dorrell _____
**JEFFREY L. DORRELL**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| JASON LEE VAN DYKE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:18-CV-247-ALM |
| THOAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a BV FILES, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    JAMES MCGIBNEY

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   7000 N. Mopac Expy 2nd floor, Austin, TX 78731 | Date and Time:                   06/17/2020 9:00 am |
|---|---|

The deposition will be recorded by this method:    Electronically by a Certified Court Reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/18/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Thomas Retzlaff
_____ , who issues or requests this subpoena, are:

Jeffrey L. Dorrell, Hanszen Laporte, LLP, 14201 Memorial Drive, Houston, TX 77079

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:18-CV-247-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____66.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DOCUMENTS TO BE PRODUCED

1. All documents reflecting communications between your (or from any other 3rd party) and Jason Lee Van Dyke, to include all emails, text messages and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

2. All documents supporting a claim that Thomas Retzlaff is the author of content on the "BV Files" blog located at www.ViaViewFiles.net.

3. All documents supporting a claim that Thomas Retzlaff is an administrator of, or otherwise exercising control over, the *BV Files* blog.

4. All documents pertaining to any technical, scientific, or investigative methods you have used to determine that Thomas Retzlaff is an owner, administrator, author, or contributor of content to the "BV Files" blog located at www.ViaViewFiles.net.

5. Your most current resume.

6. All documents evidencing any computer technology and investigative training you have had, including college degrees, diplomas, certificates, or transcripts of course work.

7. All documents evidencing any special skills in computer technology you claim to possess, including college degrees, diplomas, certificates, or transcripts of course work.

8. All documents reflecting communications between you and Philip Klein, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

9. All documents reflecting communications between you and Brittany Retzlaff, including audio recordings, letters, reports, e-mails, text messages, drafts of affidavits, interlineated comments on drafts of affidavits. and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

10. All documents reflecting communications between you and Collin Retzlaff, including audio recordings, letters, reports, e-mails, text messages, drafts of affidavits, interlineated comments on drafts of affidavits. and any other form

Exhibit A

of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

11. All communications between you and Walker Wicevich, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

12. All communications between you and any representative of the FBI, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.

13. All communications referencing or pertaining to Thomas Retzlaff between you and any member of local, state, or federal law enforcement.

14. Copies of any law enforcement reports, complaints, and communications, you have filed, submitted, or transmitted that reference or pertain to Thomas Retzlaff from January 1, 2014, to the date of your response.

15. All documents reflecting any surveillance activities performed by you or at your request on Thomas Retzlaff or any of his family members from January 1, 2014, to the date of your response.

16. All communications between you and any family member of Thomas Retzlaff, including audio recordings, letters, reports, e-mails, text messages, and any other form of communication (to include notes of any conversations), from January 1, 2014, to the date of your response.