**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:18-cv-247 |
| THOMAS CHRISTOPHER RETZLAFF<br>a/k/a Dean Anderson d/b/a BV Files, Via<br>View Files L.L.C., and ViaView Files<br>　　Defendant | §<br>§<br>§<br>§<br>§ | |

## MOTION FOR SANCTIONS

Plaintiff, Jason Lee Van Dyke, asks this Court to enter an order sanctioning Thomas Christopher Retzlaff for discovery abuse in the above-numbered and styled case. As grounds therefore, Plaintiff states as follows:

### A.   FACTS

1. This discovery dispute relates to a proposed deposition of James McGibney that was originally requested in Cause No. 20-2579-431, styled *Thomas Retzlaff v. Jason Lee Van Dyke*, pending in the 431st District Court in and for Denton County, Texas.

2. On May 28, 2020, Mr. Retzlaff took Plaintiff's deposition in that case for the full allotted time of six hours. The following day, Mr. Retzlaff emailed Plaintiff and asked him to produce James McGibney (Mr. McGibney) for a deposition. Plaintiff truthfully stated to Mr. Retzlaff that Mr, McGibney is not a witness controlled by Plaintiff and that he would not agree to a deposition outside the discovery period in that case. A copy of this correspondence is attached hereto as

Exhibit "1".

3. Mr. Retzlaff's response to Plaintiff's refusal was to repeatedly seek subpoenas for Mr. McGibney's deposition in this case, which ultimately led to both Mr. McGibney and the United States of America seeking a motion to quash in this Court. See ECF 183 and 185. Plaintiff filed a response in support of the motion to quash. ECF 184. This Court denied the motion to quash due to it having been filed in the wrong district. ECF 185.

4. Mr. McGibney refiled his motion to quash was refiled in the U.S. District Court for the Western District of Texas the following day. It was assigned case number 1:20-mc-00657-LY. Plaintiff refiled his response in support of the motion to quash and the United States of America filed its motion to quash in that proceeding as well.

5. In the interim, Mr. Retzlaff sought a subpoena for GoDaddy.com L.L.C. in the case between these parties pending in the 431st District Court, despite the fact that the discovery period had closed. Plaintiff filed a motion to quash the subpoena, which was granted by the Honorable Jonathan Bailey on June 24, 2020. A copy of Mr. Retzlaff's subpoena request in that case is attached hereto as Exhibit "2". A copy of his subpoena is attached hereto as Exhibit "3". A copy of Judge Bailey's order quashing the subpoena is attached hereto as Exhibit "4".

6. On June 29, 2020, Mr. Retzlaff obtained a subpoena for GoDaddy.com L.L.C., requesting the same information requested in Exhibits "3" and "4", from the U.S. District Court for the Western District of Texas in Cause No. 1:20-mc-00657-LY.


This is despite the fact that this Court ordered that the discovery period in this case ended on June 23, 2020. ECF 117.

7. A copy of Mr. Retzlaff's letter to the clerk of the U.S. District Court for the Western District of Texas is attached hereto as Exhibit "5". A copy of his subpoena request is attached hereto as Exhibit "6". Mr. Retzlaff also filed an "Emergency Notice of Deprivation of Due Process by Failure to Serve" which is attached hereto as Exhibit "7".

### B. ARGUMENT

8. Pursuant to Rule 37(b)(2)(A), Mr. Retzlaff has disobeyed this Court's scheduling order issued pursuant to Rule 26(f) on January 22, 2020 by utilizing the proceeding concerning the motion to quash the subpoena issued to Mr. McGibney as a means through which to obtain discovery which (a) has been prohibited to him in a separate state court proceeding; and (b) which is not permitted in this proceeding because it is sought outside the discovery period ordered by this Court.

9. This ongoing abuse of the discovery process my Mr. Retzlaff, across multiple courts and causes should not be permitted and should not go unpunished. This is especially true when considering that Mr. Retzlaff has invoked privilege under both the First and Fifth Amendment with respect to all, or substantially all, of Plaintiff's discovery requests (essentially refusing to participate in discovery during this case).

10. Plaintiff submits that the time for sanctioning Mr. Retzlaff's litigation

misconduct is long overdue. FRCP 37 permits a broad array of sanctions including, but not limited to, the striking of pleadings, the entry of default, and contempt proceedings against a disobedient party.

11. Plaintiff prays that Mr. Retzlaff be sanctioned for his ongoing discovery abuse by striking his answer in this cause and the entry of default against him. In the alternative, Plaintiff prays that this Court enter an order compelling Mr. Retzlaff to personally appear and show cause, if any, why he should not be held in contempt of this court.

12. Plaintiff does not seek sanctions of any kind against Mr. Retzlaff's counsel, Jeffrey Dorrell. Plaintiff does not believe any of the misconduct complained of in this motion is attributable to the conduct of Mr. Dorrell or any of his partners or associates.

### C. PRAYER

13. Plaintiff prays that this Court enter an order sanctioning Mr. Retzlaff by striking his answer and entering default against him. Alternatively, Plaintiff asks that Mr. Retzlaff be compelled to appear before the Court and show cause why he should not be held in contempt for his abuse of the discovery process in this case, or such other sanctions as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

<div style="text-align: right">

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email: jasonleevandyke@protonmail.com

</div>

## CERTIFICATE OF CONFERENCE

I certify that, on June 29, 2020 I conferred with Jeffrey Dorrell, attorney for Defendant, concerning the relief requested. He stated to me that he is opposed to the relief requested. Accordingly, this matter is submitted to the Court for determination.

<div style="text-align: right">

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

</div>

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Thomas Christopher Retzlaff.

<div style="text-align: right">

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

</div>