# Exhibit A

IN THE UNITED STATES DISTRICT FOR THE
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § No. 4:18-CV-247-ALM | |
| THOMAS CHRISTOPHER RETZLAFF, § | |
| a/k/a DEAN ANDERSON, d/b/a BV FILES, § | |
| VIAVIEW FILES, L.L.C., and VIA VIEW § | |
| FILES, § | |
| § | |
| Defendant. § | |

## **DECLARATION OF WALKER WICEVICH**

I, Walker Wicevich, testify as follows:

1. I am a Special Agent at the Federal Bureau of Investigation ("FBI") in Phoenix, Arizona. I have held this position since 2009. As part of my duties, I investigate federal criminal activity and specialize in computer-related crimes, including cyberstalking and online harassment.

2. The FBI has an ongoing criminal investigation against Thomas Christopher Retzlaff that involves allegations of computer-related crimes, including cyberstalking and online harassment. I am the case agent, and I am involved in all aspects of the investigation.

3. James McGibney is a cooperating FBI witness in the ongoing criminal investigation against Mr. Retzlaff and others.

4. I have reviewed the subpoena served upon James McGibney by Defendant Thomas Retzlaff in this action.

5. The subpoena encompasses nonpublic communications, information and materials generated between Mr. McGibney and the FBI relating to the ongoing criminal investigation against Mr. Retzlaff and others. The investigation also includes communication, information, and material exchanged between Mr. McGibney and various state law enforcement agencies. Disclosure would jeopardize FBI investigations into Mr. Retzlaff and others and assist in evasion

by providing insight into law enforcement activities; how the investigations are being conducted and by whom; what information the FBI has in relation to the investigations; the techniques and methods being used to gather the information; and the identities and personal information concerning sources, witnesses, victims, and law enforcement agents.

6. The communications, information and materials exchanged between Mr. McGibney and the FBI, that are subject to the subpoena, also contain FBI investigative methods and techniques that are unknown to the public. Their disclosure would jeopardize FBI investigations, including the FBI's activities as they relate to Mr. Retzlaff.

7. The communications, information and materials exchanged between Mr. McGibney and the FBI, that are subject to the subpoena include identities and personal identifying information of nonparty victims, witnesses and law enforcement officials. Disclosure would be an unjustified intrusion on their privacy and subject them to potential harassment and reprisal.

8. On June 12, 2018, the FBI executed a search warrant at Defendant's residence in El Mirage, AZ.

9. While executing the search warrant, the FBI seized numerous pieces of evidence including a computer. Mr. Retzlaff was present while the FBI searched his residence. During execution of the search warrant, Mr. Retzlaff asked me whether James McGibney was behind the search warrant. I did not share any details of the investigation with Mr. Retzlaff.

10. The information provided in this Declaration is based on my personal knowledge and information obtained in the performance of my duties at the FBI

11. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED this   22   day of June, 2020.

*Walker Wicevich*
Walker Wicevich
Special Agent, Federal Bureau of Investigation