IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18-CV-247-ALM |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

### NON-PARTY JAMES MCGIBNEY'S PRO SE BRIEF IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO QUASH SUBPOENA

TO THE HONORABLE UNITED STATES JUDGE:

    Non-Party James McGibney respectfully files his Pro Se Brief in Support of the United States of America's Motion to Quash (**Dkt. 188, 190**) and asks this Court to enter an order quashing a subpoena issued for him in *Case No. 4:18-CV-247-ALM* **(Dkt. 182)** Mr. McGibney submitted a Motion to Quash Subpoena to this court on June 22, 2020 **(Dkt. 183.)** Mr. McGibney states as follows in support of this Brief.

### I.    BACKGROUND

1. Plaintiff is Jason Lee Van Dyke. Defendant is Thomas Christopher Retzlaff.

2. Mr. McGibney is not a party to this case and has never been a party to this case. Mr. McGibney has not been personally served with a subpoena in this case.

3. Mr. McGibney is a witness with the Federal Bureau of Investigations and is currently assisting the FBI and the United States Government with the ongoing

criminal investigation into Defendant Thomas Retzlaff. ***(Dkt. 185.)***

4. Although he is not a party to this case, Mr. McGibney has a lengthy history of litigation against Thomas Retzlaff ("Mr. Retzlaff") who is the Defendant in this case (previous case numbers include - *Case No.: 5:14-CV-1059-BLF, Case No.: 114CH005460, Santa Clara, California and Case No.: 67-270669-14.*) Mr. Retzlaff has stalked Mr. McGibney and his family beginning in 2013 and it continues to this day. Mr. Retzlaff was previously the subject of a protective order issued for the benefit of Mr. McGibney and his family, as well as Thomas Retzlaff's daughter, Brittany Retzlaff. A copy of the previous protective order is attached as **EXHIBIT 1**. Mr. McGibney and his family are currently working to obtain another protective order against Mr. Retzlaff in Texas.

5. The Plaintiff in this case, Jason Van Dyke ("Mr. Van Dyke") is an acquaintance of Mr. McGibney. The communication between Mr. McGibney and Mr. Van Dyke has been one of no more than providing occasional updates regarding ongoing legal proceedings that pertain to Retzlaff. Mr. McGibney has never met Mr. Van Dyke in person.

## II.   FACTS

6. On June 18, 2020, Mr. McGibney learned through the "comments" section of a website located at www.viaviewfiles.net (commonly known as "BV Files") that Defendant allegedly issued a subpoena for his deposition *duces tecum* on June 23, 2020 at 4:00 p.m. Mr. McGibney has not been personally served with a subpoena. Although the date for compliance for this Subpoena has past, Mr.

      Retzlaff has demonstrated the vexatious issuance of subpoenas at a repetitive cadence, therefore Mr. McGibney echoes the United States' position that the motion to quash should not be denied as moot and should be quashed.

7. The subpoena requires Mr. McGibney to produce over six years of documents dating back to January 1, 2014 *(Dkt. 182, Exhibit A)*. However, this lawsuit solely concerns allegations made by Mr. Van Dyke against Mr. Retzlaff concerning conduct which occurred between approximately March of 2018 and January of 2020.

8. Mr. McGibney has been requested to produce documents which do not bear any relevance to this case and which are not calculated to lead to the discovery of any evidence that is potentially relevant. The requested documents include:

   A. Communications between Mr. McGibney and Private Investigator Philip Klein *(Dkt. 182, Exhibit A)*

   B. Communications between Mr. McGibney and certain family members of Mr. Retzlaff *(Dkt. 182, Exhibit A)*, including Brittany Retzlaff, who has an active protective order against Mr. Retzlaff. **EXHIBIT 2**.

   C. Communications between Mr. McGibney and certain law enforcement authorities and personnel, including the FBI. *(Dkt. 182, Exhibit A)*

   D. Supposed surveillance conducted on Defendant by Mr. McGibney *(Dkt. 182, Exhibit A)*

### III. ARGUMENT

#### A. The Subpoena Subjects Mr. McGibney to an Undue Burden

9. Mr. McGibney would be required to expend a considerable sum of money to hire an attorney to represent him within this deposition. The average median hourly rate for an Attorney in Austin, TX is $350.00. Mr. McGibney has been quoted the following:

   $350.00 x 6 hours of deposition time = $2,100.00

   $350.00 x 2 hours for breaks or sidebars during the deposition = $700.00

   $350.00 x 8 hours preparing for the deposition including document review = $2,800.00

   **Estimated attorney's fees for non-party deposition = $5,600.00**

10. Jeffrey Dorrell ("Mr. Dorrell") is the attorney for Mr. Retzlaff in this case. However, Mr. Dorrell is also presently counsel for Neal Rauhauser, a known associate of Mr. Retzlaff, in *Case # 067-270669-14, McGibney v Retzlaff*, in the 67th District Court of Tarrant County, Texas. Mr. McGibney is concerned that Mr. Dorrell will use this deposition to gain additional discovery in the Tarrant County case. As a matter of fact, Mr. Dorrell issued a subpoena within the Tarrant county case on June 22nd, 2020 **(EXHIBIT 3),** which coincidentally occurred on the same day that Mr. McGibney submitted his Motion to Quash within the instant case. *(Dkt. 183.)* The scorched earth subpoena litigation spree that Mr. Retzlaff and his Attorney, Jeffrey Dorrell, have embarked on includes:

1. **Case No. 4:18-CV-247-ALM** – Subpoena issued for James McGibney on June 9th, 2020 (Dkt. 178)

2. **Case No. 4:18-CV-247-ALM** – Subpoena issued for James McGibney on June 18th, 2020. (Dkt. 182)

3. **Case No. 20-2579-431** – Subpoena issued for James McGibney on June 22nd, 2020.

4. **Case No. 067-270669-14** – Subpoena issued on June 22nd, 2020.

5. **Case No. 20-2579-431** – Subpoena issued on July 2nd, 2020.

11. There is no way for Mr. McGibney's rights to be adequately protected from Mr. Retzlaff and Mr. Dorrell in this proceeding unless Mr. McGibney is fully represented and properly prepared by an attorney. This would impose an undue burden on Mr. McGibney in light of the discovery needs of this case.

12. FRCP 43(d) allows a court to quash a subpoena when it would impose an undue burden on a non-party witness. This subpoena would be extremely burdensome to Mr. McGibney and it is not intended to lead to the discovery of any evidence relevant to this case which could not be obtained from one or both of the parties.

### B. The Material Requested Is Not Relevant To This Case

13. Mr. Van Dyke provided Mr. McGibney a copy of his pleadings in this case. Mr. McGibney has no independent knowledge of the facts that would lead to relevant evidence for either of the parties to this case.

14. Mr. Retzlaff is seeking information concerning how Mr. McGibney is aware that Mr. Retzlaff is the author of the "BV Files" or "Bullyville Files" blog. The sworn affidavit of law enforcement/Military Police officer Collin Retzlaff *(Dkt. 22,*

*Attachment 9*) the affidavit of Denise Hollas Retzlaff (**EXHIBIT 4**) and the affidavit of Brittany Retzlaff (**EXHIBIT 5**) was the proof that was the genesis of the restraining order that Mr. McGibney, his family, Brittany Retzlaff and Attorney Jay Leiderman were granted in Santa Clara, California. Mr. McGibney's opinion as to whether Mr. Retzlaff runs the viaviewfiles.net blog is irrelevant to this case. Mr. McGibney is not an expert witness in this case nor has Mr. McGibney offered any expert testimony in this case. Furthermore, Plaintiff VanDyke, upon learning that Mr. McGibney is a federal witness aiding in the ongoing criminal investigation into Defendant Thomas Retzlaff, informed Mr. McGibney that he would not be calling him as a witness within this case. Mr. Retzlaff somewhat disingenuously implies that Mr. McGibney was identified as a "main witness" in this case. Mr. McGibney was identified as a "**anticipated witness**" in this case. Merriam-Webster defines "anticipated" as "probable, expected, capable of development into actuality."

15. Mr. McGibney is a layperson and does not fully understand all the issues in this lawsuit. As a layperson, it is unclear to Mr. McGibney what information is being sought by Mr. Retzlaff in this case that is necessary for the resolution of this lawsuit and which cannot be obtained elsewhere. FRCP 26(a) states "*Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information the parties' resources, the*

*importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FRCP 26(b)(1)."*[1]

16. The burden Mr. Retzlaff imposes on Mr. McGibney is great. It is unclear why any of the requested information (especially that referenced in paragraph 8) has anything to do with this lawsuit or why any of the information cannot be obtained just as easily from the parties to this case.

### D. This Subpoena Was Issued for An Improper Reason

17. The case in the 431st District Court of Denton County is set for trial on September 2, 2020. The discovery period in that case has been extended to July 31, 2020. Mr. Retzlaff sent a letter to Mr. McGibney, through the e-filing system, attached hereto as **EXHIBIT 6** on June 30th, 2020. Within the letter Mr. Retzlaff threatens to sue Mr. McGibney because Mr. McGibney was not personally served with his subpoena. He is purposely and maliciously attempting to intimidate a Federal Witness (*18 U.S. Code § 1512*.) Furthermore, Mr. Retzlaff is requesting the exact same documents to be produced in that case as he requested within the instant case. On July 13th, 2020, the Honorable Judge Bailey granted Mr. McGibney's motion to quash Subpoena and issued a protective order for Mr. McGibney and his wife. **(EXHIBIT 7)**

---

[1] Motions to Quash a Federal Rule 45 Subpoena – Important Considerations. Laszlo Law (Blog). https://www.laszlolaw.com/when-can-you-file-a-motion-to-quash-a-federal-rule-45-subpoena/ (acc'd 6/1/20)

18. Mr. McGibney believes Mr. Retzlaff is using the discovery process in this case as a conduit through which to further harass Mr. McGibney's family, his co-workers and himself, and to obtain new content for his alleged blog. FRCP 45(d)(1) says: "*A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.*" Mr. Retzlaff has an extensive history of using depositions to further the harassment of his victims. In *Case: 5:08-cv-00170-OLG*, (**EXHIBIT 8**), Mr. Retzlaff stated the following, **"*my filing lawsuits and dragging their asses into court and into depositions is a kind of therapy for me. It lets me work off my extreme hate that I have for these people in a manner that is both productive and beneficial to me.*"**

19. Mr. McGibney should not be required to undergo, at his own expense, the burden of locating and producing nearly seven years' worth of documents and then retaining counsel to prepare for and attend a deposition in this case when the deposition is intended solely to harass Mr. McGibney and obtain material for Mr. Retzlaff to use on his alleged blog.

## IV.  CONCLUSION

20. Mr. Retzlaff is a serial stalker with many victims nationwide. Mr. McGibney is one of those victims. A deposition of Mr. McGibney in this case is particularly

inappropriate because Mr. Retzlaff's attorney, Mr. Dorrell, is representing a known associate of Mr. Retzlaff in a different case in which Mr. McGibney is a party and represented by counsel. Permitting this deposition to go forward would either require Mr. McGibney to expend additional attorney fees in that case or be examined by an adversary attorney without the benefit of legal counsel.

21. Mr. McGibney has standing to challenge the above-referenced subpoena because the subpoena affects his personal rights and privileges.

22. The subpoena request records pertaining to information that is not relevant to this matter. The subpoena is impermissible under Federal Rules of Civil Procedure 26(b)(1) which allows for discovery only of those matters which are relevant to the subject matter of the action.

23. This subpoena request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, designed solely for purposes of harassment and constitutes an unnecessary invasion of privacy.

24. Mr. McGibney would like to direct this court to (**EXHIBIT 9**). On June 18, 2020, Mr. Retzlaff filed "Petitioner's Request for Issuance of a Bench Warrant for the Arrest of Fugitive Witness James Alexander McGibney" within *Case No. 20-2579-431*. In yet another example of Retzlaff's continuous campaign of stalking and harassment, on page 6, he included Mr. McGibney's unredacted SSN and Texas DL #. Mr. McGibney has never published nor filed his Texas DL # or SSN, so how Mr. Retzlaff was able to obtain either remains a mystery. Mr. McGibney has redacted each before filing this brief. Retzlaff also continues to

9

      stalk and harass Mr. McGibney's co-workers, which can be found on page 6 & 10 within (**EXHIBIT 9**). Mr. McGibney took the liberty of redacting his co-workers alleged home address that Retzlaff including within his filing. Mr. McGibney was never served with a subpoena in that case.

25. On June 23, 2020, Retzlaff filed "Petitioner's Withdraw of Request for Bench Warrant" (**EXHIBIT 9**) within Case No. 20-2579-431 stating that Mr. McGibney had been served with a deposition subpoena within Case No. 067-270669-14.

26. Lastly, Mr. Retzlaff attempted to get a Protective Order, (**EXHIBIT 10**), against Mr. McGibney on June 10, 2020, which was unsuccessful. Mr. Retzlaff continues to use the judicial system as weapon against his perceived enemies. It is for good reason that Mr. Retzlaff is listed as a "vexatious litigant" on the Texas Supreme Court's website. (**EXHIBIT 11**).

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Mr. McGibney prays that this Court enters an order quashing the subpoena *(Case No. 4:18-CV-247-ALM Dkt 182)* and protect him from any discovery in this case.

                                           Respectfully submitted,

                                           /s/ James McGibney
                                           James McGibney
                                           4305 Ridgebend Dr
                                           Round Rock, TX 78665
                                           Phone: 408-601-0685
                                           Email: james@bullyville.com
                                           Mr. McGibney, Pro Se

## **CERTIFICATE OF SERVICE**

I certify that on July 24, 2020, a true and correct copy of this brief was sent to prose@txed.uscourts.gov. It is my understanding that once docketed, this brief will be automatically served to Plaintiff Jason Lee Van Dyke, Attorney Jeffrey Lee Dorrell (representing Defendant Thomas Retzlaff) and Aimee Cooper, AUSA, through the Texas E-Filing system.

/s/ James McGibney
JAMES MCGIBNEY