IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, § | | |
|    *Plaintiff*, § | | |
| v. § | | |
| § | | |
| THOMAS CHRISTOPHER § | NO. 4:18-CV-247-ALM |
| RETZLAFF, a/k/a DEAN § | | |
| ANDERSON, d/b/a BV FILES, VIA § | | |
| VIEW FILES, L.L.C., and VIAVIEW § | | |
| FILES, § | | |
|    *Defendants* § | | |

**RETZLAFF'S MOTION TO STRIKE "NONPARTY JAMES MCGIBNEY'S *PRO SE* BRIEF IN SUPPORT" THE UNITED STATES' MOTION TO QUASH**

Retzlaff moves to strike nonparty James McGibney's "*pro se* brief in support" (Doc. 191) of a motion filed by yet another intermeddling nonparty's motion to quash Retzlaff's subpoena for the deposition of McGibney and for documents in his possession. (Doc. 182.)

**I. INTRODUCTION**

1. Plaintiff is Jason Van Dyke; defendant is Tom Retzlaff.

2. This suit was filed after defendant Retzlaff filed a grievance against then-attorney Jason Van Dyke with the State Bar of Texas.

3. The discovery period in this case ended on June 23, 2020.

4. This case is set for trial by jury between January 4 and 21, 2021.

## II. FACTS PERTINENT TO THIS MOTION

5. McGibney is not a party to the case at bar and has not intervened.

6. After *Van Dyke* identified McGibney as a person with knowledge of relevant facts, Retzlaff issued a subpoena for McGibney's deposition. (Doc. 182.)

7. McGibney evaded at least 16 attempts to serve Retzlaff's subpoena over a period of 4 weeks, costing Retzlaff over $1,500 in process service fees. McGibney's evasion was successful. McGibney has never been served.

8. Retzlaff's altogether unremarkable attempt to depose a key fact witness in Van Dyke's $100 million libel suit has unleashed a torrential flood of resistance out of all proportion to the stimulus—from the witness, the plaintiff, and even nonparty United States of America. To date, this torrent has included:

   (i) A total of approximately 38 filings, beginning with McGibney's June 22, 2020, motion to quash. (Doc. 183.)

   (ii) This Court's dismissal of McGibney's motion to quash as filed in the wrong court under FED. R. CIV. P. 45. (Doc. 186.)

   (iii) McGibney's June 23, 2020, refiling of his motion to quash in the Western District—this time designated as an "emergency." (Doc. 1.)

   (iv) Western District Magistrate Judge Mark Lane's July 1, 2020, order transferring the case back to the Eastern District and characterizing the filings as "hysterical" and "relentless." The order reads, "This court declines to wade into the vitriol lodged by Plaintiff Van Dyke and Defendant Retzlaff against each other." (Doc. 25.)

   (v) Van Dyke's July 1, 2020, appeal of Magistrate Judge Mark Lane's transfer order to Presiding Judge Lee Yeakel. (Doc. 26.)

   (vi) Presiding Judge Yeakel's July 6, 2020, order affirming Magistrate Judge Lane's transfer order. (Doc. 27.)

*Van Dyke v. Retzlaff*
Retzlaff's Motion to Strike McGibney's "Pro Se Brief in Support of Motion to Quash" Retzlaff's Subpoena

2

## II. ARGUMENT & AUTHORITIES

9. There is no indication that anything in L.R. CV-7, "Pleadings Allowed; Form of Motions and Other Documents," permits a nonparty to chime in with briefing on *some other* nonparty's motion and recommend how the Court should rule on it. If this were allowed, federal courts could be inundated with literally *hundreds* of unsolicited briefs in complex or hotly contested matters such as the case at bar. The Court should not permit McGibney to lard its files with his unsolicited opinions merely because he has an e-mail account.

10. "When allegations of fact not appearing in the record are relied upon in support of a motion, [they] shall be filed with the motion." L.R. CV-7(b). McGibney has ignored this rule. "The motion and any briefing shall be contained in one document." L.R. CV-7(c). McGibney has ignored this rule. "Absent leave of court, no further submissions on the motion are allowed." L.R. CV-7(f). In essence, what McGibney has denominated his "*pro se* brief in support" (Doc. 30) is an unsolicited amicus brief. The rules strictly limit the filing of amicus briefs:

> **The United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing….**

FED. R. APP. P. 29(a)(2). The federal rules of civil procedure appear to be silent regarding amicus briefs.

11. The Court should strike McGibney's improper "*pro se* brief in support." (Doc. 30.)

*Van Dyke v. Retzlaff*
Retzlaff's Motion to Strike McGibney's "Pro Se Brief in Support of Motion to Quash" Retzlaff's Subpoena

3

12. If the Court chooses not to strike McGibney's brief, the Court should reject his arguments. "In our judicial system, 'the public has a right to every man's evidence.'" *Trump v. Vance*, 591 U.S. \_\_\_, \_\_\_, 2020 WL 3848062, at * 4 (July 9, 2020).

> **In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to cross-examine adverse witnesses.**

*Goldberg v. Kelly*, 397 U.S. 254, 269 (1970).

> **Where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy, [the individual's right to show that it is untrue depends on the rights of confrontation and cross-examination].**

*Brock v. Roadway Exp., Inc.*, 481 U.S. 252, 276 (1987) (Stevens, dissenting in part), quoting *Greene v. McElroy*, 360 U.S. 474, 496-97 (1959); *see also Goldberg*, 397 U.S. at 269 (right of confrontation of witnesses is not limited to criminal cases).

13. For all the braggadocio about McGibney's newfound importance as a "federal witness," McGibney overlooks—as did the United States—that since a witness's credibility is *always* relevant, Retzlaff has the right to depose McGibney if only to impeach his credibility. A witness may be cross-examined on any issue that is probative of his credibility. *See, e.g., Torres v. Danny's Serv. Co.*, 266 S.W.3d 485, 487 (Tex. App.—Eastland 2008, pet. denied). Retzlaff is not required to describe what such impeachment evidence might be in order to beg for permission to depose this witness.

*Van Dyke v. Retzlaff*
Retzlaff's Motion to Strike McGibney's "Pro Se Brief in Support of Motion to Quash" Retzlaff's Subpoena

4

14. McGibney endorses the United States' invocation of FED. R. CIV. P. 45(d)(3)(A)(iii) to demand that the Court quash Retzlaff's deposition subpoena because it "encompasses law enforcement investigations of Defendant Retzlaff; investigative methods and techniques, the identities and PII (sic) of nonparty victims, witnesses and law enforcement officials, and law enforcement activities." (Doc. 27, p 4.) But Retzlaff has issued no subpoena to *the FBI* for its documents or investigation files. Retzlaff merely seeks to depose an identified fact witness against him in this $100,000,000 libel defamation suit.

15. The documents Retzlaff requested are not documents or files of the FBI or any other law enforcement organ, but documents in the possession of *McGibney*. McGibney is not now, and never has been, has an employee of the FBI or any law enforcement agency. If the FBI has burbled out its sensitive investigation techniques, targets, activities, or secret documents to McGibney, then the cure for such a cavernously foolish act would to urge an objection to production of such documents and allow the Court to decide their discoverability after an *in camera* inspection. The cure is not to immunize a witness the *plaintiff* has designated as having relevant facts from appearing to testify about them. It is also not for the Court to preemptively rule on the discoverability of documents merely on the self-interested witness's say-so.

*Van Dyke v. Retzlaff*
Retzlaff's Motion to Strike McGibney's "Pro Se Brief in Support of Motion to Quash" Retzlaff's Subpoena

5

### III. CONCLUSION

16. No rule or principle gives McGibney a general right to file a "*pro se* brief in support" of a motion or request for relief by some other person—in this case, one not even a party to the suit. In fact, the local rules appear to expressly prohibit such filings. L.R. CV-7(f).

### IV. PRAYER

17. For these reasons, defendant Thomas Retzlaff prays the Court to strike nonparty James McGibney's unsolicited "*pro se* motion in support" (Doc. 191) filed without leave of Court. The Court should order McGibney to appear for deposition at a time and place of his convenience within 30 days of the date the Court signs its order. Retzlaff prays for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

HANSZEN✦LAPORTE

By: /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

*Van Dyke v. Retzlaff*
Retzlaff's Motion to Strike McGibney's "Pro Se Brief in Support of Motion to Quash" Retzlaff's Subpoena

6

## CERTIFICATE OF SERVICE

      I certify that on <u>     7-28     </u>, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@gmail.com

          <u>   /s/ Jeffrey L. Dorrell   </u>
**JEFFREY L. DORRELL**

*Van Dyke v. Retzlaff*
Retzlaff's Motion to Strike McGibney's "Pro Se Brief in Support of Motion to Quash" Retzlaff's Subpoena

7