# IN THE UNITED STATES DISTRICT FOR THE
# EASTERN DISTRICT OF TEXAS,
# SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
|     *Plaintiff*, | § | |
| v. | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | NO. 4:18-CV-247-ALM |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
|     *Defendants* | § | |

## RETZLAFF'S MOTION TO COMPEL JAMES MCGIBNEY'S DEPOSITION

Retzlaff moves to compel nonparty witness James McGibney to appear for Retzlaff's oral deposition.

## I. INTRODUCTION

1. Plaintiff is Jason Van Dyke; defendant is Tom Retzlaff.

2. James McGibney is a nonparty witness who has asked the Court to quash Retzlaff's notice of McGibney's deposition.

3. This suit was filed after defendant Retzlaff filed a grievance against then-attorney Jason Van Dyke with the State Bar of Texas.

4. The discovery period in this case ended on June 23, 2020.

5. This case is set for trial by jury to commence between January 4 and 21, 2021.

## II. FACTS PERTINENT TO THIS MOTION

6. After *Van Dyke* identified McGibney as a person with knowledge of relevant facts (**Exhibit 1**, p. 4), Retzlaff sought to depose McGibney. (Doc. 182.)

7. Beginning June 2, 2020, McGibney evaded *29* attempts (**Exhibit 2**) to serve Retzlaff's subpoena, costing Retzlaff over $1,500 in process service fees.

8. Retzlaff's unremarkable attempt to depose a key fact witness in this $100 million libel suit has unleashed a torrential flood of resistance out of all proportion to the stimulus—from Van Dyke, from McGibney, and even from the United States of America. To date, this torrent has included:

   (i) A total of approximately 40 filings, beginning with McGibney's June 22, 2020, motion to quash. (Doc. 183.)

   (ii) This Court's dismissal of McGibney's motion to quash as filed in the wrong court under FED. R. CIV. P. 45. (Doc. 186.)

   (iii) McGibney's June 23, 2020, refiling of his motion to quash in the Western District—this time designated as an "emergency." (Doc. 1.)

   (iv) Western District Magistrate Judge Mark Lane's July 1, 2020, order transferring the case back to the Eastern District and characterizing the filings as "hysterical" and "relentless." The order reads, "This court declines to wade into the vitriol lodged by Plaintiff Van Dyke and Defendant Retzlaff against each other." (Doc. 25.)

   (v) Van Dyke's July 1, 2020, appeal of Magistrate Judge Mark Lane's transfer order to Presiding Judge Lee Yeakel. (Doc. 26.)

   (vi) Presiding Judge Yeakel's July 6, 2020, order affirming Magistrate Judge Lane's transfer order. (Doc. 27.)

   (vii) McGibney's July 24, 2020, "*pro se* brief in support of the United States motion to quash" his deposition. (Doc. 31, 191.)

Retzlaff now asks the Court to compel McGibney to appear and testify.

## II. ARGUMENT & AUTHORITIES

9. Parties may discover any unprivileged matter relevant to a party's claim or defense. FED. R. CIV. P. 26(a). Citing no evidence, McGibney vilifies Retzlaff as a "serial stalker with many victims nationwide," (Doc. 183, p. 11), and marshals a parade of horribles to immunize him from giving a deposition:

(i) McGibney "believes that Mr. Retzlaff is using the discovery process in this case as a conduit through which to harass Movants (sic) family, his co-workers, and himself;" (Doc. 183, p. 10, ¶ 28.)

(ii) McGibney "believes Mr. Retzlaff is improperly attempting to use" discovery in the case at bar to "obtain discovery for his protective order case against Mr. Van Dyke;" (Doc. 183, p. 8, ¶ 24.)

(iii) McGibney "will be *required* to expend" **$5,600.00** in attorney's fees "to hire an attorney to represent [him] for this deposition" (which McGibney cannot afford because he is "married with three children under the age of 10 and cannot afford to retain counsel at this time"); (Doc. 183, pp. 4-5, ¶ 11 [emphasis added].) and

(iv) "Mr. Dorrell tendered a settlement offer [of] $500,000 for dismissal of the protective order cases…. To a layperson, this appears to be extortion;" (Doc. 183, p. 8, ¶ 25; Doc. 1, p. 9, ¶ 26.)

(v) McGibney "has no independent knowledge" that would be "relevant for either of the parties to this case." (Doc. 183, p. 6, ¶ 17.)

10. None of McGibney's accusations, predictions, and claimed beliefs changes the fact that *Van Dyke* identified McGibney as having knowledge of relevant facts. (**Exhibit 1**, p. 4.) This alone is enough to confer a right of discovery upon Retzlaff. McGibney is certainly entitled to hire counsel to represent him at the deposition, but in no sense is this "*required*."

11. "In our judicial system, 'the public has a right to every man's evidence.'" ***Trump v. Vance***, 591 U.S. \_\_\_, \_\_\_, 2020 WL 3848062, at * 4 (July 9, 2020).

> **In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to cross-examine adverse witnesses.**

***Goldberg v. Kelly***, 397 U.S. 254, 269 (1970).

> **Where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy, [the individual's right to show that it is untrue depends on the rights of confrontation and cross-examination].**

***Brock v. Roadway Exp., Inc.***, 481 U.S. 252, 276 (1987) (Stevens, dissenting in part), quoting ***Greene v. McElroy***, 360 U.S. 474, 496-97 (1959); *see also* ***Goldberg***, 397 U.S. at 269 (right of confrontation of witnesses is not limited to criminal cases).

12. McGibney overlooks—as did the United States in its (improper) motions to quash McGibney's deposition (Doc. 188, 190, 27, and 29)—that since a witness's credibility is *always* relevant, Retzlaff has the right to depose McGibney even if only to impeach his credibility. A witness may be cross-examined on any issue that is probative of his credibility. *See, e.g.,* ***Torres v. Danny's Serv. Co.***, 266 S.W.3d 485, 487 (Tex. App.—Eastland 2008, pet. denied). Retzlaff is not required to describe his anticipated impeachment questions or evidence in order to justify deposing McGibney.

13. McGibney has enthusiastically endorsed (Doc. 191) the United States' invocation of FED. R. CIV. P. 45(d)(3)(A)(iii) to demand that the Court quash Retzlaff's deposition subpoena because it "encompasses law enforcement investigations of Defendant Retzlaff; investigative methods and techniques, the identities and PII (sic) of nonparty victims, witnesses and law enforcement officials, and law enforcement activities." (Doc. 27, p 4.) But Retzlaff has issued no subpoena to *the FBI* for its documents or investigation files. The law enforcement privilege is inapplicable. Retzlaff merely seeks to depose a fact witness identified by Van Dyke in Van Dyke's $100,000,000 libel suit against him.

14. The documents Retzlaff requested are not documents or files of the FBI or any other law enforcement agency, but only documents in the possession of *McGibney*. McGibney is not now, and never has been, has an employee of the FBI or any law enforcement agency. If the FBI has burbled out its sensitive investigation techniques, targets, activities, or secret documents to McGibney, then the cure for such a cavernously foolish act would be to object to production of the documents and allow the Court to rule on their discoverability after an *in camera* inspection—not to immunize the witness from testifying *at all*. It is also not for the Court to preclude fact-finding by preemptively ruling on the discoverability of as-yet-unseen documents merely on a self-interested witness's say-so.

### III. CONCLUSION

15. Due Process affords Retzlaff the opportunity to confront and cross-examine McGibney, and to impeach his credibility. Retzlaff's rights will be eviscerated if Retzlaff is not allowed to depose McGibney before trial, as FED. R. CIV. P. 26(a) unambiguously permits. McGibney's apparently paralyzing fear of being deposed is irrelevant to Retzlaff's rights, as is McGibney's emotional vilification of Retzlaff and Retzlaff's counsel.

### IV. PRAYER

16. For these reasons, defendant Thomas Retzlaff prays the Court to order McGibney to appear for deposition at a time and place of his convenience within 30 days of the date the Court signs its order. Retzlaff prays for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

HANSZEN✦LAPORTE

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on \_\_\_\_\_7-31\_\_\_\_\_, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

> Mr. Jason Lee Van Dyke
> P.O. Box 2618
> Decatur, Texas 76234
> Telephone: 940-305-9242
> jasonleevandyke@gmail.com
> **PLAINTIFF, PRO SE**
>
> Mr. James McGibney
> 4305 Ridgebend dr.
> Round Rock, Texas 78665
> Telephone: 408-601-0685
> james@bullyville.com
> **NONPARTY WITNESS, PRO SE**

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**

## CERTIFICATE OF CONFERENCE

I certify that I before filing the foregoing motion, I conferred with plaintiff *pro se* Jason Van Dyke regarding Retzlaff's desired a deposition of nonparty witness James McGibney. Mr. Van Dyke has advised he is **OPPOSED** to the motion.

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**