IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | NO. 4:18-CV-247-ALM |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
| *Defendants* | § | |

**RETZLAFF'S OPPOSITION TO VAN DYKE'S MOTION FOR SANCTIONS (DOC. 187)**

Defendant Thomas Retzlaff files his response in opposition to plaintiff Jason Van Dyke's motion for sanctions (Doc. 187).[1]

**I. VAN DYKE'S STATED BASIS FOR THE COURT TO SANCTION RETZLAFF**

1. Van Dyke seeks either "death penalty" sanctions or a contempt citation (Doc. 187, ¶¶ 11, 13) against Retzlaff (but not against the undersigned counsel) for alleged discovery abuse "across multiple courts and causes." (*Id.*, ¶ 9.) Van Dyke predicates his motion upon alleged conduct by Retzlaff including that Retzlaff has "disobeyed this Court's scheduling order" (*Id.*, ¶ 8); sought discovery outside the discovery period (*Id.*, ¶ 8); and "invoked privilege under both the First and Fifth Amendment" in response to certain written discovery requests Van Dyke propounded. (*Id.*, ¶ 9.)

---

[1] Van Dyke filed his motion for sanctions (Doc. 187) on June 29, 2020. Retzlaff's response was due for filing 14 days later, or July 13, 2020. Local Rule CV-7(e). Retzlaff failed to respond to the motion. Contemporaneously with the filing of this response, Retzlaff files his unopposed motion for leave to file this response late.

## II. ARGUMENT & AUTHORITIES

### A. Van Dyke's Insufficient Factual Allegations Do Not Support Sanctions

2. A motion for sanctions must identify the specific conduct that deserves sanction. *See* **Indah v. SEC**, 661 F.3d 914, 928 (6th Cir. 2011); *see also* **Ted Lapidus, S.A. v. Vann,** 112 F.3d 1253, 1260 (11th Cir. 2014). If the motion includes facts that are not apparent in the record, the movant must attach affidavits. Van Dyke makes only vague and conclusory complaints about the conduct by Retzlaff he claims deserves a death penalty sanction and attaches no affidavits to prove the facts alleged. For example, Van Dyke fails to specify to which discovery request(s) Retzlaff asserted a First or Fifth Amendment privilege —much less that there is anything abusive about Retzlaff's having done so.

3. Furthermore, both the motion and its exhibits show Van Dyke asks this Court to sanction Retzlaff for discovery undertaken in *other courts* or cases where Retzlaff was appearing pro se. (Doc. 187, ¶¶ 4-7, 9, judicially admitting that Van Dyke asks *this* Court to sanction Retzlaff for discovery in the 431st Texas State District Court and the U.S. Western District of Texas, as well as "across multiple courts and causes.") Van Dyke brings his complaint to the wrong forum. Assuming this Court can properly sanction Retzlaff for alleged discovery abuse in *other* courts and cases—a dubious proposition—Van Dyke has failed to show that the conduct complained of was sanctionable even by the courts in which it allegedly occurred.

### B. Van Dyke's Only Asserted Legal Basis Does Not Support Sanctions

4. A motion for sanctions must identify the specific rule, statute, or order that the person violated. See **Indah**, 661 F.3d at 928; see also **Ted Lapidus,** 112 F.3d at 1260. Van Dyke alleges that Retzlaff "disobeyed this Court's scheduling order" (Doc. 187, ¶ 8) by obtaining (pro se) from the clerk of the U.S. District Court for the *Western* District of Texas a subpoena duces tecum for nonparty GoDaddy.com, LLC. (*Id.*, ¶ 6.) Van Dyke also notes that Retzlaff wrote (pro se) to Western District Magistrate Judge Mark Lane to object that other parties were failing to serve Retzlaff with filings but falsely certifying to the court that they *had*. (*Id.*, ¶ 7 and Exhibit 7.) However, Van Dyke does not explain why notifying a judge in some other court that Retzlaff was being deprived of his Due Process rights (even in a letter that may have been overly emotional) could be sanctionable by *this* Court.

5. The only rule Van Dyke cites is FED. R. CIV. P. 37(b)(2)(A) (*Id.*, ¶ 8), which provides for sanctions for "failing to provide or permit discovery." But this is not Van Dyke's complaint. Van Dyke's complaint is that Retzlaff was in contempt of this Court's scheduling order (Doc. 117) by seeking discovery in *other* cases and *other* courts after the discovery period *in the case at bar* had closed. Whatever else this may be, it is not "failing to provide or permit discovery" in violation of a court order. Rule 37 offers no support for Van Dyke's demand that the Court strike Retzlaff's answer or hold him in contempt.

### III. CONCLUSION & PRAYER

6. Van Dyke's motion that *this* Court sanction Retzlaff under FED. R. CIV. P. 37(b)(2)(A) for discovery Retzlaff undertook in *other* courts and *other* cases is both legally and factually inadequate to support a sanction. For these reasons, Retzlaff prays the Court to deny Van Dyke's motion for sanctions in all things, and for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

      I certify that on \_\_\_\_\_8-17\_\_\_\_\_, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@gmail.com


          _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**