IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SANCTIONS MOTION**

Plaintiff, Jason Lee Van Dyke, files this reply to the response filed by Defendant to his motion for sanctions. ECF 202.

    **I.    DISOBEDIENCE TO THIS COURT'S SCHEDULING ORDER**

1. Plaintiff does not now, nor has he ever, sought sanctions for discovery abuse committed by Defendant in any case other than this one.

2. The nature of Plaintiff's motion is remarkable simple: Defendant, and only Defendant, utilized his right to discovery in one case for the purpose of obtaining discovery that had been prohibited to him in another.

3. On May 30, 2020, Defendant asked Plaintiff to product James McGibney for a deposition in a case pending before the 431st District Court in and for Denton County, Texas. Plaintiff declined to do so because (a) McGibney is not a witness controlled by Plaintiff; and (b) the deposition would have occurred outside the applicable discovery period in that case.

4. The following week spurned the start of a chain of events across multiple courts in which Defendant has repeatedly attempted to procure Mr. McGibney's deposition in

*this* case and compel him to produce documents relevant to the Denton County case. A total of three subpoenas were issued in the weeks that followed until, eventually, Mr. McGibney appeared in this case on his own occurred and moved to quash the subpoena. The United States of America appeared, and requested the same relief, shortly thereafter.

5. The Court declined to rule on the motions to quash and made a finding that they should be considered by the U.S. District Court for the Western District of Texas. ECF 185. Mr. McGibney refiled his motion to quash in the Western District of Texas. Although he was represented by counsel in this case, Defendant subsequently made a pro se appearance in the Western District of Texas and utilized that case as a means to cause a subpoena to be issued for non-party GoDaddy.com L.L.C. This action was taken after the discovery period in this case expired pursuant to the scheduling order of this Court. ECF 117. The GoDaddy.com L.L.C. subpoena was quashed by U.S. Magistrate Judge Mark Lane on July 1, 2020.

6. Ultimately, the discovery period in the Denton County case was re-opened the day after Plaintiff filed his sanctions motion. Defendant then attempted to secure Mr. McGibney's deposition in that case, as well as the same discovery from GoDaddy.com that was quashed by Magistrate Judge Lane's order. Similar motions to quash were filed in Denton County and, on July 13, 2020, the Honorable Jonathan Bailey entered an order quashing the subpoena and entering a protective order for the benefit of both Mr. McGibney and GoDaddy.com L.L.C. A copy of that order is attached hereto as Exhibit "1" and incorporated by reference herein.

7. It has now come to Plaintiff's attention that yet another subpoena, seeking the same

discovery, has been issued in a civil case between Mr. McGibney and Neal Rauhauser, a known associate of Defendant, in the 67th District Court in and for Tarrant County, Texas. Mr. Rauhauser is represented in that proceeding by Defendant's counsel in this proceeding. In other words, Defendant is continuing to use the discovery processes of other cases to obtain discovery in this case, despite the fact that the discovery period has closed.

8. Sanctions for failure to obey a scheduling order are authorized by Fed. R. Civ. P. 16(f)(1)(C), which authorized any sanction permitted by FRCP 37(b)(2)(A)(ii)-(vii).

## II. FAILURE TO PROVIDE OR PERMIT DISCOVERY

9. Defendant has yet to make good faith responses to discovery in this case.

10. Plaintiff attaches as Exhibit "2" a copy of Defendant's amended response to Rule 26(a) disclosures; a document so repulsive that Plaintiff remains convinced that it was prepared by Defendant himself and not Mr. Dorrell.

11. Plaintiff attaches as Exhibit "3" a copy of Defendant's answers to interrogatories which were tendered after this Court granted Plaintiff's motion compelling the same. One response to these interrogatories has since been amended, and it is attached as Exhibit "4". Plaintiff has previously asserted, and continues to assert, that Defendant's invocation of both a First and Fifth Amendment privilege in this case is in bad faith. See ECF 164. Defendant made similar responses to Plaintiff's requests for production, which are attached hereto as Exhibit "5"

12. Plaintiff renews his request for a hearing concerning the propriety of Defendant's assertions of privilege or, if this Court is able to determine that such invocation of privilege was in bad faith without the necessity of a hearing, sanctions under Fed. R.

Civ. P. 37(b)(2)(A) for failing to provide or permit discovery.

### III. CONCLUSION AND PRAYER

13. Plaintiff continues to take the position that the conduct complained of in this motion is attributable only to Defendant himself and is not attributable to any act, or failure to act, by defense counsel. Accordingly, Plaintiff seeks no sanctions against defense counsel or his firm. However, Plaintiff does ask this Court to consider a full range of sanctions against Defendant himself including, but not limited to, the striking of his answer and the entry of default.

14. Plaintiff prays that this Honorable Court enter an order granting such sanctions as it deems just and appropriate under the circumstances, up to and including the striking of Defendant's answer and entry of default.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email: jasonleevandyke@protonmail.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE