CAUSE NO. 20-2579-431

| | | |
|---|---|---|
| THOMAS CHRISTOPHER RETZLAFF | § | IN THE DISTRICT COURT |
| Petitioner | § | |
| | § | |
| v. | § | 431st JUDICIAL DISTRICT |
| | § | |
| JASON LEE VAN DYKE | § | |
| Respondent. | § | DENTON COUNTY, TEXAS |

## JUDGMENT

Pending before this Court is the motion of Respondent, Jason Lee Van Dyke, for sanctions pursuant to this Court's inherent authority to sanction parties for bad faith and litigation misconduct. Also pending before this Court are the following matters: (a) Petitioner's Special Exceptions; (b) Respondent's Amended Motion for Summary Judgment (traditional and no-evidence); (c) Respondent's Motion for Mandatory Sanctions and Alternative Motion for Death Penalty Sanctions; (d) Respondent's Motion to Exclude Evidence; (e) Respondent's Motion in Limine; and (f) Petitioner's Notice of Nonsuit. With respect to each of these matters, the Court makes the following orders:

## I.  MOTIONS DENIED AS MOOT

1) Due to Petitioner's nonsuit, it is hereby ORDERED, ADJUDGED, and DECREED that the following motions are DENIED AS MOOT:

   a. Petitioner's Special Exceptions

   b. Respondent's Amended Motion for Summary Judgment (traditional and no-evidence)

   c. Respondent's Motion for Mandatory Sanctions and Alternative Motion for "Death Penalty" Sanctions

   d. Respondent's Motion to Exclude Evidence

JUDGMENT

e. Respondent's Motion in Limine

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Abuse of the Litigation Process by Petitioner (Forum Shopping)

1) This case is for a protective order under Article 7A of the Texas Code of Criminal Procedure for threats allegedly made by Respondent to Petitioner between March of 2018 and December of 2018. It was filed on March 20, 2020. The discovery period ended on July 31, 2020 at 5:00 p.m.  At that time, Petitioner filed a notice of nonsuit. Respondent filed an objection to anything other than dismissal without prejudice and has sought leave to filed an additional motion for sanctions under Chapters 9 and 10 of the Texas Civil Practice and Remedies Code as well as Rule 13 of the Texas Rules of Civil Procedure.

2) This Court finds that it has jurisdiction over the subject matter of this proceeding, that it has jurisdiction over the parties, and that venue is appropriate in this Court.

3) Pursuant to TRE 201, the Court takes judicial notice of the entire record in this proceeding.

4) Petitioner has previously been adjudicated a vexatious litigant in Texas by the Bexar County Court at Law No. 3. On the morning of March 23, 2020, Respondent invoked the procedure set forth in CPRC § 11.1035 by filing notice with the Denton County District Clerk.

5) At approximately 10:05 a.m. that morning, Petitioner filed an emergency motion for this Court to reconsider this Court's denial of emergency ex parte relief in this cause.

6) At 10:22 a.m. that morning, an order staying further proceedings in this case due to Petitioner's fail to obtain permission to file was entered by the local administrative judge of Denton County, Texas, the Honorable Brody Shanklin.

7) At 11:21 a.m. the same morning, Petitioner filed a motion to reconsider the stay referred to in paragraph six above.

8) At 1:16 p.m. on March 23, 2020, Petitioner filed a separate identical proceeding against Respondent in the 271st District Court in Cause No. CV20-03-214 styled *In The Matter of Thomas Retzlaff and Jason Lee Van Dyke*. Mr. Retzlaff has argued in previous filings that the purpose of this second filing was due to the fact that the Denton courts were closed on March 23, 2020 due to COVID-19. Based upon the timing of Petitioner's filings, as well as his behavior in this case referenced below, the Court finds that his explanation lacks credibility. The Court also finds that Petitioner filed Wise County proceeding due to his dissatisfaction with the rulings of this court and Judge Shanklin, and that his dissatisfaction was manifested in a highly incendiary and vulgar letter to the Denton County Clerk on March 26, 2020.

9) On April 28, 2020, Respondent filed a motion to dismiss the Wise County filing due to Petitioner's failure to obtain permission to file his litigation in that Court. The following day, Petitioner applied for an "injunction against harassment" against Respondent in the Superior Court of Maricopa County, Arizona and obtained ex parte relief against Respondent. On April 30, 2020, Petitioner filed a notice of this ex parte relief in this proceeding.

10) On May 6, 2020, the proceeding between Petitioner and Respondent before the 271st District Court was dismissed pursuant to CPRC § 11.1035(b). This dismissal was without prejudice.

11) On May 12, 2020, Petitioner filed a recusal motion in this case. Pursuant to the rules, all proceedings in this case were stayed while his motion was considered by the regional

JUDGMENT

presiding judge.

12) On May 15, 2020, Respondent prevailed against Petitioner on the merits before the

Superior Court in and for Maricopa County, Arizona. Petitioner claims that he relief he

sought in Arizona was substantially different from that sought in Texas. He also claims

that the Arizona court had personal jurisdiction over Respondent and that two protective

orders were appropriate because Respondent's conduct offended the "peace and dignity"

of both Texas and Arizona. The Court finds that this explanation lacks merit and, based

upon the pattern of behavior displayed by Petitioner with respect to both Respondent and

this Court, finds that the purpose of the Arizona litigation was to increase Respondent's

litigation costs and to interfere with the jurisdiction which had already been exercised

over both he parties and the subject matter by this Court.

13) Petitioner's recusal motion in this case was denied by the regional presiding judge on

June 22, 2020.

14) Due to numerous inappropriate filings and communications with both the Court and its

staff by Petitioner, this Court made a finding on June 22, 2020 that this proceeding could

not reasonably be considered by electronic means and indefinitely postponed trial over

Respondent's objections.

15) On June 26, 2020, Respondent filed his Amended Motion for Summary Judgment

(Traditional and No Evidence Hybrid Motion).

16) On June 30, 2020, this Court entered a scheduling order setting a deadline of July 31,

2020 for both discovery and pre-trial motions. This Court also set deadlines for hearings

on pre-trial motions by written submission and a trial date of September 2, 2020 at 8:30

a.m. In its scheduling order, the Court clearly informed the parties that this trial date was

JUDGMENT

subject to reset due to the ongoing COVID-19 pandemic.

17) During the approximately 32 days following entry of the scheduling order, this Court ruled on several discovery related motions filed by the parties. Notably, on July 27, 2020, this Court denied Petitioner's motion to compel certain deposition testimony from Respondent because it was outside the scope of discovery in this case. It also granted two motions for compel discovery by Respondent, who revealed to the Court that Petitioner had refused to respond in good faith to any of his written discovery. A date of July 31, 2020 was set for compliance by Petitioner.

18) Respondent filed his final three motions: (a) Respondent's Motion for Mandatory Sanctions and Alternative Motion for "Death Penalty" Sanctions; (b) Motion to Exclude Evidence; and (c) Motion in Limine at approximately 4:50 p.m. on July 31, 2020. Petitioner filed his nonsuit, which claimed to be due to COVID-19, approximately ten minutes later. Approximately ten minutes after that, Respondent filed an objection to dismissal without prejudice.

19) Respondent filed a supplement to his objection on August 3, 2020 urging, among other things, for this Court to consider his non-discovery related motions for sanctions and seeking leave to file an additional motion for sanctions. Petitioner replied to the motion for sanctions (filed by Respondent on May 1, 2020) but did not make any other responsive filings.

20) Mr. Retzlaff, in both his filings with this Court and his communications with Respondent on or around August 1, 2020, has manifest his intent to refile his case against Respondent after the first of the year.  Based upon his statements in communications and pleadings, the Court finds that Petitioner is aware that the judge of this Court will be leaving office

at the end of 2020.

21) Based upon the orders of this Court entered prior to nonsuit, as well as the filings made by Respondent prior to nonsuit (including three dispositive motions), this Court finds that Petitioner nonsuited his claims in this case solely avoid both an adverse judgment on the merits and potential sanctions for discovery abuse. The Court also finds that Petitioner nonsuited this case to circumvent the process of random assignment of judges with knowledge that, if he refiles after the first of the new year, his case will not be heard by the judge of this Court.

22) The Court finds that Petitioner's behavior during the course of this litigation, specifically the filing of three simultaneous lawsuits against Petitioner: (a) was done to circumvent the process of random assignment of judges; (b) was done in bad faith and for the purpose of harassing Respondent; and (c) constituted a blatant abuse of the litigation process. The Court finds that the intermediate appellate courts of this state have found previously found that forum shopping of this nature is a sanctionable pursuant to the inherent powers of a court to curb such abuses of the judicial process

23) The Court finds that Petitioner – a vexatious litigant - has abused the Texas litigation process in the past and that he has manifested his intention to continue doing so with respect to this Respondent in this future. This Court has considered lesser sanctions with respect to Petitioner's abuse of the judicial process and has determined that the only sanction sufficiently severe to punish Petitioner, deter litigation abuse of this nature in the future, and to protect Respondent is the entry of an order dismissing this case with prejudice.

JUDGMENT

**B. "Death Penalty" Sanctions**

24) The Court finds that the sanctions imposed in this case are "death penalty" sanctions, and accordingly, the Court now conducts a *TransAmerica* analysis with respect to the sanction imposed. 811 S.W.2d 913, 917 (Tex. 1991).

25) In addition to discovery abuse, the Court finds that the record in this case demonstrates an ongoing pattern litigation misconduct by Petitioner which, in addition to forum shopping, includes: (a) attempted ex parte communications; (b) inappropriate, offensive, and harassing communications directed toward the Court, the Court's staff and Respondent; (c) the filing of inappropriate, vulgar, and threatening pleadings and papers in this case; (d) severe abuse of the discovery process; and (e) a general refusal by Petitioner to comport his behavior with the Texas Rules of Civil Procedure and the local rules of practice before this Court.

26) The Court is mindful of Petitioner's status as a pro se litigant in this proceeding. The record demonstrates that both the Court, and its staff, have warned Petitioner concerning the impropriety of his behavior in writing on numerous separate occasions. In addition to these warnings, the Court has previously advised Petitioner of the advantages of obtaining legal counsel to represent him in this proceeding.

27) The Court takes judicial notice of a previous order sanctioning Petitioner in Denton County for inappropriate behavior before the Honorable Robert Ramirez in the Denton County Court at Law No. 2 on May 6, 2020.

28) The Court has considered the propriety of all available sanctions which could be imposed against Petitioner for his abuse of the litigation process in this case. Specifically, this Court has considered the *TransAmerica* factors for "death penalty" sanctions set forth by

the Texas Supreme. See also *Petroleum Solutions Inc. v. Head*, 454 S.W.3d 482, 489 (Tex. 2014).

29) The Court finds that there is a direct relationship between the offensive conduct by Petitioner in this case and the sanction now imposed by this Court. Specifically, the Court finds that Petitioner's abuse of the litigation process gives rise to the presumption that his claims against Respondent lack merit, and accordingly, the sanction of dismissal with prejudice is warranted.

30) The Court has considered an order charging all or any portion of the expenses of litigation, attorney fees, or taxable court costs against Petitioner. TRCP 215.2(b)(2). The Court finds that, aside from his expenditure of time, Respondent has represented himself pro se throughout this proceeding and has no incurred significant out of pocket expenses or attorney fees. The Court also finds that the bulk of discovery expenses were incurred by Petitioner. The Court finds that a sanction of this nature would be insufficient. It also finds that such a sanction would not provide an effective deterrent to the abuse which the Court now seeks to prevent. Accordingly, a purely monetary sanction is inappropriate.

31) The Court has considered a possible sanction compelling Petitioner to pay a fine into the registry of the Court. The Court does not find this sanction just or appropriate because the Court was not the only victim of Petitioner's misconduct; Respondent was also a victim. The sanction of a monetary penalty paid into the registry of the Court would be inappropriate under the circumstances because, while it would give appropriate justice for the offense Petitioner has given to this Court, it would fail to give appropriate justice to Respondent.

32) The Court has considered, on its own initiative, ordering Petitioner to appear an show

cause why he should not be held in contempt of court. The Court finds that, while is inherent power to sanction for litigation abuse is broad, its power to hold a party in contempt of court is comparatively narrow. Based upon the narrow scope of contempt proceedings, and the impossibility of holding such proceedings in person during the COVID-19 pandemic, contempt of court is an inappropriate sanction in this matter.

33) The Court fully considered the ramifications of entering an order dismissing this case with prejudice. The Court finds that this sanction is appropriate because Petitioner's conduct throughout this case has given rise to the presumption that his claims lack merit. As Petitioner has manifest his intent to file similar proceedings in the future, the sanction is of a nature that it will sufficiently punish Petitioner for his abusive behavior in this litigation and deters others from engaging in similar behavior. Furthermore, the sanctions gives justice to Respondent by protecting him from the need to re-litigate these same claims for a fourth time at some point in the indefinite future.

34) The Court has considered Petitioner's status as a *pro se* litigant with respect to the sanctions imposed. The Court finds that, despite being a *pro se* litigant, Petitioner has represented himself on numerous occasions before Texas courts. In some of those proceedings, including those before intermediate appellate courts, he has had some degree of success successful. See e.g. *Retzlaff v. GoAmerica Comms. Corp.*, 356 S.W.3d 689 (Tex. App. – El Paso 2011) (granting some relief requested by Mr. Retzlaff, but denying other relief). Notwithstanding contents that are often inappropriate, many of the pleadings and papers filed by Petitioner in this case are indicative of an experienced *pro se* litigant with access to legal research materials and the ability to utilize them effectively. Accordingly, the sanctions imposed do not take advantage of Petitioner's status as a *pro*

JUDGMENT

*se* litigant in a manner that is fundamentally unfair. Petitioner was advised by the Court to retain counsel and he elected not to do so.

### III.    ORDERS OF THE COURT

It is hereby

A.  ORDERED that Respondent's Motion for Mandatory Sanctions is, in all things, GRANTED;

B.  ORDERED that the following sanction is hereby imposed upon Petitioner for his abuse of the litigation process set forth above: dismissal of Petitioner's claims with prejudice to refiling.

C.  ORDERED that judgment is hereby RENDERED in favor of Respondent.

D.  ORDERED that Petitioner's claim for a protective order against Respondent under Article 7A of the Texas Code of Criminal Procedure is DISMISSED WITH PREJUDICE to refiling.

E.  ORDERED that, to the extent any motions other than those set forth in Section I above remain pending in this case, they are all DENIED AS MOOT.

F.  ORDERED that this is a final order disposing of all parties and all claims and is immediately appealable.

G.  ORDERED that all court costs are taxed against Petitioner.

H.  ORDERED that all relief not expressly granted herein is DENIED.

SIGNED ON: _____August 13_____, 2020

JUDGE PRESIDING

JUDGMENT