IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:18-CV-247-ALM** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES**, | § | |
| *Defendants* | § | |

**RETZLAFF'S RESPONSES TO VAN DYKE'S
REQUESTS FOR PRODUCTION 1-13**

TO:    Jason Lee Van Dyke, Plaintiff Pro Se.

**REQUEST FOR PRODUCTION NO. 1:**

If the identity of Dean Anderson is known to you, produce any and all documents demonstrating the true legal name and physical address of Dean Anderson. If you and Dean Anderson are one and the same person, you should respond to this request by producing a photocopy of the front of your driver's license, state identification card, or passport. For the purpose of this request, Dean Anderson is the person who utilizes, or who previously utilized, the following email address:  dean714@yandex.com.

RESPONSE:    **Answer**. Retzlaff cannot be compelled to disclose the identity(ies) of anonymous speakers—either himself or anyone else—against which the First Amendment robustly protects.  ***Watchtower Bible and Tract Soc. of New York v. Village of Stratton***, 536 U.S. 150, 166-67 (2002); ***Buckley v. American Constitutional Law Foundation, Inc***., 525 U.S. 182 (1999).

> **[A]n author is generally free to decide whether or not to disclose his or her true identity…. [A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.**

*McIntyre v. Ohio Elections Comm.*, 514 U.S. 334, 341-42. (1995).  "Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and dissent."  *Id*. at 356.  A court order—even when issued at the behest of a private party—constitutes state action.  *New York Times v. Sullivan*, 364 U.S. 254, 265 (1964).  Thus, the amputation of a speaker's First Amendment right of anonymity is subject to limitations with constitutional timbre.  It is well settled that this principle applies equally to anonymous speech on the Internet. The "BV Files" authors, whoever they are, have a First Amendment right to publish their opinions on the Internet anonymously.  *Reno v. ACLU*, 521 U.S. 844, 853 (1997); *see also ApolloMedia Corp. v. Reno*, 19 F. Supp. 1081 (N.D. Cal. 1998) (protecting anonymous denizens of www.annoy.com, a website "created and designed to annoy" legislators), *aff'd by ApolloMedia Corp. v. Reno*, 526 U.S. 1061 (1999).  Any order to destroy a speaker's anonymity is subject to constitutional limitations.  *New York Times*, 364 U.S. at 265.  Because compelled identification affects the First Amendment right of anonymous speakers to remain anonymous, justification for an incursion upon that right requires proof of a compelling interest.  *McIntyre*, 514 U.S. at 347.

The person seeking to discover the identity of an anonymous speaker has the burden to show:

(i)      The issue on which discovery is sought is not just relevant, but goes to the heart of the plaintiff's case;

(ii)     Disclosure of the identity of the anonymous speaker is necessary because the party seeking disclosure is likely to prevail on all other issues in the case; and

(iii)    The party seeking disclosure has exhausted all other means.

*See United States v. Caporale*, 806 F.2d 1487 (11th Cir. 1986); *Miller v. Transamerican Press*, 621 F.2d 721, 726 (5th Cir. 1980).  Until plaintiff has made the required showings, any compelled disclosure of documents that would destroy the speaker's aanonymity is premature.

**OBJECTION**:  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  The request is vague and ambiguous; also calls for Retzlaff to create documents that do not exist.

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any material relating to the registration or registration renewal of the following domain name: viaviewfiles.net. Plaintiff only requests documents relating to services rendered on or which continued after March 1, 2018.

RESPONSE:   **Objection**. The request's use of the overbroad (as defined) term "material" does not describe with reasonable particularity the item or category of items to be produced, as required. FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing." ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**Answer**.   Retzlaff cannot be compelled to disclose the identity(ies) of anonymous speakers—either himself or anyone else—against which the First Amendment robustly protects. ***Watchtower Bible and Tract Soc. of New York v. Village of Stratton***, 536 U.S. 150, 166-67 (2002); ***Buckley v. American Constitutional Law Foundation, Inc***., 525 U.S. 182 (1999).

> **[A]n author is generally free to decide whether or not to disclose his or her true identity…. [A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.**

***McIntyre v. Ohio Elections Comm.***, 514 U.S. 334, 341-42. (1995).  "Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and dissent." *Id*. at 356.  A court order—even when issued at the behest of a private party—constitutes state action. ***New York Times v. Sullivan***, 364 U.S. 254, 265 (1964). Thus, the amputation of a speaker's First Amendment right of anonymity is subject to limitations with constitutional timbre.  It is well settled that this principle applies equally to anonymous speech on the Internet. The "BV Files" authors, whoever they are, have a First Amendment right to publish their opinions on the Internet anonymously.  ***Reno v. ACLU***, 521 U.S. 844, 853 (1997); *see also **ApolloMedia Corp. v. Reno***, 19 F. Supp. 1081 (N.D.

Cal. 1998) (protecting anonymous denizens of www.annoy.com, a website "created and designed to annoy" legislators), *aff'd by **ApolloMedia Corp. v. Reno***, 526 U.S. 1061 (1999).  Any order to destroy a speaker's anonymity is subject to constitutional limitations.  ***New York Times***, 364 U.S. at 265.  Because compelled identification affects the First Amendment right of anonymous speakers to remain anonymous, justification for an incursion upon that right requires proof of a compelling interest.  ***McIntyre***, 514 U.S. at 347.

The person seeking to discover the identity of an anonymous speaker has the burden to show:

(i)    The issue on which discovery is sought is not just relevant, but goes to the heart of the plaintiff's case;

    (ii)    Disclosure of the identity of the anonymous speaker is necessary because the party seeking disclosure is likely to prevail on all other issues in the case; and

    (iii)    The party seeking disclosure has exhausted all other means.

*See **United States v. Caporale***, 806 F.2d 1487 (11th Cir. 1986); ***Miller v. Transamerican Press***, 621 F.2d 721, 726 (5th Cir. 1980).  Until plaintiff has made the required showings, any compelled disclosure of documents that would destroy the speaker's anonymity is premature.

## REQUEST FOR PRODUCTION NO. 3:

Produce any [word or phrase apparently omitted] relating to any website hosting services purchased or for renewed by Defendant.  Plaintiff only requests documents relating to services rendered on or which continued after March 1, 2018.

RESPONSE:    **Objection**.  The request's apparent omission of a key term or phrase causes the request to fail to describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992).  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing." ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

**Answer**.  Subject to, and without waiving, the foregoing objection—and assuming the omitted word or phrase is "documents" or "material"— Retzlaff refers plaintiff to his answer and objections to Interrogatory No. 1.

## REQUEST FOR PRODUCTION NO. 4:

Produce any material relating to any services purchased by Defendant from Cloudflare, Inc. Plaintiff only requests documents relating to services rendered or which continued after March 1, 2018.

RESPONSE:   **Objection**. The request's use of the overbroad (as defined) term "material" does not describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); *Parsons v. Jefferson-Pilot Corp*., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing."  *Surles v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007).  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**Answer**.  Subject to, and without waiving, the foregoing objection, no documents responsive to the request as propounded are within Retzlaff's actual or constructive possession.

## REQUEST FOR PRODUCTION NO. 5:

Produce any material containing the name of any person who pays for any services (of any nature, type, and description) relating to BV Files.

RESPONSE:   **Objection**. The request's use of the overbroad (as defined) term "material" does not describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); *Parsons v. Jefferson-Pilot Corp*., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). "Although a [party] should not be denied access to information necessary to establish her

claim, neither may a [party] be permitted to go fishing." ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**Answer**.  Subject to, and without waiving, the foregoing objection, Retzlaff refers plaintiff to his answer to Interrogatory No. 1.

## REQUEST FOR PRODUCTION NO. 6:

Produce any material and communication relating to Plaintiff that you have sent to or received from KLR. The scope of this request is materials and communications sent or received between March 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:   **Objection**. The request's use of the overbroad (as defined) terms "material" and "communication" does not describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing." ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).

**OBJECTION**:  Attorney work product / items produced in anticipation of litigation.

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**Answer**.  Subject to, and without waiving, the foregoing objections, no documents responsive to the request as propounded are within Retzlaff's

actual or constructive possession except for correspondence sent by counsel for Retzlaff (which plaintiff already has).

## REQUEST FOR PRODUCTION NO. 7:

Produce any material and communication relating to Plaintiff that you have sent to or received from Denton DA. The scope of this request is materials and communications sent or received between March 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:    **Objection**.   The request's use of the overbroad (as defined) terms "material" and "communication" does not describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); *Parsons v. Jefferson-Pilot Corp*., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing." *Surles v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007).  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

**OBJECTION**:  Attorney work product / items produced in anticipation of litigation.

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

## REQUEST FOR PRODUCTION NO. 8:

Produce any material and communications relating to Plaintiff that you have sent to or received from Collin DA. The scope of this request is materials and communications sent or received between March 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:    **Objection**.  The request's use of the vague terms "Collin DA" does not describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); *Parsons v. Jefferson-Pilot Corp*., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). Furthermore, the documents sought are not relevant to any party's claims or defenses and not

reasonably calculated to the lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**: Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

## REQUEST FOR PRODUCTION NO. 9:

Produce any material and communications relating to Plaintiff that you have sent to or received from any Law Enforcement Agent. The scope of this request is materials and communications sent or received between March 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:   **Objection**.   The request's use of the overbroad (as defined) terms "material," "communications," and "Law Enforcement Agent fails to describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992).  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing."  ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).  Furthermore, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**: Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

## REQUEST FOR PRODUCTION NO. 10:

Produce any material and communications *of any kind* that you have sent to or received from Isaac Lee Marquart a/k/a Sam Benneth. The scope of this request is materials and communications sent or received between August 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:  **Objection**.   The request's use of the overbroad (as defined) terms "material" and "communications" fails to describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992).  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing."  ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007). Furthermore, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any material and communications *of any kind* that you have sent to or received from Jason Ryan De Keresforth Armitage. The scope of this request is materials and communications sent or received between August 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:  **Objection**.   The request's use of the overbroad (as defined) terms "material" and "communications"  and inclusion of the inherently overbroad phrase "*of any kind*" fails to describe with reasonable particularity the item or category of items to be produced, as required.  FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992).  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing."  ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007). Furthermore, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

9

**REQUEST FOR PRODUCTION NO. 12:**

Produce any material communications *of any kind* that you have sent to or received from Corey Deonta Momot or any attorney representing Corey Deonta Momot. The scope of this request is materials and communications sent or received between August 1, 2018 and March 1, 2020. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:   **Objection**.   The request's use of the undefined term "material communications" does not describe with reasonable particularity the item or category of items to be produced, as required.   FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing." ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).  Further, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

**REQUEST FOR PRODUCTION NO. 13:**

Produce any communications relating to Plaintiff that you have sent to or received from any current or former client of Plaintiff. The scope of this request is materials and communications sent or received between March 1, 2018 and February 29, 2019. This request includes material and communications sent by you or by *any* person acting on your behalf, including your attorneys.

RESPONSE:   **Objection**.   The request's use of the overbroad (as defined) terms "communications relating to Plaintiff" fails to describe with reasonable particularity the item or category of items to be produced, as required. FED. R. CIV. P. 34(b)(1)(A); ***Parsons v. Jefferson-Pilot Corp***., 141 F.R.D. 408, 412 (M.D.N.Y. 1992).  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to go fishing." ***Surles v. Greyhound Lines, Inc***., 474 F.3d 288, 305 (6th Cir. 2007).  Furthermore, the documents sought are not relevant to any party's claims or defenses and not reasonably calculated to the lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

**OBJECTION - Privilege**:  Retzlaff further declines to respond pursuant to his rights under the Fifth Amendment due to Van Dyke having made police

reports against Retzlaff regarding the subject of this discovery request.  See attached Exhibits 1 and 2.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
State Bar No. 00787386
Federal ID # 18465
jdorrell@hanszenlaporte.com
**ANTHONY L. LAPORTE**
State Bar No. 00787876
alaporte@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT TOM RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____4-20_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

>Mr. Jason Lee Van Dyke
>Plaintiff, Pro Se
>P.O. Box 2618
>Decatur, Texas 76234
>Telephone: 940-305-9242
>jasonleevandyke@protonmail.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**

EXHIBIT 1

**From:** Jason Van Dyke <jason@vandykelawfirm.com>
**Subject: FW: Notice of Representation**
**Date:** October 26, 2018 at 9:40:33 AM CDT
**To:** "Wicevich, Walker (PX) (FBI)" <wwicevich@fbi.gov>
**Cc:** Jeffrey Dorrell <JDorrell@hanszenlaporte.com>, Kristin Brady
<Kristin.Brady@TEXASBAR.COM>

Special Agent Wicevich –

I just received this from Mr. Retzlaff.  It appears to be a letter to his attorney that he
copied me on.  He clearly intends to continue harassing and stalking my mother – a
seventy year old senior citizen who is battling breast cancer – through interstate
commerce.  I understand that this is a violation of 18 U.S.C. 2281(A).  If the FBI doesn't
want to do its job and put a stop to this, I understand.  I am happy to speak with the
officer at the Frisco Police Department who took my mother's report.



**Mr. Jason L. Van Dyke**
The Van Dyke Law Firm P.L.L.C.

108 Durango Drive
Crossroads, TX 76227
(469) 964-5346 Work
(972) 421-1830

jason@vandykelawfirm.com

EXHIBIT 2

| PAGE # | ORI NUMBER | | **TEXAS** | | INTERNAL INCIDENT STATUS: | EXCEPTIONAL CLEARANCE STATUS: |
|---|---|---|---|---|---|---|
| 1 | TX2490000 | | | | ☐ (A) Active | ☐ (A) Death of the Offender |
| INCIDENT NUMBER | | | **INCIDENT REPORT** | | ☐ (CA) Closed by Arrest | ☐ (B) Prosecution Declined |
| 19-0601108 | | | APPROVED (Lieutenant Anissa R. Satterfield) | | ☐ (CE) Closed by Exception | ☐ (C) Extradition Denied |
| DATE(S) OF INCIDENT | | R | AGENCY NAME | | ☐ (CO) Closed by Other Means | ☐ (D) Victim Ref. to Cooperate |
| 06/04/2019 | | | Wise County Sheriff's Office | | ☐ (I) Inactive | ☐ (E) Juvenile, No Custody |
| TIME(S) OF INCIDENT | | DAY(S) OF INCIDENT | | | ☐ (U) Unfounded | ■ (N) Not Applicable |
| 08:57 | | Tuesday | | | | |

| DISPATCHER | | TIME RECEIVED | TIME ARRIVED | REPORTING AREA | | EXCEPT. CLEAR. DATE |
|---|---|---|---|---|---|---|
| meinenh - meinenh | | 9:05 | 9:16 | | | |

| OFFENSE # | UCR CODE | OFFENSE STATUS: | OFFENDER USED: | ☐ (N) Not Applicable | Burglary (220) Location 14&19: | FORCED ENTRY? |
|---|---|---|---|---|---|---|
| 1 | 13C | ☐ (A) Attempted ■ (C) Completed | ☐ (A) Alcohol ■ (C) Cptr. Equip. ☐ (D) Drugs | | # PREMISES ENTERED? | ☐ Yes ☐ No |

| OFFENSE DESCRIPTION | STATUTE | ADDRESS OF OFFENSE |
|---|---|---|
| OBSTRUCTION OR RETALIATION-13990026 | 36.06(c) | 117 HILLCREST LANE, WISE COUNTY |

**LOCATION CODE** (Enter 1)

☐ (01) Air/Bus/Train Terminal
☐ (02) Bank/Savings & Loan
☐ (03) Bar/Night Club
☐ (04) Church/Synagogue/Temple/Mosque
☐ (05) Commercial/Office Building
☐ (06) Construction Site
☐ (07) Convenience Store
☐ (08) Department/Discount Store
☐ (09) Drug Store/Doctor's Office/Hospital
☐ (10) Field/Woods
☐ (11) Government/Public Building
☐ (12) Grocery/Supermarket
☐ (13) Highway/Road/Alley/Street/Sidewalk
☐ (14) Hotel/Motel/Etc.
☐ (15) Jail/Prison/Penitentiary/Corrections Facility
☐ (16) Lake/Waterway/Beach

☐ (17) Liquor Store
☐ (18) Parking Lot/Drop Lot/Garage
☐ (19) Rental/Storage Facility
☐ (20) Residence/Home
☐ (21) Restaurant
☐ (23) Service/Gas Station
☐ (24) Specialty Store
☐ (25) Other/Unknown
☐ (37) Abandoned/Condemned Structure
☐ (38) Amusement Park
☐ (39) Arena/Stadium/Fairgrounds/Coliseum
☐ (40) ATM Separate From Bank
☐ (41) Auto Dealership New/Used
☐ (42) Camp/Campground
☐ (44) Daycare Facility
☐ (45) Dock/Wharf/Freight/Modal Terminal

☐ (46) Farm Facility
☐ (47) Gambling Facility/Casino/Race Track
☐ (48) Industrial Site
☐ (49) Military Installation
☐ (50) Park/Playground
☐ (51) Rest Area
☐ (52) School - College/University
☐ (53) School - Elementary/Secondary
☐ (54) Shelter - Mission/Homeless
☐ (55) Shopping Mall
☐ (56) Tribal Lands
☐ (57) Community Center

**WEAPON FORCE:** (Max. 3)
(For 11-15, place "A" in space next to box if weapon was an Automatic.)

____ ☐ (11) Firearm (Type not stated)  ☐ (90) Other
____ ☐ (12) Handgun  ☐ (95) Unknown
____ ☐ (13) Rifle  ☐ (99) None
____ ☐ (14) Shotgun
____ ☐ (15) Other Firearm
☐ (20) Knife/Cutting Instru. (Ax, etc.)
☐ (30) Blunt Object (Club, etc.)
☐ (35) Motor Vehicle (As weapon)
☐ (40) Personal Weapons (Hands, etc.)
☐ (50) Poison
☐ (60) Explosives
☐ (65) Fire/Incendiary Device

| TYPE CRIMINAL ACTIVITY: (Max. 3) | | TYPE GANG ACTIVITY: (Max. 3) | ☐ (70) Narcotics/Drugs/ Sleeping Pills |
|---|---|---|---|
| ☐ (B) Buying | ☐ (O) Operating/Promoting/Assisting | ☐ (G) Other Gang | ☐ (85) Asphyxiation |
| ☐ (C) Cultivate/Manufacture/Publish | ☐ (P) Possessing/Concealing | ☐ (J) Juvenile Gang | |
| ☐ (D) Distributing/Selling | ☐ (T) Transport/Transmit/Import | ☐ (N) None/Unknown | BIAS MOTIVATED CRIME: |
| ☐ (E) Exploiting Children | ☐ (U) Using/Consuming | | None (No Bias) |

| VICTIM # | NAME: Last, | First, | Middle | DRIVER'S LICENSE | DR. LI. STATE | SOC. SEC. NO. | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| 1 | VANDYKE, | JASON | LEE | | | | |

| RESIDENT ADDRESS: | Street | City | State | ZIP |
|---|---|---|---|---|
| | | | | |

RELATIONSHIP OF THIS VICTIM TO OFFENDERS
(check relationship under appropriate offender number):
#1 #2 #3 #4 #5 #6 #7 #8 #9 #10

| OCCUPATION | RESIDENT PHONE |
|---|---|
| ATTORNEY | |

| EMPLOYMENT PHONE | SEX: |
|---|---|
| | ■ (M) Male ☐ (F) Female ☐ (U) Unknown |

**ETHNIC:**
☐ (H) Hispanic  ■ (N) Nonhispanic  ☐ (U) Unknown

**AGE:**
Exact Age ___ 39
Range ___ / ___
☐ (NN) Under 24 Hrs. Old
☐ (NB) 1-6 Days Old
☐ (BB) 7-364 Days Old
☐ (99) Over 98 Yrs. Old
☐ (00) Unknown

**RACE:**
■ (W) White  ☐ (I) American Indian  ☐ (U) Unknown
☐ (B) Black  ☐ (A) Asian/Pacific Islander

**RES. STATUS:**
■ (R) Resident  ☐ (N) Nonresident  ☐ (U) Unknown

**VICTIM TYPE:** ■ (I) Individual ☐ (B) Business ☐ (F) Financial Institution ☐ (U) Unknown
☐ (G) Government ☐ (R) Religious ☐ (S) Society/Public ☐ (O) Other

VICTIM WAS:
(SE) Spouse
(CS) Common-Law Spouse
(PA) Parent
(SB) Sibling
(CH) Child
(GP) Grandparent
(GC) Grandchild
(IL) In-Law
(SP) Stepparent
(SC) Stepchild
(SS) Stepsibling
(OF) Other Family Member
(AQ) Acquaintance
(FR) Friend
(NE) Neighbor
(BE) Babysittee (baby)
(BG) Boyfriend/Girlfriend
(CF) Child of Boyfriend/Girlfriend
(XS) Homosexual Relationship
(XS) Ex-Spouse
(EE) Employee
(ER) Employer
(OK) Otherwise Known
(RU) Relationship Unknown
(ST) Stranger
(VO) Victim was Offender

| VICTIM INJURY: (Max. 5) | ☐ (M) Apparent Minor Injury | THIS VICTIM RELATED TO WHICH OFFENSES? |
|---|---|---|
| ☐ (N) None | ☐ (O) Other Major Injury | ☐ #1 ☐ #4 ☐ #7 ☐ #10 |
| ☐ (B) Apparent Broken Bones | ☐ (T) Loss of Teeth | ☐ #2 ☐ #5 ☐ #8 others: |
| ☐ (I) Possible Internal Injury | ☐ (U) Unconsciousness | ☐ #3 ☐ #6 ☐ #9 |
| ☐ (L) Severe Laceration | | |

**AGGRAVATED ASSAULT/HOMICIDE CIRCUMSTANCES**

Aggravated Assault/Murder: (max. 2)
☐ (01) Argument
☐ (02) Assault On Law Enf. Officer
☐ (03) Drug Dealing
☐ (04) Gangland
☐ (05) Juvenile Gang
☐ (06) Lover's Quarrel
☐ (07) Mercy Killing
☐ (08) Other Felony Involved
☐ (09) Other Circumstances
☐ (10) Unknown Circumstances

Negligent Manslaughter: (enter 1)
☐ (30) Child Playing With Weapon
☐ (31) Gun-Cleaning Accident
☐ (32) Hunting Accident
☐ (33) Other Negligent Weapon Handling
☐ (34) Other Negligent Killings

Justifiable Homicide: (enter 1)
☐ (20) Criminal Killed by Private Citizen
☐ (21) Criminal Killed by Police Officer

ADDITIONAL JUSTIFIABLE HOMICIDE CIRC.: (enter 1)
☐ (A) Criminal Attacked Police Officer
☐ (B) Criminal Attacked Fellow Police Officer
☐ (C) Criminal Attacked Civilian
☐ (D) Criminal Attempted Flight from a Crime
☐ (E) Criminal Killed in Commission of a Crime
☐ (F) Criminal Resisted Arrest
☐ (G) Unable to Determine/Not Enough Information

| REPORT DATE | DAY | TIME (Military) | REPORTING OFFICER | CODE # | APPROVING SUPERVISOR | CODE # | DATE APPROVED |
|---|---|---|---|---|---|---|---|
| 06/04/2019 | Tue | 8:57 | Sergeant John C. Mosley | 9385 | Lieutenant Anissa R. Satterfi | 6229 | 06/05/2019 |

# INCIDENT REPORT

| PAGE # | DATE | INCIDENT NUMBER | OR# ("B") | REPORTING OFFICER | | CODE # | VICTIM NAME |
|---|---|---|---|---|---|---|---|
| 2 | 06/04/2019 | 19-0601108 | TX2490000 | Sergeant John C. Mosley | | 9385 | VANDYKE, JASON LEE |

**OFFENDER / ARRESTEE — AD**

| ARRESTEE # | NAME | Last, | | First, | | Middle, | | AKA | |
|---|---|---|---|---|---|---|---|---|---|
| | | RETZLAFF, THOMAS CHRISTOPHER | | | | | | | |

| OFFENDER # | RESIDENT ADDRESS | Street | | City | | State | Zip | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | 78249 | |

| RESIDENT PHONE | | EMPLOYMENT/SCHOOL PHONE | | DRIVER'S LICENSE | | DR. LI. STATE | SSN |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARREST LOCATION | | OCCUPATION | | PLACE OF EMPLOYMENT | ARREST TYPE: ☐ (O) On View Arrest |
|---|---|---|---|---|---|
| | | | | | ☐ (S) Summons/Cited   ☐ (T) Taken Into Cust. |

| SEX: ■ (M) Male  ☐ (F) Female  ☐ (U) Unk. | AGE: EXACT AGE 53 | MULT. ARREST INDIC.: ☐ (C) Count Arrestee | ☐ (M) Multiple ☐ (N) N/A | WEAPONS AT ARREST: (Max. 2) *(Place "A" in blank if automatic)* |
|---|---|---|---|---|
| ETHNIC: ☐ (H) Hispanic ☐ (N) Nonhisp. ■ (U) Unk. | AGE RANGE: ___ to ___ | | | ☐ (01) Unarmed  ☐ (16) Illegal Cutting |
| RACE  ☐ (W) White ☐ (B) Black ☐ (I) American Indian | ☐ (99) Over 98 Yrs. Old ☐ (00) Unknown | DISPOSITION OF JUVENILE: ☐ (H) Handled within Department. | | ☐ (11) Firearm   Instr. |
| ☐ (A) Asian/Pacific Islander  ■ (U) Unknown | | ☐ (R) Referred outside Department | | ☐ (12) Handgun |
| RES. STATUS: ☐ (R) Resident  UCR ARR. CODE  OFFENSE NAME | | ARREST DATE | ARREST TRANSACT. # | ☐ (13) Rifle  ☐ (17) Club / Blackjack / |
| ☐ (N) Nonres. ■ (U) Unknown | | | | ☐ (14) Shotgun  Brass Kn. ☐ (15) Other Firearm |

| HEIGHT | WEIGHT | BUILD | HAIR COLOR | HAIR STYLE | HAIR LENGTH | EYE COLOR | SKIN TONE |
|---|---|---|---|---|---|---|---|
| 5'09" | 180 | | BRO - Brown | | | BRO - Brown | |

**OFFENDER / ARRESTEE**

| ARRESTEE # | NAME | Last, | | First, | | Middle, | | AKA | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| OFFENDER # | RESIDENT ADDRESS | Street | | City | | State | Zip | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| RESIDENT PHONE | | EMPLOYMENT/SCHOOL PHONE | | DRIVER'S LICENSE | | DR. LI. STATE | SSN |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARREST LOCATION | | OCCUPATION | | PLACE OF EMPLOYMENT | ARREST TYPE: ☐ (O) On View Arrest |
|---|---|---|---|---|---|
| | | | | | ☐ (S) Summons/Cited   ☐ (T) Taken Into Cust. |

| SEX: ☐ (M) Male  ☐ (F) Female  ☐ (U) Unk. | AGE: EXACT AGE ___ | MULT. ARREST INDIC.: ☐ (C) Count Arrestee | ☐ (M) Multiple ☐ (N) N/A | WEAPONS AT ARREST: (Max. 2) *(Place "A" in blank if automatic)* |
|---|---|---|---|---|
| ETHNIC: ☐ (H) Hispanic ☐ (N) Nonhisp. ☐ (U) Unk. | AGE RANGE: ___ to ___ | | | ☐ (01) Unarmed  ☐ (16) Illegal Cutting |
| RACE  ☐ (W) White ☐ (B) Black ☐ (I) American Indian | ☐ (99) Over 98 Yrs. Old ☐ (00) Unknown | DISPOSITION OF JUVENILE: ☐ (H) Handled within Department. | | ☐ (11) Firearm   Instr. |
| ☐ (A) Asian/Pacific Islander  ☐ (U) Unknown | | ☐ (R) Referred outside Department | | ☐ (12) Handgun |
| RES. STATUS: ☐ (R) Resident  UCR ARR. CODE  OFFENSE NAME | | ARREST DATE | ARREST TRANSACT. # | ☐ (13) Rifle  ☐ (17) Club / Blackjack / |
| ☐ (N) Nonres. ☐ (U) Unknown | | | | ☐ (14) Other Firearm  Brass Kn. ☐ (15) Other Firearm |

| HEIGHT | WEIGHT | BUILD | HAIR COLOR | HAIR STYLE | HAIR LENGTH | EYE COLOR | SKIN TONE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**SUBJECT DESCRIPTORS**

# INCIDENT REPORT

| PAGE # | DATE | INCIDENT # | REPORTING OFFICER | CODE # | VICTIM NAME |
|---|---|---|---|---|---|
| 3 | 06/04/2019 | 19-0601108 | Sergeant John.C. Mosley | 9385 | VANDYKE, JASON LEE |

**VEHICLE LEAD / VEHICLE**

| YEAR | MAKE | MODEL | STYLE | VIN | | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|

| OWNER'S NAME | | | ADDRESS | | | |
|---|---|---|---|---|---|---|

| TOP/SOLID COLOR | | SECOND COLOR | | DISPOSITION OF RECOVERY: ☐ (I) Impounded ☐ (R) Released To Owner |
|---|---|---|---|---|

| YEAR | MAKE | MODEL | STYLE | VIN | | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|

| OWNER'S NAME | | | ADDRESS | | | |
|---|---|---|---|---|---|---|

| TOP/SOLID COLOR | | SECOND COLOR | | DISPOSITION OF RECOVERY: ☐ (I) Impounded ☐ (R) Released To Owner |
|---|---|---|---|---|

**PROPERTY**

| OF. CODE | P. LOSS | P. DES. | QTY. | DESCRIPTION (Include serial number, make, model, primary color) | OWNER | ITEM VALUE | RECOV. DATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| TOTAL NUMBER VEHICLES STOLEN: | TOTAL NUMBER VEHICLES RECOVERED: | TOTAL VALUE STOLEN: | TOTAL VALUE RECOVERED: |
|---|---|---|---|

**PROPERTY CODES**

PROPERTY LOSS:   (1) None   (2) Burned   (3) Counterfeited/Forged   (4) Damaged/Destroyed/Vandalized   (5) Recovered   (6) Seized   (7) Stolen, etc.   (8) Unk.

PROPERTY DESCRIPTION:
| | | | |
|---|---|---|---|
| (01) Aircraft | (14) Gambling Equipment | (27) Recordings-Audio/Visual | (42) Artistic Supplies/Accessories | (68) Lawn/Yard/Garden Equipment |
| (02) Alcohol | (15) Heavy Construction/Industrial Equipment | (28) Recreational Vehicles | (43) Building Materials | (69) Logging Equipment |
| (03) Automobiles | (16) Household Goods | (29) Structures-Single Occupancy | (44) Camping/Hunting/Fishing Equipment/Supplies | (70) Medical/Medical Lab Equipment |
| (04) Bicycles | (17) Jewelry/Precious Metals/Gems | (30) Structures-Other Dwellings | (45) Chemicals | (71) Metals, Non-Precious |
| (05) Buses | (18) Livestock | (31) Structures-Commercial/Business | (46) Collections/Collectibles | (72) Musical Instruments |
| (06) Cloths/Furs | (19) Merchandise | (32) Structures-Industrial/Manufacturing | (47) Crops | (73) Pets |
| (07) Computer Hardware/Software | (20) Money | (33) Structures-Public/Community | (48) Documents/Personal or Business | (74) Photographic/Optical Equipment |
| (08) Consumable Goods | (21) Negotiable Instruments | (34) Structures-Storage | (49) Explosives | (75) Portable Electronic Communications |
| (09) Credit/Debit Cards | (22) Nonnegotiable Instruments | (35) Structures-Other | (59) Firearm Accessories | (76) Recreational/Sports Equipment |
| (10) Drugs/Narcotics | (23) Office-Type Equipment | (36) Tools | (64) Fuel | (77) Other |
| (11) Drug/Narcotic Equipment | (24) Other Motor Vehicles | (37) Trucks | (65) Identity Documents | (78) Trailers |
| (12) Farm Equipment | (25) Purses/Handbags/Wallets | (38) Vehicle Parts/Accessories | (66) Identity - Intangible | (79) Watercraft Equipment/Parts/Accessories |
| (13) Firearms | (26) Radios/TVs/VCRs/DVD Players | (39) Watercraft | (67) Law Enforcement Equipment | (80) Weapons - Other |
| | | (41) Aircraft Parts/Accessories | | (88) Pending Inventory (of Property) |

**DRUG INFO.**

| DRUG TYPE | WHOLE DRUG QUANTITY | FRACTIONAL DRUG QUANTITY | DRUG MEASUREMENT | TYPE DRUG MEASUREMENT: |
|---|---|---|---|---|
| | | | | WEIGHT / CAPACITY |

TYPE DRUG MEASUREMENT:
WEIGHT
(GM) Gram   (KG) Kilogram   (OZ) Ounce   (LB) Pound
CAPACITY
(ML) Milliliter   (LT) Liter   (FO) Fluid Ounce   (GL) Gallon

UNITS
(DU) Dosage Unit (Pills, etc.)
(NP) Number of Plants

DRUG TYPE:
(A) "Crack" Cocaine   (D) Heroin   (G) Opium   (J) PSP   (M) Other Stimulants   (P) Other Drugs
(B) Cocaine   (E) Marijuana   (H) Other Narcotics   (K) Other Hallucinogens   (N) Barbiturates   (U) Unknown Type Drug
(C) Hashish   (F) Morphine   (I) LSD   (L) Amphetamines/Methamphetamines   (O) Other Depressants   (X) Over 3 Drug Types

**COMPLNT.**

| NAME: Last, | First, | Middle | SEX: ☐ (M) Male ☐ (F) Female ☐ (U) Unk. | AGE: ___ ☐ (00) Unknown | RACE: ☐ (W) White ☐ (B) Black ☐ (I) American Indian ☐ (A) Asian/Pacific Islander ☐ (U) Unknown |
|---|---|---|---|---|---|
| RESIDENT ADDRESS: Street | City | State | Zip | RESIDENT PHONE | EMPLOY'T. PHONE |

**CONFIDENTIAL SUPPLEMENT**

| PAGE # | DATE | INCIDENT NUMBER | REPORTING OFFICER | | CODE # | VICTIM NAME |
|---|---|---|---|---|---|---|
| 4 | 06/04/2019 | 19-0601108 | Sergeant John C. Mosley | | 9385 | VANDYKE, JASON LEE |

<table>
<tr><td rowspan="14" style="writing-mode:vertical-rl">W I T N E S S E S</td></tr>
<tr><td colspan="3">NAME:      Last,                First,              Middle</td><td>SEX:  ☐ (U) Unk.<br>☐ (M) Male<br>☐ (F) Female</td><td>AGE:<br>☐ (00) Unknown</td><td>RACE:  ☐ (U) Unk.<br>☐ (W) White  ☐ (B) Black<br>☐ (I) American Indian</td></tr>
<tr><td colspan="6">RESIDENT ADDRESS:   Street         City      State    Zip      RESIDENT PHONE   EMPL. PHONE   ☐ (A) Asian/Pacific Islander</td></tr>
</table>

| NAME: | Last, | First, | Middle | SEX: ☐ (U) Unk. ☐ (M) Male ☐ (F) Female | AGE: ☐ (00) Unknown | RACE: ☐ (U) Unk. ☐ (W) White ☐ (B) Black ☐ (I) American Indian |
|---|---|---|---|---|---|---|
| RESIDENT ADDRESS: Street | City | State | Zip | RESIDENT PHONE | EMPL. PHONE | ☐ (A) Asian/Pacific Islander |

**NARRATIVE:**

1. On 6-4-2019 at approximately 0905 hours, Sgt. Mosley was dispatched to the WCSO lobby in regards to a harassment/retaliation report. Upon arrival, Mosley met with the complainant identified as Jason Lee Van Dyke

2. Jason stated he was being stalked/harassed/retaliated ag  by an individual named Thomas Christopher Retzlaff (DOB         . Jason believes the issues started after he worked pro bono as an attorney to shut down a revenge pornography website PinkMeth and the identity theft website Dox6in.

3. Jason has tried to file multiple reports with other law enforcement agencies. Jason has also sued Thomas twice in an attempt to stop the harassment. On or around December 2018, Jason changed his phone number and e-mail address to prevent further contact from Thomas. In February 2019, Jason moved from Crossroads, Texas. In April 2019, Jason moved to Wise County.

4. Thomas continues to file false reports with the State Bar of Texas against Jason and post on a website called www.viaviewfiles.net.  Jason's current address, photograph of his residence, and a map were published to this website.

5. Some of Jason's former supervisors have been targeted also. The website states a new article would be published soon. This has also occurred with some of his prior employers.

6. Jason completed a witness statement and signed a prosecution form. The documents were scanned into this report. Mosley cleared with this offense report.

SUPPLEMENT #1    Lieutenant Anissa R. Satterfield - 6229    06/05/2019    09:11

1.  Report reviewed and apprvoed. Case forwarded to CID.  6-5-19

# WITNESS STATEMENT OF FACTS

CFS NUMBER: 19-0601108

DATE: 6-4-19          PLACE: WCSO          TIME STARTED: 9:40 Am

My name is JASON Lee VAN DYKE                    , I am 39 years of age,

having been born on _____. I have completed 20 years of formal education. I

understand that I am not under arrest or detained in any manner concerning the events I am about to make known to

WCSO                                  , and that I am, in fact, free to leave at any time. I reside at

(Address)_____ , _____ , (City) _____ , (State) _____ ,

(Zip)_____ . My occupation is _____ and I am employed by

_____ _____ . My home telephone number is (____) __

my work telephone number is (____) Same          , my pager telephone number is (____) Same     ,

and my cellular telephone number is (____) Same     .

I have been harassed/stalbed by Thomas Christopher Retzlaff,
who I believe is Domiciled in Maricopa County, Arizona for
approximately 27 months. I have filed multiple reports with
law enforcement, sued him twice, and tried to get him to leave
me alone on many occassions. On or Around December of 2016,
I changed my telephone number and e-mail address to
prevent him from contacting me or publishing that information.
In February of 2017, I sold my house at _____

I have read each page of this statement consisting of __3__ page(s), each page of which bears my signature, and
corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct. I also declare that I was
not told or prompted what to say in this statement.

This statement was completed at 1006 (time) on the 4m day of June , 2019.

WITNESS: _~~SLCMJ 9385~~_

WITNESS: _____

_____
Signature of person giving voluntary statement

Page 1 of 3 .

WCSO Witness Statement of Facts

Witness Statement of Facts (continued)

so he would no longer have my address. I moved to Wise County on or around April 5, 2019. Since moving here, he has continued to harass me through false reports to the State Bar of Texas and a website: www.viaviewfiles.net Retzlaff denies owning this website. I believe that he either owns this website or provides its content because the website has previously published information that could only be known to him or his attorney.

Retzlaff, or persons acting in concert with him, published my new address, a picture of my home, and a map to my home on the website on or around May 27, 2019. On or around June 4, 2019 a comment appeared on the website indicating that a new article would be published soon about Edward LaMonica, Ashley Mitchell and Hailey Kemp. LaMonica/Mitchell are my prior supervisors at White, Jacobs & Associates in Plano, TX. Kemp is a former client and daughter to one of my prior supervisors/clients (Nick Siatha) at Tucker Albin & Associates Inc. in Richardson, Texas. Retzlaff has previously contacted my clients directly and the website has previously published pictures of my clients, their homes, and their children.

WITNESS: _____ 9385

WITNESS: _____

_____
Signature of witness giving statement

Page 2 of 3

WCSO Witness Statement of Facts
Page 2 and up

Witness Statement of Facts (continued)

It is my opinion that Mr. Retzlaff is doing this in retaliation for my role in shutting down the revenge pornography website Pink Meth and the identity theft website Doxbin. Other Attorneys and individuals he has harassed are:

Marc  Randazza      -
John  Morgan         -
Philip  Klein        -
Evan  Stone          -
Kyle  Bristow        -
Jay  Liederman       -  Phone Number Not Known
James  McGibney      -

Retzlaff has been convicted of multiple felonies in Texas, has had his parental rights to his children terminated in Texas, and has been declared a vexatious litigant in Texas. I do not believe that Retzlaff will physically harm me, but I do believe he will continue to harass me and others until action is taken against him in court. I ask that a warrant be issued for the arrest of Thomas Christopher Retzlaff for the third degree felony offense of stalking. Tex. Penal Code 42.072. End of statement.

WITNESS: _____ 9385

WITNESS: _____

Signature of witness giving statement

Page 3 of 3.

WCSO Witness Statement of Facts
Page 2 and up



# Wise County Sheriff's Office
## Sheriff Lane Akin
200 Rook Ramsey Drive
Decatur, Texas 76234

(940) 627-5971

Fax (940) 627-3797

Date: 6-4-19

CFS #: 19-060 1108

I certify the information I provided to _GT Mosley_, a certified peace officer, is true fact. I understand if the information is false or deceptive I have committed the following offense:

§ 37.08. FALSE REPORT TO PEACE OFFICER OR LAW ENFORCEMENT EMPLOYEE. (a) A person commits an offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to:

(1) a peace officer conducting the investigation; or

(2) any employee of a law enforcement agency that is authorized by the agency to conduct the investigation and that the actor knows is conducting the investigation.

(b) In this section, "law enforcement agency" has the meaning assigned by Article 59.01, Code of Criminal Procedure.

(c) An offense under this section is a Class B misdemeanor.

I **Do** / Do Not wish to prosecute in this matter. My signature below indicates I have read the above statue, and agree to make a true statement to the above stated deputy of the Wise County Sheriff's Office.

_____
Complainant's Signature

Jason Lee Van Dyke
Complainant's Printed Name

_____
Date of Birth

_____  9385
Deputy Signature

_____
Witness Signature

Safe and Sound