# IN THE UNITED STATES DISTRICT FOR THE
# EASTERN DISTRICT OF TEXAS,
# SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE,** | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:18-CV-247-ALM** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
| *Defendants* | § | |

### RETZLAFF'S MOTION TO STRIKE VAN DYKE'S INCOMPETENT CONTROVERTING SUMMARY JUDGMENT EVIDENCE

Retzlaff moves to strike incompetent evidence Van Dyke offers (Doc. 206-1 to 206-13) to controvert Retzlaff's motion for summary judgment (Doc. 196).

### I. INTRODUCTION

1.  Plaintiff Jason Van Dyke sued defendant Thomas Retzlaff for $100,000,000.00 for libel and other causes of action after Retzlaff filed an allegedly frivolous grievance against him with the State Bar of Texas.

2.  The discovery period ended on June 23, 2020. (Doc. 117).

3.  This case is set for trial during January 4-29, 2021. (Doc. 117).

4.  Retzlaff's motion for no-evidence summary judgment (Doc. 196) is pending. Van Dyke filed a response (Doc. 206), to which were appended Exhibits 1-13 (Doc. 206-1 to 206-13) to controvert Retzlaff's motion.

5.  As shown in detail below, much of Van Dyke's evidence is incompetent. Retzlaff moves to strike it.

## II. ARGUMENT & AUTHORITIES

6. A party asserting that a fact cannot be genuinely disputed must show that the adverse party cannot produce admissible evidence to support the fact. FED. R. CIV. P. 56(c)(1)(B). A party may object that the material cited to support a fact cannot be produced in admissible form. FED. R. CIV. P. 56(c)(2). The Court should strike summary-judgment evidence that is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. ***Cooper-Schut v. Visteon Auto. Sys.***, 361 F.3d 421, 429 (7th Cir. 2004).

7. A declaration used to oppose a summary judgment motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4). The object of Rule 56 "is not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit." ***Lujan v. National Wildlife Fed'n***, 497 U.S. 871, 888 (1990). Bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient. ***BellSouth Telecoms. v. W.R. Grace & Co.***, 77 F.3d 603, 615 (2nd Cir. 1996). Conclusory statements unsupported by evidence of record are insufficient to avoid summary judgment. ***Cooper-Schut***, 361 F.3d at 429; ***TIG Ins. v. Sedgwick James***, 276 F.3d 754, 759 (5th Cir. 2002) (unsubstantiated assertions and legalistic argumentation are no substitute for facts showing genuine dispute of material fact). The Court should strike any portions of Van Dyke's declaration that do not meet the standards of Rule 56(c)(4). ***Akin v. Q-L Invs., Inc.***, 959 F.2d 521, 530-31 (5th Cir. 1992).

## A. Van Dyke's Exhibit 1

8. Van Dyke appends his declaration as Exhibit 1 (Doc. 206-1). The following portions of Van Dyke's declaration are incompetent as summary judgment evidence. Retzlaff moves to strike them.

(i) Paragraph 5—Van Dyke has not been designated as an expert in this case and is not competent to testify to his opinions about the identity of authors of specific documents based on his claimed "familiarity" with writing styles of different authors. These are not admissible facts.

(ii) Paragraph 6—Van Dyke's testimony to his legal conclusion that an unspecified series of "applications for a protective order" filed by Retzlaff against Van Dyke were "frivolous" is not an admissible fact.

(iii) Paragraph 8—Van Dyke's testimony to his conclusory opinions and allegations about what Retzlaff allegedly "refused" to do and what discovery responses were (or were not) "meaningful," are not admissible facts.

(iv) Paragraph 12—Van Dyke's testimony to his legal conclusion that a grievance filed by Retzlaff against Van Dyke was "frivolous" is not an admissible fact.

(v) Paragraph 16—Van Dyke's testimony to his conclusory legal opinion that Retzlaff's affidavit was "perjured" is not an admissible fact.

(vi) Paragraph 18—Van Dyke's testimony regarding statements by nonparty witness Isaac Marquardt are inadmissible hearsay. Van Dyke's testimony regarding the substance or meaning of unproduced e-mails are inadmissible hearsay within hearsay

(vii) Paragraph 19—Van Dyke's testimony about what nonparty witness Isaac Marquardt "had knowledge of" is not within Van Dyke's own personal knowledge. Van Dyke's testimony about what Marquardt allegedly told him is inadmissible hearsay. Van Dyke's testimony that Marquardt was "known" to unspecified persons who shared Van Dyke's office space, and what such unspecified persons would have found "unusual," are incompetent because what other people knew or thought cannot be within Van Dyke's own personal knowledge.

## B. Van Dyke's Exhibit 4

9. Van Dyke appends as Exhibit 4 (Doc. 206-4) what purports to be a judgment in Cause No. 20-259-431; *Retzlaff v. Van Dyke*; in the 431st Texas State District Court. The document has not been authenticated by the testimony of any witness as required by FED. R. EVID. 901 and is not self-authenticating under FED. R. EVID. 902 (because there is no seal or file-stamp). The document has no probative value to any element of Van Dyke's remaining claims for libel per se, business disparagement, tortious interference with prospective relations, or malicious criminal prosecution. Even if authenticated, the document should be stricken as irrelevant. FED. R. EVID. 401.

## C. Van Dyke's Exhibit 8

10. Van Dyke appends as Exhibit 8 (Doc. 206-8) several e-mails neither sent to, nor received by, Van Dyke. The documents were not produced by Retzlaff and have not been authenticated by the testimony of any witness as required by FED. R. EVID. 901. The documents are not self-authenticating under FED. R. EVID. 902. The documents are inadmissible. Even if authenticated, out-of-court statements by nonparty witness Mike Shackleford in the e-mails are inadmissible hearsay. The documents should be stricken as hearsay.

## D. Van Dyke's Exhibit 13

11. Van Dyke appends as Exhibit 13 (Doc. 206-13) an affidavit signed by nonparty lay witness Isaac Lee Marquardt, Van Dyke's former roommate. Van Dyke did not identify Marquardt as a person with knowledge of relevant facts in his Rule 26(a) disclosures served on April 12, 2018. **Exhibit 1.** Van Dyke has

never amended his disclosures to name Marquardt. The Court should strike the affidavit of this undisclosed witness and should not consider it for any purpose. If the Court does not strike the Marquardt affidavit, Retzlaff moves to strike the following incompetent portions of Marquardt's affidavit:

(i) Paragraph 5—Marquardt is not competent to testify to his opinions about Van Dyke's subjective state of mind or to the causation of what he conclusorily characterizes as "significant emotional distress." These are not admissible facts.

(ii) Paragraph 6—Van Dyke's character is irrelevant to any issue in this case. Marquardt's testimony about Van Dyke's being "good and decent" and "trustworthy and honest almost to a fault" is inadmissible. Marquardt is not competent to testify to Van Dyke's subjective state of mind or to the causation of what Marquardt conclusorily characterizes as "significant emotional distress." These are not facts of which Marquardt is capable of having personal knowledge.

(iii) Paragraph 7—Marquardt's testimony that he "believes" Van Dyke is "mentally stable" and that accusations that Van Dyke is a pedophile are "completely untrue" is inadmissible. Marquardt's subjective belief is irrelevant and he is not competent to testify to Van Dyke's subjective state of mind. These are not facts of which Marquardt is capable of having personal knowledge.

(iv) Paragraph 8—Marquardt's cannot testify "with absolute certainty" that Van Dyke is heterosexual. This is not a fact of which Marquardt is capable of having personal knowledge.

(v) Paragraph 13—Marquardt's testimony about what Van Dyke told him is inadmissible hearsay.

(vi) Paragraph 14—Marquardt's testimony about various things Van Dyke told him is inadmissible hearsay.

(vii) Paragraph 16—Marquardt's testimony about various things plaintiff's father, Daniel Van Dyke, told him is inadmissible hearsay.

### III. CONCLUSION

12. For the various reasons specified above, several specific paragraphs of Van Dyke's declaration (Exhibit 1) and Marquardt's affidavit (Exhibit 13) offered to controvert Retzlaff's amended motion for no-evidence summary judgment (Doc. 196) are incompetent testimony. Van Dyke's Exhibits 4 and 8 are not properly authenticated, are inadmissible hearsay, or are irrelevant.

### IV. PRAYER

13. Retzlaff prays that the Court sustain his objections to Van Dyke's incompetent summary judgment evidence and strike the specified items. Retzlaff prays for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 25, 2020, I conferred with plaintiff pro se Jason Van Dyke, who advised he was **OPPOSED** to Retzlaff's motion to strike Van Dyke's incompetent summary judgment evidence.

    /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**

## CERTIFICATE OF SERVICE

I certify that on    8-25   , 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@protonmail.com

    /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**