IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE,<br>    *Plaintiff*,<br>v.<br><br>THOMAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a BV FILES, VIA VIEW FILES, L.L.C., and VIAVIEW FILES,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 4:18-CV-247-ALM |

**AGREED MOTION TO VACATE MEDIATION ORDER**

Plaintiff Jason Lee Van Dyke and defendant Thomas Retzlaff jointly move the Court to vacate its order to mediate this case (Doc. 117).

**I. INTRODUCTION**

1.  Plaintiff Jason Van Dyke sued defendant Thomas Retzlaff for $100,000,000.00 for libel and other causes of action.

2.  This case is set for trial during January 4-29, 2021. (Doc. 117).

**II. FACTS PERTINENT TO THIS MOTION**

3.  The dispute between the parties arose in March 2017. However, this suit has been pending since it was filed in state court on March 28, 2018.

4.  Since the dispute arose, the litigation has significantly broadened in scope. This case alone has already precipitated both an appeal to the U.S. Court of Appeals for the Fifth Circuit and a petition for writ of certiorari to the U.S. Supreme Court to challenge the Fifth Circuit's decision (still pending as of the date of this filing). In addition, the case recently spawned ancillary discovery

proceedings before the U.S. District Court for the Western District of Texas. Since December 2017, Retzlaff has filed more than 20 professional grievances against Van Dyke in multiple jurisdictions where Plaintiff is, or was previously, licensed to practice law. And in addition to these disputes, lawsuits or appeals have been filed by both parties in at least the following seven courts: (1) the Maricopa County, Arizona, Superior Court; (2) the U.S. District Court for the District of Arizona; (3) the 431st District Court of Denton County, Texas; (4) the 271st District Court of Wise County, Texas; (5) the Denton County, Texas, Court at Law No. 2; (6) the Second Court of Appeals of Texas; and (7) the Supreme Court of Texas.

5. Retzlaff believes he has a First Amendment or other right to continue filing grievances against Van Dyke and publishing derogatory or disparaging information concerning Van Dyke to Van Dyke's employers, clients, or the public at large, should Retzlaff so choose. Van Dyke believes such actions are not protected by the First Amendment or other law, that they are actionable both as torts and criminal offenses, and that they are a proper subject of the injunctive relief Van Dyke seeks in this suit.

6. Despite numerous diligent and good faith efforts to settle this case by both parties, no agreement has been reached. Van Dyke refuses to accept any settlement in this case that would permit Retzlaff to engage in the activities set forth in Paragraph 5 above. Van Dyke also refuses to accept any settlement that involves a monetary payment to Retzlaff. Likewise, Retzlaff refuses to accept any settlement that would prohibit him from engaging in what he strongly believes

would be constitutionally protected activities, or that involves anything other than a substantial monetary payment by Van Dyke to Retzlaff.

7. The Court ordered the parties to mediate this case on or before November 5, 2020. (Doc. 117.) However, in light of the parties' strong feelings on these subjects, the failure of numerous previous settlement attempts, the nature and age of this dispute, and the inflexibility and inconsistency of each party's goals, both parties strongly agree that mediation in this case would be futile. A futile mediation would serve only to unnecessarily increase the litigation costs of both parties.

### III. ARGUMENT & AUTHORITIES

8. The parties generally agree that mediation can be an effective method of alternative dispute resolution in an appropriate case. However, all cases are not created equal. The Court's referral of this case to mediation should involve a consideration of whether mediation is appropriate under the specific facts of this case. The parties strongly believe it is not.

9. The purpose of alternative dispute resolution is to facilitate the parties' negotiations toward compromise and settlement. Such a purpose presupposes that the parties are able to negotiate and compromise. The parties in the case at bar are unable to compromise because their positions are irreconcilable matters of principle, rather than of an amount of money. As a result, the parties are inherently inflexible in their respective positions, and mediation can have no reasonable hope of success. Therefore, this case is not appropriate for mediation.

10. In light of the facts of this case, mandatory referral to mediation would infringe upon the parties' Due Process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and the open courts provision of TEX. CONST. art. I, § 13, because ordering the parties to mediate would force them to incur unnecessary costs, expenses, and attorney's fees in order to gain access to the Court for the purpose of petitioning for redress of their grievances or for protection of their constitutionally protected rights.

### III. CONCLUSION & PRAYER

11. WHEREFORE, PREMISES CONSIDERED, the parties respectfully pray that this Honorable Court vacate the portion of the scheduling order in this case (Doc. 117) compelling the parties to mediate. The parties jointly pray for such other and further relief, at law or in equity, as to which they shall show themselves justly entitled.

Respectfully and jointly submitted,

By: _____/s/ Jason Lee Van Dyke_____
**JASON LEE VAN DYKE**
jasonleevandyke@protonmail.com
PO Box 2618
Decatur, TX 76234
Telephone: 940-305-9242
**PLAINTIFF PRO SE**

**HANSZEN✦LAPORTE**

By:       /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

      I certify that on     8-25    , 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@protonmail.com


          /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**