IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:18-CV-247-ALM** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
| *Defendants* | § | |

**RETZLAFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE VAN DYKE'S
INCOMPETENT CONTROVERTING SUMMARY JUDGMENT EVIDENCE**

Retzlaff files this reply in support of his motion to strike Van Dyke's
incompetent summary judgment evidence (Doc. 209) offered to controvert
Retzlaff's motion for no-evidence summary judgment (Doc. 196).

## I. ARGUMENT & AUTHORITIES

1.      Retzlaff here replies only to Van Dyke's arguments that the opinions
expressed in Paragraph 5 of Van Dyke's declaration (Doc. 206-1) are admissible
lay opinions under FED. R. EVID. 701.  As shown below, they are not.  As to
Retzlaff's objections to Van Dyke's other incompetent summary judgment
evidence, Retzlaff stands on the earlier argument and authorities briefed in his
motion.  (Doc. 209.)

### A. Van Dyke's Exhibit 1 (Doc. 206-1)—Paragraph 5

2.      In his motion to strike (Doc. 209), Retzlaff contends Van Dyke's
testimony to opinions as to the identity of the authors of documents based on Van

Dyke's claimed "familiarity" with writing styles are inadmissible.  This is true because Van Dyke has neither been designated nor qualified as an expert on linguistic analysis or writing styles.  (Doc. 209, ¶ 8(i).)  Van Dyke responds that his testimony is admissible as lay opinions under FED. R. EVID. 701.  (Doc. 212, ¶ 2.)  Van Dyke is mistaken.

3.     Lay opinion testimony is permitted when "it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a firsthand witness to a particular event."  *U.S. v. Fulton*, 837 F.3d 281, 291 (3rd Cir. 2016).  While opinion testimony that embraces an ultimate issue to be decided by the trier of fact is not *per se* inadmissible under Rule 704, such testimony is barred when its primary value is to dictate a certain conclusion.  *Id.* at 292.  An opinion qualifies as "helpful" only if it aids or clarifies an issue that the jury would not otherwise be as competent to understand.  Thus, where a witness is not in a better position than the jurors to form an opinion or make an inference, the witness's opinion is inadmissible under Rule 701(b).  *U.S. v. Diaz-Arias*, 717 F.3d 1, 12 (1st Cir. 2013).

> **If a handful of discrete facts form the basis of the opinion, the witness usually will be most helpful by stating those facts and allowing the jury to form its own opinion.  This is especially true when a witness leaps from specific facts to an opinion on the ultimate issue.**

*U.S. v. Phillips*, 872 F.3d 803, 810 (6th Cir. 2017).  "It will seldom be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness's."  *Id.*

4.     Van Dyke's sensory and experiential observations regarding the content of documents he proffers with his response (Doc. 212) are not unique to Van Dyke.  Any member of the jury can look at the documents and form his own opinion.   Accordingly, the Court should sustain Retzlaff's objection to the incompetent opinion testimony in Paragraph 5 of Exhibit 1 (Doc. 216-1) and strike Paragraph 5.

### III. CONCLUSION

5.     For the various reasons specified above and in Retzlaff's motion to strike Van Dyke's incompetent summary judgment evidence, several specific paragraphs of Van Dyke's declaration (Doc. 216-1) and Marquardt's affidavit (Doc. 216-13) offered to controvert Retzlaff's amended motion for no-evidence summary judgment (Doc. 196) are incompetent testimony.  Van Dyke's Exhibits 4 and 8 are not properly authenticated, are inadmissible hearsay, or are irrelevant.

### IV. PRAYER

6.     Retzlaff prays that the Court sustain his objections to Van Dyke's incompetent summary judgment evidence and strike the specified items.  Retzlaff prays for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

# HANSZEN✦LAPORTE

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____9-11_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@protonmail.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**