-IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE <br> Plaintiff | § § § | |
| v. | § § | Case No. 4:18cv247 |
| THOMAS CHRISTOPHER RETZLAFF <br> a/k/a Dean Anderson d/b/a BV Files, Via View Files L.L.C., and ViaView Files <br> Defendant | § § § § § | |

## PLAINTIFF'S MOTION TO DISMISS

Plaintiff, Jason Lee Van Dyke, moves that this Honorable Court enter an order dismissing the above-numbered and styled case in its entirety without prejudice pursuant to Rule 41(a)(2). As grounds therefore, Plaintiff states as follows:

### I.   FACTS

1. This case was the first in what has become a long string of cases between these parties spanning multiple courts and multiple jurisdictions, including this Court and the following others: (a) Denton County Court at Law No. 2.; (b) 431st District Court in and for Denton County, Texas; (c) 271st District Court in and for Wise County, Texas; (d) Second Texas Court of Appeals (Fort Worth); (e) Texas Supreme Court; (f) Superior Court in and for Maricopa County, Arizona; (g) U.S. District Court for the Western District of Texas; (h) U.S. District Court for the District of Arizona; (i) Fifth Circuit Court of Appeals; and (j) U.S. Supreme Court.

2. This case was filed by Plaintiff for three reasons: (a) to obtain compensation from Defendant for stalking him and destroying his career; (b) to punish Defendant for engaging in such conduct; and (c) to deter Defendant and others from engaging in a

        similar course of conduct against Plaintiff in the future.

3. Since the reinstatement of this lawsuit following a stay, Defendant has escalated the dispute between these parties exponentially by attempting to extort money from Plaintiff through the filing of *three* frivolous applications for protective orders in two different states and continuing to send harassing and unwanted e-mail communications to Plaintiff despite being repeatedly told to cease and desist in such conduct.

4. Plaintiff has recently learned that Defendant's stalking of him was far worse than originally feared. In late August of this year, Plaintiff learned that Defendant filed an internal affairs complaint against one of Plaintiff's long-time friends who is detective employed by the Dallas Police Department. Although Plaintiff knows nothing about the complaint except that it has been filed, Plaintiff believes that it was filed in retaliation for Plaintiff having named this officer as a potential witness in one of the three frivolous protective order petitions filed against him by Defendant.

5. In fact, shortly after taking a video deposition of Plaintiff in this case, Defendant abused footage from that deposition to make false and defamatory claims about this officer on YouTube:



        The title assigned by Defendant to the recording is, of course, a complete falsehood: Plaintiff expressly refused to answer any questions about this officer during the course of his deposition and explained, during the deposition, that the basis of such refusal was the harassment he had been subjected to by Defendant.

6. Additionally, although defense counsel has denied the existence of any surveillance, Defendant has repeatedly stated that he has conducted over a year of surveillance on Plaintiff's home located in Wise County Texas. The following communications, from Defendant to Plaintiff, contain admissions by Defendant to conducting such surveillance (ostensibly for the purpose of harassing another potential witness and friend of Plaintiff)

    Ex. 1:  Email dated September 12, 2020

    Ex. 2:  Emails between September 14 – 18, 2020

7. In addition to the physical surveillance, it has also come to Plaintiff's attention that Defendant has posted certain personal information about this particular witness's parents in the comments section of his blog.

8. Finally, on September 19, 2020, Plaintiff received correspondence from Marc Randazza, the attorney representing him in this case before the U.S. Supreme Court, stating to him that he had received a message from an individual named Danielle N. McKenzie that both Plaintiff and Defendant had been harassing her. Plaintiff had never previously heard of Ms. McKenzie, has never contact Ms. McKenzie, and would certainly never work together with Defendant on *anything* – especially something a cruel and disgusting as the usual hijinks through which he engages in stalking behavior.

## II. GROUNDS

9. Due to this recent escalation by Defendant, Plaintiff has come to be of the opinion that there is no way to treat Defendant's conduct against him (and those associated with him) except as a criminal matter. Plaintiff intends, upon dismissal of this lawsuit, to immediately seek a protective order under Article 7A of the *Texas Code of Criminal Procedure* against Defendant in state court. Plaintiff has already encouraged other individuals – who have been victimized by Defendant for no reason other than the fact that they are friends or associates of Plaintiff – to follow the exact same course of action.

10. While a lifetime protective order under Article 7A of the *Texas Code of Criminal Procedure* will do nothing to compensate Plaintiff for the millions of dollars in damages he has already suffered at the hands of this Defendant, it will – at the very least – stop Defendant from engaging in future criminal and tortious behavior with respect to Plaintiff. Additionally, it will stop Defendant from potentially using process issued by this Court for the purpose sole purpose of harassment or delay.

11. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff hereby notifies this Court that he has been unable to contact Defendant's counsel, Mr. Dorrell, concerning this motion. Plaintiff offered this dismissal to Mr. Dorrell on September 18, 2020 and also tried to reach Mr. Dorrell by telephone on September 19, 2020 concerning this motion.

12. Plaintiff asks that this case be dismissed without prejudice and that all pending motions be denied as moot.

13. Defendant has not filed any counterclaims against Plaintiff prior to the filing of this motion to dismiss.

14. Defendant will not be prejudiced by the dismissal of this lawsuit. Throughout this entire case, Defendant's only objective has been to harass Plaintiff as much as humanly possible, to cripple his finances, to ruin his reputation, and to destroy Plaintiff's career for no reason other than Defendant's own personal amusement. Defendant has achieved over two years of said personal amusement as Plaintiff's expense already. He has succeeded in his objective of destroying Plaintiff life.

15. Plaintiff does not desire oral argument on this motion as he is of the opinion that it will not assist this Court in rendering a decision.

### III.  PRAYER

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court enter an order dismissing all of Plaintiff's claims in the above-numbered and styled case without prejudice.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email:  jasonleevandyke@protonmail.com

## CERTIFICATE OF CONFERENCE

I certify that I have made a reasonable effort to confer with Jeffrey Dorrell, attorney for Defendant, concerning this motion. An offer of dismissal – in exchange for an agreement by Defendant to leave Plaintiff's friends alone – was tendered on Friday, September 18, 2020. Plaintiff also intended to telephone Mr. Dorrell on September 19, 2020, but was unable to reach him. Accordingly, this motion is presented to the Court for determination.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE