IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 4:18cv247 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF | § | |
| a/k/a Dean Anderson d/b/a BV Files, Via | § | |
| View Files L.L.C., and ViaView Files | § | |
|     Defendant | § | |

## JOINT MOTION TO SUSPEND PRE-TRIAL DEADLINES

Plaintiff, Jason Lee Van Dyke, and Defendant, Thomas Christopher Retzlaff, jointly request that this Honorable Court enter an order suspending the pre-trial deadlines set forth in this Court's scheduling order (Dkt. 117). As grounds therefore, the parties state as follows:

1. The parties to this case agree that this case should be dismissed. The parties are also in agreement that, regardless of the manner in which this case is dismissed, all of Plaintiff's remaining causes of action would be barred by the statute of limitations. The remaining question before this Court is "how" and the "why" of the dismissal.

2. Plaintiff has moved to dismiss this case without prejudice pursuant to FRCP 41(a)(2). Plaintiff's stated reason for this dismissal is his desire to forego his claim for damages against Defendant in favor of a criminal remedy against him under Article 7A of the Texas Code of Criminal Procedure. ECF 214.

3. Defendant, on the other hand, has filed two separate motions for summary judgment in this case. In the first of these motions, Defendant has alleged that all of Plaintiff's claims are barred due to his failure to comply with the Defamation Mitigation Act. ECF 175. The second of these motions alleges that Plaintiff has no evidence to support one or more of the elements of each and every one of his remaining claims against

Defendant. ECF 196.

4. The parties have made a good faith effort to confer concerning an agreed order for the final disposition of this case and those efforts have failed. Specifically, Plaintiff is unwilling to agree to any sort of resolution involving a dismissal with prejudice of this lawsuit due to the possibility, however unlikely, that a dismissal with prejudice would inhibit his ability to obtain relief against Defendant in the form of a criminal protective order (although provided for under Texas Code of Criminal Procedure, such matters are civil in nature). Plaintiff is also unwilling to pay any amount of money, however small, to Defendant. Defendant's position is the exact opposite: he is unwilling to agree to any resolution that does not include dismissal with prejudice and a substantial (six figure) payment to him by Plaintiff.

5. The parties hereby notify that Court that Defendant's petition for writ of certiorari to the U.S. Supreme Court pertaining to Defendant's appeal of this Court's order denying his motion to dismiss under the Texas Citizens Participation Act (ECF 71) was denied on October 13, 2020.

6. The following deadlines are approaching for the parties:

    a. October 22, 2020 – deadline to contact opposing party concerning final pre-trial order and proposed jury instructions and verdict form. The parties conferred earlier than the October 22, 2020 deadline and determined that this motion was the best way to proceed in light of the unique circumstances of this case.

    b. November 3, 2020 – motions in limine due.

    c. November 19, 2020 – response to motions in limine due, proposed jury instructions and verdict due, objections to witnesses, deposition extracts, and

        exhibits listed in the pre-trial order are due.

        d.     December 3, 2020 – Final Pre-Trial Conference

7.     The parties are mindful of the fact that, should it choose to do so, this Court may deny *all* of the pending motions to dismiss this case and order this case to trial. Naturally, the parties will obey any orders the Court makes in that regard. However, the parties are also mindful of their duties to each other under the *Texas Disciplinary Rules of Professional Conduct* – most notably their duty to avoid causing an adverse party to incur excessive litigation costs.

8.     The time and expense in preparing the motions, orders, and other documents required over the next (approximately) forty-five days will impose a significant burden on each of the parties both in terms of time and financial resources. As the parties are in agreement that this case should not ultimately be brought to trial, they ask this Court to suspend all remaining pre-trial deadlines in this cause until such a time as the Court is able to rule on the pending dispositive motions.

WHEREFORE, PREMISES CONSIDERED, the parties pray that this Honorable Court enter an order suspending the remaining deadlines imposed by its scheduling order until such a time as this Court has ruled on the pending dispositive motions.

                             Respectfully submitted,

                             /s/ Jason Lee Van Dyke
                             Jason L. Van Dyke
                             PO Box 2618
                             Decatur, TX 76234
                             P – (940) 305-9242
                             Email:  jasonleevandyke@protonmail.com

/s/ Jeffrey L. Dorrell (with permission)
Jeffrey L. Dorrell
State Bar No. 00787386
Federal ID # 18465
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
Fax: 713-524-2580
Email:  jdorrell@hanszenlaporte.com