**IN THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

| | | |
|---|---|---|
| **JASON LEE VAN DYKE,**<br>*Plaintiff,*<br><br>**v.**<br><br>**THOMAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a BV FILES, VIA VIEW FILES, L.L.C., and VIAVIEW FILES,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **NO. 4:18-CV-247-ALM** |

## DEFENDANT THOMAS RETZLAFF'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ALL CLAIMS UNCONDITIONALLY WITHOUT PREJUDICE

Defendant Thomas Retzlaff files his response to plaintiff Jason Van Dyke's motion for dismissal without prejudice. (Doc. 214, 215).

### I. INTRODUCTION

1. Plaintiff is Jason Lee Van Dyke; defendants are Thomas Retzlaff, a/k/a Dean Anderson, d/b/a BV Files, Via View Files, L.L.C., and ViaView Files.[1]

2. On September 19, 2020, Van Dyke moved to dismiss all of his claims. (Doc. 214.)

3. While Retzlaff agrees Van Dyke's claims in this suit are legally meritless and welcomes dismissal, Retzlaff believes dismissal should be *with* prejudice.

---

[1] The "a/k/a" and "d/b/a" designations are plaintiff's. No evidence has been adduced establishing that these defendants are alter egos or assumed names of each other. Only Retzlaff has appeared. No other defendant appears to have been served.

## II. ARGUMENT & AUTHORITIES

4. On September 19, 2020, Van Dyke filed his second[2] motion to dismiss all of his claims in this suit. As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. ***United Biologics***, 907 F.3d at 196-97; ***Elbaor v. Tripath Imaging, Inc***., 279 F.3d 314, 317-18 (5th Cir. 2002). But the primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." ***Manshack v. Southwestern Elec. Power Co***., 915 F.2d 172, 174 (5th Cir. 1990). This is not a case in which unconditional dismissal should be allowed. This is because Retzlaff will suffer plain legal prejudice other than the mere prospect of a future suit by Van Dyke. Here is why.

5. First, because Van Dyke moves to dismiss after a summary judgment motion has been filed, he must receive the Court's consent. FED. R. CIV. P. 41(a)(2); ***United States ex rel. Vaughn v. United Biologics, L.L.C***., 907 F.3d 187, 196 (5th Cir. 2018). Retzlaff's motion for traditional summary judgment (Doc. 175) was filed on June 8, 2020. Retzlaff's amended motion for no-evidence summary judgment (Doc. 196) was filed on August 12, 2020. The Court has not ruled on the motions. The Court could dispose of all of Van Dyke's claims by granting either. The Court must grant permission for Van Dyke to dismiss his

[2] Van Dyke's first motion to dismiss (Doc. 84) was filed on December 3, 2018. The Court did not rule on this motion. On July 7, 2019, Van Dyke moved to withdraw his

claims unconditionally to avoid an imminent adverse result on the merits. *See* ***In re FEMA Trailer Formaldehyde Prods. Liability Litig***., 628 F.3d 157, 162 (5th Cir. 2010) (noting that a "typical example" of prejudice occurs when the motion is a means of "avoid[ing] an imminent adverse ruling"). The Court may impose reasonable conditions on its consent. ***Elbaor***, 279 F.3d 314, 320 (5th Cir. 2002).

6. Second, "When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." ***Davis v. Huskipower Outdoor Equip. Corp***., 936 F.2d 193, 199 (5th Cir. 1991); *see* ***Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc***., 903 F.3d 352, 360-61 (5th Cir. 1990) (motion filed after ten months of litigation, numerous hearings, and scheduled jury trial); *see also* **United States ex rel. Doe v. Dow Chem. Co**., 343 F.3d 325, 330 (5th Cir. 2003).

7. Retzlaff has already expended significant resources to defend Van Dyke's suit since Van Dyke filed it *32 months ago* on March 18, 2018. Depositions, written discovery, and extensive motion practice have already occurred. Retzlaff appealed this Court's denial of his TCPA motion to dismiss to the U.S. Court of Appeals for the Fifth Circuit and then petitioned for a writ of certiorari from the U.S. Supreme Court. To date, Retzlaff's attorney's fees approach $250,000.00. Trial is set for January 2021—less than 90 days hence.

---

dismissal motion. On January 28, 2020, the Court—over Retzlaff's opposition (Doc. 94)—granted Van Dyke's motion to withdraw his dismissal motion. (Doc. 124)

8. Under facts similar to those of the case at bar, the Fifth Circuit has held:

> **Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice.**

***Elbaor***, 279 F.3d 314, 320 (5th Cir. 2002). The Court should do so here.

## III. CONCLUSION

9. Because unconditional dismissal would cause Retzlaff plain legal prejudice, the Court can exercise its broad discretion in two ways: (i) it can deny Van Dyke's motion; or (ii) it can craft reasonable conditions that will eliminate prejudice to Retzlaff. As reasonable conditions, the Court may (among other things) require Van Dyke to pay Retzlaff's attorney's fees after evidence is received or dismiss Van Dyke's claims *with* prejudice as Rule 41(a)(2) "clearly provides"—or both.

## IV. PRAYER

10. For these reasons, Retzlaff prays the Court to exercise its broad discretion and impose two conditions on the dismissal of Van Dyke's claims: (i) that dismissal be *with* prejudice; and (ii) after submission of evidence, Van Dyke pay Retzlaff's attorney's fees. Retzlaff prays for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

HANSZEN LAPORTE

By: /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____10-15____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
Plaintiff, Pro Se
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@protonmail.com

____________/s/ Jeffrey L. Dorrell_____________
**JEFFREY L. DORRELL**