IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, § | | |
|     *Plaintiff*, § | | |
| v. § | | |
| § | | |
| THOMAS CHRISTOPHER § | NO. 4:18-CV-247-ALM | |
| RETZLAFF, a/k/a DEAN § | | |
| ANDERSON, d/b/a BV FILES, VIA § | | |
| VIEW FILES, L.L.C., and VIAVIEW § | | |
| FILES, § | | |
|     *Defendants* § | | |

### AMENDED JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on _____, 2020, pursuant to FED. R. CIV. P. 16.

**A.   COUNSEL FOR THE PARTIES**

    Plaintiff:    Jason Lee Van Dyke (Pro Se)

    Defendant:    Jeffrey Lee Dorrell

**B.   STATEMENT OF JURISDICTION**

Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332.

**C.   NATURE OF ACTION**

Plaintiff sues defendant Thomas Retzlaff for (i) libel *per se*; (ii) business disparagement; (iii) malicious criminal prosecution; and (iv) tortious interference with a prospective business relationship. Defendant does not counterclaim.

**D.   CONTENTIONS OF THE PARTIES**

    *Plaintiff*.   Plaintiff contends defendant (i) published various false statements about plaintiff on a blog known as "BV Files" that

    attributed crimes to plaintiff (libel *per se*) and damaged plaintiff's law practice (business disparagement); (ii) used false representations to procure a criminal prosecution of plaintiff for a crime of which plaintiff was innocent; and (iii) used defamatory statements to interfere with plaintiff's future relationship with his employer, bringing about termination of plaintiff's at-will employment.

*Defendant*. Defendant contends (i) plaintiff is prohibited from maintaining his suit because of his admitted failure to comply with the Texas Defamation Mitigation Act, TEX. CIV. PRAC. & REM. CODE § 73.055(d)(3), by making a pre-suit demand for retraction, correction, or clarification of allegedly libelous statements; (ii) defendant did not publish the allegedly libelous statements; (iii) plaintiff is a public figure; (iv) the allegedly libelous statements were nonactionable opinion or rhetorical hyperbole not legally capable of a defamatory meaning; (v) the allegedly libelous statements were substantially true; (vi) plaintiff himself is the principal cause of his damages having published and republished the very facts he claims are defamatory of him; (vii) defendant is immune from plaintiff's suit to the extent that it is based on statements made in judicial or quasi-judicial proceedings; and (viii) even assuming defendant is the owner of the "BV Files" blog, he cannot be liable to plaintiff for defamatory content on the blog put there by other users pursuant to 47 U.S.C. § 230, the Communications Decency Act.

### E.     STIPULATIONS AND UNCONTESTED FACTS

1. No defendant has ever been served in this action. Defendant Thomas Retzlaff voluntarily appeared and answered without being served. No other defendant is before the Court.

2. At all relevant times, plaintiff was a member of the State Bar of Texas and a practicing attorney.

3. At all relevant times, plaintiff was a member of the "Proud Boys."

4. At all relevant times, defendant was a resident of the State of Arizona.

5. Between approximately March 25, 2017, and March 27, 2018, plaintiff had a business relationship with Karlseng, LeBlanc & Rich L.L.C. in the form of at-will employment as an associate attorney.

6. Plaintiff's arrest for obstruction or retaliation was transferred from Denton County, Texas, to Collin County, Texas, where it was re-investigated as a Class B misdemeanor harassment case for which a grand jury declined to indict Plaintiff on September 26, 2018.

## F.   CONTESTED ISSUES OF FACT

1. Whether the context, tone, and tenor of the allegedly libelous statements complained of in this action makes them merely rhetorical hyperbole and harsh opinion—legally incapable of a defamatory meaning.

2. Whether plaintiff is a "public figure" for purposes of defamation law.

3. Whether defendant published any of the statements on the "BV Files" blog that plaintiff contends are libelous.

4. Whether one or more allegedly libelous statements complained of in this action were substantially true.

5. Whether, and to what extent, plaintiff was damaged because of acts by defendant, as distinguished from plaintiff's own acts that defendant made others aware of.

6. Whether plaintiff's reputation was already so damaged before the time of the allegedly libelous statements complained of in this action that it could not have been harmed further—making plaintiff "libel-proof."

7. Whether plaintiff was innocent of the criminal charge upon which plaintiff's malicious prosecution claim is based.

8. Whether defendant lacked probable cause to initiate or procure the prosecution of plaintiff.

9. Whether defendant had actual knowledge that any allegedly libelous statement attributed to defendant was false, depending

10. Whether defendant acted with malice when he informed criminal justice authorities of acts by plaintiff that led to the criminal prosecution of plaintiff.

11. Whether "Dean Anderson" and Thomas Christopher Retzlaff are one and the same person.

## G.  LIST OF WITNESSES

### *For Plaintiff*.

The following <u>will</u> be called:

1. Jason Van Dyke
2. Tom Retzlaff
3. Robert Karlseng

The following <u>may</u> be called:

1. William Allen Humphris Jr.
2. Nick Siatka
3. Edward LaMonica
4. Ashley Mitchell
5. Craig Lundie
6. James McGibney
7. Philip Klein
8. Claude Rich

### *For Defendant*.

The following <u>will</u> be called:

1. Tom Retzlaff
2. Steven Tyler
3. John Council
4. Mike Shackleford
5. Robert Karlseng
6. Edward Lamonica
7. Paul Johnson
8. Gerald Bello, II
9. Kevin Palomino
10. Eddie Barrett
11. Deb Armintor

The following <u>may</u> be called:

1. Jason Van Dyke
2. Will Sommers
3. Toby Ross
4. Kristen Kidd
5. Kristen Brady
6. Robert Frey
7. Randall Kallinen
8. Ryan Daniel, DDS
9. Josh Conklin
10. Lara Tomlin
11. Brian Howard
12. Kenneth White
13. Richard L. Campbell
14. James McGibney
15. Philip Klein
16. Ashley Mitchell
17. Allen Humphris
18. Aaron Benzick
19. Isaac Marquardt

**H.   LIST OF EXHIBITS**

See attached.

**I.   PENDING MOTIONS**

1. Plaintiff's motion for protective order. (Doc. 149.)

2. Plaintiff's motion for oral examination of defendant concerning invocation of his First and Fifth Amendment privileges. (Doc. 164.)

3. Defendant's motion for final summary judgment based on plaintiff's failure to comply with the Defamation Mitigation Act. (Doc. 175.)

4. Nonparty James McGibney's motion to quash subpoena. (Doc. 183.)

5. Plaintiff's motion to sanction defendant for discovery abuse. (Doc. 187.)

6. Defendant's motion to compel nonparty James McGibney's deposition. (Doc. 193.)

7. Defendant's amended motion for final no-evidence summary judgment on all claims. (Doc. 196.)

8. Defendant's motion to strike plaintiff's incompetent summary judgment evidence. (Doc. 209.)

9. Plaintiff's motion to dismiss all claims. (Doc. 214.)

10. Joint motion to suspend pre-trial deadlines. (Doc. 218.)

**J.   PROBABLE LENGTH OF TRIAL**

3-4 days following jury selection.

**K.   MANAGEMENT CONFERENCE LIMITATIONS**

None.

**L.   CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders; and

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the local rules, and the Court's orders have been complied with.

Approved as to form and substance:

Attorney for Plaintiff: _____/s/ Jason Lee Van Dyke_____

Attorney for Defendant: _____/s/ Jeffrey L. Dorrell_____

## CERTIFICATE OF SERVICE

      I certify that on _____11-3_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@gmail.com


                /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**