**IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION**

| | |
|---|---|
| **JASON LEE VAN DYKE**, § <br> *Plaintiff*, § <br> v. § <br> § <br> **THOMAS CHRISTOPHER** § <br> **RETZLAFF, a/k/a DEAN** § <br> **ANDERSON, d/b/a BV FILES, VIA** § <br> **VIEW FILES, L.L.C., and VIAVIEW** § <br> **FILES**, § <br> *Defendants* § | NO. 4:18-CV-247-ALM |

**RETZLAFF'S REPLY IN SUPPORT OF MOTION TO COMPEL JAMES
MCGIBNEY'S DEPOSITION (DOC. 193)**

Retzlaff files this reply in support of his motion to compel the deposition of nonparty James McGibney (Doc. 193) to make the Court aware of new facts that bear directly upon Retzlaff's right to depose McGibney. The Court has not yet ruled on Retzlaff's motion.

**I. INTRODUCTION**

1. Plaintiff is Jason Van Dyke; defendant is Tom Retzlaff.

2. James McGibney is a nonparty witness who has asked the Court to quash Retzlaff's notice of McGibney's deposition.

3. The discovery period in this case ended on June 23, 2020.

4. This case is set for jury trial between January 4 and 21, 2021.

5. Both Van Dyke and McGibney have motions to dismiss this case that are ripe for the Court's ruling.

## II. ORIGINAL FACTS

6.     The facts originally pertinent to Retzlaff's July 31, 2020, motion to compel McGibney's deposition remain pertinent.  These facts are set forth in Retzlaff's motion (Doc. 193) and are not repeated here.

## III. NEW FACTS

7.     There are two new facts the Court should consider in ruling on Retzlaff's motion.  First, Van Dyke gave deposition testimony on August 31, 2020, that he would not be calling McGibney as a witness as trial "for any reason whatsoever."  **Exhibit 1**, 180:6-10.  While this would not deprive Retzlaff of the right to depose McGibney anyway,[1] Van Dyke's promise that McGibney would not be called to testify reduced Retzlaff's interest in deposing this witness.

8.     This appears now to have changed.  In the Amended Joint Final Pretrial Order the parties filed on November 3, 2020, Van Dyke listed McGibney as a witness who "may be called" to testify at trial after all.  (Doc. 223, p. 4.)  This declaration is obviously in conflict with Van Dyke's August 31, 2020, testimony.  Retzlaff's need to depose McGibney is now greater.

9.     In ruling on Retzlaff's motion to compel (Doc. 193), the Court should consider that Van Dyke may now indeed call McGibney as a witness against Retzlaff in this $100,000,000.00 suit.  This makes Retzlaff's desire to avoid unfair surprise—and need to depose McGibney—more than hypothetical.

## IV. ARGUMENT & AUTHORITIES

10.     The pertinence of the arguments set forth in Retzlaff's original motion (Doc. 193) is not changed by the new facts set forth above. Therefore, the argument and authorities of Retzlaff's original motion are not repeated here.

## V. CONCLUSION & PRAYER

11.     Due Process affords Retzlaff the opportunity to confront and cross-examine McGibney. Retzlaff's rights will be irreversibly damaged if Retzlaff is not allowed to depose McGibney before trial, as FED. R. CIV. P. 26(a) unambiguously permits. For these reasons, Retzlaff prays the Court order McGibney to appear for deposition at a time and place of his convenience within 30 days of the date the Court signs its order. Retzlaff prays for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

---

[1]     Van Dyke testified he talks to McGibney "once or twice a week" (15:17-16-3), considers him a "friend" (40:22-23), and was texting McGibney *in real time* giving McGibney updates during Van Dyke's deposition. (182:25-183:3).

## CERTIFICATE OF SERVICE

I certify that on _____11-9_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. Jason Lee Van Dyke
P.O. Box 2618
Decatur, Texas 76234
Telephone: 940-305-9242
jasonleevandyke@gmail.com
**PLAINTIFF, PRO SE**

Mr. James McGibney
4305 Ridgebend dr.
Round Rock, Texas 78665
Telephone: 408-601-0685
james@bullyville.com
**NONPARTY WITNESS, PRO SE**


___/s/ Jeffrey L. Dorrell___
**JEFFREY L. DORRELL**