# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § § | |
| v. § § | Civil Action No. 4:18-CV-247 |
| § | Judge Mazzant |
| THOMAS RETZLAFF, a/k/a DEAN § | |
| ANDERSON, d/b/a VIA VIEW FILES LLC, § | |
| and VIA VIEW FILES § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jason Lee Van Dyke's Motion to Dismiss (Dkt. #214). Having considered the Motion and the relevant pleadings, the Court finds that it should be granted in accordance with this opinion.

## BACKGROUND

To say there is no love lost between Jason Lee Van Dyke ("Van Dyke") and Thomas Retzlaff ("Retzlaff") would be a severe understatement. This case is just one of several in "a long string of cases between these parties spanning multiple courts and multiple jurisdictions" (Dkt. #214 at p. 1). After protracted and spiteful litigation taking place over nearly two-and-a-half years, Van Dyke filed his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2) on September 19, 2020 (Dkt. #214). On September 27, 2020, Van Dyke filed his First Supplement to the Motion to Dismiss (Dkt. #215), to which he attached an exhibit rife with the typical invective with which Retzlaff has bombarded Van Dyke throughout the litigation (Dkt. #215, Exhibit 1). On October 15, 2020, Retzlaff filed his Opposition to Plaintiff's Motion to Dismiss All Claims Unconditionally Without Prejudice (Dkt. #220). On October 18, 2020, Van Dyke filed his Reply to Defendant's Response to the Motion to Dismiss (Dkt. #221).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure generally allow a plaintiff to voluntarily dismiss an action without a court order if the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared."  FED. R. CIV. P. 41(a)(1)(A)(i)–(ii).  In the absence of such stipulation or the opposing party serves either an answer or motion for summary judgment, a case "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990).  "The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'"  *True Believers Ink 2, Corp. v. Russell Brands*, LLC., No. 4:18-CV-00432, 2019 WL 4039888, at *2 (E.D. Tex. Aug. 27, 2019) (quoting *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

"Voluntary dismissal without prejudice is not a matter of right."  *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).  "[C]ourts should freely grant a request for dismissal, but when 'a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied.'"  *Bartolowits v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4666-D, 2016 WL 6650858, at *1 (N.D. Tex. Nov. 10, 2016) (quoting *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)).  "Typical examples" of plain legal prejudice to a defendant in the 41(a)(2) context "occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense."  *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).  The "mere prospect of a second lawsuit" will not sufficiently prejudice the defendant to warrant denial of a Rule 41(a)(2) motion to dismiss without prejudice.  *United States ex rel. Doe v. Dow Chem. Co.*,

343 F.3d 325, 330 (5th Cir. 2003). When a district court "concludes that granting the motion unconditionally will cause plain legal prejudice," two options are available—"deny the motion outright" or "craft conditions that will cure the prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)

## ANALYSIS

Van Dyke's most recent complaint alleged seven causes of action against Retzlaff (Dkt. #113 at pp. 12–22). The parties later jointly moved to a stipulated dismissal of three claims without prejudice (Dkt. #199), which the Court subsequently granted (Dkt. #203). The four remaining causes of action are libel per se, business disparagement, tortious interference with prospective relations, and malicious criminal prosecution.

If the Court grants the Motion and dismisses these claims without prejudice, the effect would be similar to dismissal with prejudice because the statutes of limitations have run as to each of the remaining causes of action:[1]

- The statute of limitations for libel per se is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a). A cause of action for libel per se accrues "on the date of the communication or publication." *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 528 (Tex. 2019). The facts Van Dyke pleaded to support his defamation claim occurred more than a year ago (Dkt. #113 at pp. 5–10, 12–15).
- The default statute of limitations for business disparagement is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). But because "the gravamen of the complaint is injury to a plaintiff's reputation because of allegedly defamatory statements," the applicable statute of limitations is one

---

[1] Van Dyke originally filed this action in Texas state court (Dkt. #3). Retzlaff removed the case on the basis of diversity jurisdiction (Dkt. #1 at p. 2). Because subject matter jurisdiction here is based on diversity grounds, the Court applies the substantive law of the forum state—Texas. *Five Star Royalty Partners, Ltd. v. Mauldin*, 973 F.3d 367, 371 (5th Cir. 2020). Texas law governs statutes of limitations and accrual of claims in this setting. *Gehan Homes, Ltd. v. NIBCO Inc.*, No. 5:19-CV-1478-JKP, 2020 WL 5110707, at *3 (W.D. Tex. Aug. 31, 2020).

3

year. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 742 (5th Cir. 2019) (citing *Hamad v. Ctr. for Jewish Cmty. Studies*, 265 F. App'x 414, 417 (5th Cir. 2008)). Like libel per se, a cause of action for business disparagement accrues "when the allegedly defamatory matter is published or circulated." *Glassdoor, Inc.*, 575 S.W.3d at 528. The facts Van Dyke pleaded to support his business-disparagement claim occurred more than a year ago (Dkt. #113 at pp. 5–10, 15–16).

- The default statute of limitations for tortious interference with prospective relations is two years. *First Nat. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986). Just like the business-disparagement claim here, because "the gravamen of the complaint is injury to a plaintiff's reputation because of allegedly defamatory statements," the applicable statute of limitations is one year. *Walker*, 938 F.3d at 724 (citing *Hamad*, 265 F. App'x at 417). A cause of action for tortious interference with prospective relations accrues "when 'existing negotiations, which are reasonably certain of resulting in a contract, are interfered with such that the negotiations terminate and harm to the plaintiff results.'" *Harper v. Mac Haik Ford, Ltd.*, No. 01-09-01144-CV, 2010 WL 2650543, at *4 (Tex. App.—Houston [1st Dist.] July 1, 2010, no pet.) (mem. op.) (quoting *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 116 (Tex. App.—El Paso 1997, pet. denied)). The facts Van Dyke pleaded to support his tortious-interference claim occurred more than a year ago (Dkt. #113 at pp. 5–6, 18–19).

- The statute of limitations for malicious criminal prosecution is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a). A cause of action for malicious criminal prosecution accrues "upon the termination of the criminal prosecution[]." *Patrick v. Howard*, 904 S.W.2d 941, 944 (Tex. App.—Austin 1995, no writ). A prosecution ends "when the formal proceedings are terminated." *Leal v. Am. Nat. Ins. Co.*, 928 S.W.2d 592, 597 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied). The formal proceedings of a prosecution may terminate in several ways, one of which is when a grand jury no-bills a defendant. *See Tittle v. Raines*, 231 F. Supp.

4

2d 537, 555 (N.D. Tex. 2002), *aff'd*, 69 F. App'x 658 (5th Cir. 2003). The Collin County grand jury no-billed Van Dyke "[o]n or around September 26, 2019," which was more than a year ago (Dkt. #113 at p. 20). Van Dyke acknowledges as much regarding the claims and the applicable statutes of limitations (Dkt. #215 at p. 1).

But similar and same are not synonymous. The Court remains mindful that a dismissal with prejudice and the running of the applicable statute of limitations are different in a critical way—dismissal with prejudice wholly precludes a plaintiff from refiling the claims. Statute of limitations is an affirmative defense, *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 139 (Tex. 2019), which a defendant waives if not raised, *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 (5th Cir. 2017).[2] In other words, a plaintiff may refile even if the statute of limitations has run but may not refile if the claims were dismissed with prejudice. Even the *theoretical possibility* of a court dismissing a plaintiff's claims without prejudice and the plaintiff refiling those claims in a jurisdiction where the statute of limitations has not run may subject a defendant to the plain legal prejudice prohibited by Rule 41(a)(2). *See Elbaor*, 279 F.3d at 317–19. The Fifth Circuit has made clear that a defendant "may be substantially prejudiced by dismissal of a lawsuit if dismissal 'effectively strips him of a defense that would otherwise be available.'" *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007) (quoting *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990)).

The Court finds *Elbaor* and the instant case distinguishable, if for no other reason than Van Dyke made his intention clear to seek relief through the Texas criminal justice system rather than

---

[2] "While Texas law does supply the applicable statute of limitations in [a] diversity case, 'federal law governs the pleading requirements of a case in federal court.'" *Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1425 (5th Cir. 1992) (quoting *Simpson v. James*, 903 F.2d 372, 375 (5th Cir. 1990)). Under the federal pleading requirements, a party generally waives the statute-of-limitations defense if not "affirmatively state[d]." FED. R. CIV. P. 8(c)(1); *see Bradberry v. Jefferson County, Tex.*, 732 F.3d 540, 553 (5th Cir. 2013).

5

the federal courts. *Compare Elbaor*, 279 F.3d at 318–19, *with* (Dkt. #214 at p. 4). Nevertheless, the Court finds that the imposition of a condition on voluntary dismissal will ensure Retzlaff does not "suffer some plain legal prejudice." *Ikospentakis*, 915 F.2d at 177. Because Van Dyke could, in theory, still bring these causes of action against Retzlaff at a later time, the Court finds it appropriate to condition this Rule 41(a)(2) dismissal without prejudice on the following: If Van Dyke later reasserts any of the four claims dismissed by this Order and Retzlaff successfully asserts the statute-of-limitations defense as to the claims Van Dyke reasserts, Van Dyke shall pay Retzlaff any and all *reasonable* fees associated with Retzlaff's defense of these claims. The Court will retain jurisdiction over any dispute related to the condition imposed here.

As a final matter, a plaintiff has the option to withdraw a motion for voluntary dismissal if the conditions specified seem too cumbersome. *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir. 1978). Therefore, if he so chooses, Van Dyke may "refuse [this] Rule 41(a)(2) voluntary dismissal and . . . proceed with [the] case if the conditions imposed by the [C]ourt are too onerous." *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).

## CONCLUSION

Van Dyke shall have until 5:00 p.m. on November 23, 2020, to withdraw his motion for voluntary dismissal in the event he finds unacceptable the terms and conditions of the Court's granting his motion for voluntary dismissal without prejudice. If he has not withdrawn his motion by such time, the following order will become effective on November 23, 2020:

It is therefore **ORDERED** that Plaintiff's Motion to Dismiss (Dkt. #214) is **GRANTED** as detailed herein. The entirety of Plaintiff Jason Lee Van Dyke's claims against Defendant Thomas Retzlaff are hereby **DISMISSED WITHOUT PREJUDICE** subject to the condition in the Order. All relief not previously granted is hereby **DENIED**. The Clerk is directed to **CLOSE** this civil action.

**SIGNED this 9th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE