# IN THE UNITED STATES DISTRICT FOR THE
# EASTERN DISTRICT OF TEXAS,
# SHERMAN DIVISION

| | |
|---|---|
| **JASON LEE VAN DYKE**, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **THOMAS CHRISTOPHER** § <br> **RETZLAFF, a/k/a DEAN** § <br> **ANDERSON, d/b/a BV FILES, VIA** § <br> **VIEW FILES, L.L.C., and VIAVIEW** § <br> **FILES,** § <br> *Defendants* § | NO. 4:18-CV-247-ALM |

## RETZLAFF'S MOTION TO AWARD EXPENSES AND ATTORNEY'S FEES AS A SANCTION UNDER 28 U.S.C. § 1927

Defendant Thomas Retzlaff moves the Court to award Retzlaff a portion of his attorney's fees from plaintiff Jason Van Dyke under 28 U.S.C. § 1927.

## I. INTRODUCTION

1. Plaintiff is Jason Van Dyke; defendants are Thomas Retzlaff, a/k/a Dean Anderson, d/b/a BV Files, Via View Files, L.L.C., and ViaView Files.[1]

2. On September 19, 2020—while Retzlaff's motions for summary judgment were pending—Van Dyke moved to dismiss all of his remaining claims. (Doc. 214.) Retzlaff opposed unless dismissal was with prejudice. (Doc. 220.)

3. On November 9, 2020, the Court issued an opinion (Doc. 228) granting Van Dyke's motion and dismissing his claims *without* prejudice.

---

[1] The "a/k/a" and "d/b/a" designations are Van Dyke's. No evidence ever established that these defendants were alter egos or assumed names of each other.

## II. ARGUMENT & AUTHORITIES

4. "Under the bedrock principle known as the 'American Rule,' '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" *Marc v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). However, as this Court and others have long recognized, one such statute is 28 U.S.C.§ 1927, which permits courts to assess "excess costs, expenses, and attorneys' fees reasonably incurred" by an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." *See Diamond Consortium, Inc. v. Hammervold*, 2020 WL 836896 at *2 (E.D. Tex. February 20, 2020) (Mazzant, J.).

5. Litigation abuse is nothing new. Since 1813—just 24 years after the Constitution was ratified—a federal statute has authorized monetary sanctions against attorneys who misuse the litigation process.[2] Even in the earliest days of the Republic, the Founding Fathers knew the importance of protecting the public from abusive conduct by those called to the bar. The penalty started off light. For the first 167 years, lawyers who vexatiously and unreasonably multiplied legal proceedings were liable only for excess costs.[3] But since 1980, 28 U.S.C. § 1927 has taken a harder line against abusive litigation tactics, broadening a lawyer's personal financial exposure to include "expenses *and attorney's fees*." *Morrison*,

---

[2] Ch. 14, § 3, 3 Stat. 21 (1813).
[3] This modest exposure may explain why, in the 150 years following its enactment, § 1927 was invoked in only seven reported cases. Seth Katsuya Endo, *The Propriety of Considering an Attorney's Ability to Pay Under § 1927*, 61 DRAKE L. REV. 291, 292-93 (2013).

939 F.3d at 635 (affirming § 1927 sanction of $29,592.50). This has made a difference. As the *Morrison* court put it:

> **Incentives matter. For more than a generation, now, pocket-conscious parties have sought hefty § 1927 sanctions, and docket-conscious courts have granted them.**

*Morrison*, 939 F.3d at 635. This Court should do likewise.

6. Thus, the version of § 1927 that Retzlaff invokes today has an ancient pedigree:

> **Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.**

28 U.S.C. § 1927; *Morrison* 939 F.3d at 637. Conduct is "unreasonable and vexatious" if there is evidence of the "persistent prosecution of a meritless claim" and of a "reckless disregard of the duty owed the court." *Morrison*, 939 F.3d at 637-38. An attorney acts with "reckless disregard" of his duty to the court when, without reasonable inquiry, he advances a baseless claim despite clear evidence undermining his factual contentions. *See* FED. R. CIV. P. 11 (imposing a duty on attorneys to reasonably inquire into the evidentiary support for their factual contentions filed with the court); *Morrison*, 939 F.3d at 638, citing *Mercury Air Grp., Inc.*, 237 F.3d 548-49.

7. Section 1927 sanctions are discretionary, but the Court cannot properly sanction Van Dyke for mere negligence. *Morrison*, 939 F.3d at 637; *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995). Retzlaff does not ask the Court

to do so.[4] Retzlaff asks the Court to shift a relatively small portion—but *significantly less than all*—of his **$262,167.68** in attorney's fees and expenses incurred to Van Dyke because Van Dyke persisted in prosecuting his meritless claims that lacked evidentiary support and were not grounded in law. ***Morrison***, 939 F.3d at 637-38; ***Mercury Air Grp., Inc. v. Mansour***, 237 F.3d 542, 549 (5th Cir. 2001) (affirming sanctions when counsel pursued the lawsuit despite the "lack of extrinsic evidence" to support the claim).

### A. Fees and Expenses Retzlaff *Does Not* Seek to Recover

8. General categories of fees and expenses *excluded* from the instant request for recovery of fees under 28 U.S.C. § 1927 are:

   (i) All attorney's fees and expenses incurred by Retzlaff in the approximately 16 months between the filing of suit on March 28, 2018, and Van Dyke's filing his motion (Doc. 86) to withdraw his first dismissal motion on July 7, 2019;

   (ii) All attorney's fees and expenses incurred by Retzlaff to appeal this Court's denial of his motion to dismiss pursuant to TEX. CIV. PRAC. & REM. CODE § 27.001 (the "TCPA") to the U.S. Court of Appeals for the Fifth Circuit; and

   (iii) All attorney's fees and expenses incurred by Retzlaff to petition for a writ of certiorari from the Supreme Court of the United States.

**Exhibit 2**. Retzlaff incurred the remaining fees and expenses to defend Van Dyke's patently baseless claims pursued long after the lack of legal merit or extrinsic evidence was obvious.

---

[4] The undersigned counsel also represents that the instant motion is not brought out of any personal animus toward Van Dyke. While counsel finds fault with the manner in which

### B. The Allegations of Van Dyke's Third Amended Complaint

9.  Van Dyke sued Retzlaff for the following seven causes of action:

(i) libel per se; (Doc. 113, Plaintiff's Third Amended Complaint ("TAC"), ¶¶ 6.2-6.11)

(ii) business disparagement; (TAC ¶¶ 6.12-6.17)

(iii) intrusion on seclusion; (TAC ¶¶ 6.18-6.20)

(iv) tortious interference with an existing contract (plaintiff's at-will employment by the law firm of Karlseng, Leblanc, & Rich, LLC) (TAC ¶¶ 6.21-6.24).

(v) tortious interference with prospective relations (plaintiff's future relations with the law firm of Karlseng, Leblanc, & Rich, LLC) (TAC ¶¶ 6.25-6.30).

(vi) malicious criminal prosecution; (TAC ¶¶ 6.31-6.37) and

(vii) intentional infliction of emotional distress. (TAC ¶¶ 6.38-6.42)

Complaining that Retzlaff filed an allegedly "frivolous" grievance against him with the State Bar of Texas, (TAC ¶ 5.4), Van Dyke based his claims on statements posted on a "blog"[5] Retzlaff allegedly owned[6] and in e-mails Retzlaff allegedly sent.[7]  Van Dyke alleged Retzlaff made approximately ten false "statements of fact" about Van Dyke, including the following:

---

Van Dyke prosecuted the instant case, Van Dyke has been courteous, professional, and even friendly toward counsel—despite his often-expressed "hatred" for defendant Retzlaff.
    [5]    The blog is known as "BV Files" and can be found at www.viaviewfiles.net.
    [6]    See TAC ¶¶ 5.5-5.11, 5.18-5.20 and Exhibit 3, 4, 9 and 10.
    [7]    See TAC ¶¶ 5.12 and Exhibit 5.

 (i)  Van Dyke is a "Nazi;"

 (ii)  Van Dyke is a pedophile;[8]

 (iii)  Van Dyke is a drug addict;

 (iv)  Van Dyke is a white supremacist;

 (v)  Van Dyke is involved in revenge pornography;

 (vi)  Van Dyke has a criminal record for abusing women;

 (vii)  Van Dyke was being treated and was medicated for bipolar disorder;

 (viii)  Van Dyke has engaged in unwanted sexual solicitations;

 (ix)  Van Dyke suffers from syphilis; and

 (x)  Van Dyke has engaged in other sexual misconduct including, but not limited to, a homosexual relationship with one or more witnesses.

TAC, ¶ 6.2.

 10. No matter how acrid or offensive, the statements Van Dyke attributed to Retzlaff were constitutionally protected expressions of opinion and rhetorical hyperbole about a limited-purpose public figure.

---

[8] The actual statement was that Van Dyke "has *the look of* a pedophile" (whatever that is).

## **C. Why Van Dyke's Claims Were Frivolous—Not Merely Weak or Negligent**

11.    Facts showing that Van Dyke's claims were so devoid of legal merit and evidentiary support as to constitute "persistent prosecution of a meritless claim" and a "reckless disregard of the duty owed the court," *Morrison*, 939 F.3d at 637-38, include the following. Retzlaff's motions for traditional and no-evidence summary judgment were pending when Van Dyke moved to dismiss.

(i)    Retzlaff was absolutely immune from Van Dyke's claim for libel based on filing state bar grievances. TEX. R. DISCIPLINARY PROCEDURE 17.09; ***Commission for Lawyer Discipline v. Rosales***, 577 S.W.3d 305, 313 (Tex. App.—Austin 2019, pet. denied).

(ii)    Van Dyke never brought forth extrinsic evidence that Retzlaff was the owner of the "BV Files" blog (www.viaviewfiles.net) or the author of any content appearing on it.

(iii)    Van Dyke's defamation and business disparagement claims were barred because Van Dyke failed to comply with the Defamation Mitigation Act, TEX. CIV. PRAC. & REM. CODE § 73.055(d)(3). *See* ***Tubbs v. Nicol***, 675 Fed.App'x. 437, 439 (5th Cir. 2017).

(iv)    Retzlaff brought forth extensive evidence proving Van Dyke was a limited-purpose public figure[9]—a person who "thrust[] [himself] to the forefront of particular public controversies in order to influence the resolution of the issues involved" or because he "voluntarily inject[ed] himself or is drawn into a particular public controversy." ***Gertz v. Robert Welch, Inc***., 418 U.S. 323, 351 (1974). Van Dyke's public figure status required him to plead and prove Retzlaff's actual malice. ***Walker v. Beaumont Ind. Sch. Dist***., 938 F.3d 724, 744-45 (5th Cir. 2019). Actual malice means that statements were made with actual knowledge of falsity or with reckless disregard for the truth. *Id*. Van Dyke never brought forth extrinsic evidence of Retzlaff's actual malice.

---

[9]    Public figures may be (i) all-purpose public figures or (ii) limited-purpose public figures. ***WFAA-TV, Inc. v. McLemore***, 978 S.W.2d 568, 571 (Tex. 1998). All-purpose public figures have achieved such pervasive fame or notoriety that they become public figures for all purposes and in all contexts. *Id*. (citing ***Gertz***, 418 U.S. at 351). Limited-purpose public figures are public figures for only a limited range of issues surrounding a public controversy. *Id*.

(v) Van Dyke's formbook recitation of the elements of a claim for intrusion upon seclusion (TAC ¶¶ 6.18-6.20) provided no facts showing how Retzlaff allegedly committed this tort except to allege that Retzlaff "contacted [Van Dyke's] private employer for the purpose of having [Van Dyke's] employment terminated." Actionable "intrusion" has been held to include wiretapping,[10] putting a camera in plaintiff's bedroom without permission,[11] making harassing phone calls,[12] entering a home without permission,[13] and searching an employee's personal locker and purse.[14] If the intrusion involves a public place or public matters, the defendant is not liable. *See* ***Floyd v. Park Cities People, Inc.***, 685 S.W.2d 96, 97-98 (Tex. App.—Dallas 1985, no writ).

(vi) Van Dyke's claim for tortious interference with an existing contract required Van Dyke to plead and prove he had a valid contract which Retzlaff induced some party to breach. ***Walker***, 938 F.3d at 749, citing ***Butnuru v. Ford Motor Co.***, 84 S.W.3d 198, 207 (Tex. 2002). Additionally, a defendant must have actual knowledge of a contract in order to interfere with it. ***Frost Nat'l Bank v. Alamo Nat'l Bank***, 421 S.W.2d 153, 156 (Tex. App.—San Antonio 1967, writ ref'd n.r.e.). Van Dyke never adduced evidence of a valid contract known to Retzlaff, the breach of which Retzlaff somehow induced.

(vii) Van Dyke's claim for tortious interference with prospective relations required him to prove he was reasonably likely to enter into a future business relationship with a third person. ***Coinmatch Corp. v. Aspenwood Apt. Corp.***, 417 S.W.3d 909, 923 (Tex. 2013). It also required showing Retzlaff's conduct was independently tortious. *Id*. Van Dyke never brought forth extrinsic evidence of either element.

(viii) Van Dyke's claim for intentional infliction of emotional distress required him to prove that Retzlaff inflicted emotional distress on Van Dyke in so unusual a manner that Van Dyke had "no other recognized theory of redress." ***Hoffmann-La Roche, Inc. v. Zeltwanger***, 144 S.W.3d 438, 447 (Tex. 2004). Where the gravamen

---

[10] ***Billings v. Atkinson***, 489 S.W.2d 858, 860 (Tex. 1973).
[11] ***Clayton v. Richards***, 47 S.W.3d 149, 156 (Tex. App.—Texarkana 2001, pet. denied).
[12] ***Household Credit Servs. v. Driscoll***, 989 S.W.2d 72, 84-85 (Tex. App.—El Paso 1998, pet. denied).
[13] ***Gonzales v. Southwestern Bell Tel. Co.***, 555 S.W.2d 219, 222 (Tex. App.—Corpus Christi 1977, no writ).
[14] ***K-Mart Corp. v. Trotti***, 677 S.W.2d 632, 637-38 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

        of a complaint is another tort—such as defamation—IIED is not available as a cause of action. See **Creditwatch, Inc. v. Jackson**, 157 S.W.3d 814, 816 (Tex. 2005).

  (ix)    Van Dyke's claim for malicious criminal prosecution required Van Dyke to plead and prove he was innocent of the charge (making death threats to Retzlaff). **Kroger Tex., L.P. v. Suberu**, 216 S.W.3d 788, 792 (Tex. 2006). Van Dyke's pleading that he "ha[d] no recollection" of committing the crimes alleged was *not* a pleading of innocence. (TAC ¶ 6.33.) Furthermore, Van Dyke admitted the evidence was sufficient to show his guilt. **Exhibit 1**.

### D. Attorney's Fees and Expenses Retzlaff Seeks Under 28 U.S.C. § 1927

12.    Appended hereto as **Exhibit 2** is the unsworn declaration of Retzlaff's counsel with billing records showing attorney time logs, fees, and expenses Retzlaff seeks to shift to Van Dyke. Fees and expenses *not* sought have been redacted for ease of the Court's review. Out of the total of **$262,167.68** paid to defend this case, Retzlaff seeks to recover from Van Dyke only **$162,316.09** in attorney's fees and **$6,749.14** in expenses.

### E. Requirements of the Court's Sanctions Order

13.    For a district court's sanction to be affirmed, the court must have made detailed factual findings, including:

  (i)    identifying the sanctionable conduct as distinct from the case's merits;

  (ii)    linking the sanctionable conduct and the sanction's size; and

  (iii)    identifying the legal basis for each sanction.

**Morrison**, 939 F.3d at 638, citing **Procter & Gamble Co. v. Amway Corp.**, 280 F.3d 519, 526 (5th Cir. 2002).

### III. REQUEST FOR ORAL HEARING

14. Pursuant to Local Rule CV 7(g), Retzlaff respectfully requests an oral hearing on this motion. The facts and law are in some respects complex, and Retzlaff believes oral argument would materially aid the Court's resolution of the issues.

### IV. CONCLUSION & PRAYER

15. For the foregoing reasons, Retzlaff prays the Court exercise its broad discretion to order Van Dyke to pay Retzlaff **$169,065.23.** out of the total of **$262,167.68** paid to defend this suit. Retzlaff prays for such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted,

**HANSZEN ✦ LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

## CERTIFICATE OF SERVICE

I certify that on _____12-9_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

    Mr. Jason Lee Van Dyke
    Plaintiff, Pro Se
    P.O. Box 2618
    Decatur, Texas 76234
    Telephone: 940-305-9242
    jasonleevandyke@protonmail.com


                       /s/ Jeffrey L. Dorrell
**JEFFREY L. DORRELL**