-IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:18cv247 |
| THOMAS CHRISTOPHER RETZLAFF<br>a/k/a Dean Anderson d/b/a BV Files, Via<br>View Files L.L.C., and ViaView Files<br>    Defendant | §<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S MOTION FOR DISCOVERY

Plaintiff, Jason Lee Van Dyke, moves that this Honorable Court enter an order permitting limited discovery pertaining to certain issues of fact contained within Defendant's motion for sanctions under 28 U.S.C. § 1927. ECF 230.

### I.   FACTS

1. Defendant has filed a baseless motion for sanctions in this cause under 28 U.S.C. § 1927 in which he has requested approximately $158,974.04 in what have artfully been referred to as excess legal fees and costs.

2. In support of his motion, Defendant has attached massive and heavily redacted billing records purporting to be from Hanszen Laporte.

3. Defendant is a career criminal who does not appear to have been gainfully employed since his release from prison on or around May 7, 2004. Since this case began, he has claimed to be retired and stated in certain filings that he is independently wealthy and has a trust account in the Cooks Islands. To the best of Plaintiff's knowledge, no Court has ever examined Defendant's net worth or the source of his income.

4. This is not the first case of this nature in which this Defendant and Hanszen Laporte

LLP have been involved. In *McGibney v. Rauhauser*, the Second Court of Appeals examined a trial court opinion approving *carte blanche* the heavily redacted billings submitted by Mr. Dorrell and Hanszen LaPorte. 549 S.W. 816, 821 (Tex. App. – Fort Worth ). The Court wrote:

> "In reaching our conclusion that there was insufficient evidence to support the trial court's award of the entire amount sought by Appellee, we need only to look at a handful of the charges that appear on his billing statement. Some entries were so heavily redacted that the trial court could not possibly have had sufficient evidence to determine that the entire amount requested was "not excessive or extreme, but rather moderate or fair." See *Sullivan*, 488 S.W.3d at 299. For example, on March 16, 2014, Appellee's attorney billed 5.5 hours totaling $3,025 for work described as follows: Exchange several e-mails with [Appellee] regarding [TEXT REDACTED BY THE COURT] ; adjust as necessary (.60 Hours) complete drafting [Appellee] affidavit; (.30 hours) exchange several e-mails with [Appellee] regarding [TEXT REDACTED BY THE COURT] (.80 Hours) continue researching and drafting [Appellee's] [TEXT REDACTED BY THE COURT] 3.80 Hours[.] From this entry, the trial judge could glean only that the attorney exchanged several emails with his client, adjusted something, completed drafting an affidavit of some sort, and continued researching and drafting something else." *Id*.

5. The appellate court further criticized the trial court for accepting as factual evidence certain billing entries that were redacted so heavily as to be meaningless. *Id*. at 822 – 823. The Court even noted that some of the work for which Mr. Dorrell submitted

        billing records to the Court was for work conducted prior to the date that his client was served and for work conducted a week prior to the entry of Mr. Dorrell's appearance into the lawsuit, work related to a different case, entries "not for the clients benefit but for the benefit of the attorney himself", and other entries of "dubious relevance" to the McGibney case. *Id*. at 823 – 826.

6. In another case, Mr. Dorrell testified that he had billed $191,865 in attorneys fees and $3,918.88 in expenses. *Johnson-Todd v. Morgan*, Cause No. 09-17-0168-CV (Tex. App. – Beaumont Dec. 20, 2018). A month later, Mr. Dorrell testified that his client had expended $229,067.88 in attorney fees. *Id*. That Court found from the record that the billing records submitted by Mr. Dorrell "included attorney's fees that are excessive or extreme, not moderate or fair." *Id*. It also found "[t]he billing records show that Dorrell not only billed for matters unrelated to the TCPA, but also billed a substantial number of hours to prepare amended documents, repeatedly review the file, research and prepare for the appeals, and prepare documents to litigate matters that were beyond the scope of our remand." *Id*. In that case, the appellate court found that the trial court did not err by awarding $40,000 of the approximately $229,000 claimed. A copy of this unpublished opinion referred to in this paragraph is attached hereto as Exhibit "1" and incorporated by reference herein

### III.  ARGUMENT

7. Plaintiff does not presently allege in this case the types of billing irregularities that the Court found in the *McGibney* or *Johnson-Todd* cases. However, Defendant's motion contains no evidence with respect to any engagement letters or retainer agreements reflecting the amount that Defendant agreed to pay to Hanszen Laporte for legal

representation in this case or what the scope of legal representation would be. Many of the billing records submitted in this case reflect entries that are redacted to such an extent that they are meaningless. Nothing contained in Defendant's motion demonstrates what, if any, payments have ultimately been made to Hanszen Laporte in this matter or by whom such payments were made. Finally, there is no indication as to whether such attorney fees have been paid, remain past due and owing, or whether any portion of the balance owed has been waived or forgiven.

8. To fully evaluate the claims made by Defendant in its motion, Plaintiff is entitled to a copy of the retainer agreement between Defendant and Hanszen Laporte, copies of the engagement letter and other documents reflecting the scope of representation and the rate to be charged to Defendant, unredacted copies of all billing records, copies of what – if any – payments have been made toward the amount owed to Hanszen Laporte and by whom such payments have been made, and any documents reflecting a forgiveness or waiver of any indebtedness of Defendant to Hanszen Laporte. If few or no payments have been made by Defendant, if payments have been made by a third party, or if all (or substantially all) of the balance has been forgiven, depositions may be necessary at some point in the indefinite future to determine the precise nature of the relationship between Defendant and Hanszen Laporte.

9. Plaintiff understands that the discovery he is requesting with respect to Defendant's motion contains sensitive information. Plaintiff is unopposed to the entry of a protective order for the purpose of protecting such information from disclosure to unauthorized third parties. Plaintiff is also unopposed to in camera inspection of such documents at a reasonable time prior to any hearing.

### IV. CONCLUSION AND PRAYER

10. Defendant's motion for sanctions under 28 U.S.C § 1927 is baseless. The most appropriate action for this Court to take would be the immediate denial of Defendant's motion followed by the denial of this motion as moot. To the extent that this Court may feel that Defendant's motion is worthy of serious consideration, Plaintiff requires the limited discovery requested in this motion – subject to any protective orders which this Court may deem just and appropriate under the circumstances – to fully respond to Defendant's claims concerning attorney fees and costs.

11. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court enter an order denying Defendant's motion for sanctions outright and then denying this motion as moot. Alternatively, Plaintiff prays that this Honorable Court enter an order granting Plaintiff discovery of (a) all retainer agreements in this case between Defendant and Hanszen Laporte or Jeffrey Dorrell; (b) all engagement letters in this case between Defendant and Hanszen Laporte or Jeffrey Dorrell; (c) unredacted copies of all billing records for attorney work for which Defendant alleges Plaintiff is liable under 28 U.S.C § 1927; (d) unredacted copies of all checks, wire transfers, and other evidence of payment to Hanszen Laporte or Jeffrey Dorrell by Defendant (or payments of attorney fees by any third party making payment on Defendant's behalf); and (e) any agreement between Defendant and Hanszen Laporte or Jeffrey Dorrell forgiving any portion of attorney fees incurred or relieving Defendant of his obligation to pay attorney fees to either Hanszen Laporte or Jeffrey Dorrell. If the Court determines that a protective order is appropriate for the discovery requested, Plaintiff prays that this Court provide the parties with a reasonable period-of-time to confer and draft an

appropriate agreed order.

Respectfully submitted,

The Van Dyke Legal Group LLC

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
Bar No. 24057426
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email: jasonleevandyke@protonmail.com

## CERTIFICATE OF CONFERENCE

I certify that I have made a reasonable effort to confer with Jeffrey Dorrell, attorney for Defendant, concerning this motion on December 14, 2020. Mr. Dorrell stated to me that he is opposed to the relief requested. Accordingly, this motion is presented to the Court for determination.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Jeffrey Dorrell, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
