# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON LEE VAN DYKE § | |
| § | |
| § | Civil Action No.  4:18-CV-247 |
| v. § | Judge Mazzant |
| § | |
| THOMAS RETZLAFF, a/k/a DEAN § | |
| ANDERSON, d/b/a VIA VIEW FILES LLC, § | |
| and VIA VIEW FILES § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Thomas Retzlaff's Motion to Award Expenses and Attorney's Fees as a Sanction Under 28 U.S.C. § 1927 (Dkt. #230).  Having considered the Motion and the relevant pleadings, the Court finds that it should be denied.

### BACKGROUND

This now-closed case concerned "protracted and spiteful litigation" between Plaintiff Jason Lee Van Dyke and Thomas Retzlaff.  *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 6557715, at *1 (E.D. Tex. Nov. 9, 2020).  On November 24, 2020, pursuant to the Court's November 9, 2020 memorandum opinion and order, the case was dismissed without prejudice (Dkt. #228).  On December 11, 2020, Defendant filed his Motion to Award Expenses and Attorney's Fees as a Sanction Under 28 U.S.C. § 1927 (Dkt. #230), currently before the Court.  On December 15, 2020, Plaintiff filed his response (Dkt. #235).

### LEGAL STANDARD

When "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . . multiplies the proceedings in any case unreasonably and vexatiously," courts "may" require such individual "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

To award attorneys' fees under this statute, courts must find "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The phrase "unreasonably and vexatiously" describes conduct that is objectively

> harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation.

*In re W. Fid. Mktg., Inc.*, No. 4:01-MC-0020-A, 2001 WL 34664165, at *22 (N.D. Tex. June 26, 2001). "[P]unishment under § 1927 is 'sparingly applied' . . . [because] sanctions under [this statute] are 'punitive in nature and require clear and convincing evidence' that sanctions are justified." *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (first quoting *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996); and then quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). "Indeed, should a court find that sanctions are warranted under § 1927, the court must then 'make detailed factual findings' supporting its conclusion." *True Believers Ink 2, Corp. v. Russell Brands, LLC*, No. 4:18-CV-00432, 2020 WL 2113600, at *15 (E.D. Tex. May 4, 2020) (quoting *Laws. Title Ins. Corp.*, 739 F.3d at 871).

## ANALYSIS

Defendant asserts that the Court should order Plaintiff to pay Defendant attorneys' fees under 28 U.S.C. § 1927 because of Plaintiff's "'unreasonable and vexatious' multiplication of the proceedings" (Dkt. #230 at p. 15). After reviewing the Motion, the response, the record, and the applicable law, the Court does not find the clear and convincing evidence necessary to award Defendant the relief he seeks.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Award Expenses and Attorney's Fees as a Sanction Under 28 U.S.C. § 1927 (Dkt. #230) is **DENIED**. It is **FURTHER ORDERED** that Plaintiff's Motion for Discovery (Dkt. #233) is **DENIED AS MOOT**.

**SIGNED this 2nd day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE